**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| **v.** | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| **Defendant.** | : | **CIVIL NO. 07-cv-00751 GMS** |
| | : | |

**MOTION TO DISMISS DEFENDANT'S**
**COUNTERCLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

Plaintiff, Brendan Ward Masonry, Inc., by and through its attorneys, DeVlieger Hilser, P.C., hereby moves this Honorable Court for an Order Dismissing the Counterclaim of Defendant, WU & Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6).

1.      On or about August 2001, Defendant, Wu & Associates, Inc. [hereinafter "Wu"], entered into a written contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a federal construction project, number 0102, at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802. Complaint at ¶ 5.

2.      On or about April 5 2002, Plaintiff, Brendan Ward Masonry, Inc. [hereinafter "Ward"], entered into a Subcontractor Agreement with Wu to furnish labor, equipment, materials and perform masonry work for the aforementioned federal project. See Complaint at ¶ 6. A true and correct copy of the Subcontractor Agreement is attached to Ward's Complaint as Exhibit "A."

3.      The Subcontractor Agreement provided for a guaranteed maxim contract price of $950,000.00 and further provided that this price would be increased in the event that certain conditions or modifications were instituted pursuant to Change Orders. See Exhibit A of Ward's Complaint.  See Complaint at ¶ 7.

4.      Ward substantially performed all of its obligation under the Subcontractor Agreement.  See Complaint at ¶ 8.

5.      Wu has failed to perform its obligations under the Subcontractor Agreement. Complaint at ¶ 9.

6.      Wu has failed to fully pay Ward pursuant to the Subcontractor Agreement. See Complaint at ¶ 10.

7.      Wu's failure to perform its obligations under the Subcontractor Agreement has caused Ward to suffer damages in excess of $200,000.00.  Complaint at ¶ 11.

8.      On or about May 3, 2004, Defendant, Wu, filed a complaint against the current Plaintiff, Ward, in the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 002425 04, seeking alleged damages in Breach of Contract arising under the Subcontractors Agreement (Count I).  A true and correct copy of the 2004 Complaint, is attached to Wu's Counterclaim as Exhibit 6.

9.      On July 6, 2004, pursuant to a stipulation between counsel, the Superior Court of New Jersey dismissed Defendant, Wu's, 2004 Complaint with prejudice. See Camden Superior Court Archive Report for Docket No.: L 002425 04. A true and correct copy of which is attached hereto and incorporated herein as Exhibit "A."

10.     On December 16, 2004, for the substantial consideration of agreeing to withdraw and dismiss its claims against both Ward and the Surety, Plaintiff, Ward, entered into a Tolling Agreement with Defendant, Wu, pursuant to the scheduling of a future arbitration. A true and correct copy of the Tolling Agreement is attached to Plaintiff, Ward's, Complaint as Exhibit B.

11.    When contacted in October 2007 by Ward's current counsel, Defendant, Wu, refused to arbitrate Plaintiff, Ward's, claims pursuant to the Tolling Agreement.

12.    Instead, on or about October 12, 2007, Defendant, Wu, filed yet another Complaint with the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 005245 07, against Ward, again seeking alleged damages in Breach of Contract arising under the Subcontractors Agreement (Count I). A true and correct copy of the 2007 Complaint, is attached to Defendant, Wu's, Counterclaim as Exhibit 8.

13.    Defendant, Wu's, 2004 Complaint filed against Defendant, Ward, and Plaintiff, Wu's, 2007 Complaint filed against Defendant, Ward, are identical. See and compare Exhibits 6 and 8 of Defendant, Wu's, Counterclaim.

14.    On or about November 15, 2007, Plaintiff, Ward filed a Motion to Dismiss Defendant, Wu's 2007 Complaint for "failure to state a claim upon which relief can be granted" and res judicata pursuant to New Jersey Rules of Court 4:6-2(e) and 4:37-2. A true and correct copy of which is attached hereto and incorporated herein as Exhibit "B."

15.    On or about November 21, 2007, pursuant to Defendant, Wu's, refusal to arbitrate Plaintiff, Ward's, claims, Ward filed its Complaint against Wu in the above captioned matter.

16.    On December 7, 2007, the Superior Court of New Jersey, Camden County Law Division, granted Ward's aforementioned Motion and, again, dismissed Wu's, Complaint against Ward with prejudice. A true and correct copy of the New Jersey Superior Court's Order is attached hereto and incorporated herein as Exhibit "C."

17.    On December 13, 2007, Plaintiff, Ward, filed its Amended Complaint against Defendant, Wu, in the above captioned matter.

