## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| **v.** | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| **Defendant.** | : | **CIVIL NO. 07-cv-00751** |
| | : | |

---

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS
### DEFENDANT'S COUNTERCLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)

---

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
ABER, GOLDLUST, BAKER & OVER
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

# TABLE OF CONTENTS

I.     FACTUAL BACKGROUND ............................................................................... 1

II.    LEGAL ARGUMENT ....................................................................................... 2

       1. Standard on Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ........................... 2

       2. Wu's Counterclaim is barred by the Federal Doctrine of Res Judicata ......................... 4

       3. Wu's Counterclaim is barred by the State Doctrine of Res Judicata ............................7

III.   CONCLUSION ................................................................................................ 10

## TABLE OF AUTHORITIES

### CASES

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) ....................3

Braddock v. Zimmerman, 906 A.2d 776, 784 (Del Supr. 2006) ....................9

Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950) ....................4

Culver v. Ins. Co. of N. Am., 559 A.2d 400 (N.J. 1989) ....................7

Diaz-Buxo v. Trias Monge, 593 F.2d 153, 154 (1st Cir. 1979) ....................3

Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959) ....................9

Equal Opportunity Commission v. U.S. Steel Corp., 821 F.2d 489 (3d Cir. 1990) ............. . 4, 5

Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938)....................7

Federated Department Stores, Inc. v. Maine, 452 U.S. 394, 398
1010 S.Ct. 2424, 2427, 69 L.Ed. 2d 103 (1981) ....................4

Fiensod v. Noon,, 617 A.2d 1234, 1235 (N.J. App. Div. 1992) ....................8

Fiumara v. Sinclair Refining Co., 385 F.2d 395 (3d Cir. 1967) ....................5

Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) ....................5,6, 7,8

Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294 (1917) ....................4

Ieradi v. Myland Lab, Inc., 230 F. 3d 594, 600 n. 3 (3d Cir. 2000) ....................3

Klein v. General Nutrition Companies, Inc., 186 F.3d 338, 342 (3d Cir. 1999) ....................3

Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) ....................3

Lynne Carol Fashions, Inc. v. Cranston Print works Co., 453 F.2d 1177 (3d Cir. 1972) ....................7

Mertes v. Mertes, 350 F. Supp. 472 (D. Del, 1972)....................3

Morse v. Lower Merion School District, 132 F.3d 903, 906 (3d Cir. 1997)....................3

Oran v. Stafford, 226 F. 3d 275, 289 (3d Cir. 2000)................................................3

Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002),cert. denied, Robinson v. Johnson
540 U.S. 826, 124 S.Ct. 48, 157 L.Ed. 29 (2003)...........................................3

Semtek Int'l Inc. v. Lockheed-Martin Corp., 531 U.S. 497, 508
121 S.Ct. 1021, 149 L.Ed.2d. 32 (2001)........................................................7

U.S. v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1307 (5th Cir. 1987). ......................3

Velasquez v. Franz, 589 A.2d 143 (N.J. 1991)................................................8

Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964) ................................................3

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6)...........................................................1, 2, 3, 7, 10

Fed. R. Evid. 201(b)(2)...........................................................4 n.1

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS**
**DEFENDANT'S  COUNTERCLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

Plaintiff, Brendan Ward Masonry, Inc., by and through its undersigned attorneys, respectfully submit this instant Brief in Support of Plaintiff's Motion to Dismiss the Counterclaim of Defendant, Wu & Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    FACTUAL BACKGROUND

This is a suit brought by Plaintiff, Brendan Ward Masonry, Inc. [hereinafter "Ward"], against Defendant, Wu & Associates, Inc. [hereinafter "Wu"] for damages arising out of a Subcontractor Agreement executed by both parties on or about April 5, 2002. Pursuant to the Subcontractor Agreement, Ward was to furnish labor, equipment, materials and perform masonry work for the Wilmington Job Corp Center project 0102, which Wu, as general contractor, had contracted to perform for the  Department of Labor for the United States of America on or about August 2001.  Wu subcontracted a portion of said work to Ward. Although Ward substantially performed all of its obligation under a certain Subcontractor Agreement, Wu has failed to perform its obligations under the Subcontractor Agreement and has failed to fully pay Ward. Wu's failure to perform its obligations under the Subcontractor Agreement has caused Ward to suffer damages in excess of $200,000.00. On or about May 3, 2004, Defendant, Wu, filed a Complaint against Ward, in the Superior Court of New Jersey, Camden County Law Division, Docket No.: CAM L 002425 04, seeking alleged damages in Breach of Contract arising under the Subcontractors Agreement. On July 6, 2004, pursuant to a stipulation between counsel, the Superior Court of New Jersey dismissed Defendant, Wu's, 2004 Complaint *"with prejudice."*

