ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

---

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

---

BRENDAN WARD MASONRY, INC.

      Plaintiff,

v.                                                          Civil No. 07-cv-00751

WU & ASSOCIATES, INC.
      Defendant.

---

**MOTION OF DEFENDANT, WU & ASSOCIATES, INC. FOR LEAVE TO FILE
AMENDED ANSWER TO COMPLAINT TO ADD AFFIRMATIVE DEFENSES**

---

      Defendant/Counterclaim Plaintiff, WU & ASSOCIATES, INC., moves for leave to amend its Answer to Amended Complaint and Counterclaim to add Affirmative Defenses.  The basis for this Motion is as follows:

      1.    Plaintiff, Brendan Ward Masonry, Inc. filed its Complaint against Defendant on or about November 21, 2007.  The Plaintiff then filed an Amended Complaint against Defendant on or about  December 13, 2007, which was subsequently served on Defendant.

2.      In response thereto, Defendant on January 28, 2008 filed its timely Answer to Amended Complaint with Counterclaim.

3.      In response to Defendant's Answer and Counterclaim, Plaintiff on February 19, 2008 filed a Motion to Dismiss Defendant's Counterclaim, claiming that the Counterclaim must be dismissed due to a decision in a prior litigation.  Defendant's opposition to that Motion to Dismiss was originally due on March 7, 2008, but Plaintiff's counsel agreed to an extension until March 14, 2008.  A copy of a Stipulation to that effect is attached hereto as Exhibit C.

4.      Plaintiff in its pending Motion to Dismiss or otherwise has not sought to strike or challenge Defendant's Answer to Amended Complaint; rather, Plaintiff has only moved to dismiss the Counterclaim.

5.      By this Motion, Defendant seeks to amend its Answer to Amended Complaint and Counterclaim in only one respect: to add Affirmative Defenses.  Attached hereto as Exhibit A is the Proposed Amended Answer to Amended Complaint and Counterclaim, showing deletions in brackets and new text underlined.  Attached hereto as Exhibit B is the actual Proposed Amended Answer to Amended Complaint and Counterclaim.  As can be seen from these documents, no amendments are being sought as to the Counterclaim.

6.      The Proposed Amended Answer to Amended Complaint and Counterclaim simply seeks to add Affirmative Defenses that were not included at the time of the filing of the Answer to Amended Complaint and Counterclaim.  Based upon the procedural developments in this case as well as a related action filed in New Jersey, Defendant now wishes to add these Affirmative Defenses.

7.     Federal Rule of Civil Procedure 15(a) establishes that leave to amend shall be freely given when justice so requires.  Further, leave to amend should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims.  <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>Adams v. Gould, Inc.</u>, 739 F.2d 858, 864 (3d Cir. 1984).

8.     Here, none of the possible grounds for denying a motion to amend are present.

9.     Defendant's original Answer that is sought to be amended by this motion was filed less than six weeks ago.  No trial date has been set; in fact, discovery has not even begun.  Thus, there has been virtually no delay in filing this Motion, let alone any undue delay.

10.     Defendant's Proposed Amended Answer does not relate to the pending Motion to Dismiss, nor has Plaintiff sought to strike Defendant's Answer (except for the Counterclaim).  Thus, there is no bad faith or other dilatory motive.

11.     Finally, there can be no claim of futility in adding these Affirmative Defenses.  Discovery has not yet begun, and Defendant believes sufficient facts are available to support these Affirmative Defenses.

WHEREFORE, Defendant, Wu & Associates, Inc., respectfully requests that its Motion to Amend its Amended Answer to Add Affirmative Defenses be granted, and that its Amended

Answer and Counterclaim attached hereto as Exhibit B be accepted for filing.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant


By:  _/s/ Peter L. Frattarelli (ID No. 2871)_
PETER L. FRATTARELLI, ESQUIRE

Dated: March 13, 2008


Of Counsel:     Peter Neely Milligan, Esq.
                1960 Route 70 East
                Cherry Hill, NJ  08003
                Attorneys for Defendant


3177840v1

ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

---

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

---

THE UNITED STATES OF
AMERICA

for the use of

BRENDAN WARD MASONRY, INC.

