## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**BRENDAN WARD MASONRY, INC.,**

        **Plaintiff**

**v.**

**WU & ASSOCIATES, INC.,**

        **Defendant.**

**BREACH OF CONTRACT**

**CIVIL NO. 07-cv-00751 GMS**

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO F.R.C.P. 12(b)(6)**

---

Defendant/Counterclaimant, Wu & Associates, Inc. ("Wu"), by and through its attorneys, hereby responds to plaintiff's motion as follows:

1.     Admitted.

2.     Admitted.

3.     Denied as stated.  The Subcontractor Agreement speaks for itself.

4.     Denied.

5.     Denied.

6.     Denied that Wu has failed to pay Ward the amounts to which Ward is entitled.

7.     Denied.

8.     Admitted.

9.     Denied as stated.  It is admitted that on July 6, 2004, the parties filed a Stipulation of Dismissal of Wu's 2004 New Jersey action.  A copy of the Stipulation of Dismissal is attached to the annexed Certification of Peter Milligan as Exhibit "G."  (Mr. Milligan's Certification, which was filed in connection with the New Jersey Superior Court case captioned Wu & Associates, Inc. v. Brendan Ward Masonry, et al., Superior Court of New Jersey, Law Division, Camden County, Docket No. L-005-245-07, is attached to the annexed Affidavit of Sean T. O'Meara, Esquire.)  The Stipulation of Dismissal specifically provided that all claims between the parties would be submitted to Arbitration before the American Arbitration Association, and that neither party was releasing any claims or defenses in connection with the Stipulation.

10.     Denied as stated.  It is admitted that the parties entered into a Tolling Agreement.

While the Tolling Agreement speaks for itself, the jist of it was to preserve the claims of both

parties pending the outcome of litigation Wu had pending with the U.S. Department of Labor.

11.     Denied as stated.  Counsel for Ward telephoned Peter Milligan, then counsel for

Wu, in October, 2007 and advised that, unless Wu was willing to extend the limitation period in

the Tolling Agreement, Ward intended to reinstitute litigation in this Court.  (See Milligan

Certification, ¶10).  Since Wu believed that, if this dispute was not going to be decided in AAA

Arbitration, it belonged in New Jersey, Mr. Milligan re-filed in New Jersey Superior Court the

Complaint he had previously filed in 2004.  (Id., ¶11).

12.     Admitted.

13.     Admitted.

14.     Admitted, except that the basis of Ward's motion was that Wu's claims were

already pending in this Court, and that therefore there was no need to have them pending in New

Jersey as well.  Once Ward obtained a dismissal of the 2007 New Jersey action, it then filed the

instant motion seeking to dismiss Wu's affirmative claims set forth in its Counterclaim, despite

having advised the New Jersey court that those claims were pending in this Court.  (See Milligan

Certification and exhibits annexed thereto, ¶¶ 12 and 16-18.)

15.     It is admitted that Ward filed its Complaint in this Court on or about November

21, 2007, but denied that Wu refused to arbitrate the claims in this dispute.

16.     Admitted, except that the Court should also be aware that there is currently

pending with the Superior Court of New Jersey a Motion to Vacate December 7, 2007 Order

pursuant to R. 4:50, which motion is scheduled to be heard April 25, 2008. (See, motion papers attached to annexed O'Meara Affidavit as Exhibit "1").

17.    Admitted.

18.    Admitted.

19.    Admitted as to the principles stated, but denied that *res judicata* applies where (1) the underlying judgment was procured by fraudulent conduct and (2) where there is currently pending a motion to vacate the underlying judgment.  See Commissioner of Internal Revenue Service v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 192 L. Ed. 898 (1948); Maldonado v. Flynn, 417 A.2d 378, 384 (Del. Ch. 1980).

20.    Admitted as to the proposition noted, but see paragraph 19 above.

21.    Admitted.

22.    Denied for the reasons set forth in paragraph 19.

WHEREFORE, Defendant/Counterclaimant, Wu & Associates, Inc., respectfully requests

that this Court deny plaintiff's Motion to Dismiss Defendant's Counterclaim pursuant to

F.R.C.P. 12(b)(6).

> ARCHER & GREINER, P.C.
> A Professional Corporation
> Attorneys for Defendant/Counterclaimant
>
>
> By:/s/ Peter L. Frattarelli_____
>      PETER L. FRATTARELLI

<u>OF COUNSEL</u>:
Sean T. O'Meara, Esquire
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
(856) 795-2121

Dated: March 14, 2008

3180387v1

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BRENDAN WARD MASONRY, INC.,** | |
| **Plaintiff** | |
| **v.** | **BREACH OF CONTRACT** |
| **WU & ASSOCIATES, INC.,** | |
| **Defendant.** | **CIVIL NO. 07-cv-00751 GMS** |

**BRIEF OF DEFENDANT/COUNTERCLAIMANT IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO F.R.C.P. 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES..........................................................................................ii

I.    INTRODUCTION..........................................................................................1

II.   STATEMENT OF PROCEDURAL HISTORY ...............................................2

III.  LAW AND ARGUMENT ...............................................................................2

      A.    THE DOCTRINE OF *RES JUDICATA* DOES NOT APPLY WHERE
           THE UNDERLYING JUDGMENT WAS PROCURED BY FRAUD.................2

      B.    IN THE ALTERNATIVE, *RES JUDICATA* DOES NOT APPLY
           WHILE A MOTION IS PENDING TO VACATE THE
           UNDERLYING JUDGMENT ...........................................................................3

IV.   CONCLUSION................................................................................................4

# TABLE OF AUTHORITIES

## FEDERAL CASES

Commissioner of Internal Revenue Service v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898 (1948) ........................................................................................2

County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1387 (E.D.N.Y. 1989) ..............................................................................................................................2

Gregory v. Chehi, 843 F.2d 111 (3d Cir. 1988)................................................................2

McCarty v. First of Georgia Insurance, 713 F.2d 609 (10th Cir. 1983)............................2

Quarrels v. Miller, 86 F.3d 55 (4th Cir. 1996)..................................................................2

## STATE CASES

Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959) .....................................3

Maldonado v. Flynn, 417 A.2d 378 (Del. Ch. 1980) ........................................................3

Oswald v. Seidler, 47 A.2d 437 (N.J.E&A 1946)..............................................................3

## MISCELLANEOUS

C.J. S. "Judgment," §723 (1997)......................................................................................3

## I.     <u>INTRODUCTION</u>

Plaintiff, Brendan Ward Masonry, Inc. ("Ward"), and defendant/counterclaimant, Wu & Associates, Inc. ("Wu"), each have claims against the other arising out of the construction of a building for the U.S. Department of Labor in Wilmington, Delaware (the "Project").

Wu was the general contractor for the Project and Ward was its masonry subcontractor. The Subcontract between the parties provided that any dispute would be resolved by arbitration. Despite this fact, Ward filed suit in this Court in 2004, leading to a chain of procedural events. The very involved procedural history of the litigation between the parties is set forth in detail in the Certification of Peter Milligan, Esquire, prior counsel for Wu, which is attached to the annexed Affidavit of Sean T. O'Meara, Esq.[1]

As a result of false and misleading statements by Ward's counsel to the New Jersey Superior Court indicating that this litigation was pending, and that the claims Wu asserted in New Jersey would be decided as part of this case, the New Jersey court dismissed Wu's Complaint on December 7, 2007.  In this motion, Ward now seeks to use that Order to prevent Wu from asserting its claims against Ward in this case, on the basis of *res judicata*.  <u>Thus, Ward wants to pursue its claims in this case, but wants to prevent Wu from asserting its claims in any forum</u>.  Such a result would be grossly inequitable and unjust.  Accordingly, Wu requests that the Court deny Ward's motion because (1) *res judicata* does not apply where the underlying judgment was procured by fraud and/or (2) *res judicata* does not apply where a motion is pending to vacate the underlying judgment.

---

[1] Mr. Milligan's Certification and Brief, which is also attached to Mr. O'Meara's Affidavit, were yesterday submitted to the Superior Court of New Jersey in support of a Motion to Vacate December 7, 2007 Order Pursuant to <u>R</u>. 4:50.  That motion is scheduled to be heard on April 25, 2008.

1

## II.    STATEMENT OF PROCEDURAL HISTORY

As noted above, the procedural history between Wu and Ward in AAA Arbitration, in New Jersey Superior Court and in this Court, is somewhat involved, but it is very important. This history is summarized in Mr. Milligan's Certification.  Wu incorporates the information contained in that Certification as if repeated at length herein.

## III.    LAW AND ARGUMENT

### A.    THE DOCTRINE OF *RES JUDICATA* DOES NOT APPLY WHERE THE UNDERLYING JUDGMENT WAS PROCURED BY FRAUD

*Res judicata*, or claim preclusion, prevents a party from re-litigating a matter which has already been considered on the merits and finally decided.  See, e.g., Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988).  *Res judicata* effect will not be given, however, to judgments obtained by fraud.  Commissioner of Internal Revenue Service v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 92 L. Ed. 898 (1948); McCarty v. First of Georgia Ins., 713 F.2d 609, 612-13 (10th Cir. 1983); County of Suffolk v. Long Island Lighting Co., 710 F.Supp. 1387, 1393 (E.D.N.Y. 1989); Quarrels v. Miller, 86 F.3d 55, 57 (4th Cir. 1996).

The doctrine of *res judicata* does not apply in this case because Ward procured the December 7, 2007 Order by fraud.   The specifics of the fraud are set forth in the Milligan Certification and the Exhibits attached to it.  The essential fact is that Ward convinced the New Jersey court to dismiss Wu's Complaint by concealing the fact that the 2004 New Jersey case was dismissed based on the express agreement that Wu's claims would be decided elsewhere, and by representing that the claims Wu sought to assert in New Jersey were already pending before this Court, and that allowing the New Jersey litigation to proceed would result in duplicative litigation.  (See Milligan Certification and related Exhibits, ¶¶ 12 and 16-18).  The bottom line is that Wu and Ward have each had claims pending against one another in AAA

Arbitration, in New Jersey Superior Court and in this Court. The prior cases in both New Jersey and in this Court that were filed in 2004 were dismissed with prejudice based upon the express agreement that neither party was waiving any of its claims or defenses, and that the parties would later be able to assert their claims in another forum. (See Milligan Certification, ¶¶ 3-9). Wu is now faced with a situation where Ward wants to pursue its affirmative claims against Wu in this Court, but wants to deny Wu the opportunity to present its affirmative claims. Wu respectfully requests that Ward's argument should not be accepted by this Court. As one court has noted, the doctrine of *res judicata* was invented to promoted peace, not to deny justice. Oswald v. Seidler, 47 A.2d 437 (N.J.E&A 1946). If Wu's Counterclaim is dismissed by this Court, Wu will never have had an opportunity to present the merits of its claims in any forum, a result contrary to the principles of *res judicata* and elemental fairness.

### B.    IN THE ALTERNATIVE, *RES JUDICATA* DOES NOT APPLY WHILE A MOTION IS PENDING TO VACATE THE UNDERLYING JUDGMENT

Courts differ over whether a final judgment which is being appealed or is the subject of a motion to vacate will support the application of the doctrine of *res judicata*. See e.g., Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959); C.J. S. "Judgment," §723 (1997). Delaware has taken the view that the dismissal of the second action should be held in abeyance until the appeal of the first section is completed. See Maldonado v. Flynn, 417 A.2d 378, 384 (Del. Ch. 1980). Accordingly, should the Court not agree with Wu that its Counterclaim should not be dismissed because the New Jersey litigation was dismissed based upon a fraudulent premise, Wu respectfully requests that the Court not dismiss the Counterclaim until the New Jersey Superior Court rules upon Wu's Motion to Vacate the December 7, 2007 Order.

IV.     **CONCLUSION**

For all of the foregoing reasons, defendant/counterclaimant respectfully requests that the

Court deny plaintiff's motion.

<div style="margin-left:40%">

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Defendant/Counterclaimant



By:/s/ Peter L. Frattarelli
        PETER L. FRATTARELLI

</div>

OF COUNSEL:
Sean T. O'Meara, Esquire
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
(856) 795-2121

Dated: March 14, 2008


3180408v1

4

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**BRENDAN WARD MASONRY, INC.,**

**Plaintiff**

v.                                        **BREACH OF CONTRACT**

**WU & ASSOCIATES, INC.,**

**Defendant.**                  **CIVIL NO. 07-cv-00751 GMS**

## AFFIDAVIT OF SEAN T. O'MEARA

1.     I am a member of the firm of Archer & Greiner, a Professional Corporation, attorneys for defendant/counterclaimant, Wu & Associates, Inc. ("Wu") and I have personal knowledge of facts set forth herein.

2.     Attached hereto as Exhibit "1" is a true and correct copy of the Notice of Motion to Vacate December 7, 2007 Order and Certification of Peter Milligan and Brief submitted in support of the motion.  That motion is scheduled for April 25, 2008.

_____
Sean T. O'Meara

Sworn and subscribed to
before me on this 14th day
of March, 2008

_____
Notary Public

3181302v1

**LINDA S. GALLO**
**Notary Public of New Jersey**
**My Commission Expires June 3, 2012**

**EXHIBIT 1**

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
BY: SEAN T. O'MEARA, ESQUIRE

| | |
|---|---|
| WU & ASSOCIATES<br><br>                              Plaintiff,<br><br>v.<br><br>BRENDAN WARD MASONRY, INC.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE<br>COMPANY<br><br>                              Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.:  L-005245-07<br><br>            Civil Action<br><br>**NOTICE OF MOTION TO VACATE**<br>**ORDER DATED DECEMBER 7, 2007**<br>**PURSUANT TO R. 4:50** |

TO:   John E. Hilser, Esquire
      DeVlieger Hilser, P.C.
      2345 Bethel Avenue
      Merchantville, NJ 08109

PLEASE TAKE NOTICE that on April 25, 2008, at 9:00 a.m., or as soon thereafter as

counsel may be heard, the undersigned, counsel for plaintiff, Wu & Associates, Inc., will move

before the Court at the Hall of Justice, Camden, New Jersey, for an Order vacating the Order

dated December 7, 2007 pursuant to R. 4:50.

In support of this motion, plaintiff will rely upon the annexed Certification of Peter

Milligan, Esquire and Brief.

A proposed form of Order is annexed hereto.

Plaintiff requests oral argument of the motion.

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Plaintiff

By: _Sean T. O'Meara_

SEAN T. O'MEARA

Dated: March 13, 2008

3160389v1

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
BY: SEAN T. O'MEARA, ESQUIRE

| | |
|---|---|
| WU & ASSOCIATES<br><br>          Plaintiff,<br><br>v.<br><br>BRENDAN WARD MASONRY, INC.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE<br>COMPANY<br><br>          Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.: L-005245-07<br><br>        Civil Action |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE
DECEMBER 7, 2007 ORDER PURSUANT TO R. 4:50**

---

Argument Date:  April 25, 2008

## I.    **INTRODUCTION**

Plaintiff, Wu & Associates, Inc. ("Wu"), and defendant, Brendan Ward Masonry, Inc.

("Ward"), each have claims against the other arising out of the construction of a building for the

U.S. Department of Labor in Wilmington, Delaware (the "Project"). Wu was the general

contractor for the Project, and Ward was its masonry subcontractor. The Subcontract between

the parties provided that any dispute would be resolved by arbitration.[1] Despite this fact, Ward

filed suit in the United States District Court for the District of Delaware in 2004, leading to a

chain of procedural events, including the filing of this case. The very involved procedural

history of the litigation between the parties is set forth in detail in the annexed Certification of

Peter Milligan, Esquire, prior counsel for Wu.

As a result of false and misleading statements by Ward's counsel to this Court stating that

litigation in Delaware was pending, and would address the issues Wu sought to address in this

case, the Court dismissed Wu's Complaint on December 7, 2007. Ward now seeks to use that

Order to prevent Wu from asserting its claims against Ward in the Delaware action, on the basis

of *res judicata*. Thus, Ward wants to pursue its claims in Delaware, but wants to prevent Wu

from asserting its claims. Such a result would be grossly inequitable and unjust. Accordingly,

Wu seeks to vacate the Court's December 7, 2007 Order on the grounds of misrepresentation or

misconduct of an adverse party (R. 4:50-1(c)) or, in the alternative, because it would be grossly

unjust to allow Ward to pursue its claims without affording Wu the same right (R. 4:50-1(f)).