18.    On or about January 28, 2008, Defendant, Wu filed an Answer and Counterclaim against Plaintiff, Ward, again, alleging damages in Breach of Contract arising under the Subcontractors Agreement. See Defendant, Wu's, Counterclaim, Counts I, II and III.

19.    The doctrine of res judicata, or claim preclusion, bars the retrying of the same claim by the same parties after a final judgment on the merits. <u>Equal Opportunity Commission v. U.S. Steel Corp.</u>, 821 F.2d 489 (3d Cir. 1990).

20.    A court's dismissal of an action with prejudice "constitutes an adjudication of the merits as fully and competently as if the order had been entered after trial." <u>Gambocz v. Yelensics</u>, 468 F.2d 837, 840 (3d Cir. 1972).

21.    The Federal Rules of Civil Procedure 12(b)(6) empowers this court to dismiss a counterclaim for "failure to state a claim upon which relief can be granted."

22.    Defendant, Wu's, claims against Plaintiff, Ward, set forth in their Counterclaim, are barred by the doctrine of res judicata as they have been dismissed with prejudice not only once but twice previously and; therefore, Wu's Counterclaim has failed to state a claim against Ward pursuant to Fed. R. Civ. P. 12(b)(6) and should be dismissed as matter of law.

**WHEREFORE**, Plaintiff, Brendan Ward Masonry, Inc., respectfully requests this Court enter an Order Dismissing the Counterclaim of Defendant, Wu and Associates, Inc., with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: <u>February 19, 2008</u>

Of Counsel:

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| **v.** | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| **Defendant.** | : | **CIVIL NO. 07-cv-00751** |
| | : | |

**NOTICE OF MOTION**

TO:  Peter L. Frattarelli, Esquire
      Archer & Freiner, P.C.
      300 Delaware Avenue
      Suite 1370
      Wilmington, DE  19801

PLEASE TAKE NOTICE that the attached Motion to Dismiss Defendant's Counterclaim

Pursuant to Fed. R. Civ. P. 12(b)(6) will be presented to this Honorable Court at the Court's

convenience.

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

Client/Hilser/Notice of Motion to Dismiss

# EXHIBIT "A"

```
PROGRAM-ID: ARC0502                    AUTOMATED CASE MANAGEMENT SYSTEM                      PAGE:    1
RUN-DATE: 09/11/07                     ARCHIVE REPORT REQUESTED BY - JUEBELO
RUN-TIME: 10:01

DOCKET: CAM L -002425-04          WU & ASSOC INC VS BRENDAN WARD MASONRY INC
FILED:05/03/04              ENTERED:05/04/04    DISPOSED:07/06/04    ARCHIVED:01/13/06
CASE TYPE:COMPLEX, COMMERCIAL LITIGATION                           -CASE INIT:          $.00
                        CDR:MEDIATION DISPOSITION      -NO JURY -
DISPOSITION:DISMISSED CASE WITH PREJUDICE
MANAGING JUDGE:FREEMAN RONALD J
           TRACK:TRACK IV

PARTY # 002 NAME: BRENDAN WARD MASONRY      INC       TYPE: DEFENDANT
        STATUS: DISM W/PRE         STATUS DATE: 07/06/04
PARTY # 003 NAME: INTERNATIONAL FIDELI TY INS CO TYPE: DEFENDANT
        STATUS: DISM W/PRE         STATUS DATE: 07/06/04
PARTY # 001 NAME: WU & ASSOC INC             TYPE: PLAINTIFF
        STATUS: DISM W/PRE         STATUS DATE: 07/06/04
ATTORNEY ID: 0070321995 MILLIGAN PETER N               PHONE:856-983-0003

DOCUMENT:001 COMPLAINT
        FILED: 05/03/04     FILER PARTY #:001     NAME: WU & ASSOC INC
                            TARGET PARTY #:002     NAME: BRENDAN WARD MASONRY INC
DOCUMENT:002 STIPULATION OF DISMISSAL
        FILED: 07/06/04     FILER PARTY #:002     NAME: BRENDAN WARD MASONRY INC
                            TARGET PARTY #:001     NAME: WU & ASSOC INC
DOCUMENT COMMENTS: W/ PREJ SUBMITTING TO OUTSIDE ARB
```

EXHIBIT "B"

**DEVLIEGER HILSER, P.C.**
By:     John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                          *Attorneys for Defendants*

---

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |

---

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

the Cross-Motion of Wu & Associates, Inc., the Certification in Opposition of Defendants,

Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, it is hereby

ORDERED that the Cross-Motion is DENIED with prejudice.