On December 16, 2004, for the substantial consideration of agreeing to withdraw and dismiss its claims against both Ward and the Surety, Plaintiff, Ward, entered into a Tolling

1

Agreement with Defendant, Wu, pursuant to the scheduling of a future arbitration. Despite the Tolling Agreement, Defendant, Wu, refused to arbitrate Plaintiff, Ward's, claims when contacted by Ward's counsel. Instead, on or about October 12, 2007, Defendant, Wu, filed yet another Complaint with the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 005245 07, against Ward, seeking the same alleged damages in Breach of Contract arising under the Subcontractors Agreement that it pursued in its 2004 New Jersey Complaint. Because Wu's 2007 Complaint was identical to its 2004 New Jersey Complaint that was dismissed *with prejudice*, Ward was forced to file a Motion to Dismiss Wu's 2007 Complaint for "failure to state a claim upon which relief can be granted" on the basis that the prior dismissal *with prejudice* acted as an adjudication on the merits pursuant to New Jersey Rules of Court 4:6 and 4:37(e). The New Jersey Superior Court, on December 7, 2007, held that the prior dismissal *with prejudice* constituted an adjudication on the merits, granted Ward's Motion and dismissed Wu's Complaint against Ward *with prejudice* for the second time.

On November 21, 2007, following Defendant, Wu's, refusal to arbitrate Plaintiff, Ward's, claims and commencement of the 2007 New Jersey lawsuit, Ward filed its original Complaint in this matter, which it amended on December 13, 2007. On January 28, 2008, Defendant, Wu, filed an Answer and Counterclaim against Plaintiff, Ward, again (for the third time), alleging damages in Breach of Contract arising under the Subcontractors Agreement forcing Plaintiff, Ward, to file this Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6).

## II.    **LEGAL ARGUMENT**

### 1.    **Standard on Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(b)**

Although the doctrine of res judicata is listed as an affirmative defense pursuant to the

Federal Rules of Civil Procedure 8(c), courts have long held that it is an appropriate basis for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). <u>Robinson v. Johnson</u>, 313 F.3d 128 (3d Cir. 2002), <u>cert. denied</u>, <u>Robinson v. Johnson</u>, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed. 29 (2003), <u>Williams v. Murdoch</u>, 330 F.2d 745, 749 (3d Cir. 1964); <u>Mertes v. Mertes</u>, 350 F. Supp. 472 (D. Del, 1972); <u>Diaz-Buxo v. Trias Monge</u>, 593 F.2d 153, 154 (1st Cir. 1979); <u>U.S. v. Burzynski Cancer Research Institute</u>, 819 F.2d 1301, 1307 (5th Cir. 1987).

Rule 12(b)(6) empowers the court, upon motion, to dismiss a counterclaim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When the district court analyzes a motion to dismiss pursuant to Rule 12(b)(6), it must accept the "factual allegation of the Complaint as true" ( <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000)) along with "all reasonable inferences that can be drawn therefrom." <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief may be granted. <u>Morse v. Lower Merion School District</u>, 132 F.3d 903, 906 (3d Cir. 1997). Dismissal is appropriate where it is certain that no relief can be granted under any set of facts which could be proved. <u>Klein v. General Nutrition Companies Inc.</u>, 186 F.3d 338, 342 (3d Cir. 1999). Finally, in addition to the documents expressly relied upon in the complaint, on a motion to dismiss the court may take judicial notice of the contents of documents required by law to be filed, and actually filed, with federal or state officials. <u>See, Oran v. Stafford</u>, 226 F. 3d 275, 289 (3d Cir. 2000); <u>Ieradi v. Myland Lab, Inc.</u>, 230 F. 3d 594, 600 n. 3 (3d Cir. 2000) (citing Fed. R. Evid. 201[1]).

---

[1] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

Applying these standards to Defendant, Wu's, Counterclaim, here, it is clear that no relief could be granted to Wu for any alleged breach of contract pursuant to the Subcontractor's Agreement as these claims have already been dismissed with prejudice and are; therefore, barred by the doctrine of res judicata as a matter of law.

### 2. Wu's Counterclaim is barred by the Federal Doctrine of Res Judicata

The Counterclaim advanced by Wu must by dismissed pursuant to the doctrine of res judicata. It is well settled that the doctrine of res judicata, or claim preclusion, bars the retrying of the same claim by the same parties after a final judgment on the merits. Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294 (1917); Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950). The Third Circuit has clearly stated that "[t]he doctrine of res judicata 'is not a mere technical practice or Procedure but 'a rule of fundamental and substantial justice.' " Equal Opportunity Commission v. U.S. Steel Corp., 821 F.2d 489 (3d Cir. 1990) (quoting Hart Steel Co. v. Railroad Supply Co.). "Res judicata avoids the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. Finally, "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.' " Federated Department Stores, Inc. v. Maine, 452 U.S. 394, 3981010 S.Ct. 2424, 2427, 69 L.Ed. 2d 103 (1981) (citation omitted).