     Plaintiff,

v.                                                                Civil No. 07-cv-00751

WU & ASSOCIATES, INC.                          <u>AMENDED</u> ANSWER TO
                                                                       AMENDED COMPLAINT,
     Defendant.                                    COUNTERCLAIM
                                                                       And DEMAND FOR JURY TRIAL

---

### <u>AMENDED</u> ANSWER

Defendant WU & ASSOCIATES, INC., by way of <u>Amended</u> Answer to the Complaint,

avers as follows:

### PARTIES

1.     As to Paragraph 1, neither admitted nor denied.  Plaintiff is left to strict proofs at

the time of trial.

2.     As to Paragraph 2, admitted.

**JURISDICTION**

3.      As to Paragraph 3, denied.

**VENUE**

4.      As to Paragraph 4, denied.  The contract was executed by all parties in Cherry

Hill, New Jersey.  The parties expressly agreed to arbitrate this matter, which is required not only

by the contract (See Paragraph 6.2 of Exhibit 1), but by the attached tolling agreement (Exhibit

2).

**FACTS**

5.      As to Paragraph 5, admitted.

6.      As to Paragraph 6, denied.  The unsigned contract attached as Exhibit A is not a

true and correct copy of the agreement reached between the parties hereunder.

7.      As to Paragraph 7, denied.  A "guaranteed maximum contract" does not exist in

the construction industry, and particularly, did not exist between the parties to this litigation.  For

instance, if the Owner determined that certain tasks or portions of the Primary Contract were no

longer desired, the Brendan Ward subcontract would be logically and fairly adjusted.  Further, if

Brendan Ward refused to complete portions of the subcontract, Wu could arrange for completion

of said portions of Brendan Ward's obligation, and reduce the contract price accordingly.

8.      As to Paragraph 8, denied.  Brendan Ward failed to complete performance of the

contract, and abandoned the job.  Further, Brendan Ward refused to comply in good faith with

Wu's efforts to advocate the change orders of Brendan Ward to the Owner and in litigation with

the Owner.

9.      As to Paragraph 9, denied.

2

10.    As to Paragraph 10, denied.  No payment is due Ward.

11.    As to Paragraph 11, denied.  No payment is due Ward.

12.    As to Paragraph 12, admitted in part and denied in part.  A tolling agreement was executed, which required submission of dispute to arbitration.  However, a true and correct copy of the tolling agreement is not attached to the Complaint as Exhibit B.  Instead, Wu attaches a true and correct copy of the tolling agreement hereto as Exhibit 2.  Ward is in express violation of the tolling agreement, which it has announced its abandonment of.

13.    As to Paragraph 13, denied.  As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

14.    As to Paragraph 14, denied.  As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## COUNT 1 – Breach of Contractual Obligation

15.    As to Paragraph 15, no averment is made.

16.    As to Paragraph 16, denied.

17.    As to Paragraph 17, denied.

18.    As to Paragraph 18, denied.

19.    As to Paragraph 19, denied.

20.    As to Paragraph 20, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 2 – Breach of Contractual Obligation – Cardinal Change Doctrine

21.    As to Paragraph 21, no averment is made.

22.    As to Paragraph 22, denied.

23.    As to Paragraph 23, admitted.

24.    As to Paragraph 24, denied.

25.    As to Paragraph 25, denied.

26.    As to Paragraph 26, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 3 – Breach of Contractual Obligation – Tolling Subcontract Agreement

27.    As to Paragraph 27, no averment is made.

28.    As to Paragraph 28, denied.  Ward withdrew its claim against the Surety because the contract required the parties to proceed by way of arbitration, and Ward disclosed some conflict with the American Arbitration Association in its then pending arbitration action against Wu.

29.    As to Paragraph 29, admitted in part and denied in part.  A tolling agreement was executed, which required submission of dispute to arbitration.  However, a true and correct copy

of the tolling agreement is not attached to the Complaint as Exhibit B.  Instead, Wu attaches a

true and correct copy of the tolling agreement hereto as Exhibit 2.  Ward is in express violation

of the tolling agreement, which it announced its abandonment of.