The Court should be aware that Wu does not intend to ultimately proceed with its claims

against Ward in this Court. Rather, since Ward has already filed its claims in Federal Court in

Delaware, and since Wu is amenable to having its claims against Ward decided by that court, Wu

---

[1]  Despite this fact, Ward recently re-filed its affirmative claims in the United States District Court for the District of Delaware. Wu is willing to have its affirmative claims decided by that court as well.

seeks in this motion simply to have its affirmative claims against Ward reinstated.  Once this

occurs, Ward's argument in the Delaware litigation that Wu's claims are barred based on *res*

*judicata* will be without foundation, and Wu will be entitled to pursue its Counterclaim against

Ward in that court.

## II.     STATEMENT OF PROCEDURAL HISTORY

As noted above, the procedural history between Wu and Ward in AAA Arbitration, in

Federal Court in Delaware and in this Court, is somewhat involved, but it is very important.  This

history is summarized in the annexed Certification of Peter Milligan, Esq.  Wu incorporates the

information contained in that Certification as if repeated at length herein.

## III.    LAW AND ARGUMENT

### A.    THE DECEMBER 7, 2007 ORDER SHOULD BE VACATED TO R. 4:50-1(C) BECAUSE IT WAS PROCURED BY "MISREPRESENTATION OR OTHER MISCONDUCT" OF DEFENDANT

Pursuant to R. 4:50, entitled "Relief From Judgment or Order", the court "may relieve a

party or the party's legal representative from a final judgment or order for the following reasons:

…(c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; …"  New Jersey courts have not hesitated to vacate orders or

judgments where they may have been procured by misrepresentations or other misconduct by

one of the parties to the litigation.  See, e.g., Nolan v. Lee Ho, 120 N.J. 465, 473-474 (1990)

(Supreme Court remanded case for a hearing to decide whether possibly misleading and

inaccurate answer to interrogatory affected defendant's willingness to settle the case).

In this case, Ward procured the December 7, 2007 Order through "misrepresentation or

other misconduct" by:  (1) failing to inform the Court that the Stipulation of Dismissal of the

2004 New Jersey case (which Ward conspicuously did not file with its motion) specifically

provided "all claims" in the 2004 case would be included in the AAA Arbitration pending

3

between the parties (2) stating in a December 6, 2007 letter to the Court (a copy of which is

attached to the Milligan Certification as Exhibit "N") that Wu's claims were already pending in

Delaware and (3) by stating and/or inferring at oral argument on December 7, 2007 that the same

claims Wu sought to assert in this case were pending in Federal Court in Delaware.

Although a review of the entire Certification of Peter Milligan, Esq. annexed hereto is

necessary to understand the procedural history of this matter, the following are the most

significant procedural facts relevant to this motion:

- Wu and Ward dismissed the 2004 New Jersey litigation with prejudice, and in doing so stated the following in the Stipulation of Dismissal:

  "1.    All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu & Associates, No. 14 Y 11001010 04 (the Arbitration); ...

  4.    In executing the Stipulation, neither party is waiving or releasing any claims, defenses or rights it may have with regard to the project or the matters at issue in this action." (See Ex. "G" to Milligan Certification).

- When Ward filed its Motion to Dismiss this action, its counsel's Certification (annexed to Milligan Certification as Exhibit "J") made no mention of the Stipulation of Dismissal, or the fact that the 2004 New Jersey case was dismissed by Wu with the explicit agreement that all claims could be asserted in the AAA Arbitration.

- Wu's prior counsel did not oppose Ward's Motion to Dismiss, but rather filed a Cross-Motion to Bar All Claims of Ward, which he subsequently withdrew.

- Ward's counsel sent a letter to the Court dated December 6, 2007 (See Ex. "N" to Milligan Certification), in which he stated the following:

  The Tolling Agreement is the subject of a lawsuit filed by Brendan Ward Masonry in the Federal District Court for the District of Delaware. Counsel's request is submitted in an attempt to bring the issues already pending in Delaware into this litigation.

4

- Wu's prior counsel was not present for oral argument of Ward's Motion to Dismiss on December 7, 2007.

- At the December 7, 2007 oral argument, Ward's counsel stated and/or implied that the claims that Wu sought to assert in this case were already pending before the Federal Court in Delaware.

- Ward now seeks to dismiss Wu's claims in Delaware, based upon this Court's December 2007 Order dismissing this case. (See Ward's Motion to Dismiss Wu's Counterclaim, attached to the Milligan Certification as Ex. "Q".)

Thus, when this Court ruled upon Ward's Motion to Dismiss on December 7, 2007, it was not aware of the fact that Wu's 2004 case was dismissed based on the parties' Agreement that Wu would be able to assert its claims in AAA Arbitration (or, as is now the case, in Federal Court in Delaware), and it believed that the claims Wu sought to assert in this case were the same as those pending in Federal Court in Delaware. Although Wu's prior counsel could have given the Court a clearer understanding of the procedural background of the dispute, and presumably would have done so if he had not withdrawn his Cross-Motion to Bar All Claims of Ward, or if he had been present at oral argument on December 7, 2007, the fact remains that this Court was given a false and misleading procedural background by Ward. Ward now seeks to profit by its improper conduct by seeking to use this Court's December 7, 2007 Order to bar Wu from presenting its claims in Federal Court in Delaware. Wu respectfully requests that the Court not allow Ward to play this game of procedural "gotcha", particularly when it was able to procure the December 7, 2007 Order by misrepresenting the facts to the Court.

**B.    IN THE ALTERNATIVE, THE DECEMBER 7, 2007 ORDER SHOULD BE VACATED BECAUSE IT WILL BE HIGHLY UNJUST AND INEQUITABLE FOR WARD TO BE ABLE TO PURSUE ITS CLAIMS IN FEDERAL COURT IN DELAWARE BUT FOR WU NOT TO HAVE AN OPPORTUNITY TO PRESENT ITS CLAIMS**

Even if the Court should determine that the December 7, 2007 Order was not procured through misrepresentation or misconduct by Ward, Wu requests that the Order be vacated and its

Complaint in this case reinstated because it would be highly unjust and inequitable for Ward to

be able to pursue its claims in Federal Court in Delaware, and then turn around and use this

Court's Order to prevent Wu from presenting its claims in that court.

Pursuant to R. 4:50-1(f), a court may relieve a party from a final judgment or an order for

"any other reason justifying relief from the operation of the judgment or order." Subsection (f) is

obviously the catch-all section of R. 4:50-1, and is appropriate for relief from an order or

judgment when needed to achieve equity and justice. See, e.g., Court Invest. Co. v. Perillo, 48

N.J. 334, 341 (1966), (a default judgment entered as a result of procedural complexities vacated

where it would be unjust to enforce) and Lawson Mardon Wheaton, Inc. v. Smith, 160 N.J. 383,

404-407 (1999) (court reopened judgment in shareholder dispute to reflect the acquisition price

of stock in determining the fair market value of the stock on a prior date, in order to do justice).

In the present case, it would obviously be highly unfair and inequitable for Ward to

pursue its claims against Wu in Delaware, while preventing Wu from being able to pursue its

claims against Ward in that court. Simply put, Wu's claims would have been dismissed with

prejudice without ever having been adjudicated on the merits in any form. This would clearly be

an unjust result, and cries out for relief by this Court. Accordingly, Wu seeks relief in the

alternative pursuant to R. 4:50-1(f).

6

IV.    **CONCLUSION**

For all of the foregoing reasons, plaintiff, Wu & Associates, Inc., respectfully requests

that the Court vacate the December 7, 2007 Order dismissing its Complaint, and reinstate its

Complaint in this matter.

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Plaintiff

By: _Sean T. O'Meara_
    SEAN T. O'MEARA

Dated: March 13, 2008
3170591v1

7

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
BY: SEAN T. O'MEARA, ESQUIRE

| | |
|---|---|
| WU & ASSOCIATES<br><br>                    Plaintiff,<br><br>v.<br><br>BRENDAN WARD MASONRY, INC.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE<br>COMPANY<br><br>                    Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.: L-005245-07<br><br>             Civil Action<br><br>**ORDER VACATING DECEMBER 7, 2007<br>ORDER PURSUANT TO R. 4:50** |

        THIS MATTE having come before the Court upon motion of Archer & Greiner, P.C.,

attorneys for plaintiff, for an Order vacating December 7 , 2007 Order pursuant to R. 4:50, and

the Court having considered the papers submitted in support of and in opposition to the motion,

and having heard oral argument, and for good cause shown;

        IT IS on this _____ day of April, 2008, ORDERED that the December 7, 2007 Order

of this Court is hereby vacated, and plaintiff's Complaint is reinstated.


                                        _____
                                        Louis R. Meloni, J.S.C.

3160524v1

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
BY: SEAN T. O'MEARA, ESQUIRE

| | |
|---|---|
| WU & ASSOCIATES, INC.<br><br>                          Plaintiff,<br><br>v.<br><br>BRENDAN WARD MASONRY, INC.<br><br>and<br><br>INTERNATIONAL FIDELITY INSURANCE<br>COMPANY<br><br>                          Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.: L-005245-07<br><br>         Civil Action<br><br>**CERTIFICATION OF PETER<br>MILLIGAN, ESQUIRE IN SUPPORT OF<br>PLAINTIFF'S MOTION TO VACATE<br>DECEMBER 7, 2007 ORDER PURSUANT<br>TO R̲. 4:50** |

Peter Milligan, hereby certifies as follows:

1.        I was previously counsel for plaintiff, Wu & Associates, Inc. ("Wu"), in this matter, and have personal knowledge of the facts set forth herein.

2.        The dispute between Wu and defendant, Brendan Ward Masonry, Inc. ("Ward"), pertains to problems arising from the construction of a building for the U.S. Department of Labor ("DOL") in Wilmington, Delaware.  These problems led to the filing of litigation by Wu against the DOL in the Department of Labor Board of Contract Appeals.  Wu is a general contractor based in Cherry Hill, New Jersey and Ward is a masonry subcontractor based in Pennsylvania. The Subcontract between Wu and Ward provided that any disputes will be resolved by arbitration.  (A copy of the cover page of the Subcontract and the section pertaining to Arbitration is attached hereto as Exhibit "A.")

3.     Ward initiated the litigation in this dispute by filing a Complaint in the United States District Court for the District of Delaware in or about March, 2004 against Wu's bonding company, Fidelity and Deposit Company of Maryland, even though the Subcontract between Wu and Ward provided for arbitration of any disputes.  (See Amended Complaint attached hereto as Exhibit "B.")

4.     On May 3, 2004, Wu filed a Complaint in this Court (Docket No. L-00245-04) against Ward and its bonding company, International Fidelity Insurance Company, alleging that Ward had breached its contract with Wu.  (A copy of the Complaint is hereto as Exhibit "C.")

5.     Ward filed a Demand for Arbitration with the American Arbitration Association ("AAA") on May 19, 2004.  (A copy of this Demand is attached hereto as Exhibit "D.")

6.     On June 8, 2004, Wu filed its Answering Statement to Ward's Demand for Arbitration in the form of an Answer and Counterclaim, alleging that Ward breached its contract and that Wu sustained damages.  (A copy of this document is attached hereto as Exhibit "E.")

7.     The parties filed a Stipulation of Dismissal of the Delaware case in June, 2004, providing that all claims and defenses would be resolved by AAA Arbitration, as the Subcontract provided.  (See Stipulation of Dismissal attached hereto as Exhibit "F.")

8.     At approximately the same time, the parties also filed a Stipulation of Dismissal of the 2004 New Jersey action.  The language of the Stipulation in the New Jersey action was identical to the language of the Stipulation in the Delaware action (except for the names of the bonding companies involved).  (A copy of the Stipulation of Dismissal is attached hereto as Exhibit "G.")

9.     Due both to the fact that Ward was dissatisfied with the Arbitrator appointed by AAA, and Wu's contention that the dispute was not ripe for resolution until Wu's litigation with

the DOL was decided, the parties entered into a Tolling Agreement dated December 16, 2004, a copy of which is attached hereto as Exhibit "H." Although the Tolling Agreement speaks for itself, the jist of it was that the parties agreed to dismiss the pending Arbitration and arbitrate their claims after the Wu litigation with the DOL was decided.

10.    After the dismissal of the AAA Arbitration, the 2004 New Jersey case and the Delaware case, this matter lay dormant for approximately three (3) years, until October 9, 2007. On that date, I received a telephone call from John Hilser, who represented that he was the new attorney for Ward. Mr. Hilser informed me that, unless Wu was willing to extend the limitation period included in the Tolling Agreement, he intended to reinstitute litigation by Ward in Federal Court in Delaware.

11.    Since I believed that, if this case was not going to be decided in AAA Arbitration, it belonged in New Jersey, on October 1, 2007, I re-filed in this Court the Complaint I had previously filed in 2004. (A copy of this Complaint is attached hereto as Exhibit "I.")

12.    On November 15, 2007, Ward filed a Motion to Dismiss Wu's Complaint, alleging that, since the 2004 Complaint had been dismissed with prejudice, Wu had no right to file a new Complaint. Significantly, in his Certification submitted in support of the motion (attached hereto as Exhibit "J"), Ward's counsel did not attach the Stipulation of Dismissal that had been filed in connection with 2004 New Jersey case (Ex. "G"), which specifically stated that all claims and defenses would be transferred to the AAA Arbitration, and that neither party was waiving or releasing any claims or defenses. Nowhere in counsel's Certification did he even refer to the fact that the dismissal of the 2004 New Jersey case was premised on the explicit agreement that the claims would be referred to AAA Arbitration.

3

13.     In response, I filed a Cross-Motion to Bar All Claims of Ward on November 20, 2007. A copy of the Certification I filed in support of this motion is attached hereto as Exhibit "K". In paragraphs 41-42 of my Certification, I noted that, since the DOL had rejected Ward's claims as part of its litigation with Wu, and Ward had waited too long to reinstitute arbitration proceedings, both parties should be barred from pursuing civil litigation.

14.     On November 21, 2007, Ward filed another Complaint in Federal Court in Delaware. (A copy of this Complaint is attached hereto as Exhibit "L.")

15.     Once Ward filed its new Complaint in Delaware I knew that I could no longer consent to the dismissal of this action and that I would need to amend my Complaint to seek relief under the Declaratory Judgment Act, N.J.S.A. 2A:16-53 et seq. Accordingly, by letter dated December 5, 2007 to the Court, a copy of which is attached hereto as Exhibit "M", I advised the Court of both of these facts, and withdrew my Cross-Motion. In the letter, I also requested that the Court adjourn Ward's motion.

16.     On December 6, 2007, Ward's counsel sent a letter to the Court (a copy of which is attached hereto as Exhibit "N"), noting that he objected to my request for an adjournment of the motions. Counsel further noted that he requested that the Court not grant an adjournment, because:

> The Tolling Agreement in the subject of a lawsuit filed by Brendan
> Ward Masonry in the Federal District Court for the District of
> Delaware. Counsel's request is submitted in an attempt to bring
> the issues already pending in Delaware into this litigation.

These statements were false - Ward did not seek in the Delaware case to enforce the Tolling Agreement and the arbitration clause in the Subcontract, but rather simply sought to have that court decide all of the issues in the dispute, without any consideration to the arbitration provision. (See Exhibit "L".) Similarly, the issues in the New Jersey case were not "already

pending in Delaware", since Wu did not file its Counterclaim in the Delaware case until January 28, 2008. (See copy of Wu's Counterclaim in the Delaware case, a copy of which is attached hereto as Exhibit "O".) Moreover, even if the Counterclaim had been filed as of December 6, 2007, counsel's letter was misleading, since he implied that Wu's affirmative claims would be decided in the Delaware case. He concealed from this Court the fact that he intended to move to dismiss Wu's Counterclaim in Delaware, if his Motion to Dismiss was successful in this case.

17.     When asked at oral argument on December 7, 2007 whether the Tolling Agreement was the subject of litigation in Delaware, and whether I told counsel that I sought leave to amend my Complaint in this case to advance a claim regarding the Tolling Agreement, Ward's counsel misleadingly side-stepped the Court's question and answered simply "Yes, for the request for the adjournment, that's correct." See Transcript of Hearing, a copy of which is attached hereto as Exhibit "P", p.4:2-5:10.