BY THE COURT:

_____
                                    J.

Opposed     ( X )
Unopposed   (    )

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                                    *Attorneys for Defendants*

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No. L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## CERTIFICATION OF COUNSEL IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO BAR CLAIMS

I, John E. Hilser, of full age, being duly sworn according to law, do hereby depose and say as follows:

1.    I am a Partner in the Law Firm of DeVlieger Hilser, P.C., attorneys for Defendants Brendan Ward Masonry, Inc. ("Ward") and International Fidelity Insurance Company and am authorized to make this certification on their behalf.

2.    On or about October 9, 2007, the undersigned contacted Peter Neely Milligan, Esquire, as counsel for Wu & Associates, Inc. ("Wu") to ascertain whether Wu would proceed in accordance with the Tolling Agreement. See Exhibit "B" to Milligan's certification.

3.    Mr. Milligan contacted me several days later and extended a non-privileged settlement offer in the amount of $40,000.00 to settle Ward's claims, otherwise, Mr. Milligan suggested that we begin exploring potential arbitrator's for moving forward.

4.    Instead of proceeding as represented and while the undersigned was exploring potential arbitrators, Mr. Milligan filed the instant action without further discussion.

5.    Since the claims advanced in Wu's Complaint were identical to claims which Mr. Milligan dismissed with prejudice by stipulation in July of 2004, the undersigned filed a Motion to Dismiss which is currently before the Court.

6.    Wu does not oppose the relief sought in Ward's Motion and, accordingly, said Motion should be granted for the reasons set forth therein and by reason of the Entire Controversy Doctrine.

7.    Instead, on November 20, 2007, Mr. Milligan filed a Cross-Motion seeking to prospectively bar Ward from advancing claims against Wu and Mr. Milligan forwarded a copy of the motion papers by regular mail in an attempt to serve same on Ward.

8.    Pursuant to N.J.R. 1:6, service by regular mail is presumed on the third business day after mailing. See N.J.R. 1:6-3(c) and N.J.R. 1:3-1 requires the day of the act of mailing be excluded.

9.    Accordingly, service of the Cross-motion was effected on Friday November 23, 2007 and is untimely under N.J.R. 1:6-3 which required service no later than Thursday, November 22, 2007.[1]

---

[1] On Friday November 23, 2007, Mr. Milligan contacted me to discuss oral argument. I asked Mr. Milligan if he had filed a Response and, if so, where did he serve same. Mr. Milligan confirmed that he served same at this Firm's New Jersey address. I asked Mr. Milligan if he

10.     Moreover, the Cross-Motion violates N.J.R. 1:6-3(b) because it does not relate to the subject matter of Ward's Motion, i.e., the dismissal of the claims advanced by Wu which had been dismissed with prejudice in 2004.

11.     The Cross-Motion is moot because on November 21, 2007, prior to any notice of the instant Cross-Motion, Ward commenced an action in the United States District Court for the District of Delaware at 1:07-cv-00751-GMS advancing, *inter alia*, that Wu breached the Tolling Agreement. A true a correct copy of the docket is attached hereto as Exhibit "A".

12.     The Cross-Motion is not the proper form to raise what in substance is a declaratory judgment and/or an application for injunctive relief and should, therefore, be denied.

13.     Finally, the substance of Wu's argument is that a Tolling Agreement which clearly suspends the running of the six year statute of limitations could be read as actually truncating the limitations period to 366 days ignores the plain language of the agreement and is, therefore, without merit. Furthermore, the dispute between Wu and the Government was not resolved until January 5, 2007 and pursuant to the Tolling Agreement, Wu was required to notify Ward of the disposition.[2] Wu did not notify Ward of the conclusion as it represented it would in the Tolling Agreement and is thus responsible for delays in this regard.

WHEREFORE, Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, respectfully request that the Court enter an Order in the form proposed and

---

could fax me a copy of the papers at my Philadelphia office to which he agreed. Despite this agreement, Mr. Milligan did not fax the papers as he represented he would.

[2] In Footnote No. 1, Mr. Milligan suggests that the Government rejected Ward's claims. That is misleading because the basis of such rejection was that the claims were more appropriately advanced against Wu as opposed to the Government. A true and correct copy of that portion of the decision is attached hereto as Exhibit "B".

3

dismiss Plaintiff, Wu and Associates, Complaint, pursuant to New Jersey Rules of Court 4:6 and 4:37 and deny the Cross-Motion.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DEVLIEGER HILSER, P.C.