In order for a claim to be barred by the doctrine of res judicata it must have been:

(1) a final judgment on the merits in a prior suit involving

(2) the same claim and

---

questioned." Fed. R. Evid. 201(b)(2).

(3) the same parties or their privies.

Equal Opportunity Commission v. U.S. Steel Corp., id. at 493 (citing United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

In the present case, Defendant, Wu's, Counterclaim satisfies all three prongs of the test. First, Wu, as plaintiff, previously filed a Complaint in an action in the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 002425 04. See Exhibit 6 of Defendant's Counterclaim. Pursuant to a stipulation of counsel, the Superior Court of New Jersey, dismissed the action with prejudice on July 6, 2004. See Exhibit A. Furthermore, despite the fact that Wu's aforementioned action was dismissed with prejudice, Wu, again, filed a second Complaint in the Superior Court of New Jersey, Camden County Law Division, Docket No. L 005245 07. See Exhibit 8 of Defendant, Wu's, Counterclaim. Both of the aforementioned Complaints are identical. See and compare Exhibits 6 and 8 of Defendant, Wu's, Counterclaim. On December 7, 2007, pursuant to Ward's Motion to Dismiss, the Superior Court of New Jersey, again, dismissed the action with prejudice. See Exhibits B and C.

A "dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (citing Lawler v. National Screen Service Corp., 349 U.S. 322, 327 (1955)) (plaintiff's motion to withdraw his original claim that court granted and dismissed with prejudice permanently enjoined plaintiff from instituting proceedings against the parties under the doctrine of res judicata). Also see, Fiumara v. Sinclair Refining Co., 385 F.2d 395 (3d Cir. 1967) (plaintiff's complaint which was dismissed in state court was res judicata and could not be re-litigated in U.S. District Court). Here, Wu's claims have also been dismissed with prejudice not just once but twice! Thus, Wu's Counterclaim has already had multiple final judgments on the

merits, as a matter of law, and satisfies the first element of res judicata.

In addition, Defendant, Wu's, Counterclaim also satisfies both the second (same claims) and third (same parties) res judicata elements. In Wu's 1994 New Jersey Complaint, Wu asserts a claim in breach of contract against Ward arising out of the 2002 Subcontractor Agreement. See Count I, paragraphs 1 through 5 of Exhibit 6 of Wu's Counterclaim. Wu also repeats the identical claims against Ward in its 2007 New Jersey Complaint. See Count I, paragraphs 1 through 5 of Exhibit 8 of Wu's Counterclaim. In its current Counterclaim, Wu asserts three counts of breach of contract arising out of the same 2002 Subcontractor Agreement and against the same party, Ward, as he did twice previously in the New Jersey actions. See Count I, paragraphs 1 -7; Count II, paragraph 8; and Count III, paragraphs 22 - 36. Furthermore, Wu admits in its Counterclaim that the claims previously asserted in the 2004 Complaint it filed in the Superior Court of New Jersey are "identical to those advocated herein against Ward." See Defendant, Wu's, Counterclaim, Count II, paragraph 12.  Wu's 1994 and 2007 New Jersey Complaints are identical. See and compare Exhibits 6 and 8 of Defendant's Counterclaim. The only differences between Wu's New Jersey Complaints and its current Counterclaim are the deletion of one defendant, International Fidelity Insurance Company, and two additional breach of contract counts.  Such differences are immaterial as the essential allegations against Ward arise out of the same facts and circumstances of Wu's First and Second Complaints which were dismissed with prejudice by the New Jersey Superior Court. Gambocz v. Velencsics, 468 F.2d 837, 839 (3d Cir. 1972) (changes such as additional counts and defendants made in a subsequent complaint are irrelevant and of a de minimis nature when the operative facts of the two suits are identical).

Therefore, because Wu's Counterclaim satisfies all three elements of res judicata, its claims are barred as a matter of law and its Counterclaim should be dismissed for failing to set forth a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### 3.    Wu's Counterclaim is also barred by the State Doctrine of Res Judicata

Absent incompatibility between state law and federal interests, Federal Common Law governs the claim-preclusive effect, or res judicata, that must be given to a judgment rendered by a court sitting in diversity. Semtek Int'l Inc. v. Lockheed-Martin Corp., 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d. 32 (2001). But see also, where one or both suits have been brought under federal diversity jurisdiction the federal estoppel of the forum state(s) *may* become applicable through Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938), the full faith and credit clause, or 28 U.S.C. § 1738. Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972); Lynne Carol Fashions, Inc. v. Cranston Print works Co., 453 F.2d 1177 (3d Cir. 1972) (emphasis added).