30.     As to Paragraph 30, denied.

31.     As to Paragraph 31, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint

be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this

Court deems just, equitable, and proper.

### COUNT 4 – Bad Faith

32.     As to Paragraph 32, no averment is made.

33.     As to Paragraph 33, denied.

34.     As to Paragraph 34, denied.

35.     As to Paragraph 35, denied.

36.     As to Paragraph 36, denied.

37.     As to Paragraph 37, admitted.

38.     As to Paragraph 38, denied.

39.     As to Paragraph 39, denied.

40.     As to Paragraph 40, denied.

41.     As to Paragraph 41, denied.

42.     As to Paragraph 42, denied.

43.     As to Paragraph 43, denied.

44.     As to Paragraph 44, denied.

45.     As to Paragraph 45, denied.

46.     As to Paragraph 46, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 5 – Unjust Enrichment

47.     As to Paragraph 47, no averment is made.

48.     As to Paragraph 48, denied.

49.     As to Paragraph 49, denied.

50.     As to Paragraph 50, denied.  Ward could have assisted in the since closed matter, but chose to interfere and obfuscate.

51.     As to Paragraph 51, denied.  All of Ward's claims were denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 6 – Quantum Meruit

52.     As to Paragraph 52, no averment is made.

53.     As to Paragraph 53, admitted.

54.    As to Paragraph 54, admitted.

55.    As to Paragraph 55, denied.  All Ward change orders were  denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

56.    As to Paragraph 56, denied.

57.    As to Paragraph 57, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## **AFFIRMATIVE DEFENSES**

1.    The claims of Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of equitable estoppel.

2.    The claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of latches or by the Statute of Limitations.

3.    Plaintiff BRENDAN WARD MASONRY, INC. have engaged in fraud, both equitable and statutory, thereby barring any relief sought.

4.    The claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of unclean hands.

5.    All or a portion of the claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of waiver.

6.    All or a portion of the claims of the Plaintiff BRENDAN WARD MASONRY, INC. are subject to a written agreement to arbitrate such claims.

7.    The incident was caused solely by the acts of omissions of some other person or party over whom answering Defendant WU & ASSOCIATES, INC. has no control or right of

control.

8.    The Plaintiff BRENDAN WARD MASONRY, INC. are guilty of negligence which

contributed to the alleged damage and are, therefore, barred from recovery or subject to

having the same diminished.

9.    Plaintiff BRENDAN WARD MASONRY, INC. assumed the risk of injury or harm.

10.    Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of

*res judicata*.

11.    Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of

collateral estoppel.

12.    Plaintiff BRENDAN WARD MASONRY, INC. failed to mitigate its damages.

Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of

accord and satisfaction.

## COUNTERCLAIM

Defendant WU & ASSOCIATES, INC., by way of Counterclaim to the Complaint, avers

as follows:

## COUNT 1 - BREACH OF CONTRACT (Subcontract)

1.    On or about April 26, 2002, Counter-claimant WU & ASSOCIATES, INC.

(hereinafter "Wu") and Defendant on the Counterclaim BRENDAN WARD MASONRY, INC.

(hereinafter "Ward") mutually executed a subcontract.  See true and correct copy of the

agreement attached hereto as Exhibit 1.

2.    On or about April 26, 2002, corporate representatives of Ward visited the office

of Wu in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and

Subcontractor.  See true and correct copy of the agreement attached hereto as Exhibit 1.

3.    The aforementioned subcontract related to a commercial construction project commonly referred to as the "Wilmington Job Corps Center" (hereinafter "the project").

4.    Pursuant to the Agreement, Ward agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding the project, which was owned by the US Department of Labor.

5.    Ward failed to timely perform the required tasks of the written Agreement.

6.    Ward breached its contract with Wu.

7.    Such action has caused Wu damage and injury.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## COUNT 2 – BREACH OF CONTRACT (Estoppel – Arbitration Clause)

8.    Wu incorporates Paragraphs 1 through 8 as through they were repeated herein.

9.    Previously, Ward has already asserted claims identical to those advocated by its complaint under Civil No. 07-cv-00751 against Wu's surety.  See Complaint attached hereto as Exhibit 3.