18.     Since making these misleading statements and inferences to the Court that plaintiff's Complaint in this case should be dismissed because it is essentially duplicative of the issues being litigated in Delaware, Ward has aggressively relied on the dismissal of this action to bar Wu from asserting its claims in Delaware. Specifically, on February 19, 2008, Ward filed a Motion to Dismiss Defendant's Counterclaim in the Delaware case, a copy of which is attached hereto as Exhibit "Q". The basis of Ward's position is that, since Wu's claims were dismissed in New Jersey, Wu cannot now assert its claims in Delaware, based upon principles of *res judicata*. Wu's Counterclaim in the Delaware case (Ex. "O") seeks to enforce the Tolling Agreement and force the parties to Arbitration, and also asserts in the alternative claims for damages against Ward for breach of contract, in case the dispute is not referred to Arbitration.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

PETER N. MILLIGAN

Dated:  March 13, 2008
3160819v1

**Exhibit A**

1 /7 EDITION

## AIA DOCUMENT A401-1997



*Standard Form of Agreement Between Contractor and Subcontractor*

Subcontract 0102-25

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

**AGREEMENT** made as of the  5th (fifth)  day of  April
in the year 2002 (Two Thousand Two).
*(In words, indicate day, month and year)*

This document has been approved and endorsed by the American Subcontractors Association and the Associated Specialty Contractors, Inc.

**BETWEEN** the Contractor:  Wu & Associates, Inc.
*(Name, address and other information)*  597 Deer Road
Cherry Hill, NJ 08034

and the Subcontractor:  Brendan Ward Masonry, Inc.
*(Name, address and other information)*  345 Oak Terrace
Radnor, PA 19087
P.O.C. Brendan Ward
Tel: 610-293-7661  Fax: 610-971-2181

The Contractor has made a contract for construction dated

September 28, 2001

With the Owner:
*(Name, address and other information)*  U.S. Department of Labor
Division of Contract Services
200 Constitution Avenue, N.W.
Room S - 4203
Washington, DC 20210

For the following Project:
*(Include detailed description of Project, location and address)*

Wilmington Job Corps Center
9 Vandever Avenue
Wilmington, DE 19802

which Contract is hereinafter referred to as the Prime Contract and which provides for the furnishing of labor, materials, equipment and services in connection with the construction of the Project. A copy of the Prime Contract, consisting of the Agreement Between Owner and Contractor (from which compensation amounts may be deleted) and the other Contract Documents enumerated therein has been made available to the Subcontractor.



The Architect for the Project is:  Tevebaugh Associates
*(Name, address and other information)*  2 Mill Road, Suite 210
Wilmington, DE  19806

© 1997 AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

The Contractor and the Subcontractor agree as follows

Copyright 1915, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1967, 1972, 1976, 1987, © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.
WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

1

## ARTICLE 5  CHANGES IN THE WORK

**5.1**   The Owner may make changes in the Work by issuing Modifications to the Prime Contract. Upon receipt of such a Modification issued subsequent to the execution of the Subcontract Agreement, the Contractor shall promptly notify the Subcontractor of the Modification. Unless otherwise directed by the Contractor, the Subcontractor shall not thereafter order materials or perform Work which would be inconsistent with the changes made by the Modifications to the Prime Contract.

**5.2**   The Subcontractor may be ordered in writing by the Contractor, without invalidating this Subcontract, to make changes in the Work within the general scope of this Subcontract consisting of additions, deletions or other revisions, including those required by Modifications to the Prime Contract issued subsequent to the execution of this Agreement, the Subcontract Sum and the Subcontract Time being adjusted accordingly. The Subcontractor, prior to the commencement of such changed or revised Work, shall submit promptly to the Contractor written copies of a claim for adjustment to the Subcontract Sum and Subcontract Time for such revised Work in a manner consistent with requirements of the Subcontract Documents.

**5.3**   The Subcontractor shall make all claims promptly to the Contractor for additional cost, extensions of time and damages for delays or other causes in accordance with the Subcontract Documents. A claim which will affect or become part of a claim which the Contractor is required to make under the Prime Contract within a specified time period or in a specified manner shall be made in sufficient time to permit the Contractor to satisfy the requirements of the Prime Contract. Such claims shall be received by the Contractor not less than two working days preceding the time by which the Contractor's claim must be made. Failure of the Subcontractor to make such a timely claim shall bind the Subcontractor to the same consequences as those to which the Contractor is bound.

## ARTICLE 6  MEDIATION AND ARBITRATION

~~6.1  MEDIATION~~

~~6.1.1  Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.~~

~~6.1.2   The parties shall endeavor to resolve their claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to this Subcontract and the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.~~

~~6.1.3   The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.~~

**6.2**   **ARBITRATION**

**6.2.1**   Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to arbitration. ~~Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 6.1.~~



© 1997  AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

6.2.2   Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. Demand for arbitration shall be filed in writing with the other party to this Subcontract and with the American Arbitration Association, and a copy shall be filed with the Architect.

6.2.3   A demand for arbitration shall be made within the time limits specified in the conditions of the Prime Contract as applicable, and in other cases within a reasonable time after the claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim would be barred by the applicable statute of limitations.

6.2.4   Limitation on Consolidation or Joinder. Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Subcontract shall include, by consolidation or joinder or in any other manner, any person or entity not a party to the Subcontract under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect, the Architect's employee, the Architect's consultant, or an employee or agent of any of them. This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

6.2.5   Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded.

6.2.6   Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE 7  TERMINATION, SUSPENSION OR ASSIGNMENT OF THE SUBCONTRACT

### 7.1    TERMINATION BY THE SUBCONTRACTOR

7.1.1   The Subcontractor may terminate the Subcontract for the same reasons and under the same circumstances and procedures with respect to the Contractor as the Contractor may terminate with respect to the Owner under the Prime Contract, or for nonpayment of amounts due under this Subcontract for 60 days or longer. In the event of such termination by the Subcontractor for any reason which is not the fault of the Subcontractor, Sub-subcontractors or their agents or employees or other persons performing portions of the Work under contract with the Subcontractor, the Subcontractor shall be entitled to recover from the Contractor payment for Work executed and for proven loss with respect to materials, equipment, tools, and construction equipment and machinery, including reasonable overhead, profit and damages.

### 7.2    TERMINATION BY THE CONTRACTOR

7.2.1   If the Subcontractor persistently or repeatedly fails or neglects to carry out the Work in accordance with the Subcontract Documents or otherwise to perform in accordance with this Subcontract and fails within seven days after receipt of written notice to commence and continue correction of such default or neglect with diligence and promptness, the Contractor may, after seven days following receipt by the Subcontractor of an additional written notice and without prejudice to any other remedy the Contractor may have, terminate the Subcontract and finish the Subcontractor's Work by whatever method the Contractor may deem expedient. If the



© 1997  A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

# Exhibit B

APR-12-2004  17:05       WJ ASSOCIATES                          856 857 1639    P.11

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

THE UNITED STATES OF AMERICA    :

For the use of    :

BRENDAN WARD MASONRY, INC.    :

           Plaintiff    :    CIVIL ACTION NO.: 04-0117 *KAJ*

      v.    :    JURY TRIAL DEMANDED

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND    :

           Defendant    :

## AMENDED COMPLAINT

    PLAINTIFF, The United States of America For the use of Brendan Ward Masonry, Inc., says by way of Amended Complaint against Fidelity and Deposit Company of Maryland as follows:

## PARTIES

    1.    Plaintiff is The United States of America, for the use of Brendan Ward Masonry, Inc., ("Ward"), a Pennsylvania corporation with a business address located at 345 Oak Terrace, Radnor, PA 19087.

    2.    Defendant is Fidelity and Deposit Company ("Fidelity") a corporation of the State of Maryland which is authorized to conduct business in the State of Delaware with a business address of 200 Berwyn Park, Suite 105, 920 Cassatt Road, Berwyn, PA 19312.

## JURISDICTION

3.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) because the claims set forth herein arise out of a surety bond issued pursuant to 40 U.S.C. § 270a-d ("the Miller Act").

## VENUE

4.    Venue is proper in this District pursuant to 40 U.S.C. § 270b, because the contract upon which this action is based was executed within the territorial limit of this District.

## FACTS

5.    The United States of America, acting by and through the Department of Labor entered into a written contract with the general contractor, Wu & Associates, Inc. (the "Contractor") whereby, the Contractor agreed to furnish all labor, equipment and material and perform all the work required for a federal construction project (number 0102), at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, DE 19802.

6.    Ward believes and therefore avers that Contractor was required, as a condition of being awarded the contract for the aforementioned project, to provide a labor and material payment bond in accordance with 40 U.S.C. §270a.

7.    Upon information and belief, the Contractor, as principal, and Fidelity, as surety, duly executed a Standard Government Form of Payment Bond for the subject project wherein and whereby the Contractor, as principal, and Fidelity, as surety, bound themselves, jointly and severally, to pay the claims of any person or entity providing labor and/or materials on behalf of Contractor at the subject project. A true and correct copy of the Payment Bond is made a part hereof and attached as Exhibit "A".

8.    Ward is a proper claimant under the bond issued by Fidelity because it furnished labor and materials to the project as a subcontractor to Contractor.

9.    To date, there is an unpaid principal balance of $84,546.13 owed to Ward for the work performed as a subcontractor to Contractor at the subject project.

10.    Despite demand, Contractor has failed and refused to pay the balance owed to Ward.

11.    Based on the foregoing, Defendant Fidelity and Deposit Company of Maryland is liable to Ward in the amount of $ 84,546.13 pursuant to the terms of the bond issued on behalf of Contractor for the project.

WHEREFORE, the Plaintiff, United States of America for the use of Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Fidelity and Deposit Company of Maryland in the amount of $84,546.13 plus interest and costs.

DAVIS, BUCCO & ARDIZZI

BY: _____

Robert D. Ardizzi, Esquire
2 North Colonial Avenue
Elsmere, DE 19805
(302) 345-9808

# Exhibit C

2

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

| | |
|---|---|
| WU & ASSOCIATES, INC. | SUPERIOR COURT OF NEW JERSEY |
| | CAMDEN COUNTY |
| | LAW DIVISION |
| Plaintiffs, | |
| v. | DOCKET NO.: L- 5245-07 |
| BRENDAN WARD MASONRY INC. and INTERNATIONAL FIDELITY INSURANCE COMPANY | |
| Defendants | COMPLAINT |

Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

### COUNT I: BREACH OF CONTRACT

1.    In April 2002, corporate representatives of Defendant BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.

2.    Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY INC. agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding a project commonly known as the "Wilmington Job Corps Center," which is owned by the US Department of Labor.

3.    Defendant BRENDAN WARD MASONRY INC. failed to timely perform the required tasks of the written Agreement.

4.    Defendant BRENDAN WARD MASONRY INC. has breached its contract with Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

3

5.   Such action has caused Plaintiff WU & ASSOCIATES, INC.
     damage and injury.

     WHEREFORE, judgement is demanded against defendant(s) for
compensatory damages, punitive damages, interest, costs of suit,
and attorney's fees.

### COUNT II: PERFORMANCE BOND

1.   Plaintiff WU & ASSOCIATES, INC. repeats each averment of
     Count I as if restated herein.

2.   In September 2002, Defendant INTERNATIONAL FIDELITY
     INSURANCE COMPANY executed two (2) agreements commonly known
     as a Subcontractor Performance Bond and a Subcontractor
     Payment Bond.

3.   Under the aforementioned agreements, Defendant INTERNATIONAL
     FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &
     ASSOCIATES, INC. for all loss, damage, and expenses
     (including interest, costs, and legal fees) incurred by
     reason of the failure of Defendant BRENDAN WARD MASONRY INC.
     to complete its obligations under the Standard Form of
     Agreement between Contractor and Subcontractor.

4.   Duly served written notice has been provided to Defendant
     INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant
     BRENDAN WARD MASONRY INC. has failed to complete its
     obligations.

5.   Despite such notice, Defendant INTERNATIONAL FIDELITY
     INSURANCE COMPANY refuses to insure such loss incurred by
     Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### TRIAL DESIGNATION

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1.

### DEMAND FOR JURY TRIAL

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
    Peter Neely Milligan, Esq.

Dated: October 10, 2007

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

MAY-19-2004  08:54    WU ASSOCIATES                           856 857 1639    P.03/07

## American Arbitration Association
# CONSTRUCTION INDUSTRY ARBITRATION RULES
## DEMAND FOR ARBITRATION

| MEDIATION  *If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.* | ☐ |
|---|---|

| TO: Name of Respondent<br>Wu & Associates | Name of Representative (if known) | | |
|---|---|---|---|
| Address: 597 Deer Road | Address: | | |
| City: Cherry Hill | State: NJ   Zip Code 08034 | City: | State | Zip Code |
| Phone No.<br>(856) 857-1639 | Fax No.<br>(856) 857-1729 | Phone No. | Fax No. |

THE NAMED CLAIMANT, A PARTY TO A WRITTEN AGREEMENT DATED _____04/05/02_____ PROVIDING FOR ARBITRATION UNDER THE CONSTRUCTION INDUSTRY ARBITRATION RULES, HEREBY DEMANDS ARBITRATION THEREUNDER. (ATTACH THE ARBITRATION CLAUSE.)

NATURE OF DISPUTE (Please give enough details to enable the AAA to select arbitrators with appropriate experience.): SEE ATTACHED

| DOLLAR AMOUNT OF CLAIM:<br>$ 500,000.00 (est.) | OTHER RELIEF SOUGHT:  SEE ATTACHED |
|---|---|

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Familiarity with AIA contracts, public contracting and liquidated damage claims.

CLAIMANT IS:
☐ Owner  ☐ Design Professional (specify _____)  ☐ Contractor
X Subcontractor (specify Masonry Work _____)  ☐ Other (specify _____)

RESPONDENT IS:
☐ Owner  ☐ Design Professional (specify _____)  X Contractor
☐ Subcontractor (specify _____)  ☐ Other (specify _____)

ESTIMATED TIME NEEDED FOR HEARINGS OVERALL: _____ hours   2 1/2 days

Copies of this demand are being filed with the American Arbitration at its Rhode Island office. Claimant requests that the AAA commence the administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the AAA.

CLAIMANT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE: Philadelphia, PA

| Signature (may be signed by a representative)<br>*[signature]* | Title<br>Esquire | Date |
|---|---|---|
| Name of Claimant<br>Brendan Ward Masonry, Inc. | Name of Representative:<br>Paul A. Bucco, Esquire | |
| Address: 345 Oak Terrace | Address: 10 E. 6th Avenue, Suite 100 | |
| City: Radnor | State PA   Zip Code 19087 | Conshohocken | State PA | Zip Code 19428 |
| Phone No. 610-293-7661 | Fax No. 610-971-2181 | Phone No. 610-238-0880 | Fax No. 610-238-0244 |

TO INSTITUTE PROCEEDINGS, PLEASE SEND THREE COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

800  778  7879

# Brendan Ward Masonry, Inc. v. Wu & Associates, Inc.

## ADDENDUM TO ARBITRATION DEMAND

### NATURE OF DISPUTE

Claimant, Brendan Ward Masonry, Inc. ("BWM") is currently owed $87,546.13 for work that it performed for Respondent at the Wilmington Job Corps in Wilmington, Delaware (the "Project"). In addition to the contract damages, BWM also contends that it was delayed in the progress of its work, that Respondent is responsible for the delays, and that it is entitled to compensation for the delay. BWM also contends that it was wrongfully terminated by Respondent. BWM has and will sustain damages as a result of the wrongful termination because it is now required to notify other public owners that it was terminated on a public project.

### OTHER RELIEF SOUGHT

BWM's categories of damages are as follows:

1.    Contract balance owed
2.    Delay damages
3.    Wrongful termination
4.    Lost profits due to delay

BWM also seeks interest, penalties and attorney's fees to the extent recovery is permitted by law.