By: _____

John E. Hilser, Esquire
George B. Keahey, Esquire

Dated: December 3, 2007

F:\Brendan Ward.110\Willimington Job.001\plds\NJ Superior\opposition.crt.wpd

4

EXHIBIT "A"

## U.S. District Court
### District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00751-GMS

Brendan Ward Masonry Inc. v. Wu & Associates Inc.       Date Filed: 11/21/2007
Assigned to: Honorable Gregory M. Sleet               Jury Demand: Plaintiff
Demand: $225,000                                      Nature of Suit: 190 Contract: Other
Cause: 28:1332 Diversity-Breach of Contract           Jurisdiction: Diversity

**Plaintiff**

**Brendan Ward Masonry Inc.**                represented by **Perry F. Goldlust**
                                                          Aber, Goldlust, Baker & Over
                                                          First Federal Plaza, Suite #600
                                                          P.O. Box 1675
                                                          Wilmington, DE 19899
                                                          (302) 472-4900
                                                          Email: pgoldlust@gablawde.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wu & Associates Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2007 | 1 | COMPLAINT filed with Jury Demand against Wu & Associates Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 350, receipt number 149676.) - filed by Brendan Ward Masonry Inc.. (Attachments: # 1 Exhibit A part 1# 2 Exhibit A part 2# 3 Exhibit b# 4 Civil Cover Sheet # 5 Acknowledgement of Consent Form)(lid) Additional attachment(s) added on 11/28/2007 (lid, ). (Entered: 11/21/2007) |
| 11/21/2007 | | Summons Issued as to Wu & Associates Inc. on 11/21/2007. (lid) (Entered: 11/21/2007) |
| 11/21/2007 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (lid) (Entered: 11/21/2007) |
| 11/21/2007 | 3 | MOTION for Pro Hac Vice Appearance of Attorney John E. Hisler - filed by Brendan Ward Masonry Inc.. (Attachments: # 1 Certification of John E. Hisler, Esq.# 2 Text of Proposed Order Proposed Order)(Goldlust, Perry) (Entered: 11/21/2007) |
| 11/28/2007 | | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb) (Entered: 11/28/2007) |

| 11/29/2007 | | SO ORDERED, re 3 MOTION for Pro Hac Vice Appearance of Attorney John E. Hisler filed by Brendan Ward Masonry Inc. Signed by Judge Gregory M. Sleet on 11/29/07. (mmm) (Entered: 11/29/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/30/2007 14:34:10 | | | |
| **PACER Login:** | dh2658 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00751-GMS Start date: 1/1/1970 End date: 11/30/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# EXHIBIT "B"

claims against Wu pertaining to these issues, and Wu has correspondingly passed through those claims to DOL.

(App. Brief, 42). Wu does not elaborate on its claim that DOL was fault for Ward's additional costs. DOL argues that "subcontractor, in a number of instances, has identified inefficiencies by the prime Contractor." (Gov't Brief, 67).

Ward provided an analysis of the Project in which it explained the reasons for the delays and extra costs. (A-50). Ward stated that Wu's construction sequence did not work properly because of "Wu's inefficiency in scheduling and construction procedures." (*Id* at 2). It also explained that "Wu's inefficient methods caused delays to Ward." (*Id* at 3). In process of filling the concrete footings, Ward stated that "Wu did not clean the footings in a timely manner." (*Id*). It alleged that Wu was unable "to get the job ready for Ward's masonry work" and caused delays. (*Id*). According to Ward, during the process of backfilling walls, Wu had a "lack of personnel" such that the work was not done promptly. (*Id* at 4). It noted that the erection of steel and the second floor deck was stopped due to "lack of coordination by Wu." (*Id*). Ward described "cash flow shortages" caused by "inefficient job performance caused by Wu." (*Id* at 11). It faulted Wu for "not scheduling or preparing the work properly." (*Id* at 12). In its analysis, the only fault Ward found with DOL was a delay claim. (*Id* at 11).

Wu has not proven that DOL was at fault for Ward's extra costs. In fact, for most of Ward's claims, it places the blame on Wu, not DOL. Wu cited no specific documentation or testimony in its blanket assertion that DOL caused the extra costs. Therefore, Wu's pass-through claim on behalf of Ward is not compensable.

It is important to note that although Ward does not have a cause of action against DOL, the contract between Ward and Wu specifically allows either party to go to arbitration to recover disputed costs from the other party. (A-44). Section 6.2 of the contract explicitly states that either party can file a claim with an arbitrator. (*Id* at 8).[15] Therefore, Ward has other means of recourse to recoup extra costs allegedly caused by Wu.