In the present case, the point is moot as the application of New Jersey Law, or even Delaware Law, would lead to the same result as Federal Law. In Culver v. Ins. Co. of N. Am., 559 A.2d 400 (N.J. 1989), the New Jersey Supreme Court set forth that the doctrine of res judicata applies when:

> (1) the judgment in the first action is valid, final and on the merits;
>
> (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and
>
> (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action.

Id. at 408-412. Furthermore, the fact that Plaintiff, Wu's 2004 Complaint was dismissed by agreement has no bearing on whether the doctrine of res judicata applies. Velasquez v. Franz, 589 A.2d 143 (N.J. 1991); Fiensod v. Noon,, 617 A.2d 1234, 1235 (N.J. App. Div. 1992) (a dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial), and see, Fiensod at 1235 ("voluntary withdraw of suit resulting in dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial and res judicata bars any relitigation of the claims dismissed in the prior suit" quoting Gambocz v. Velencsics, 468 F.2d 837, 840 (3d Cir. 1972)).

Here, Wu's claims against Ward were dismissed not once but twice with prejudice by the Superior Court of New Jersey. See Exhibits A and B. In addition, the identity of the parties are identical and the claims set forth in both Wu's First and Second New Jersey Complaints all grow out of the same alleged breach of the Subcontractor's Agreement. See and compare Exhibit 6, Count I, paragraphs 1 through 5 and Exhibit 8, Count I, paragraphs 1 through 5 of Wu's Counterclaim with Count I, paragraphs 1 -7; Count II, paragraph 8; and Count III, paragraphs 22 - 36 of its Counterclaim. Furthermore, Wu has admitted that the claims set forth in its Counterclaim are "identical" to the ones set forth against Ward in the aforementioned New Jersey actions. See Defendant, Wu's, Counterclaim, Count II, paragraph 12. Therefore, under either New Jersey Law or Federal Law, Defendant, Wu's, Counterclaim would be barred by the doctrine of res judicata.

Finally, Wu' s Counterclaim would also be barred by the doctrine of res judicata if Delaware Law was applied. Under Delaware Law, the following requirements must be present for a claim to be barred by the doctrine of res judicata:

1.     The court making the prior adjudication must have had jurisdiction over
       the subject matter of the suit and the parties to it;

2.     The parties to the prior action were the same parties, or their privies, in the
       pending case;

3.     The prior cause of action was the same as that in the present case, or the
       issues necessarily decided in the prior action were the same as those raised
       in the pending case;

4.     The issues in the prior action were decided adversely to the contentions of
       the plaintiffs in the pending case; and

5.     The prior decree is final.

Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959).

Applying Delaware's requirements to the facts in the present case, the New Jersey

Superior Court had jurisdiction over both the subject matter and the parties at the time of

dismissal. Additionally, Wu admits in its Counterclaim that the issue raised, the alleged breach

of the Subcontractor Agreement, in both of Wu's New Jersey Complaints, is "identical to those

advocated herein against Ward." See Defendant, Wu's, Counterclaim, Count II, paragraph 12.

Finally, the dismissal of both of Wu's New Jersey Complaints were with prejudice and;

therefore, as a matter of law, they are adversarial to Wu's current Counterclaim and final.

Accord, Braddock v. Zimmerman, 906 A.2d 776, 784 (Del Supr. 2006) (all dismissals are final

judgments and a dismissal with prejudice operates as a res judicata bar to preclude a subsequent

lawsuit on the same cause of action). Thus, Wu's Counterclaim would also be barred by the

doctrine of res judicata even if Delaware Law were applied.

Therefore, because both New Jersey's Law of res judicata and Delaware's Law of res

judicata are completely compatible with the Federal Law, Wu's claims are barred as matter of

law and its Counterclaim should be dismissed for failing to set forth a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## III.    CONCLUSION

For all the foregoing reasons and those set forth in the Motion of Brendan Ward Masonry, Inc., the Counterclaim of Wu & Associates, Inc., is barred by the doctrine of res judicata and; therefore, fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

Client/Hilser/Brief in Support of 12b6 Motion.doc

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | :    **BREACH OF CONTRACT** |
| | : |
| **v.** | : |
| | : |
| **WU & ASSOCIATES, INC.,** | :    **JURY TRAIL DEMANDED** |
| | : |
| **Defendant.** | :    **CIVIL NO. 07-cv-00751** |
| | : |

**CERTIFICATE OF SERVICE**

I, PERRY F. GOLDLUST, do hereby certify that the attached Motion to Dismiss
Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support of Motion to
Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) was E-filed and a copy
mailed by U.S. Mail, postage-prepaid, on February 19, 2008 to:

> Peter L. Frattarelli, Esquire
> Archer & Freiner, P.C.
> 300 Delaware Avenue
> Suite 1370
> Wilmington, DE  19801

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com