10.    Ward's suit against Civil No. 07-cv-00751 was voluntarily dismissed after the parties reached an agreement under the Tolling Agreement attached hereto as Exhibit 2.  See Stipulation of Dismissal attached hereto as Exhibit 4.

11.    Similarly, Ward asserted claims identical to those advocated by its complaint against Wu, through the American Arbitration Association under 14 110 Y 01010 04.  See Arbitration Demand attached hereto as Exhibit 5.

12.     Similarly, Wu asserted claims identical to those advocated herein against Ward, in the Superior Court of New Jersey under Docket No. L-2425-04.  See Summons and Complaint attached hereto as Exhibit 6.

13.     To induce Wu to dismiss with prejudice an action against Ward in the Superior Court of New Jersey, under Docket No. L-2425-04, Ward agreed to timely arbitrate in a single forum all claims between Ward, Wu, and their respective sureties.  See true and correct copy of the Tolling Agreement attached hereto as Exhibit 2, and the Stipulation of Dismissal attached hereto as Exhibit 7.

14.     Thereafter, Ward failed to timely arbitrate under the Tolling Agreement, and announced its intentions to seek judicial redress for its damages in the United States District Court for the District of Delaware.

15.     To enforce its rights under the subcontract, Wu filed pleadings, on October 12, 2007, under Docket No. L 5245-07 in the Superior Court of New Jersey.  See Complaint attached hereto as Exhibit 8.

16.     While simultaneously announcing its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2), Ward claimed reliance upon the Tolling Agreement and dismissal of the Complaint under Docket No. L-2425-04 in demanding dismissal, on November 15, 2007, of pleadings filed by Wu against Ward on October 12, 2007 under Docket No. L5245-07 in the Superior Court of New Jersey.  Particularly, Ward deemed the dismissal of the action under Docket No. L-2425-04 in favor of the tolling agreement as a adjudication on the merits.

17.    Without disclosing same to the Superior Court of New Jersey, on or about November 21, 2007, Ward filed its pleadings in the United States District Court for the District of Delaware, and made no mention of the litigation pending in the Superior Court of New Jersey addressing issues identical to that now raised by Ward.

18.    On December 11, 2007, Ward reaffirmed its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2).

19.    Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

20.    Ward should be judicially estopped from later demanding arbitration, which it has openly and clearly abandoned.

21.    Ward should be judicially estopped from pursuing relief in the United States District Court for the District of Delaware.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### COUNT 3 – BREACH OF CONTRACT (Change Orders)

22.    Wu incorporates Paragraphs 1 through 19 as through they were repeated herein.

23.    Article 5 of the Subcontract (Exhibit 1) addresses "Changes in the Work."

24.    As the project commenced, various site conditions (left undisclosed by the Owner) became known.  These site conditions interfered with the ability of the project to timely progress.

25.    Pursuant to Article 5 of the Subcontract (Exhibit 1), Ward asserted various change order requests which were largely related to the site conditions which had been undisclosed by the Owner.

26.    These change order requests were almost all rejected by the Owner.

27.    To assert Ward's change order requests, among other things, Wu filed a claim against the Owner.

28.    This action sought redress not only for Wu's damages, but for the various "pass through" claims asserted by other subcontractors, such as and including Ward.

29.    On various dates from September 2004 through August 2005, Wu requested – in writing – the cooperation of Ward in clearly documenting the change order requests for assertion against the Owner in the aforementioned action.

30.    Irrationally, Ward declined to timely act or act in good faith or assist Wu in asserting Ward's claims against the Owner.

31.    Irrationally, Ward declined to document its claim in good faith for submission in the aforementioned action.

32.    Irrationally, Ward declined to appear to discuss in good faith its claims for submission in the aforementioned action.

33.    The aforementioned actions constitute a breach of the provisions of Article 5, among other provisions, of the Subcontract (Exhibit 1).

34.    The aforementioned actions resulted in the wholesale denial of Ward's pass through claims in the aforementioned action.