# Exhibit D

# AMERICAN ARBITRATION ASSOCIATION
## CONSTRUCTION INDUSTRY ARBITRATION RULES
### ANSWERING STATEMENT

| *MEDIATION*   *If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.* | ☐ |
|---|---|

| TO: Name of Claimant<br>Brendan Ward Masonry INC. | Name of Representative (if Known)<br>Paul A. Bucco |
|---|---|
| Address<br>345 Oak Terrace | Address<br>10 E 6th Ave., Suite 100 |

| City<br>Radnor | State<br>PA | Zip Code<br>19087 | City<br>Conshohoken | State<br>PA | Zip Code<br>19428 |
|---|---|---|---|---|---|

| Phone No.<br>610 293 7661 | Fax No.<br>610 971 2181 | Phone No<br>610 238 0880 | Fax No.<br>610 238 0244 |
|---|---|---|---|

**RESPONDENT ANSWERS CLAIMANT DEMAND FOR ARBITRATION AS FOLLOWS**

Please describe the dispute and any counterclaim in sufficient detail so the AAA may select an arbitrator with appropriate qualifications and experience.
AAA Case # (if known)

Factual averments by claimant are denied.  This matter is not ripe
for arbitration as described in attached addendum.

| DOLLAR AMOUNT OF CLAIM<br>$ 75,000.00 | OTHER RELIEF SOUGHT<br>NA |
|---|---|

**PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR (S) TO BE APPOINTED TO HEAR THE DISPUTE**

TBD

ESTIMATED TIME NEEDED FOR HEARINGS OVERALL _____ hours _____12_____ days

RESPONDENT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE

Camden County, NJ

| Signature (may be signed by a representative) | Title<br>Attorney | Date<br>6-7-04 |
|---|---|---|

| Name of Respondent<br>WU & Associates, Inc. | Name of Representative<br>Peter N. Milligan, Esq. |
|---|---|
| Address<br>597 Deer Rd. | Address<br>1960 Route 70 East |

| City<br>Cherry Hill | State<br>NJ | Zip Code<br>08034 | City<br>Cherry Hill | State<br>NJ | Zip Code<br>08003 |
|---|---|---|---|---|---|

| Phone No.<br>856 857 1639 | Fax No.<br>857 1729 | Phone No.<br>856 983 0003 | Fax No.<br>856 983 0030 |
|---|---|---|---|

| Email | Email<br>PNMLAW@aol.com |
|---|---|

**PLEASE SEND TWO COPIES OF THIS ANSWERING STATEMENT, WITH THE FILING FEE FOR ANY COUNTERCLAIM, AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL ANSWERING STATEMENT TO THE CLAIMANT.**

Form C14-11/99

# Exhibit E

1

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Wu & Associates, Inc.

## Answer and Counterclaim

This matter is not ripe for arbitration. The claim of WU & ASSOCIATES, INC. currently exceeds $10,000.00 but does not exceed $75,000.00. However, the project in question has not been completed, such that damages continue to accrue. It is very likely that damages will exceed $75,000.00 such that WU & ASSOCIATES, INC. must reserve the right to amend its claim as the project proceeds. However, the total damages cannot be determined before the passing of two (2) calendar years.

WU & ASSOCIATES, INC. has submitted change order requests made by BRENDAN WARD MASONRY INC. to the project owner, that is, the Department of Labor. The Department of Labor has rejected the change order requests, such that WU & ASSOCIATES, INC. has filed a claim and it litigating same to the benefit of BRENDAN WARD MASONRY INC. WU & ASSOCIATES, INC. has no obligation to pay denied change order requests.

Under the explicit terms of the controlling document, a suit on payment applications for change order requests is improper when made by BRENDAN WARD MASONRY INC. prior to the award of such funds from the owner.

Because the project is not complete, and because the claim by WU & ASSOCIATES, INC. is approximately two (2) years from adjudication, this matter is not ripe to continue, as it is impossible to consider the entire claim.

While it is impossible for WU & ASSOCIATES, INC. to determine all elements of its claim against BRENDAN WARD MASONRY INC., please accept the following overview.

In April 2002, corporate representatives of BRENDAN WARD MASONRY INC. visited the office of WU & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.

Pursuant to the Agreement, BRENDAN WARD MASONRY INC. agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding a project commonly known as the "Wilmington Job Corps Center," which is owned by the US Department of Labor.

BRENDAN WARD MASONRY INC. failed to timely perform the required tasks of the written Agreement. BRENDAN WARD MASONRY

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

2

INC. has breached its contract with WU & ASSOCIATES, INC.
BRENDAN WARD MASONRY INC. performed work in a defective fashion.
BRENDAN WARD MASONRY INC. abandoned the project.  BRENDAN WARD
MASONRY INC. failed to reasonably cooperate with submission of
its claim to the Owner.  As such, WU & ASSOCIATES, INC. has
incurred damages.

                              Peter Neely Milligan, Esq.
                              Attorney for WU & ASSOCIATES, INC.

                              By: _____
                                    Peter Neely Milligan, Esq.

Dated: June 8, 2004

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit F

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | |
| For the use of | : | |
| BRENDAN WARD MASONRY, INC. | : | CIVIL ACTION NO.: 04-117 (KAJ) |
| Plaintiff | : | |
| v. | : | |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : | STIPULATION OF DISMISSAL |
| Defendant | : | |

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree as follows:

1.      All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

2.      Defendant, Fidelity and Deposit Company of Maryland, will be joined as a Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration decision is confirmed;

3.      This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims, defenses or rights it may have with regard to the project or the matters at issue in this action.


DAVIS, BUCCO & ARDIZZI                    ARCHER & GRIENER


By:_____        By:_____
     Robert D. Ardizzi, Esquire              Peter L. Frattarelli, Esquire
     Attorney for Plaintiff                  Attorney for Defendant


     **STIPULATION approved by the Court this _____ day of _____, 2004.**



                         _____
                         Honorable Kent A. Jordan

# Exhibit G

*end*
*6|25*

DAVIS, BUCCO & ARDIZZI
By: Paul A. Bucco, Esquire/ Robert D. Ardizzi, Esquire
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428                    Attorneys for Defendants
(610) 238-0880

---

WU & ASSOCIATES, INC.            : SUPERIOR COURT OF NEW JERSEY
                                 : CAMDEN COUNTY
            Plaintiff,           : LAW DIVISION
                                 :
            v.                   :
                                 :
BRENDAN WARD MASONRY,            :  No. CAM-L-02425-04
INC. and INTERNATIONAL           :
FIDELITY INSURANCE               :
COMPANY                          :
                                 : STIPULATION OF DISMISSAL
            Defendants.          :

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree as follows:

      1.      All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

      2.      Defendant, International Fidelity Insurance Company, will be joined as a Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration decision is confirmed;

      3.      This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims,

defenses or rights it may have with regard to the project or the matters at issue in this action.


Peter Neely Milligan, Esquire                    Robert D. Ardizzi, Esquire
1960 Route 70 East                               10 East 6th Avenue, Suite 100
Cherry Hill, NJ 08003                            Conshohocken, PA 91428
(856) 983-0003                                   (610) 238-0880
Attorney for Plaintiff                           Attorney for Defendants

# Exhibit H

1

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Wu & Associates, Inc.

**TOLLING AGREEMENT**

This tolling agreement is made and entered into between WU & ASSOCIATES, INC. and BRENDAN WARD MASONRY INC. by their respective undersigned counsel;

WHEREAS, Wu & Associates, Inc. has or will shortly submit all claims made and their supporting documentation of Brendan Ward Masonry, Inc. in the current pending case under Case No. 2003-BCA-1;

WHEREAS, Brendan Ward Masonry, Inc. has expressed dissatisfaction with the arbitrator appointed by AAA;

WHEREAS, Wu & Associates, Inc. has expressed its position that it does not believe that this matter is ripe for arbitration, that is, until the pending Department of Labor litigation is closed; and

WHEREAS, both parties agree that duplicative expenses in the Department of Labor litigation and an arbitration are unnecessary;

NOW THEREFORE, in consideration of the mutual agreements hereinafter set forth, each party intending to be legally bound hereby, the parties covenant and agree as follows:

1.    As used herein, the following terms shall have the following meanings:

a.    "CLAIMS" shall mean any and all claims and causes of

2

action, known or unknown, which the parties have
against each other in any capacity regarding the
construction project with the Department of Labor in
Wilmington, DE.

b.   "EXPIRATION PERIOD" shall mean thirty (30) days after
written notice to the undersigned from Sean T. O'Meara,
Esq. of the final resolution, without possibility of
appeal, of the matter pending under Case No. 2003-BCA-
1, or 366 days (whichever comes first).

c.   "TOLLING PERIOD" shall mean the period from and
including the date this agreement is executed to and
including the expiration date.

d.   The tolling agreement embodied herein shall be for the
mutual benefit of the parties.

2.   The parties agree to dismiss and withdraw the pending AAA
arbitration pending under 14Y1100101004;

3.   The parties stipulate, covenant, and agree to the suspension
during the tolling period of the running of all statutes of
limitation, laches periods, or similar defenses based upon a
lapse of a period of time that may otherwise be asserted by
it as a full or partial defenses against any claims;

4.   The parties hereby agree to arbitrate any claims that exist
after the expiration period, and agree to initiate such
claims by the conclusion of the Expiration Period.

5.   Prior to the Expiration Period, the parties shall negotiate
in good faith to select a mutually acceptable arbitrator.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

3

If unable, the parties will appoint their own arbitrators, and be responsible for their own arbitrator's costs. The two (2) appointed arbitrators will then select a neutral arbitrator. The expenses of the neutral arbitrator will be equally shared by the parties.

6. Except to the extent set forth above with the respect to the time related defenses, this tolling agreement shall not affect any other defenses or claims that the parties may have.

7. This tolling agreement constitutes the full and complete agreement between the parties. This tolling agreement may not be modified except in writing.

8. This tolling agreement may be executed in any number of originals or telecopied counterparts.

9. The parties agree that this tolling agreement nor any acts or statements related to it shall constitute any admission of liability, and that this tolling agreement may not be introduced or received into evidence.

Peter Neely Milligan, Esq.
Attorney for WU & ASSOCIATES, INC.

By: _____
        Peter Neely Milligan, Esq.

Dated: December 16, 2004

Paul A. Bucco, Esq.,
Attorney for BRENDAN WARD MASONRY INC.

By: _____
        Paul A. Bucco, Esq.

Dated:

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

# Exhibit I

2

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

WU & ASSOCIATES, INC.                SUPERIOR COURT OF NEW JERSEY
                                     CAMDEN COUNTY
                                     LAW DIVISION

            Plaintiffs,

v.                                   DOCKET NO.: L- 5945-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

            Defendants              COMPLAINT

        Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

                    COUNT I: BREACH OF CONTRACT

1.      In April 2002, corporate representatives of Defendant

        BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU

        & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a

        Standard Form of Agreement between Contractor and

        Subcontractor.

2.      Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY

        INC. agreed to perform certain tasks associated with masonry

        work, as listed in a detailed "Scope of Work" regarding a

        project commonly known as the "Wilmington Job Corps Center,"

        which is owned by the US Department of Labor.

3.      Defendant BRENDAN WARD MASONRY INC. failed to timely perform

        the required tasks of the written Agreement.

4.      Defendant BRENDAN WARD MASONRY INC. has breached its

        contract with Plaintiff WU & ASSOCIATES, INC.

                    PETER N. MILLIGAN, ESQ.
                    ATTORNEY AT LAW

3

5.    Such action has caused Plaintiff WU & ASSOCIATES, INC.
      damage and injury.

      WHEREFORE, judgement is demanded against defendant(s) for
compensatory damages, punitive damages, interest, costs of suit,
and attorney's fees.

### COUNT II: PERFORMANCE BOND

1.    Plaintiff WU & ASSOCIATES, INC. repeats each averment of
      Count I as if restated herein.

2.    In September 2002, Defendant INTERNATIONAL FIDELITY
      INSURANCE COMPANY executed two (2) agreements commonly known
      as a Subcontractor Performance Bond and a Subcontractor
      Payment Bond.

3.    Under the aforementioned agreements, Defendant INTERNATIONAL
      FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &
      ASSOCIATES, INC. for all loss, damage, and expenses
      (including interest, costs, and legal fees) incurred by
      reason of the failure of Defendant BRENDAN WARD MASONRY INC.
      to complete its obligations under the Standard Form of
      Agreement between Contractor and Subcontractor.

4.    Duly served written notice has been provided to Defendant
      INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant
      BRENDAN WARD MASONRY INC. has failed to complete its
      obligations.

5.    Despite such notice, Defendant INTERNATIONAL FIDELITY
      INSURANCE COMPANY refuses to insure such loss incurred by
      Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## TRIAL DESIGNATION

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1.

## DEMAND FOR JURY TRIAL

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
        Peter Neely Milligan, Esq.

Dated: October 10, 2007

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit J

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
         George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                                                    *Attorneys for Defendants*

---

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No. L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |

---

<u>**CERTIFICATION OF COUNSEL IN SUPPORT OF**</u>
<u>**DEFENDANT'S MOTION TO DISMISS**</u>
<u>**PLAINTIFF'S COMPLAINT PURSUANT TO N.J.R. 4:6 and 4:37**</u>

I, John E. Hilser, of full age, being duly sworn according to law, do hereby depose and say as follows:

1.     I am a Partner in the Law Firm of DeVlieger Hilser, P.C., attorneys for Defendants Brendan Ward Masonry, Inc. and International Fidelity Insurance Company and am authorized to make this certification on its behalf.

2.     Defendant, Brendan Ward Masonry, Inc. (hereinafter "Ward"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 345 Oak Terrace, Radnor, PA 19087.

3.      Defendant, International Fidelity Insurance Company (hereinafter "IFIC"), is a corporation organized under the laws of the State of New Jersey with its principal place of business at One Newark Center, 20th Floor, Newark, New Jersey 07102.

4.      Defendant, IFIC, is a surety company which provides various bonds to construction contractors and subcontractors.

5.      Plaintiff, Wu & Associates, Inc. (hereinafter "Wu") is a corporation organized under the laws of the State of New Jersey with its principal place of business at 597 Deer Road, Cherry Hill, New Jersey 08034.

6.      On or about August 2001, Plaintiff, Wu, entered into a written contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a construction project at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802.

7.      On or about April 2002, Plaintiff, Wu, entered into a Subcontractor Agreement with Defendant, Ward, to furnish labor, equipment, materials and perform masonry work for the aforementioned project.

8.      On or about September 19, 2002, Defendant, IFIC, as surety, issued a performance bond and a payment bond (hereinafter "Bonds") to Plaintiff, Wu, as obligee, and Defendant, Ward, as principal, pertaining to Subcontractor Agreement.

9.      On or about May 3, 2004, Plaintiff, Wu, filed a complaint against the current Defendants, Ward and IFIC, with this same Court, seeking alleged damages arising under both the Subcontractors Agreement (Count I) and the Bonds (Count II). A true and correct copy of the 2004 Complaint, Docket No.: CAM L 002425 04, is attached hereto and incorporated herein as

2

Exhibit "A."

10.    On July 6, 2004, pursuant to a stipulation between counsel, this Honorable Court dismissed Plaintiff, Wu's, 2004 Complaint with prejudice. See Camden Superior Court Archive Report for Docket No.: CAM L 002425 04, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "B."

11.    On or about October 12, 2007, Plaintiff, Wu, filed another Complaint with this Court (the current action) against the same Defendants, Ward and IFIC, again seeking alleged damages arising under both the Subcontractors Agreement and the Bonds. A true and correct copy of the 2007 Complaint, Docket No.: L 005245 07, is attached hereto and incorporated herein as Exhibit "C."

12.    Plaintiff, Wu's, 2004 Complaint filed against the Defendants and Plaintiff, Wu's, current 2007 Complaint filed against the Defendants are identical. See and compare Exhibits A and C.

13.    New Jersey Rules of Court 4:37-2 sets forth in (d) Dismissal With Prejudice that "any dismissal not specifically provide for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits."

14.    N.J. R. 4:6-2(e) empowers the court, upon motion, to dismiss a complaint for "failure to state a claim upon which relief can be granted."

15.    Plaintiff, Wu's, current claims have already been adjudicated on the merits pursuant to N.J.R. 4:37-2; thus, are res judicata and its Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to N.J. R. 4:6-2(e).

16.    N.J.R. 4:6-4(b) permits the court to dismiss any pleading which is "(1) abusive

of the court or (2) . . . redundant."

17.     Because Plaintiff, Wu, previously filed and adjudicated an identical Complaint in

2004 to the one currently before this Court, Plaintiff's current Complaint is redundant, an abuse of

this Court and; therefore, is further subject to dismissal pursuant to N.J.R. 4:6-4(b).

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AS RES JUDICATA PURSUANT TO N.J.R. 4:6-2(e) and 4:37

18.     Defendants, Ward and IFIC, hereby incorporate paragraphs 1 through 16 as

though same were fully set forth at length herein.

19.     Pursuant to N.J.R. 4:37-2(d), a dismissal with prejudice "not specifically provided

for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the

merits."

20.     N.J. R. 4:6-2(e) empowers the court, upon motion, to dismiss a complaint

for "failure to state a claim upon which relief can be granted."

21.     A motion to dismiss under N.J.R. 4:6-2(e) is appropriate for claims that have

previously been dismissed by a court of proper authority. Perth Amboy Iron Works, Inc. v.

American Home Assurance Company, et al., 226 N.J. Super. 200 at 226, 543 A.2d 1020 at 1024

(1988), aff'd 118 N.J. 249, 571 A.2d 294 (1990); University Property Management v. Spitz, 2007

WL 2693901 (N.J. Super. App. Div.).