3.   *Direct Costs for Kirby Wu, Raymond Wu, and Robert O'Reilly*

Wu contends that it sustained damages due to the substantial delays on the Project in the form of direct costs attributable to the extra time Kirby Wu, Raymond Wu, and the time Bob O'Reilly were required to spend on the Project dealing with the consequences of the environmental problems; DOL's decision to force Wu to work out of sequence; DOL's decision not to take sovereignty over the Project and to cede local building and other code and regulatory enforcement affecting completion of the Project to the City of Wilmington; design changes, Change Orders issued by DOL, and other problems. Wu contends that because of these factors Kirby Wu spent substantial time in addition to the anticipated 15 hours per week out of his regular 50 hour work week for a period of one year; that Raymond Wu was required to spend time on the Project after Kirby Wu assumed responsibility in November 2002 that, similarly, had

---

[15] Wu has not provided Section 6.2 in its entirety, as it only provided the even-numbered pages to the contract, A-44. However, from the portion Wu submitted, it is clear under Section 6.2.2 of the contract states that "claims not resolved by mediation shall be decided by arbitration." A-44 at 8.

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax

*Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES** : | **SUPERIOR COURT OF NEW JERSEY** |
| : | **CAMDEN COUNTY** |
| **Plaintiff** : | **LAW DIVISION** |
| : | |
| **v.** : | |
| : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** : | |
| : | |
| **and** : | |
| : | |
| **INTERNATIONAL FIDELITY** : | |
| **INSURANCE COMPANY** : | |
| : | |
| **Defendant** : | |
| : | |

## CERTIFICATE OF SERVICE

I, John E. Hilser, Esquire, hereby certify that a true and correct copy of the foregoing

Defendants' Certification of Counsel in Opposition to Plaintiff's Cross-Motion to Bar Claims

together with Exhibits and Proposed Order was served upon counsel this 3rd   day of December,

2007 via hand delivery addressed as follows:

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003

                                    **DEVLIEGER HILSER, P.C.**

            By:    _____
                                    John E. Hilser, Esquire
                                    George B. Keahey, Esquire
                                    2345 Bethel Avenue
                                    Merchantville, NJ 08109

EXHIBIT "C"

**DEVLIEGER HILSER, P.C.**
By:   John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax

*Attorneys for Defendants*

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No. L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this ___7th___ day of ___December___, 2007, upon consideration of

Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company's,

Motion to Dismiss Plaintiff, Wu and Associates', Complaint and Plaintiff's response thereto, it is

hereby ORDERED that the above captioned Complaint is DISMISSED with prejudice.

BY THE COURT:

_____
Louis R. Meloni, J.S.C.

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| **v.** | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| **Defendant.** | : | **CIVIL NO. 07-cv-00751** |
| | : | |

---

**<u>PROPOSED ORDER</u>**

**THIS MATTER** having come before the Court on a Motion to Dismiss the

Counterclaim of Defendant, Wu & Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6) filed by

Plaintiff, Brendan Ward Masonry, Inc., and the Court having considered the Moving Papers, and

the Opposition filed in response thereto and argument of counsel, if any; and it appearing that the

Counterclaim fails to state a claim upon which relief may be granted;

**IT IS SO ORDERED** on this _____ day of _____, 2008 that the Motion of

Plaintiff, Brendan Ward Masonry, Inc., is hereby **GRANTED** and the Counterclaim of

Defendant, Wu & Associates, Inc. is hereby **DISMISSED** with prejudice.

_____
                                              **J.**

Client/Hilser/Proposed Order

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | :     **BREACH OF CONTRACT** |
| | : |
| **v.** | : |
| | : |
| **WU & ASSOCIATES, INC.,** | :     **JURY TRAIL DEMANDED** |
| | : |
| **Defendant.** | :     **CIVIL NO. 07-cv-00751** |
| | : |

## CERTIFICATE OF SERVICE

I, PERRY F. GOLDLUST, do hereby certify that the attached Motion to Dismiss

Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support of Motion to

Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) was E-filed and a copy

mailed by U.S. Mail, postage-prepaid, on February 19, 2008 to:

> Peter L. Frattarelli, Esquire
> Archer & Freiner, P.C.
> 300 Delaware Avenue
> Suite 1370
> Wilmington, DE  19801

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

Client/Hilser/Certificate of Service-Motion to Dismiss