35.    The aforementioned actions should cause Ward to be estopped from asserting claims against Wu that should have been timely raised and documented in the aforementioned action.

36.    Otherwise, Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.


## DEMAND FOR JURY TRIAL

The Defendant WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant


By:   _/s/ Peter L. Frattarelli (ID No. 2871)_
PETER L. FRATTARELLI, ESQUIRE

Dated: March ___, 2008 [January 28, 2008]


Of Counsel:    Peter Neely Milligan, Esq.
1960 Route 70 East
Cherry Hill, NJ  08003
Attorneys for Defendant

3176929v1

13

ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

---

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

---

THE UNITED STATES OF
AMERICA

for the use of

BRENDAN WARD MASONRY, INC.

      Plaintiff,

v.                                                            Civil No. 07-cv-00751

WU & ASSOCIATES, INC.                          AMENDED ANSWER TO
                                                              AMENDED COMPLAINT,
      Defendant.                              COUNTERCLAIM
                                                              And DEMAND FOR JURY TRIAL

---

**AMENDED ANSWER**

      Defendant WU & ASSOCIATES, INC., by way of Amended Answer to the Complaint,

avers as follows:

**PARTIES**

      1.      As to Paragraph 1, neither admitted nor denied.  Plaintiff is left to strict proofs at

the time of trial.

      2.      As to Paragraph 2, admitted.

**JURISDICTION**

3.      As to Paragraph 3, denied.

**VENUE**

4.      As to Paragraph 4, denied.  The contract was executed by all parties in Cherry

Hill, New Jersey.  The parties expressly agreed to arbitrate this matter, which is required not only

by the contract (See Paragraph 6.2 of Exhibit 1), but by the attached tolling agreement (Exhibit

2).

**FACTS**

5.      As to Paragraph 5, admitted.

6.      As to Paragraph 6, denied.  The unsigned contract attached as Exhibit A is not a

true and correct copy of the agreement reached between the parties hereunder.

7.      As to Paragraph 7, denied.  A "guaranteed maximum contract" does not exist in

the construction industry, and particularly, did not exist between the parties to this litigation.  For

instance, if the Owner determined that certain tasks or portions of the Primary Contract were no

longer desired, the Brendan Ward subcontract would be logically and fairly adjusted.  Further, if

Brendan Ward refused to complete portions of the subcontract, Wu could arrange for completion

of said portions of Brendan Ward's obligation, and reduce the contract price accordingly.

8.      As to Paragraph 8, denied.  Brendan Ward failed to complete performance of the

contract, and abandoned the job.  Further, Brendan Ward refused to comply in good faith with

Wu's efforts to advocate the change orders of Brendan Ward to the Owner and in litigation with

the Owner.

9.      As to Paragraph 9, denied.

10.    As to Paragraph 10, denied.  No payment is due Ward.

11.    As to Paragraph 11, denied.  No payment is due Ward.

12.    As to Paragraph 12, admitted in part and denied in part.  A tolling agreement was executed, which required submission of dispute to arbitration.  However, a true and correct copy of the tolling agreement is not attached to the Complaint as Exhibit B.  Instead, Wu attaches a true and correct copy of the tolling agreement hereto as Exhibit 2.  Ward is in express violation of the tolling agreement, which it has announced its abandonment of.

13.    As to Paragraph 13, denied.  As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

14.    As to Paragraph 14, denied.  As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 1 – Breach of Contractual Obligation

15.    As to Paragraph 15, no averment is made.

16.    As to Paragraph 16, denied.

17.    As to Paragraph 17, denied.

18.    As to Paragraph 18, denied.

19.    As to Paragraph 19, denied.

20.    As to Paragraph 20, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 2 – Breach of Contractual Obligation – Cardinal Change Doctrine

21.     As to Paragraph 21, no averment is made.

22.     As to Paragraph 22, denied.

23.     As to Paragraph 23, admitted.

24.     As to Paragraph 24, denied.

25.     As to Paragraph 25, denied.

26.     As to Paragraph 26, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 3 – Breach of Contractual Obligation – Tolling Subcontract Agreement

27.     As to Paragraph 27, no averment is made.

28.     As to Paragraph 28, denied.  Ward withdrew its claim against the Surety because the contract required the parties to proceed by way of arbitration, and Ward disclosed some conflict with the American Arbitration Association in its then pending arbitration action against Wu.