22.     Here, Plaintiff, Wu's, current Complaint against the Defendants, Ward and IFIC, is

identical to its 2004 Complaint which was dismissed with prejudice by this very Court and;

therefore, as a matter of law, was adjudicated on its merits in 2004.

23.     Because Plaintiff, Wu, has already had their claims against Defendants, Ward and

4

IFIC, adjudicated on the merits, its claims are res judicata and; therefore, their current Complaint fails to set forth a claim upon which relief can be granted and should be dismissed pursuant to N.J.R. 4:6-2(e).

## MOTION TO DISMISS PLAINTIFF'S
## COMPLAINT PURSUANT to N.J.R. 4:6-4(b)

24.    Defendants, Ward and IFIC, hereby incorporate paragraphs 1 through 22 as though same were fully set forth at length herein.

25.    N.J.R. 4:6-4(b) permits the court to dismiss any pleading which is "(1) abusive of the court or (2) . . . redundant."

26.    Complaints which have been previously adjudicated are abusive of the court and may be properly dismissed under N.J.R. 4:6-4(b). Fraser v. Bovino, 317 N.J. Super 23 at 31, 723 A.2d 20 at 24 (1998) (affirming its decision in Fraser I, cert. denied 152 N.J. 11, 702 A.2d 350 (1997)).

27.    Plaintiff, Wu's, current Complaint is redundant and abusive to the Court as it is identical to Plaintiff's 2004 Complaint that this Court previously dismissed with prejudice.

28.    Therefore, Plaintiff, Wu's Complaint should also be dismissed pursuant to N.J.R. 4:6-4(b).

WHEREFORE, Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, respectfully request that the Court enter an Order in the form proposed and dismiss Plaintiff, Wu and Associates, Complaint, pursuant to New Jersey Rules of Court 4:6 and 4:37.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**DEVLIEGER HILSER, P.C.**

By: _____
John E. Hilser, Esquire
George B. Keahey, Esquire

Dated: November 15, 2007

F:\Brendan Ward.110\Willimington Job.001\plds\Motion to dismissNJ.wpd

6

# EXHIBIT "A"

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

FILED
MAY 3 2004
CAMDEN COUNTY SUPERIOR COURT

WU & ASSOCIATES, INC.

                    Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

                    Defendants

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L-

# L002425 04

COMPLAINT

Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

### COUNT I: BREACH OF CONTRACT

1. In April 2002, corporate representatives of Defendant BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.

2. Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY INC. agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding a project commonly known as the "Wilmington Job Corps Center," which is owned by the US Department of Labor.

3. Defendant BRENDAN WARD MASONRY INC. failed to timely perform the required tasks of the written Agreement.

4. Defendant BRENDAN WARD MASONRY INC. has breached its contract with Plaintiff WU & ASSOCIATES, INC.

3

5.    Such action has caused Plaintiff WU & ASSOCIATES, INC. damage and injury.

   WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## COUNT II: PERFORMANCE BOND

1.    Plaintiff WU & ASSOCIATES, INC. repeats each averment of Count I as if restated herein.

2.    In September 2002, Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY executed two (2) agreements commonly known as a Subcontractor Performance Bond and a Subcontractor Payment Bond.

3.    Under the aforementioned agreements, Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU & ASSOCIATES, INC. for all loss, damage, and expenses (including interest, costs, and legal fees) incurred by reason of the failure of Defendant BRENDAN WARD MASONRY INC. to complete its obligations under the Standard Form of Agreement between Contractor and Subcontractor.

4.    Duly served written notice has been provided to Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant BRENDAN WARD MASONRY INC. has failed to complete its obligations.

5.    Despite such notice, Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY refuses to insure such loss incurred by Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## TRIAL DESIGNATION

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1, other than an action by BRENDAN WARD against FIDELITY & DEPOSIT COMPANY OF MARYLAND in Delaware District Court under Docket No. 04-117 KAJ.

## DEMAND FOR JURY TRIAL

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
Peter Neely Milligan, Esq.

Dated: April 28, 2004

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

# EXHIBIT "B"

```
PROGRAM-ID: ARC0502          AUTOMATED CASE MANAGEMENT SYSTEM          PAGE:    1
RUN-DATE: 09/11/07           ARCHIVE REPORT REQUESTED BY - JUEBELO
RUN-TIME: 10:01

DOCKET: CAM L -002425-04     WU & ASSOC INC VS BRENDAN WARD MASONRY INC
FILED:05/03/04    ENTERED:05/04/04    DISPOSED:07/06/04    ARCHIVED:01/13/06
CASE TYPE:COMPLEX COMMERCIAL LITIGATION

DISPOSITION:CDR:MEDIATION                    -NO JURY  -CASE INIT:
MANAGING JUDGE:FREEMAN RONALD J WITH PREJUDICE                    $.00
     TRACK:TRACK IV

PARTY # 002 NAME: BRENDAN WARD MASONRY INC        TYPE: DEFENDANT
  PARTY STATUS: DISM W/PRE       STATUS DATE: 07/06/04
PARTY # 003 NAME: INTERNATIONAL FIDELI TY INS CO TYPE: DEFENDANT
  PARTY STATUS: DISM W/PRE       STATUS DATE: 07/06/04
PARTY # 001 NAME: WU & ASSOC INC                  TYPE: PLAINTIFF
  PARTY STATUS: DISM W/PRE       STATUS DATE: 07/06/04
ATTORNEY ID: 0070321995 MILLIGAN PETER N          PHONE:856-983-0003

DOCUMENT:001 COMPLAINT
  FILED: 05/03/04     FILER PARTY #:001  NAME: WU & ASSOC INC
                     TARGET PARTY #:002  NAME: BRENDAN WARD MASONRY   INC
DOCUMENT:002 STIPULATION OF DISMISSAL
  FILED: 07/06/04     FILER PARTY #:002  NAME: BRENDAN WARD MASONRY   INC
                     TARGET PARTY #:001  NAME: WU & ASSOC INC
     DOCUMENT COMMENTS: W/ PREJ  SUBMITTING TO OUTSIDE ARB
```

# EXHIBIT "C"

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

WU & ASSOCIATES, INC.

              Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

              Defendants.

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L- 5245-07

CIVIL ACTION
SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in at the Camden County Deputy Clerk of the Superior Court, Civil Processing Office, Hall of Justice, 1st Floor, 101 S. 5th St., Camden, NJ 08103, within 35 days from the date you received this summons, not counting the date you received it.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights;  you must file and serve a written answer or motion (with fee of $110.00 for Law Division and $105.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you cannot afford an attorney, you may call the Legal Services at (856) 261-1088.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling the Lawyer Referral Services at (856) 261-4862.

DATED: October 10, 2007

                                               
Clerk of the Superior Court

2

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

WU & ASSOCIATES, INC.                SUPERIOR COURT OF NEW JERSEY
                                     CAMDEN COUNTY
                                     LAW DIVISION

            Plaintiffs,

v.                                   DOCKET NO.: L- 5845-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

            Defendants              COMPLAINT

        Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

                COUNT I: BREACH OF CONTRACT

1.   In April 2002, corporate representatives of Defendant
     BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU
     & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a
     Standard Form of Agreement between Contractor and
     Subcontractor.

2.   Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY
     INC. agreed to perform certain tasks associated with masonry
     work, as listed in a detailed "Scope of Work" regarding a
     project commonly known as the "Wilmington Job Corps Center,"
     which is owned by the US Department of Labor.

3.   Defendant BRENDAN WARD MASONRY INC. failed to timely perform
     the required tasks of the written Agreement.

4.   Defendant BRENDAN WARD MASONRY INC. has breached its
     contract with Plaintiff WU & ASSOCIATES, INC.

                PETER N. MILLIGAN, ESQ.

3

5.    Such action has caused Plaintiff WU & ASSOCIATES, INC.

      damage and injury.

      WHEREFORE, judgement is demanded against defendant(s) for

compensatory damages, punitive damages, interest, costs of suit,

and attorney's fees.

### COUNT II: PERFORMANCE BOND

1.    Plaintiff WU & ASSOCIATES, INC. repeats each averment of

      Count I as if restated herein.

2.    In September 2002, Defendant INTERNATIONAL FIDELITY

      INSURANCE COMPANY executed two (2) agreements commonly known

      as a Subcontractor Performance Bond and a Subcontractor

      Payment Bond.

3.    Under the aforementioned agreements, Defendant INTERNATIONAL

      FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &

      ASSOCIATES, INC. for all loss, damage, and expenses

      (including interest, costs, and legal fees) incurred by

      reason of the failure of Defendant BRENDAN WARD MASONRY INC.

      to complete its obligations under the Standard Form of

      Agreement between Contractor and Subcontractor.

4.    Duly served written notice has been provided to Defendant

      INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant

      BRENDAN WARD MASONRY INC. has failed to complete its

      obligations.

5.    Despite such notice, Defendant INTERNATIONAL FIDELITY

      INSURANCE COMPANY refuses to insure such loss incurred by

      Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### TRIAL DESIGNATION

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1.

### DEMAND FOR JURY TRIAL

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU & ASSOCIATES, INC.

By: _____
Peter Neely Milligan, Esq.

Dated: October 10, 2007

# Exhibit K

3

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

WU & ASSOCIATES, INC.                  SUPERIOR COURT OF NEW JERSEY
                                       CAMDEN COUNTY
                                       LAW DIVISION
              Plaintiffs,

v.                                     DOCKET NO.: L-5245-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

              Defendants

                                       **CERTIFICATION IN SUPPORT OF**
                                       **CROSS MOTION TO BAR ALL CLAIMS**
                                       **OF DEFENDANT BRENDAN WARD**
                                       **MASONRY INC.**

     Peter N. Milligan, Esq., of full age, says:

1.   I am the attorney for Plaintiff WU & ASSOCIATES, INC. in

     this matter, and as such I am fully aware of the underlying

     facts of this matter.

2.   Defendant BRENDAN WARD MASONRY INC. has filed a motion

     seeking to dismiss the complaint of Plaintiff Wu &

     Associates, Inc. As long as the relief sought herein is

     granted, Plaintiff Wu & Associates, Inc. consents to the

     relief sought.

3.   On December 16, 2004, Plaintiff Wu & Associates, Inc. and

     Defendant BRENDAN WARD MASONRY INC. entered into a "tolling

     agreement." See Tolling Agreement attached hereto as

     Exhibit A.

4.   That agreement is clearly dated December 16, 2004.

                    PETER N. MILLIGAN, ESQ.
                    ─────ATTORNEY AT LAW─────

4

5.    The tolling agreement, as described in the background below, was agreed to by the parties to allow a lawsuit between Wu & Associates, Inc. and the United States Department of Labor, directly related to the construction project in question, to proceed.  See Complaint against Department of Labor attached hereto as Exhibit A1.

6.    In the tolling agreement, the parties agreed to "arbitrate" any disputes that might exist between the parties.

7.    In part, it was envisioned that the claim of Defendant BRENDAN WARD MASONRY INC. would be resolved in full by the lawsuit between Wu & Associates, Inc. and the United States Department of Labor.

8.    However, because of concerns that the lawsuit between Wu & Associates, Inc. and the United States Department of Labor would not conclude for an extended period of time, Defendant BRENDAN WARD MASONRY INC. sought to cap the time in which a prosecution of its claim could be delayed.

9.    The tolling agreement required the parties to "...initiate such claims by the conclusion of the Expiration Period."

10.   The "Expiration Period" was defined as "366 days" from the date of the Tolling Agreement, or **December 17, 2005**.

11.   Defendant BRENDAN WARD MASONRY INC. failed to initiate its claims by the conclusion of the Expiration Period.  Thus, any claims by Defendant BRENDAN WARD MASONRY INC. should be barred as untimely.

12.   On October 9, 2007, newly retained counsel for Defendant

5

BRENDAN WARD MASONRY INC. asserted in writing (to the undersigned, with the address of Brendan Ward's prior counsel) its intent to misinterpret the language of the tolling agreement, and imminently file a civil lawsuit.  See 10/9 Letter attached hereto as Exhibit B.

13.  On November 20, 2007, counsel for Defendant BRENDAN WARD MASONRY INC. verbally reiterated his intent to file a civil lawsuit "in Delaware."

14.  Since Defendant BRENDAN WARD MASONRY INC. has announced its intent to skew the language and intent of the tolling agreement, some background is necessary as to advise the court of actual history of the tolling agreement and dispute(s) between the parties.

15.  On or about April 5, 2002, Plaintiff Wu & Associates, Inc. and Defendant BRENDAN WARD MASONRY INC. entered into a written agreement regarding a construction project located at the Wilmington Job Corp Center in Wilmington, DE.  See Contract (with relevant portions only) attached hereto as Exhibit C.

16.  The contract expressly provides that all disputes are to be addressed by way of arbitration.  See Contract (with relevant portions only) attached hereto as Exhibit C at Article 6.

17.  Plaintiff Wu & Associates, Inc. is located in Cherry Hill, NJ.

18.  Defendant BRENDAN WARD MASONRY INC. is located in Radnor,

6

PA.

19.  During the course of the construction project, Defendant
     BRENDAN WARD MASONRY INC. failed to adequately perform, such
     that the contract amount was reduced from $950,000 to
     $803,749.32.

20.  To circumvent the arbitration clause of the contract, on or
     about March 19, 2004, Defendant BRENDAN WARD MASONRY INC.
     filed suit in the United State District Court in the
     District of Delaware under Docket No. 04 118 (KAJ) against
     the bonding agent of Plaintiff Wu & Associates, Inc., but
     not Plaintiff Wu & Associates, Inc., and alleged breach of
     contract.  See United State District Court in the District
     of Delaware Civil Suit under Docket No. 04 118 (KAJ)
     attached hereto as Exhibit D.

21.  On April 22, 2004, Plaintiff Wu & Associates, Inc., on
     behalf of its bonding agent, filed an answer to the civil
     suit pending in the United State District Court in the
     District of Delaware under Docket No. 04 118 (KAJ).  See
     Answer attached hereto as Exhibit E.

22.  On May 3, 2004, Plaintiff Wu & Associates, Inc. filed civil
     litigation against the Defendant BRENDAN WARD MASONRY INC.
     and its bonding agent, in the Superior Court of New Jersey,
     Camden County, under Docket No. L 2425-04.  See Complaint
     attached hereto as Exhibit F.

23.  On May 19, 2004, Defendant BRENDAN WARD MASONRY INC. filed a
     Demand for Arbitration with the American Arbitration

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

7

Association (hereinafter "AAA") against Plaintiff Wu & Associates, Inc.  See May 24, 2004 Letter attached hereto as Exhibit G, and Demand for Arbitration attached hereto as Exhibit H.

24.  On May 25, 2004, Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc. agreed to dismiss the litigation pending in the United State District Court in the District of Delaware under Docket No. 04 118 (KAJ), because all disputes were to be addressed in the then pending AAA arbitration.  See 5/24/04 Letter and Consent Order attached hereto as Exhibit I.

25.  On June 8, 2004, Plaintiff Wu & Associates, Inc. filed its Answer and Counterclaim in the then pending AAA arbitration. See Answer attached hereto as Exhibit J.

26.  On or about June 23, 2004, Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc. agreed to dismiss the litigation pending in Camden County, NJ under Docket No. L 2425-04, because the bonding company of Defendant BRENDAN WARD MASONRY INC. agreed to be bound by the AAA arbitration. See 9/23/04 Letter and Consent Order attached hereto as Exhibit K.

27.  On September 9, 2004, the AAA removed its appointed arbitrator, because of his newly disclosed relationship with then counsel for Defendant BRENDAN WARD MASONRY INC.  See 9/9/04 Letter attached hereto as Exhibit L.

28.  On September 15, 2004, the AAA appointed a new arbitrator.

8

See 9/15/04 Letter attached hereto as Exhibit M.

29. On September 27, 2004, Defendant BRENDAN WARD MASONRY INC. communicated its objection to the new arbitrator appointed by the AAA. See 9/27/04 Letter attached hereto as Exhibit N.

30. On October 8, 2004, the AAA affirmed their appointment of the new arbitrator. See 10/8/04 Letter attached hereto as Exhibit O.

31. On October 20, 2004, the AAA reaffirmed their appointment of the new arbitrator. See 10/20/04 Letter attached hereto as Exhibit P.