29.     As to Paragraph 29, admitted in part and denied in part.  A tolling agreement was executed, which required submission of dispute to arbitration.  However, a true and correct copy

of the tolling agreement is not attached to the Complaint as Exhibit B.  Instead, Wu attaches a

true and correct copy of the tolling agreement hereto as Exhibit 2.  Ward is in express violation

of the tolling agreement, which it announced its abandonment of.

30.    As to Paragraph 30, denied.

31.    As to Paragraph 31, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint

be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this

Court deems just, equitable, and proper.

### COUNT 4 – Bad Faith

32.    As to Paragraph 32, no averment is made.

33.    As to Paragraph 33, denied.

34.    As to Paragraph 34, denied.

35.    As to Paragraph 35, denied.

36.    As to Paragraph 36, denied.

37.    As to Paragraph 37, admitted.

38.    As to Paragraph 38, denied.

39.    As to Paragraph 39, denied.

40.    As to Paragraph 40, denied.

41.    As to Paragraph 41, denied.

42.    As to Paragraph 42, denied.

43.    As to Paragraph 43, denied.

44.    As to Paragraph 44, denied.

45.    As to Paragraph 45, denied.

46.    As to Paragraph 46, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 5 – Unjust Enrichment

47.    As to Paragraph 47, no averment is made.

48.    As to Paragraph 48, denied.

49.    As to Paragraph 49, denied.

50.    As to Paragraph 50, denied.  Ward could have assisted in the since closed matter, but chose to interfere and obfuscate.

51.    As to Paragraph 51, denied.  All of Ward's claims were denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 6 – Quantum Meruit

52.    As to Paragraph 52, no averment is made.

53.    As to Paragraph 53, admitted.

54.    As to Paragraph 54, admitted.

55.    As to Paragraph 55, denied.  All Ward change orders were  denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

56.    As to Paragraph 56, denied.

57.    As to Paragraph 57, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## **AFFIRMATIVE DEFENSES**

1.    The claims of Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of equitable estoppel.

2.    The claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of latches or by the Statute of Limitations.

3.    Plaintiff BRENDAN WARD MASONRY, INC. have engaged in fraud, both equitable and statutory, thereby barring any relief sought.

4.    The claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of unclean hands.

5.    All or a portion of the claims of the Plaintiff BRENDAN WARD MASONRY, INC. are barred under the doctrine of waiver.

6.    All or a portion of the claims of the Plaintiff BRENDAN WARD MASONRY, INC. are subject to a written agreement to arbitrate such claims.

7.    The incident was caused solely by the acts of omissions of some other person or party over whom answering Defendant WU & ASSOCIATES, INC. has no control or right of

control.

8.    The Plaintiff BRENDAN WARD MASONRY, INC. are guilty of negligence which contributed to the alleged damage and are, therefore, barred from recovery or subject to having the same diminished.

9.    Plaintiff BRENDAN WARD MASONRY, INC. assumed the risk of injury or harm.

10.   Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of *res judicata*.

11.   Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of collateral estoppel.

12.   Plaintiff BRENDAN WARD MASONRY, INC. failed to mitigate its damages.

Plaintiff BRENDAN WARD MASONRY, INC.'s claims are barred by the doctrine of accord and satisfaction.

## COUNTERCLAIM

Defendant WU & ASSOCIATES, INC., by way of Counterclaim to the Complaint, avers as follows:

### COUNT 1 - BREACH OF CONTRACT (Subcontract)

1.    On or about April 26, 2002, Counter-claimant WU & ASSOCIATES, INC. (hereinafter "Wu") and Defendant on the Counterclaim BRENDAN WARD MASONRY, INC. (hereinafter "Ward") mutually executed a subcontract.  See true and correct copy of the agreement attached hereto as Exhibit 1.

2.    On or about April 26, 2002, corporate representatives of Ward visited the office of Wu in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.  See true and correct copy of the agreement attached hereto as Exhibit 1.