32. On October 21, 2004, I confirmed in writing the still uncontradicted threats of Defendant BRENDAN WARD MASONRY INC. over the arbitrator appointed by the AAA. See 10/21/04 Letter attached hereto as Exhibit Q. Particularly, I confirmed that

> You have expressed frustration with the costs and administrative abilities of AAA, and with the professionalism and ability of the appointed arbitrator.
>
> It is my understanding that you will only proceed with Mr. Coffey under protest, and with the threat to sue AAA if the arbitration ruling is not satisfactory to your client.

33. During this time, Defendant BRENDAN WARD MASONRY INC. agreed to assist Plaintiff Wu & Associates, Inc. in its lawsuit against the United States Department of Labor. In short, Defendant BRENDAN WARD MASONRY INC. agreed to allow Plaintiff Wu time to assert their consistent arguments that the United States Department of Labor failed to warn of

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

9

significant otherwise unknown conditions at the job site.[1]

34. On November 1, 2004, the parties exchanged a draft tolling agreement.

35. Counsel Defendant BRENDAN WARD MASONRY INC. expressed his client's concern over an opened ended tolling, and required that the matters be re-filed within 366 days of the date of the tolling agreement.

36. On December 16, 2004, Plaintiff Wu & Associates, Inc. and Defendant BRENDAN WARD MASONRY INC. entered into a "tolling agreement."  See Tolling Agreement attached hereto as Exhibit A.

37. On December 17, 2004, the American Arbitration Association closed the pending arbitration between Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc.  See 12/17/04 Letter attached hereto as Exhibit R.

38. During the pendency of the tolling agreement, Defendant BRENDAN WARD MASONRY INC. took no reasonable action toward arbitration of this matter.

39. Instead, after the passing of over 1,000 days from the execution of the tolling agreement, Defendant BRENDAN WARD MASONRY INC. suddenly threatened – verbally and in writing – to file another civil suit in Delaware.

40. Upon receiving the threat that BRENDAN WARD anticipated

---

[1]  In the end, BRENDAN WARD's claims were completely rejected in the suit against the United States Department of Labor, and BRENDAN WARD failed to meet its obligation to assist Plaintiff Wu in asserts the claim against the United States Department of Labor.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

10

filing yet another civil suit, Plaintiff Wu caused this action to be filed for the express purposes of seeking to obtain a judicial order closing this matter forever – the application by BRENDAN WARD seeking dismissal (without disclosure of the additional details outlined herein) was not anticipated.

41.   Frankly, both parties should be barred from pursuing civil suits over this subject (the contract provides for arbitration only), and barred from instituting untimely arbitration proceedings (the time for instituting same by agreement has long passed).

42.   The dispute in this matter – over a April 5, 2002 contract – has grown stale, and the merits of BRENDAN WARD's claims were already rejected in the suit between Wu & Associates, Inc. and the United States Department of Labor.

43.   I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

Peter N. Milligan, Esq.
Attorney for Plaintiff WU
& ASSOCIATES, INC.

DATED:   November 20, 2007

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

11

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

| | |
|---|---|
| WU & ASSOCIATES, INC. | SUPERIOR COURT OF NEW JERSEY |
| | CAMDEN COUNTY |
| | LAW DIVISION |
| Plaintiffs, | |
| v. | DOCKET NO.: L-5245-07 |
| BRENDAN WARD MASONRY INC. and INTERNATIONAL FIDELITY INSURANCE COMPANY | |
| Defendants | PROOF OF SERVICE |

Peter N. Milligan, Esq., of full age, says:

1.   I am the attorney for defendants in this matter, and as such
     I am fully aware of the underlying facts of this matter.

2.   On November 20, 2007, I forwarded a copy of the Cross Motion
     to Bar to counsel for all parties by regular mail in the
     Cherry Hill Twp. Postal Office.

3.   I certify that the foregoing statements made by me are true.
     I am aware that if any of the foregoing statements made by
     me are willingly false, I am subject to punishment.

                                    _____
                                    Peter N. Milligan, Esq.
                                    Attorney for Plaintiff WU
                                    & ASSOCIATES, INC.

DATED:  November 20, 2007

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit A

PETER N. MILLIGAN, ESQ.

——————————ATTORNEY AT LAW——————————

1

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Wu & Associates, Inc.

### TOLLING AGREEMENT

This tolling agreement is made and entered into between WU & ASSOCIATES, INC. and BRENDAN WARD MASONRY INC. by their respective undersigned counsel;

WHEREAS, Wu & Associates, Inc. has or will shortly submit all claims made and their supporting documentation of Brendan Ward Masonry, Inc. in the current pending case under Case No. 2003-BCA-1;

WHEREAS, Brendan Ward Masonry, Inc. has expressed dissatisfaction with the arbitrator appointed by AAA;

WHEREAS, Wu & Associates, Inc. has expressed its position that it does not believe that this matter is ripe for arbitration, that is, until the pending Department of Labor litigation is closed; and

WHEREAS, both parties agree that duplicative expenses in the Department of Labor litigation and an arbitration are unnecessary;

NOW THEREFORE, in consideration of the mutual agreements hereinafter set forth, each party intending to be legally bound hereby, the parties covenant and agree as follows:

1.   As used herein, the following terms shall have the following meanings:

    a.   "CLAIMS" shall mean any and all claims and causes of

2

action, known or unknown, which the parties have against each other in any capacity regarding the construction project with the Department of Labor in Wilmington, DE.

b. "EXPIRATION PERIOD" shall mean thirty (30) days after written notice to the undersigned from Sean T. O'Meara, Esq. of the final resolution, without possibility of appeal, of the matter pending under Case No. 2003-BCA-1, or 366 days (whichever comes first).

C. "TOLLING PERIOD" shall mean the period from and including the date this agreement is executed to and including the expiration date.

d. The tolling agreement embodied herein shall be for the mutual benefit of the parties.

2. The parties agree to dismiss and withdraw the pending AAA arbitration pending under 14Y1100101004;

3. The parties stipulate, covenant, and agree to the suspension during the tolling period of the running of all statutes of limitation, laches periods, or similar defenses based upon a lapse of a period of time that may otherwise be asserted by it as a full or partial defenses against any claims;

4. The parties hereby agree to arbitrate any claims that exist after the expiration period, and agree to initiate such claims by the conclusion of the Expiration Period.

5. Prior to the Expiration Period, the parties shall negotiate in good faith to select a mutually acceptable arbitrator.

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

3

If unable, the parties will appoint their own arbitrators, and be responsible for their own arbitrator's costs. The two (2) appointed arbitrators will then select a neutral arbitrator. The expenses of the neutral arbitrator will be equally shared by the parties.

6.   Except to the extent set forth above with the respect to the time related defenses, this tolling agreement shall not affect any other defenses or claims that the parties may have.

7.   This tolling agreement constitutes the full and complete agreement between the parties. This tolling agreement may not be modified except in writing.

8.   This tolling agreement may be executed in any number of originals or telecopied counterparts.

9.   The parties agree that this tolling agreement nor any acts or statements related to it shall constitute any admission of liability, and that this tolling agreement may not be introduced or received into evidence.

                    Peter Neely Milligan, Esq.
                    Attorney for WU & ASSOCIATES, INC.

                    By: _____
                        Peter Neely Milligan, Esq.

Dated: December 16, 2004

                    Paul A. Bucco, Esq.,
                    Attorney for BRENDAN WARD MASONRY
                    INC.

                    By _____
                        Paul A. Bucco, Esq.

Dated:

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

**Exhibit L**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRENDAN WARD MASONRY, INC.     :

        Plaintiff             :

                               :      **BREACH OF CONTRACT**

                               :

        v.                    :

WU & ASSOCIATES, INC.          :      **JURY TRAIL DEMANDED**

                               :

             Defendant         :      **CIVIL NO.**

                               :

### COMPLAINT

       Plaintiff, Brendan Ward Masonry, Inc., by and through its attorneys, DeVlieger Hilser P.C., brings this complaint against Defendant, WU & Associates, Inc., and avers as follows:

### PARTIES

       1.       Plaintiff, Brendan Ward Masonry, Inc. (hereinafter "Ward") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, was formerly licensed as a contractor/subcontractor with the City of Wilmington, Delaware, with its principal place of business at 345 Oak Terrace, Radnor, PA 19087.

       2.       Defendant, Wu & Associates, Inc. (hereinafter "Wu") is a corporation organized under the laws of the State of New Jersey with its principal place of business at 597 Deer Road, Cherry Hill, New Jersey 08034.

### JURISDICTION

       3.       Jurisdiction exists in this case because there is complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332 and the amount in controversy, exclusive of costs and interests, exceeds $150,000.00.

1

**VENUE**

4.    Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts or omissions giving rise to the claim occurred in this District. Furthermore, a substantial part of the property that is the subject of the contract for the project involved in this action is located in this District.

**BACKGROUND AND GENERAL ALLEGATIONS**

5.    On or about August 2001, Wu entered into a written contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a federal construction project, number 0102, at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802.

6.    On or about April 2002, Ward entered into a Subcontractor Agreement with Wu to furnish labor, equipment, materials and perform masonry work for the aforementioned federal project. A true and correct copy of which is attached hereto and incorporated herein as Exhibit "A."

7.    The Subcontractor Agreement provided for a guaranteed maxim contract price of $950,000.00 and further provided that this price would be increased in the event that certain conditions or modifications were instituted pursuant to Change Orders. See Exhibit A.

8.    Ward substantially performed all of its obligations under the Subcontractor Agreement.

9.    Wu has failed to perform its obligations under the Subcontractor Agreement.

10.    Wu has failed to fully pay Ward pursuant to the Subcontractor Agreement.

11.    Wu's failure to perform its obligations under the Subcontractor Agreement has caused Ward to suffer damages in excess of $200,000.00.

12.    On December 16, 2004, for the substantial consideration of agreeing to withdraw and dismiss its claims against both Ward and the Surety, Ward entered into a Tolling Agreement with Wu suspending any and all "statutes of limitations, laches periods, or similar defenses" pursuant to the scheduling of a future arbitration. See Exhibit "B," a true and correct copy of which is attached hereto and incorporated herein.

13.    Wu refused to arbitrate Ward's claims pursuant to the Tolling Agreement, forcing Ward to file this litigation.

14.    Wu's failure to arbitrate Ward's claims under the Tolling Agreement has caused Ward to suffer the aforementioned damages in addition to increased costs and attorney's fees.

## COUNT I
### (Breach of the Contractual Obligation)

15.    Plaintiff, Ward, hereby incorporates paragraphs 1 through 14 as though same were fully set forth at length herein.

16.    The original Subcontractor Agreement between Wu and Ward for the aforementioned federal project provided for a maximum contract price of $950,000.00.

17.    This amount was to be supplemented and modified by various "Change Orders."

18.    Ward substantially performed its obligation under the Subcontractor Agreement.

19.    Wu has failed and refused to perform its duties under the Subcontractor Agreement causing Ward to suffer substantial losses.

20.    As the direct result and proximate result of the Wu's failure to perform its duties under the Subcontractor Agreement, Ward suffered extended overhead, loss of production, lost profits, additional production costs, additional operating costs, substantial wage increases and substantial cash shortages in excess of $200,000.00.

3

WHEREFORE, Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

<div align="center">

**COUNT II**
**(Breach of the Contractual Obligation- Cardinal Change Doctrine)**

</div>

21.    Plaintiff, Ward, hereby incorporates paragraphs 1 through 20 as though same were fully set forth at length herein.

22.    The original Subcontractor Agreement between Wu and Ward for the aforementioned federal project provided for a maximum contract price of $950,000.00.

23.    This amount was to be supplemented and modified by various "Change Orders."

24.    Wu breached the Subcontractor Agreement by effectuating monumental changes in the required work that forced Ward to perform duties substantially different in scope than the originally contemplated Subcontractor Agreement. These changes included, but are not limited to:

      a.    Wu's substantial and indefinite delays which caused Ward to "stand by," effectively preventing him from obtaining other work;

      b.    Wu's inefficiency in scheduling which caused substantial and indefinite delays that directly effected Ward's ability to work on the project;

      c.    Wu's inefficiency in its construction methods and procedures which caused substantial and indefinite delays that directly effected Ward's ability to work on the project;

      d.    Wu's inability to coordinate other workers whose performance was a prerequisite to Ward's own performance which caused substantial and indefinite delays that directly effected Ward's ability to work on the project.

<div align="center">4</div>

e.     Wu's inability to pay Ward on a timely basis pursuant to the Subcontractor Agreement which caused Ward to borrow substantial funds in order fulfill his obligations to its workers and suppliers.

25.     The aforementioned changes were completely within the manipulation of Wu and were so significant that they were not covered under the Change Order clause of the Subcontractor Agreement causing Ward to suffer substantial losses.

26.     As the direct result and proximate result of the above, Ward suffered extended overhead, loss of production, lost profits, additional production costs, additional operating costs, substantial wage increases and substantial cash shortages in excess of $200,000.00.

**WHEREFORE**, Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

## COUNT III
### (Breach of the Contractual Obligation- Tolling Subcontractor Agreement

27.     Plaintiff, Ward, hereby incorporates paragraphs 1 through 26 as though same were fully set forth at length herein.

28.     In reliance on the Tolling Agreement, Ward withdrew and dismissed its claims against Wu's Surety pending in the United States Federal Court for the District of Delaware.

29.     Pursuant to the Tolling Agreement, Wu agreed to the suspension of all "statutes of limitations, laches periods, or similar defenses" and agreed to arbitrate Ward's claims at a later date. See Exhibit B.

30.     Wu has refused to arbitrate Ward's claims pursuant to the Tolling Agreement.

5

31.    Wu's refusal to abide by the Tolling Agreement has caused Ward to suffer damages in excess of $200,000.00 in addition to increased costs and attorney's fees.

WHEREFORE, Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

## COUNT IV
## (Bad Faith)

32.    Plaintiff, Ward, hereby incorporates paragraphs 1 through 31 as though same were fully set forth at length herein.

33.    As subcontractor to Wu on the aforementioned project, Ward was unjustly prevented from performing its obligations under the contract in an efficient and productive manner.

34.    After contracting with Ward for $950,000.00 in the Subcontractor Agreement, Wu, after the scheduled start date, unjustly and without explanation, submitted various change orders removing previously agreed to items from the Subcontractor Agreement, including, but not limited to, various stone piers and walls.

35.    These changes reduced the Subcontractor Agreement to $834,354.91.

36.    Wu's inexplicit changes were willful and malicious, done in bad faith for the purpose of punishing Ward and to create an unjust economic windfall for Wu.

37.    Pursuant to the Subcontractor Agreement, Ward was also supposed to start on the project in June 2002.

38.    Wu knew or should have known that he would not be ready for Ward to begin work on the project in June 2002.

6

39.     Wu willfully, intentionally, maliciously and in bad faith, misled Ward in order to avoid the added cost of finding another subcontractor for the later start date.

40.     Additionally, Wu repeatedly thwarted Ward from performing his duties under the Subcontractor Agreement.

41.     Wu repeatedly throughout the course of the project, also, refused to provide proper drawings and clarifications so Ward could complete its obligation under the Subcontractor Agreement.

42.     Wu repeatedly throughout the course of the project, also, failed to provide adequate water supply, essential for Ward to perform its obligations under the Subcontractor Agreement.

43.     Wu, also, repeatedly prevented Ward from starting and completing various duties under the Subcontractor Agreement because other work within the dominion and control of Wu was incomplete, unfinished and/or improperly scheduled by Wu.

44.     Wu, also, repeatedly refused to attend meetings with Ward and various masonry material providers concerning masonry issues and concerns.

45.     The above foregoing conduct by Wu was willful, malicious, done in bad faith and designed to coerce Ward to surrender his legal rights, with the intent to wrongfully terminate Ward from the project.

46.     As a direct and proximate result of the above actions, Ward has suffered damages in excess of $200,000.00.

**WHEREFORE**, Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

7

### COUNT V
#### (Unjust Enrichment)

47.     Plaintiff, Ward, hereby incorporates paragraphs 1 through 46 as though same were fully set forth at length herein.

48.     As subcontractor to Wu on the aforementioned project, Ward suffered considerable losses as a result of Wu's substantial and indefinite delays and Wu's inability to perform its obligations under the Subcontractor Agreement.

49.     As general contractor to the written contract with the Department of Labor for the United States of America on the aforementioned Wilmington Job Corp Center project, has received substantial amounts of money from the United States Government pursuant to the contract and various claims against said contract.

50.     Upon information and belief, Ward as subcontractor to Wu on the project, is not entitled to pursue administrative claims before the United States Court of Claims.