8

3.    The aforementioned subcontract related to a commercial construction project commonly referred to as the "Wilmington Job Corps Center" (hereinafter "the project").

4.    Pursuant to the Agreement, Ward agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding the project, which was owned by the US Department of Labor.

5.    Ward failed to timely perform the required tasks of the written Agreement.

6.    Ward breached its contract with Wu.

7.    Such action has caused Wu damage and injury.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

**COUNT 2 – BREACH OF CONTRACT (Estoppel – Arbitration Clause)**

8.    Wu incorporates Paragraphs 1 through 8 as through they were repeated herein.

9.    Previously, Ward has already asserted claims identical to those advocated by its complaint under Civil No. 07-cv-00751 against Wu's surety.  See Complaint attached hereto as Exhibit 3.

10.    Ward's suit against Civil No. 07-cv-00751 was voluntarily dismissed after the parties reached an agreement under the Tolling Agreement attached hereto as Exhibit 2.  See Stipulation of Dismissal attached hereto as Exhibit 4.

11.    Similarly, Ward asserted claims identical to those advocated by its complaint against Wu, through the American Arbitration Association under 14 110 Y 01010 04.  See Arbitration Demand attached hereto as Exhibit 5.

12.     Similarly, Wu asserted claims identical to those advocated herein against Ward, in the Superior Court of New Jersey under Docket No. L-2425-04.  See Summons and Complaint attached hereto as Exhibit 6.

13.     To induce Wu to dismiss with prejudice an action against Ward in the Superior Court of New Jersey, under Docket No. L-2425-04, Ward agreed to timely arbitrate in a single forum all claims between Ward, Wu, and their respective sureties.  See true and correct copy of the Tolling Agreement attached hereto as Exhibit 2, and the Stipulation of Dismissal attached hereto as Exhibit 7.

14.     Thereafter, Ward failed to timely arbitrate under the Tolling Agreement, and announced its intentions to seek judicial redress for its damages in the United States District Court for the District of Delaware.

15.     To enforce its rights under the subcontract, Wu filed pleadings, on October 12, 2007, under Docket No. L 5245-07 in the Superior Court of New Jersey.  See Complaint attached hereto as Exhibit 8.

16.     While simultaneously announcing its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2), Ward claimed reliance upon the Tolling Agreement and dismissal of the Complaint under Docket No. L-2425-04 in demanding dismissal, on November 15, 2007, of pleadings filed by Wu against Ward on October 12, 2007 under Docket No. L5245-07 in the Superior Court of New Jersey.  Particularly, Ward deemed the dismissal of the action under Docket No. L-2425-04 in favor of the tolling agreement as a adjudication on the merits.

17.    Without disclosing same to the Superior Court of New Jersey, on or about November 21, 2007, Ward filed its pleadings in the United States District Court for the District of Delaware, and made no mention of the litigation pending in the Superior Court of New Jersey addressing issues identical to that now raised by Ward.

18.    On December 11, 2007, Ward reaffirmed its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2).

19.    Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

20.    Ward should be judicially estopped from later demanding arbitration, which it has openly and clearly abandoned.

21.    Ward should be judicially estopped from pursuing relief in the United States District Court for the District of Delaware.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### COUNT 3 – BREACH OF CONTRACT (Change Orders)

22.    Wu incorporates Paragraphs 1 through 19 as through they were repeated herein.

23.    Article 5 of the Subcontract (Exhibit 1) addresses "Changes in the Work."

24.    As the project commenced, various site conditions (left undisclosed by the Owner) became known.  These site conditions interfered with the ability of the project to timely progress.

25.    Pursuant to Article 5 of the Subcontract (Exhibit 1), Ward asserted various change order requests which were largely related to the site conditions which had been undisclosed by the Owner.

26.    These change order requests were almost all rejected by the Owner.

27.    To assert Ward's change order requests, among other things, Wu filed a claim against the Owner.

28.    This action sought redress not only for Wu's damages, but for the various "pass through" claims asserted by other subcontractors, such as and including Ward.

29.    On various dates from September 2004 through August 2005, Wu requested – in writing – the cooperation of Ward in clearly documenting the change order requests for assertion against the Owner in the aforementioned action.