51.     Any and all compensation received by Wu as a result of any final payments or claims adjudicated pursuant to the contract, which are directly or indirectly related to the services performed by Ward pursuant to the Subcontractor Agreement between Wu and Ward, has unjustly enriched Wu to Ward's detriment.

**WHEREFORE,** Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

### COUNT VI
#### (Quantum Meruit)

52.     Plaintiff, Ward, hereby incorporates paragraphs 1 through 51 as though same were fully set forth at length herein.

8

53.     The original Subcontractor Agreement between Wu and Ward for the aforementioned federal project provided for a maximum contract price of $950,000.00.

54.     This amount was to be supplemented and modified by various "Change Orders."

55.     Ward performed various services at the request of Wu for the aforementioned federal project which were above and beyond the scope of those services specifically enumerated in the Subcontractor Agreement.

56.     Ward performed these services with the explicit understanding that Wu would pay for said services by way of various Change Orders.

57.     Wu has refused to pay for these additional services causing Ward to sustain damages in excess of $200,000.000.

**WHEREFORE**, Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Wu & Associates, Inc., in excess of $200,000.00 together with interest and costs, attorney's fees, delay damages, consequential damages and punitive damages where appropriate.

ABER, GOLDLUST, BAKER & OVER

_/s/ Perry F. Goldlust_
PERRY F. GOLDLUST, ESQUIRE (DSB #770)
702 King Street, Ste. 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
_Attorney for Plaintiff Brendan Ward Masonry, Inc_

DATED: November 21, 2007

9

**Of Counsel:**

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

P:/Client/Hilser Esq/Fed Complaint.doc

10

# Exhibit M

LAW OFFICE

# PETER N. MILLIGAN, ESQ.

1960 ROUTE 70 EAST

CHERRY HILL, NEW JERSEY 08003

ADMITTED IN NJ AND PA
E-MAIL: FMILLIGANLAW@comcast.net

(856) 983-0003
FACSIMILE (856) 983-0030

December 5, 2007

Hon. Louis R. Meloni
Judge, Law Division, Criminal Part
Camden County Superior Court
Hall of Justice, Suite 570
101 S. 5th St.,
Camden, NJ 08103-4001

     RE:  Wu v. Brendan Ward
          Docket No. L-5245-07

Dear Judge Meloni:

    I represent Plaintiff Wu in the above captioned matter.
This letter is faxed with the consent of the court's law clerk.

    Cross motions are pending for December 7, 2007, and by this
letter, Plaintiff Wu seeks to adjourn the motions to allow
sufficient time to file Wu's motion seeking leave to file amended
pleadings.

    Upon service of process, Defendant Brendan Ward sought
relief pursuant to R. 4:6-2 and dismissal with prejudice.  That
motion is returnable on December 7, 2007.

    On November 23, Plaintiff Wu filed a cross motion seeking
similar relief, and communicating its consent to the relief
sought by Defendant Brendan Ward.

    Upon receipt of the reply of Defendant Brendan Ward on
December 3, 2007, Plaintiff Wu formed a better understanding of
the open issues in the dispute between the parties.

    This resulted in two (2) changes in Plaintiff Wu's approach
to this litigation.

    First, Plaintiff Wu no longer consents to the relief sought
by Defendant Brendan Ward.

Second, Plaintiff Wu withdraws its cross motion, and will seek to amend its pleadings to seek relief under the Declaratory Judgment Act (N.J.S.A. 2A:16-53, et. seq.).

To enable sufficient time to prepare the motion and amended pleadings, I called my adversary on December 4, 2007 and request either (1) leave to amend; or (2) an adjournment of his motion to dismiss.

I received no return telephone call.

On December 5, 2007, I again called my adversary to discuss these two (2) options.

He lamely relied upon his "client" in declining to afford me the courtesy of sufficient time to prepare and filed the motion seeking leave to file amended pleadings.  In fact, he refused to express consent or an objection, but only that he was unable to contact his client.

Since only the R. 4:6-2 motion is pending, no bona fide answer has even been filed.

Thus, it seems highly likely that leave, which is generously afforded anyway, will be given in this matter.

I will be on vacation between December 14 and 31.

Because my adversary unfortunately prefers gamesmanship, I must seek the court's adjournment of the motions.

Thank you for your consideration in this matter.  If you have any questions or concerns, please feel free to contact me anytime.

Very truly yours,

Peter N. Milligan, Esq.

cc:  John E. Hilser, Esq.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit N

# DVH
## DeVlieger Hilser P.C.
ATTORNEYS AT LAW

John E. Hilser*‡

*Also Admitted in NJ
‡Also Admitted in FL

*Direct Dial* Ext. 12
email: jhilser@dvhlaw.com

December 6, 2007

<u>Via Facsimile</u>
The Honorable Louis R. Meloni
Law Division
Camden County Superior Court
Hall of Justice, Ste. 570
101 S. 5th Street
Camden, NJ 08103-4001

    **Re:**  **Wu & Associates, Inc. v. Brendan Ward Masonry, Inc. and**
        **International Fidelity Insurance Company**
        **Superior Court of New Jersey, Camden County, Law Division**
        **Docket No.: L-005245-07**
        **Our File No.: 110.001**

Dear Judge Meloni:

   The undersigned represents the Defendant Brendan Ward Masonry in connection with the above referenced matter in which cross motions are pending before your Honor this Friday December 7, 2007. I write with the consent of the court's law clerk to respond to opposing counsel's December 5, 2007 letter requesting an adjournment of said motions in order for counsel to file a motion seeking leave to amend its pleadings in connection with this matter. When I spoke with counsel on December 5, 2007, I had yet to speak to my client regarding Mr. Milligan's voice mail request to adjourn these motions. Upon speaking with Mr. Milligan, I learned that Mr. Milligan seeks to amend his complaint to advance claims regarding a certain Tolling Agreement. This Tolling Agreement is the subject of a lawsuit filed by Brendan Ward Masonry in the Federal District Court for the District of Delaware. Counsel's request is submitted in an attempt to bring the issues already pending in Delaware into this litigation. Accordingly, rather than gamesmanship or lack of professional courtesy, I cannot consent because such adjournment would subject my client to unnecessary and duplicative costs and fees in having these claims dismissed in this action on the basis that they are already pending in Delaware.

1518 Walnut Street, 16th Floor, Philadelphia, PA 19102 (215) 735-9181 Phone  (215) 735-9186 Fax
2345 Bethel Avenue, Merchantville, NJ 08109 (856) 661-1150 Phone (856) 661-1151 Fax
352 San Claudio Ave. 2nd Fl., Sagrado Corazon, San Juan, PR 00926 (787) 292-7564 Phone (787) 760-5718 Fax

dvhlaw.com  suretycounsel.com

# DVH
## DeVlieger Hilser P.C.
ATTORNEYS AT LAW

For the above reasons and because the undersigned believes the pending motion is unrelated to any claims which Wu may seek to advance, the undersigned requests that Mr. Milligan's request for an adjournment be denied.  Your Honor's consideration is appreciated.

Respectfully submitted,

JOHN E. HILSER

JEH/cs

cc: Peter Neely Milligan, Esquire (via facsimile)
    Brendan Ward (via facsimile)
F:\Brendan Ward.110\Willimington Job.001\ltrs\Judge Meloni 12-05-07.wpd

1518 Walnut Street, 16th Floor, Philadelphia, PA 19102  (215) 735-9181 Phone   (215) 735-9186 Fax
2345 Bethel Avenue, Merchantville, NJ 08109 (856) 661-1150 Phone (856) 661-1151 Fax
352 San Claudio Ave. 2nd Fl., Sagrado Corazon, San Juan, PR 00926 (787) 292-7564 Phone (787) 760-5718 Fax

dvhlaw.com  suretycounsel.com

# Exhibit O

ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue
Suite 1370
Wilmington, DE  19801
(302) 777-4350
Fax:  (302) 777-4352
Attorneys for Defendant, Wu & Associates, Inc.

---

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF DELAWARE

---

THE UNITED STATES OF
AMERICA

for the use of

BRENDAN WARD MASONRY, INC.

      Plaintiff,

v.

WU & ASSOCIATES, INC.

      Defendant.

Civil No. 07-cv-00751

ANSWER TO AMENDED
COMPLAINT, COUNTERCLAIM,
And DEMAND FOR JURY TRIAL

---

## ANSWER

Defendant WU & ASSOCIATES, INC., by way of Answer to the Complaint, avers as
follows:

## PARTIES

1.      As to Paragraph 1, neither admitted nor denied.  Plaintiff is left to strict proofs at
the time of trial.

2.      As to Paragraph 2, admitted.

## JURISDICTION

3.    As to Paragraph 3, denied.

## VENUE

4.    As to Paragraph 4, denied.  The contract was executed by all parties in Cherry Hill, New Jersey.  The parties expressly agreed to arbitrate this matter, which is required not only by the contract (See Paragraph 6.2 of Exhibit 1), but by the attached tolling agreement (Exhibit 2).

## FACTS

5.    As to Paragraph 5, admitted.

6.    As to Paragraph 6, denied.  The unsigned contract attached as Exhibit A is not a true and correct copy of the agreement reached between the parties hereunder.

7.    As to Paragraph 7, denied.  A "guaranteed maximum contract" does not exist in the construction industry, and particularly, did not exist between the parties to this litigation.  For instance, if the Owner determined that certain tasks or portions of the Primary Contract were no longer desired, the Brendan Ward subcontract would be logically and fairly adjusted.  Further, if Brendan Ward refused to complete portions of the subcontract, Wu could arrange for completion of said portions of Brendan Ward's obligation, and reduce the contract price accordingly.

8.    As to Paragraph 8, denied.  Brendan Ward failed to complete performance of the contract, and abandoned the job.  Further, Brendan Ward refused to comply in good faith with Wu's efforts to advocate the change orders of Brendan Ward to the Owner and in litigation with the Owner.

9.    As to Paragraph 9, denied.

2

10.    As to Paragraph 10, denied. No payment is due Ward.

11.    As to Paragraph 11, denied. No payment is due Ward.

12.    As to Paragraph 12, admitted in part and denied in part. A tolling agreement was executed, which required submission of dispute to arbitration. However, a true and correct copy of the tolling agreement is not attached to the Complaint as Exhibit B. Instead, Wu attaches a true and correct copy of the tolling agreement hereto as Exhibit 2. Ward is in express violation of the tolling agreement, which it has announced its abandonment of.

13.    As to Paragraph 13, denied. As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

14.    As to Paragraph 14, denied. As of December 11, 2007, counsel for Ward advised of its continuing refusal to arbitrate pursuant to the contract or tolling agreement.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## COUNT 1 – Breach of Contractual Obligation

15.    As to Paragraph 15, no averment is made.

16.    As to Paragraph 16, denied.

17.    As to Paragraph 17, denied.

18.    As to Paragraph 18, denied.

19.    As to Paragraph 19, denied.

20.    As to Paragraph 20, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 2 – Breach of Contractual Obligation – Cardinal Change Doctrine

21.    As to Paragraph 21, no averment is made.

22.    As to Paragraph 22, denied.

23.    As to Paragraph 23, admitted.

24.    As to Paragraph 24, denied.

25.    As to Paragraph 25, denied.

26.    As to Paragraph 26, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 3 – Breach of Contractual Obligation – Tolling Subcontract Agreement

27.    As to Paragraph 27, no averment is made.

28.    As to Paragraph 28, denied.  Ward withdrew its claim against the Surety because the contract required the parties to proceed by way of arbitration, and Ward disclosed some conflict with the American Arbitration Association in its then pending arbitration action against Wu.

29.     As to Paragraph 29, admitted in part and denied in part.  A tolling agreement was executed, which required submission of dispute to arbitration.  However, a true and correct copy of the tolling agreement is not attached to the Complaint as Exhibit B.  Instead, Wu attaches a true and correct copy of the tolling agreement hereto as Exhibit 2.  Ward is in express violation of the tolling agreement, which it announced its abandonment of.

30.     As to Paragraph 30, denied.

31.     As to Paragraph 31, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## COUNT 4 – Bad Faith

32.     As to Paragraph 32, no averment is made.

33.     As to Paragraph 33, denied.

34.     As to Paragraph 34, denied.

35.     As to Paragraph 35, denied.

36.     As to Paragraph 36, denied.

37.     As to Paragraph 37, admitted.

38.     As to Paragraph 38, denied.

39.     As to Paragraph 39, denied.

40.     As to Paragraph 40, denied.

5

41.     As to Paragraph 41, denied.

42.     As to Paragraph 42, denied.

43.     As to Paragraph 43, denied.

44.     As to Paragraph 44, denied.

45.     As to Paragraph 45, denied.

46.     As to Paragraph 46, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

### COUNT 5 – Unjust Enrichment

47.     As to Paragraph 47, no averment is made.

48.     As to Paragraph 48, denied.

49.     As to Paragraph 49, denied.

50.     As to Paragraph 50, denied.  Ward could have assisted in the since closed matter, but chose to interfere and obfuscate.

51.     As to Paragraph 51, denied.  All of Ward's claims were denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## COUNT 6 – Quantum Meruit

52.     As to Paragraph 52, no averment is made.

53.     As to Paragraph 53, admitted.

54.     As to Paragraph 54, admitted.

55.     As to Paragraph 55, denied.  All Ward change orders were  denied by the Owner, and rejected by written decision of the judge in the administrative proceeding described.

56.     As to Paragraph 56, denied.

57.     As to Paragraph 57, denied.

WHEREFORE, the Defendant WU & ASSOCIATES, INC. demands that the Complaint be dismissed with prejudice, together with attorney's fees, costs of suit, and all other relief this Court deems just, equitable, and proper.

## COUNTERCLAIM

Defendant WU & ASSOCIATES, INC., by way of Counterclaim to the Complaint, avers as follows:

## COUNT 1 - BREACH OF CONTRACT (Subcontract)

1.     On or about April 26, 2002, Counter-claimant WU & ASSOCIATES, INC. (hereinafter "Wu") and Defendant on the Counterclaim BRENDAN WARD MASONRY, INC. (hereinafter "Ward") mutually executed a subcontract.  See true and correct copy of the agreement attached hereto as Exhibit 1.

7

2.      On or about April 26, 2002, corporate representatives of Ward visited the office of Wu in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.  See true and correct copy of the agreement attached hereto as Exhibit 1.

3.      The aforementioned subcontract related to a commercial construction project commonly referred to as the "Wilmington Job Corps Center" (hereinafter "the project").

4.      Pursuant to the Agreement, Ward agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding the project, which was owned by the US Department of Labor.

5.      Ward failed to timely perform the required tasks of the written Agreement.

6.      Ward breached its contract with Wu.

7.      Such action has caused Wu damage and injury.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### COUNT 2 – BREACH OF CONTRACT (Estoppel – Arbitration Clause)

8.      Wu incorporates Paragraphs 1 through 8 as through they were repeated herein.

9.      Previously, Ward has already asserted claims identical to those advocated by its complaint under Civil No. 07-cv-00751 against Wu's surety.  See Complaint attached hereto as Exhibit 3.

10.      Ward's suit against Civil No. 07-cv-00751 was voluntarily dismissed after the parties reached an agreement under the Tolling Agreement attached hereto as Exhibit 2.  See Stipulation of Dismissal attached hereto as Exhibit 4.

8

11.    Similarly, Ward asserted claims identical to those advocated by its complaint against Wu, through the American Arbitration Association under 14 110 Y 01010 04. See Arbitration Demand attached hereto as Exhibit 5.

12.    Similarly, Wu asserted claims identical to those advocated herein against Ward, in the Superior Court of New Jersey under Docket No. L-2425-04. See Summons and Complaint attached hereto as Exhibit 6.

13.    To induce Wu to dismiss with prejudice an action against Ward in the Superior Court of New Jersey, under Docket No. L-2425-04, Ward agreed to timely arbitrate in a single forum all claims between Ward, Wu, and their respective sureties. See true and correct copy of the Tolling Agreement attached hereto as Exhibit 2, and the Stipulation of Dismissal attached hereto as Exhibit 7.

14.    Thereafter, Ward failed to timely arbitrate under the Tolling Agreement, and announced its intentions to seek judicial redress for its damages in the United States District Court for the District of Delaware.

15.    To enforce its rights under the subcontract, Wu filed pleadings, on October 12, 2007, under Docket No. L 5245-07 in the Superior Court of New Jersey. See Complaint attached hereto as Exhibit 8.