30.    Irrationally, Ward declined to timely act or act in good faith or assist Wu in asserting Ward's claims against the Owner.

31.    Irrationally, Ward declined to document its claim in good faith for submission in the aforementioned action.

32.    Irrationally, Ward declined to appear to discuss in good faith its claims for submission in the aforementioned action.

33.    The aforementioned actions constitute a breach of the provisions of Article 5, among other provisions, of the Subcontract (Exhibit 1).

34.    The aforementioned actions resulted in the wholesale denial of Ward's pass through claims in the aforementioned action.

35.     The aforementioned actions should cause Ward to be estopped from asserting claims against Wu that should have been timely raised and documented in the aforementioned action.

36.     Otherwise, Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.


## DEMAND FOR JURY TRIAL

The Defendant WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant


By:  _/s/ Peter L. Frattarelli (ID No. 2871)_
PETER L. FRATTARELLI, ESQUIRE

Dated: January 28, 2008


Of Counsel:     Peter Neely Milligan, Esq.
1960 Route 70 East
Cherry Hill, NJ  08003
Attorneys for Defendant

3176929v1

ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

_____

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

_____

BRENDAN WARD MASONRY, INC.
  Plaintiff,

v.            Civil No. 07-cv-00751

WU & ASSOCIATES, INC.
  Defendant.

_____

**STIPULATION TO EXTEND TIME**

_____

   IT IS HEREBY STIPULATED and agreed, through undersigned counsel, that the time

for Defendant, Wu & Associates, Inc. to respond to the Motion to Dismiss Defendant's

Counterclaim, filed by Plaintiff, Brendan Ward Masonry, Inc., is extended from March 7, 2008

until **Friday, March 14, 2008**.

ABER, GOLDLUST, BAKER & OVER  ARCHER & GREINER
Attorneys for Plaintiff, Brendan    A Professional Corporation
 Ward Masonry, Inc.       Attorneys for Defendant, Wu & Associates, Inc.

BY: /s/ Perry F. Goldlust (DSB #770)  BY: /s/ Peter L. Frattarelli
   PERRY F. GOLDLUST      PETER L. FRATTARELLI
   DE Bar ID. No. 770       DE Bar ID No. 2871
   702 King Street, Suite 600
   P. O. Box 1675
   Wilmington, DE  19899-1675
   (302) 472-4900

Dated: March 12, 2008      Dated: March 13, 2008

3179079v1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

BRENDAN WARD MASONRY, INC.

      Plaintiff,

v.                                                              Civil No. 07-cv-00751

WU & ASSOCIATES, INC.
      Defendant.

## ORDER GRANTING DEFENDANT, WU & ASSOCIATES, INC. LEAVE TO FILE AMENDED ANSWER TO ADD AFFIRMATIVE DEFENSES

      AND NOW, this _____, day of _____, 2008, the Court having considered the

Motion of Defendant/Counterclaim Plaintiff, WU & ASSOCIATES, INC., for Leave to File

Amended Answer to Add Affirmative Defenses, and having considered any opposition thereto,

and for good cause shown,

      IT IS HEREBY ORDERED that this Motion is GRANTED.

_____

                      J.

3177857v1

ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

_____

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

_____

BRENDAN WARD MASONRY, INC.

      Plaintiff,

v.                                                                  Civil No. 07-cv-00751

WU & ASSOCIATES, INC.
      Defendant.

_____

**CERTIFICATE OF SERVICE**

_____

     I, Peter L. Frattarelli, hereby certify that on this 13th day of March, 2008, I caused

to be served a true and correct copy of the foregoing Defendant's Motion for Leave to

File Amended Answer to Add Affirmative Defenses via electronic filing to the following

attorney of record, who is a registered ECF User: Perry F. Goldlust, Esquire, Aber,

Goldlust, Baker & Over, First Federal Plaza, Suite #600, P.O. Box 1675, Wilmington,

DE 19899.


                                 */s/ Peter L. Frattarelli*_____
                                 Peter L. Frattarelli (Bar No. 2871)

3177875v1