16.    While simultaneously announcing its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2), Ward claimed reliance upon the Tolling Agreement and dismissal of the Complaint under Docket No. L-2425-04 in demanding dismissal, on November 15, 2007, of pleadings filed by Wu against Ward on October 12, 2007 under Docket No. L5245-07 in the Superior Court of New Jersey. Particularly, Ward deemed the

9

dismissal of the action under Docket No. L-2425-04 in favor of the tolling agreement as a adjudication on the merits.

17.    Without disclosing same to the Superior Court of New Jersey, on or about November 21, 2007, Ward filed its pleadings in the United States District Court for the District of Delaware, and made no mention of the litigation pending in the Superior Court of New Jersey addressing issues identical to that now raised by Ward.

18.    On December 11, 2007, Ward reaffirmed its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2).

19.    Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

20.    Ward should be judicially estopped from later demanding arbitration, which it has openly and clearly abandoned.

21.    Ward should be judicially estopped from pursuing relief in the United States District Court for the District of Delaware.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## COUNT 3 – BREACH OF CONTRACT (Change Orders)

22.    Wu incorporates Paragraphs 1 through 19 as through they were repeated herein.

23.    Article 5 of the Subcontract (Exhibit 1) addresses "Changes in the Work."

24.    As the project commenced, various site conditions (left undisclosed by the Owner) became known.  These site conditions interfered with the ability of the project to timely progress.

25.    Pursuant to Article 5 of the Subcontract (Exhibit 1), Ward asserted various change order requests which were largely related to the site conditions which had been undisclosed by the Owner.

26.    These change order requests were almost all rejected by the Owner.

27.    To assert Ward's change order requests, among other things, Wu filed a claim against the Owner.

28.    This action sought redress not only for Wu's damages, but for the various "pass through" claims asserted by other subcontractors, such as and including Ward.

29.    On various dates from September 2004 through August 2005, Wu requested – in writing – the cooperation of Ward in clearly documenting the change order requests for assertion against the Owner in the aforementioned action.

30.    Irrationally, Ward declined to timely act or act in good faith or assist Wu in asserting Ward's claims against the Owner.

31.    Irrationally, Ward declined to document its claim in good faith for submission in the aforementioned action.

32.    Irrationally, Ward declined to appear to discuss in good faith its claims for submission in the aforementioned action.

11

33.     The aforementioned actions constitute a breach of the provisions of Article 5, among other provisions, of the Subcontract (Exhibit 1).

34.     The aforementioned actions resulted in the wholesale denial of Ward's pass through claims in the aforementioned action.

35.     The aforementioned actions should cause Ward to be estopped from asserting claims against Wu that should have been timely raised and documented in the aforementioned action.

36.     Otherwise, Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.

WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

## DEMAND FOR JURY TRIAL

The Defendant WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant


By:   _/s/ Peter L. Frattarelli (ID No. 2871)_
        PETER L. FRATTARELLI, ESQUIRE

Dated: January 28, 2008


Of Counsel:     Peter Neely Milligan, Esq.
                1960 Route 70 East
                Cherry Hill, NJ  08003
                Attorneys for Defendant

3081776v1

# Exhibit P

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
CAMDEN COUNTY
DOCKET NO. L-005245-07

WU & ASSOCIATES, INC.,    )
                     )
       Plaintiffs,   )
                     )
     vs.            )      TRANSCRIPT
                     )         OF
BRENDAN WARD MASONRY, INC. AND)     MOTION
INTERNATIONAL FIDELITY      )
INSURANCE COMPANY,        )
                     )
       Defendants.   )

Place:  Camden County Hall of Justice
       101 S. 5th Street
       Camden, New Jersey 08103

Date:  December 7, 2007

BEFORE:

    HONORABLE LOUIS MELONI, J.S.C.

TRANSCRIPT ORDERED BY:

    COURTNEY SIMPSON, LEGAL ASSISTANT, (DeVlieger Hilser,
    P.C.)

APPEARANCES:

    JOHN HILSER, ESQ. (DeVlieger Hilser, P.C.)
    Attorney for the Plaintiff

Transcriber Janet Barbieri
DIANA DOMAN TRANSCRIBING AND
RECORDING SERVICES
P.O. Box 129
Gibbsboro, NJ 08026
PHONE:  (856)435-7172
FAX:  (856)435-7124
Email: Dianadoman@comcast.net

Audio Recorded
Operator: C. Conaghan

2

I N D E X

THE COURT                    PAGE

Findings                       6

3

THE COURT: Let's do the --
VOICE: Wu?
THE COURT: Do you have --
VOICE: He's here on Wu.
THE COURT: Oh, okay.  You're here on Wu
and --
        VOICE: Do you want to wait till 12 or do you
want to --
        THE COURT: Did you hear anything from your
adversary?
        MR. HILSER: I have not.  I left a message at
his office.  I called my office.  My office had not
heard anything.
        THE COURT: All right.  Let's just -- how long
have you been here?
        MR. HILSER: I've been here since nine.
        THE COURT: All right.  Let's do it.
                    (Pause)
        THE COURT: All right.  This is the matter of
Wu & Associates versus Brendan Ward Masonry, Inc., et
al, under docket L-5245-07.  Counsel, will you enter
your appearance?
        MR. HILSER: Thank you, Your Honor.  John
Hilser, from the firm of DeVlieger Hilser, sir, on
behalf of defendants Brendan Ward Masonry, Inc. and

4

1    International Fidelity Insurance Company.
2          THE COURT: All right.  This motion comes
3    before the Court on a motion by Ward to dismiss the
4    complaint with prejudice, and a cross-motion made out
5    of time to bar a claims award.  The motion -- there was
6    by letter of December 5th from plaintiff's attorney,
7    Mr. Milligan, a request for a continuance.  In that
8    request he indicated that there were two changes in
9    plaintiff's position; first, that plaintiff no longer
10   consented to the motion made by Ward and, second, that
11   plaintiff would withdraw its cross-motion and would
12   seek to amend its pleadings to assert relief on the
13   declaratory judgment action.
14         In that letter he indicates that he was
15   unable to contact initially defendant's counsel, but
16   ultimately he was advised by defendant's counsel that
17   his client -- that defendant would not consent to an
18   adjournment.
19         By letter of December 6th, 2007 received a
20   letter from -- a communication from Mr. Hilser, who's
21   here today, indicating that in his conversation with
22   Mr. Milligan that Mr. Milligan sought to amend his
23   complaint to advance a claim regarding a tolling
24   agreement which is the subject, -- tolling agreement
25   between the parties which is the subject apparently of

5

1    litigation in the Federal District Court for the
2    District of Delaware, and that he -- Mr. Hilser, that
3    is, could not consent to the adjournment inasmuch as it
4    would subject his client to unnecessary and duplicative
5    cost of fees in having these claims -- I guess in
6    essence pending in two jurisdictions.
7          Did I have pretty much the -- the adjournment
8    issue placed on the record as far as you understand?
9          MR. HILSER: Yes, for the request for the
10   adjournment, that's correct.
11         THE COURT: Okay.
12         MR. HILSER: The basis for not consenting to
13   the adjournment was because it's essentially creating
14   an argument of prior pending action for the opposition
15   which would subsequently impact my client's rights.
16         THE COURT: Okay.  I note that it is now
17   almost 11:45.  The matter was scheduled for 9:00.  Mr.
18   Milligan's been advised that the case would be heard
19   today.  We have not heard from him.  He has been,
20   Roger?
21         CLERK: Yes.
22         THE COURT: We have not heard from him this
23   morning indicating that he has any -- has had any
24   problems, so that the Court will go forward with the
25   motion now, and the motion to dismiss made by Ward is

The Court - Findings                                    6

1    based on the following fact: Ward entered into a
2    contract with the Department of Labor as a general
3    contractor on a project.  He entered into a
4    subcontractor agreement with Ward -- Wu I said entered
5    in.  If I said -- did I say Wu or Ward?
6              CLERK: Ward the first time.
7              THE COURT: It was Wu that entered into the
8    contract with the Department of Labor and subsequently
9    into a subcontractor with Ward to furnish labor and
10   equipment, materials to perform masonry work. On July
11   6th, 2004 Wu's 2004 complaint was dismissed with
12   prejudice under Docket L-2425-04.
13             On October 12th, 2007 Wu filed another
14   complaint against the same defendants seeking -- again,
15   arising out of the subcontractor agreement, which
16   appeared to me to be pretty much the identical
17   complaint that he filed in 2004.
18             The defendant moved for dismissal under 4:37
19   inasmuch as that the dismissal of the earlier case was
20   with prejudice and considered an adjudication on the
21   merits, and accordingly are res judicata, therefore
22   this should be dismissed.
23             It is also argued that under 4:6-4b it is
24   abusive or redundant litigation.  The plaintiff in his
25   original responding papers does not argue against the

---

The Court - Findings                                    7

1    emotion, but makes cross-claims saying that they --
2    that the parties have entered into a tolling agreement
3    that required all parties to initiate claims by a time
4    certain, and, further, that the defendant failed to
5    initiate claims on the -- and, accordingly, these
6    claims should be barred.
7              There is no -- there are no such claims that
8    are before the Court.  There was a request to adjourn
9    this matter which was declined.  Inasmuch as it's my --
10   I've been advised that this precise issue is -- and
11   correct me if I'm wrong, Mr. Hilser -- is presently
12   before the Court, Federal District Court, in Delaware.
13             MR. HILSER: We have filed an action in
14   Delaware.  Brendan Ward has filed an action in Delaware
15   alleging inter alia a breach of the tolling agreement,
16   so the tolling agreement is at issue in that
17   litigation.
18             THE COURT: Okay.  I do think that Rule 4:37
19   applied.  I do think that Rule 4:6-4b applies, and,
20   accordingly, this matter -- or the defendant's motion
21   is granted.
22             Defendant -- or Plaintiff's cross-motion to
23   bar the claims of Brendan Ward is denied.  There are no
24   claims before this Court of Brendan Ward.  Apparently
25   those issues, if they are alive, are in Delaware

The Court - Findings                                    8

1   Federal District Court, and they will be dealt with
2   there.  Accordingly, that motion is denied.  Okay.
3             MR. HILSER: Thank you, Your Honor.
4                        * * * * *
5                   C E R T I F I C A T I O N
6   I, Janet Barbieri, the assigned transcriber, do hereby
7   certify the foregoing transcript of proceedings in the
8   Camden County Superior Court, on December 7, 2007, Tape
9   number 2, Index number from 1632 to 2228, is prepared
10  in full compliance with the current Transcription
11  Format for Judicial Proceedings and is a true and
12  accurate compressed transcript of the proceedings as
13  recorded.
14
15
16    _____2/19/08_____        _____Janet Barbieri_____
17    DATE                         JANET BARBIERI        AOC #131

# Exhibit Q

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| **v.** | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| **Defendant.** | : | **CIVIL NO. 07-cv-00751 GMS** |
| | : | |

## MOTION TO DISMISS DEFENDANT'S
## COUNTERCLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)

Plaintiff, Brendan Ward Masonry, Inc., by and through its attorneys, DeVlieger Hilser, P.C., hereby moves this Honorable Court for an Order Dismissing the Counterclaim of Defendant, WU & Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6).

1.    On or about August 2001, Defendant, Wu & Associates, Inc. [hereinafter "Wu"], entered into a written contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a federal construction project, number 0102, at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802. Complaint at ¶ 5.

2.    On or about April 5 2002, Plaintiff, Brendan Ward Masonry, Inc. [hereinafter "Ward"], entered into a Subcontractor Agreement with Wu to furnish labor, equipment, materials and perform masonry work for the aforementioned federal project. See Complaint at ¶ 6. A true and correct copy of the Subcontractor Agreement is attached to Ward's Complaint as Exhibit "A."

1

3.      The Subcontractor Agreement provided for a guaranteed maxim contract price of
$950,000.00 and further provided that this price would be increased in the event that certain
conditions or modifications were instituted pursuant to Change Orders. See Exhibit A of Ward's
Complaint.  See Complaint at ¶ 7.

4.      Ward substantially performed all of its obligation under the Subcontractor
Agreement.  See Complaint at ¶ 8.

5.      Wu has failed to perform its obligations under the Subcontractor Agreement.
Complaint at ¶ 9.

6.      Wu has failed to fully pay Ward pursuant to the Subcontractor Agreement. See
Complaint at ¶ 10.

7.      Wu's failure to perform its obligations under the Subcontractor Agreement has
caused Ward to suffer damages in excess of $200,000.00.  Complaint at ¶ 11.

8.      On or about May 3, 2004, Defendant, Wu, filed a complaint against the current
Plaintiff, Ward, in the Superior Court of New Jersey, Camden County Law Division, Docket
No.: L 002425 04, seeking alleged damages in Breach of Contract arising under the
Subcontractors Agreement (Count I).  A true and correct copy of the 2004 Complaint, is attached
to Wu's Counterclaim as Exhibit 6.

9.      On July 6, 2004, pursuant to a stipulation between counsel, the Superior Court of
New Jersey dismissed Defendant, Wu's, 2004 Complaint with prejudice. See Camden Superior
Court Archive Report for Docket No.: L 002425 04. A true and correct copy of which is attached
hereto and incorporated herein as Exhibit "A."

10.     On December 16, 2004, for the substantial consideration of agreeing to
withdraw and dismiss its claims against both Ward and the Surety, Plaintiff, Ward, entered into a
Tolling Agreement with Defendant, Wu, pursuant to the scheduling of a future arbitration. A true
and correct copy of the Tolling Agreement is attached to Plaintiff, Ward's, Complaint as Exhibit
B.

11.     When contacted in October 2007 by Ward's current counsel, Defendant, Wu, refused to arbitrate Plaintiff, Ward's, claims pursuant to the Tolling Agreement.

12.     Instead, on or about October 12, 2007, Defendant, Wu, filed yet another Complaint with the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 005245 07, against Ward, again seeking alleged damages in Breach of Contract arising under the Subcontractors Agreement (Count I). A true and correct copy of the 2007 Complaint, is attached to Defendant, Wu's, Counterclaim as Exhibit 8.

13.     Defendant, Wu's, 2004 Complaint filed against Defendant, Ward, and Plaintiff, Wu's, 2007 Complaint filed against Defendant, Ward, are identical. See and compare Exhibits 6 and 8 of Defendant, Wu's, Counterclaim.

14.     On or about November 15, 2007, Plaintiff, Ward filed a Motion to Dismiss Defendant, Wu's 2007 Complaint for "failure to state a claim upon which relief can be granted" and res judicata pursuant to New Jersey Rules of Court 4:6-2(e) and 4:37-2. A true and correct copy of which is attached hereto and incorporated herein as Exhibit "B."

15.     On or about November 21, 2007, pursuant to Defendant, Wu's, refusal to arbitrate Plaintiff, Ward's, claims, Ward filed its Complaint against Wu in the above captioned matter.

16.     On December 7, 2007, the Superior Court of New Jersey, Camden County Law Division, granted Ward's aforementioned Motion and, again, dismissed Wu's, Complaint against Ward with prejudice. A true and correct copy of the New Jersey Superior Court's Order is attached hereto and incorporated herein as Exhibit "C."

17.     On December 13, 2007, Plaintiff, Ward, filed its Amended Complaint against Defendant, Wu, in the above captioned matter.

18.     On or about January 28, 2008, Defendant, Wu filed an Answer and Counterclaim against Plaintiff, Ward, again, alleging damages in Breach of Contract arising under the Subcontractors Agreement. See Defendant, Wu's, Counterclaim, Counts I, II and III.

19.     The doctrine of res judicata, or claim preclusion, bars the retrying of the same claim by the same parties after a final judgment on the merits. Equal Opportunity Commission v. U.S. Steel Corp., 821 F.2d 489 (3d Cir. 1990).

20.     A court's dismissal of an action with prejudice "constitutes an adjudication of the merits as fully and competently as if the order had been entered after trial." Gambocz v. Yelensics, 468 F.2d 837, 840 (3d Cir. 1972).

21.     The Federal Rules of Civil Procedure 12(b)(6) empowers this court to dismiss a counterclaim for "failure to state a claim upon which relief can be granted."

22.     Defendant, Wu's, claims against Plaintiff, Ward, set forth in their Counterclaim, are barred by the doctrine of res judicata as they have been dismissed with prejudice not only once but twice previously and; therefore, Wu's Counterclaim has failed to state a claim against Ward pursuant to Fed. R. Civ. P. 12(b)(6) and should be dismissed as matter of law.

**WHEREFORE**, Plaintiff, Brendan Ward Masonry, Inc., respectfully requests this Court enter an Order Dismissing the Counterclaim of Defendant, Wu and Associates, Inc., with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: February 19, 2008

Of Counsel:

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

4