THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDAN WARD MASONRY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | BREACH OF CONTRACT |
| | : | |
| v. | : | |
| | : | |
| WU & ASSOCIATES, INC., | : | JURY TRAIL DEMANDED |
| | : | |
| Defendant. | : | CIVIL NO. 07-cv-00751 |
| | : | |

REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM PURSUANT TO Fed.R.Civ.P 12(b)(6)

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
SAAGAR B. SHAH (DSB #4148)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900
pgoldlust@gablawde.com
sshah@gablawde.com
Attorneys for Plaintiff

DATED:  March 20, 2008

OF COUNSEL:
JOHN E. HILSER, ESQUIRE (78500)
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181
jhilser@dvhlaw.com

## TABLE OF CONTENTS

I. .................................................... The Argument Raised by Wu are Without Basis in Fact or Law          1

II. ............................................................................................................................ Conclusion          4

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS**
**DEFENDANT'S COUNTERCLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

Plaintiff, Brendan Ward Masonry, Inc., by and through its attorneys, DeVlieger Hilser, P.C., respectfully submit this instant Reply Brief in further support of Plaintiff's Motion to Dismiss the Counterclaim of Defendant, Wu & Associates, Inc., pursuant to Fed. R. Civ. P. 12(b)(6).[1]

### I.    The Arguments Raised by Wu are Without Basis in Fact or Law

Ward filed the instant Motion to Dismiss the Counterclaim advanced by Wu by virtue of the Order of the Superior Court of New Jersey, Camden County, (hereinafter the "Superior Court") which dismissed with prejudice claims identical to those advanced by Wu in the Counterclaim. Wu opposes Ward's Motion on the basis that the Order of December 7, 2007 was procured by fraud or, in the alternative, dismissal should be held in abeyance pending the disposition of a Motion seeking to collaterally attack the Superior Court's Order. Review of the attached exhibits demonstrates that, with respect to its fraud argument, Wu has, at worst, exceeded the bounds of permissible advocacy or, at best, has utterly failed to demonstrate even a hint of impropriety. In either case, the Motion to Dismiss should be granted. Furthermore, since

---

[1]    In its Motion to dismiss, Plaintiff, Brendan Ward Masonry, Inc. [hereinafter "Ward"], inadvertently attached as Exhibit "B" a copy of the Certification in Opposition to Cross-Motion instead of the Motion to Dismiss with supporting papers. Accordingly, attached here to as Exhibit "A" is a true and correct copy of Ward's Motion to Dismiss with supporting papers. For ease of reference, the Cross-Motion filed by Defendant, Wu & Associates, Inc. [hereinafter "Wu"] and Ward's Opposition thereto are attached hereto as Exhibits "B" and "C" respectively. The transcript of the hearing on the Motion *and on the Cross-Motion* and the Court's December 7, 2007 Order dismissing Wu's claims are attached hereto as Exhibits "D" and "E" respectively.

Wu did not appeal the December 7, 2007 Order, the Order is entitled to res judicata effect immediately and until such time as relief therefrom is obtained.

Initially, Wu claims that Ward engaged in fraud by concealing the fact that the stipulation of dismissal purported to preserve the very claims which were being dismissed with prejudice.[2] This argument is entirely without merit because, in its Cross-Motion at ¶ 26, Wu specifically presented these facts to the Superior Court and provided the Superior Court with a copy of the Stipulation. See Exhibit "B" at ¶ 26. Further, Wu cannot claim the facts were not before the Superior Court since Wu's belated attempt to withdraw its Motion was unsuccessful, as evidenced by the Superior Court specifically holding:

> ...Plaintiff's cross-motion to bar the claims of Brendan Ward is denied. There are no claims before this Court of Brendan Ward. Apparently those issues, if they are alive, are in Delaware Federal District Court and they will be dealt with there. Accordingly, that Motion is denied.

See Exhibit "D" at pp. 7-8. Accordingly, the Superior Court was well aware of the circumstances under which the 2004 action was dismissed as Mr. Milligan exhaustively outlined same in Wu's Cross-Motion which was considered and disposed of by the Superior Court. See Exhibit "B".

Wu next attempts to argue that the court granted Ward's Motion based upon misrepresentations that identical issues were pending in Delaware. Simple review of the submissions and transcript of the hearing demonstrates that this argument is absurd. In the

---

[2] Initially, Ward's Motion clearly sought to have the Superior Court determine that the dismissal with prejudice acted as an adjudication on the merits and Wu's protestations of surprise

Cross-Motion, Wu sought to prospectively bar Ward from advancing claims against Wu. See Exhibit "B". Ward responded that a Cross-Motion was not the proper form to raise what, in substance, was a request for declaratory and/or injunctive relief. See Exhibit "C" at ¶ 12. Thereafter, through its letter of December 5, 2007, Wu expressed a desire to seek leave to amend its Complaint in order to style such position as a claim for declaratory relief. See Exhibit "M" to Mr. Milligan's certification accompanying Wu's opposition. However, because Ward had already filed claims, including a claim for breach of the Tolling Agreement, in this court, Ward advanced the position that any challenge to such claims should be lodged in Delaware. See Exhibit N to Mr. Milligan's Certification. In closing the December 6, 2007 letter, Mr. Hilser specifically advised the Superior Court that it did not believe the pending motion to dismiss Wu's claims was related to any claims Wu could seek to advance in the Delaware action. Id. Thus, Ward made clear that it was seeking to have Wu's claims dismissed with prejudice and was not expecting such claims to be reintroduced in the instant action. Moreover, the Superior Court also made clear that its ruling was premised upon the 2004 dismissal being *with prejudice*, as opposed to any perceived belief that Wu would ultimately be able to re-file its claims or that such claims were pending elsewhere. Specifically, the Superior Court stated:

> " The defendant moved for dismissal under 4:37 inasmuch as *that the dismissal of the earlier case was with prejudice and considered an adjudication on the merits, and accordingly, are res judicata*, therefore should be dismissed."

Exhibit "D" at p. 6, lns. 18 thru 22. Thereafter the Superior Court held:

> "*I do think that Rule 4:37 applied.* I do think that Rule 4:6-4b applies,
>
> and, *accordingly, this matter or the defendant's motion is granted.*"

---

are disingenuous. See Exhibit "A".

See Exhibit "D" at p. 7, lns. 18 thru 21. To be sure, if the Superior Court intended to preserve Wu's ability to bring such claims in Delaware, it would not have dismissed such claims *with prejudice*. Accordingly, it is clear from the review of the submissions of the parties in the underlying action, there was not even a hint of misrepresentation to the Superior Court and, more significantly, the Superior Court squarely relied upon the 2004 dismissal *with prejudice* as the basis for dismissing Wu's claims.

In the alternative, Wu claims advances that dismissal should be held in abeyance because Wu has filed a Motion for relief from judgment. However, Wu failed to timely appeal the Order of December 7, 2007 and, accordingly, the cases relied upon by Wu for the proposition that *res judicata* effect should be delayed until appeals are exhausted are inapplicable. Wu cannot cite a single case for the proposition that enforcement of a final order from which no appeal has been taken should be held in abeyance pending collateral attack of such Order. Instead, simple logic mandates that the final un-appealed order be given *res judicata* effect until relief therefrom is actually obtained. Accordingly, the Counterclaim should be dismissed with prejudice and Ward should be awarded costs and fees in having to have these claims dismissed for the third time.

## II.    <u>CONCLUSION</u>

For all the foregoing reasons and those set forth in the Motion of Brendan Ward Masonry, Inc., the Counterclaim of Wu & Associates, Inc., is barred by the doctrine of *res judicata* and; therefore, fails to state a claim upon which relief can be granted and should be dismissed with

prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

4

ABER, GOLDLUST, BAKER & OVER


/s/ Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
SAAGAR B. SHAH (DSB #4148)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900
pgoldlust@gablawde.com
sshah@gablawde.com
Attorneys for Plaintiff

DATED:  March 20, 2008

OF COUNSEL:
JOHN E. HILSER, ESQUIRE (78500)
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181
jhilser@dvhlaw.com

EXHIBIT "A"

**DEVLIEGER HILSER, P.C.**
   By:    John E. Hilser, Esquire
            George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                    *Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES** : | **SUPERIOR COURT OF NEW JERSEY** |
| : | **CAMDEN COUNTY** |
| **Plaintiff** : | **LAW DIVISION** |
| : | |
| **v.** : | |
| : | **DOCKET No. L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** : | |
| : | |
| **and** : | |
| : | |
| **INTERNATIONAL FIDELITY** : | |
| **INSURANCE COMPANY** : | |
| : | **NOTICE OF MOTION TO DISMISS** |
| **Defendant** : | |
| : | |

TO:    Peter Neely Milligan, Esquire
       1960 Route 70 East
       Cherry Hill, NJ 08003

     PLEASE TAKE NOTICE that on Friday, December 7, 2007, at 9:00 or as soon thereafter

as counsel may be heard, the undersigned, attorneys for the Defendants, Brendan Ward Masonry,

Inc. and International Fidelity Insurance Company, will apply to the above-named court at 101

South 5th Street, Ste. 105, Camden, New Jersey 08103 for an Order granting its Motion to Dismiss

Plaintiff's Complaint.

     In support of its motion, the defendant will rely upon the enclosed Certification of

Counsel, Exhibits and Memorandum in Support of Motion to Dismiss.

A proposed form of Order Granting Defendant's Motion to Dismiss is also enclosed.

Moving Defendant hereby requests oral argument.

DEVLIEGER HILSER, P.C.

By: _____
John E. Hilser, Esquire
George B. Keahey, Esquire

Dated: November 15, 2007

F:\Brendan Ward.110\Willimington Job.001\plds\Notice of Motion to Dismiss.wpd

2

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax
                                                    *Attorneys for Defendants*

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2007, upon consideration of

Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company's,

Motion to Dismiss Plaintiff, Wu and Associates', Complaint and Plaintiff's response thereto, it is

hereby ORDERED that the above captioned Complaint is DISMISSED with prejudice.


                                            BY THE COURT:


                                            _____
                                                            J.

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
         George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                                     *Attorneys for Defendants*

---

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
|              **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
|              **Defendants** | : | |
| | : | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO N.J.R. 4:6 and 4:37

Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company,

by and through their attorneys DeVlieger Hilser, P.C., hereby respectfully submit the instant

Memorandum of Law in support of their Motion for Dismissal of Plaintiff, Wu and Associates',

Complaint, pursuant to New Jersey Rules of Court 4:6 and 4:37, and aver the following in support

thereof:

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On or about August 2001, Plaintiff, Wu and Associates (hereinafter "Wu"), entered into a

written contract with the Department of Labor for the United States of America as the general

contractor for work to be performed for a construction project at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802. Pursuant to their contract with the Department of Labor, on or about April 2002, Plaintiff, Wu, entered into a Subcontractor Agreement with Defendant, Brendan Ward Masonry, Inc., to furnish labor, equipment, materials and perform masonry work for the Wilmington project.

On or about September 19, 2002, Defendant, International Fidelity Insurance Company, a corporation which issues surety bonds, issued a performance bond and a payment bond (hereinafter "Bonds") to Plaintiff, Wu, as obligee, and Defendant, Ward, as principal, pertaining to the Subcontractor Agreement for the Wilmington Project.

On or about May 3, 2004, Plaintiff, Wu, filed a Complaint against both of the current Defendants, Ward and IFIC, with the Camden County Superior Court of New Jersey. Count I of the Complaint sought alleged damages arising under the Subcontractor Agreement for the Wilmington Project. Count II of the Complaint sought alleged damages pursuant to the Bonds issued for the Wilmington Project.

On July 6, 2004, pursuant to a stipulation between counsel, this Honorable Court dismissed Plaintiff, Wu's, aforementioned 2004 Complaint with prejudice.

This current litigation commenced on or about October 12, 2007, in Camden County Superior Court with Plaintiff, Wu, filing another Complaint against the very same Defendants, Ward and IFIC. Count I of the Complaint, again, seeks alleged damages arising under the Subcontractors Agreement for the Wilmington Project. Count II of the Complaint, again, seeks alleged damages pursuant to the Bonds issued for the Wilmington Project. Aside from the dates signed and docket numbers, Plaintiff, Wu's, 2004 Complaint is *identical* in every respect with the

2

current Complaint before this Court.

## II.    QUESTIONS PRESENTED

      A.    Should Plaintiff's Complaint be dismissed as res judicata
           pursuant to N.J.R. 4:6-2?

                or, in the alternative,

      B.    Should Plaintiff's Complaint be dismissed as an abuse of court
           pursuant to N.J.R. 4:6-2(b)?

## III.    SUGGESTED ANSWERS

      A.    Yes. Plaintiff's Complaint has already been adjudicated
           pursuant to N.J.R. 4:37 and; therefore, its claims are
           res judicata and it should be dismissed pursuant to 4:6-2(e).

      B.    Yes. Plaintiff's Complaint is redundant and abusive of
           this court and; therefore, is, further, subject to dismissal
           pursuant to N.J.R. 4:6-4(b).

## IV.    STANDARD OF REVIEW

New Jersey Rules of Court 4:6-2(e) allows the court, upon motion, to dismiss a complaint

for "failure to state a claim upon which relief can be granted" and is; therefore, appropriate for

claims that have previously been dismissed by a court of proper authority. Perth Amboy Iron

Works, Inc. v. American Home Assurance Company, et al., 226 N.J. Super. 200 at 225-226, 543

A.2d 1020 at 1024 (1988), aff'd 118 N.J. 249, 571 A.2d 294 (1990) (res judicata may be raised by

defense in R. 4:6 motion prior to filing answer); University Property Management v. Spitz, 2007

WL 2693901 (N.J. Super. App. Div.) (trial court was correct in dismissing complaint under 4:6-

2(e) as issues had been previously litigated). In addition, New Jersey Rules of Court R. 4:6-4(b)

also permits the court to dismiss a complaint that is "redundant" and/or "abusive of the court."

Unlike a motion for summary judgement, if a motion to dismiss is made before an answer to the

complaint is filed, it should be granted if the facts alleged in the complaint are deemed admitted and they do not support a permissible cause of action under the Rules. Borough of Franklin Lakes v. Mutzberg, 226 N.J. Super. 46, 543 A.2d 477 (App. Div. 1988); Polk v. Schwartz, 166 N.J. Super. 292, 399 A.2d 1001 (App. Div. 1979).

Applying these standards to Plaintiff, Wu's, Complaint in this case, it is clear that Plaintiff's claims are barred by the doctrine of res judicata and are an abuse of this court. Therefore, Plaintiff, Wu's, Complaint should be dismissed pursuant to the New Jersey Rules of Court 4:6.

V.    **ARGUMENT**

A.    Plaintiff's Complaint has already been adjudicated pursuant to N.J.R. 4:37 and; therefore, is res judicata and should be dismissed pursuant to 4:6-2(e).

The doctrine of res judicata, or claim preclusion, prevents a party from relitigating any claim that was the subject of a previous filing. Accord; Culver v. Ins. Co. of N. Am., 115 N.J. 451, 559 A.2d 400 (N.J. 1989); Continental Can Co. V. Hudson Foam Latex Prod. 129 N.J. Super. 426, 324 A.2d 60 (App. Div. 1974). In Culver, the Supreme Court set forth that res judicata applies when

(1) the judgement in the first action is valid, final and on the merits;

(2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and

(3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action.

Id. at 460-464. Also see, Hackensack v. Winner, 162 N.J. Super 1, 28 392 A.2d 187 (App. Div.

4

1978) (res judicata "requires a final judgment by a court of competent jurisdiction").

New Jersey Rules of Court 4:37 clearly sets forth that:

> (d) Dismissal With Prejudice; Exceptions. Unless the order of dismissal otherwise specifies, a dismissal under 4:37-2(b) or (c) and any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits.

N.J.R. 4:37-2(d).

In the present case, Plaintiff, Wu's, latest Complaint meets all the aforementioned factors for res judicata. It was previously dismissed with prejudice by this very Court (see Exhibit B) and; thus, adjudicated on the merits pursuant to N.J.R. 4:37. Furthermore, because Plaintiff, Wu's, 2004 Complaint and its current Complaint are, for all intents and purpose, identical (see and compare Exhibits A and C), the parties in both actions are the same and all of the claims grow out of the exact same transaction.

The fact that Plaintiff, Wu's 2004 Complaint was dismissed by agreement has no bearing on whether the doctrine of res judicata applies. Velasquez v. Franz, 123 N.J. 498, 507, 589 A.2d 143 (1991); Fiensod v. Noon, 261 N. J. Super. 82, 84, 617 A.2d 1234, 1235 (App. Div. 1992) (a dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial), and see, Fiensod at 84 ("voluntary withdraw of suit resulting in dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial and res judicata bars any relitigation of the claims dismissed in the prior suit" *quoting* Gambocz v. Velencsics, 468 F.2d 837, 840 (3d Cir. 1972) (applying N.J. Law).

Because Plaintiff, Wu's, claims set forth in their Complaint are barred by the doctrine of

res judicata, they have failed, as a matter of law, to set forth a claim upon which relief can be

granted. Perth Amboy Iron Works, Inc. v. American Home Assurance Company, et al., 226 N.J.

Super. 200 at 226, 543 A.2d 1020 at 1024 (1988), aff'd 118 N.J. 249, 571 A.2d 294 (1990);

University Property Management v. Spitz, 2007 WL 2693901 (N.J. Super. App. Div.). Therefore,

Plaintiff, Wu's, Complaint should be dismissed as a matter of law pursuant to N.J.R. 4:6-2(e).

 

      **B.**     Plaintiff's Complaint is redundant and abusive of
              this court and; therefore, is, further, subject to dismissal
              pursuant to N.J.R. 4:6-4(b).

 

    New Jersey Rules of Court 4:6-4(b) provides, in pertinent part, as follows:

    Impropriety of Pleading. On the court's or a party's motion the
    court may either (1) dismiss any pleading that is . . . abusive of
    the court or another person; or (2) strike any such part of a
    pleading or any part thereof that is immaterial or redundant.

N.J.R. 4:6-4(b)(1)(2).

New Jersey Law holds that a party's subsequent filings of previously adjudicated claims

are redundant, abusive of the court and should be dismissed pursuant to N.J.R. 4:6-4(b). Fraser v.

Bovino, 317 N.J. Super 23 at 31, 723 A.2d 20 at 24 (1998) (affirming its decision in Fraser I, cert.

denied 152 N.J. 11, 702 A.2d 350 (1997)) (plaintiff's refiling of complaint after claims were

previously dismissed as a matter of law, was abusive of the court and dismissed pursuant to 4:6-

4(b)).

Here, Plaintiff, Wu's, current Complaint *is identical* to its previously filed Complaint

which this Honorable Court dismissed with prejudice on July 6, 2004. The current filing is

redundant and a waste of Defendants' and this Court's valuable resources. Therefore, Plaintiff,

Wu's, Complaint is also subject to dismissal pursuant to New Jersey Rules of Court 4:6-4(b).

VI.    **CONCLUSION**

Because Plaintiff, Wu's, current Complaint has previously been dismissed with prejudice by this Honorable Court, it has failed to set forth a claim against Defendants, Ward and IFIC, as a matter of law. Additionally, Plaintiff, Wu's, subsequent identical filing wastes Defendants' and this Court's valuable resources and is clearly an abuse of the court. Therefore, Plaintiff's Complaint should be dismissed, once again, with prejudice.

WHEREFORE, Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, respectfully requests that the Court enter an Order in the form proposed and dismiss Plaintiff, Wu and Associates', Complaint, pursuant to New Jersey Rules of Court 4:6 and 4:37.


DEVLIEGER HILSER, P.C.


By:    _John Hil_____
        John E. Hilser, Esquire
        George B. Keahey, Esquire


Dated: November 15, 2007


F:\Brendan Ward.110\Willimington Job.001\plds\memorandumLawNJdssmissl.wpd


7

**DEVLIEGER HILSER, P.C.**
By:     John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                          *Attorneys for Defendants*

| | | |
|---|---|---|
| **WU & ASSOCIATES** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **CAMDEN COUNTY** |
| **Plaintiff** | : | **LAW DIVISION** |
| | : | |
| **v.** | : | |
| | : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL FIDELITY** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, John E. Hilser, Esquire, hereby certify that a true and correct copy of the foregoing

Defendants' Motion to Dismiss and Memorandum of Law in Support Thereof was served upon

counsel this 15th day of November, 2007 via first class mail addressed as follows:

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003

                                    **DEVLIEGER HILSER, P.C.**

                        By:     _John Hilser_
                                    John E. Hilser, Esquire
                                    George B. Keahey, Esquire
                                    2345 Bethel Avenue
                                    Merchantville, NJ 08109

**DEVLIEGER HILSER, P.C.**
By:     John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                    *Attorneys for Defendants*

| | | |
|---|---|---|
| **WU & ASSOCIATES** : | **SUPERIOR COURT OF NEW JERSEY** | |

WU & ASSOCIATES       :      **SUPERIOR COURT OF NEW JERSEY**
                     :      **CAMDEN COUNTY**
       **Plaintiff**    :      **LAW DIVISION**
                     :
**v.**                    :
                     :      **DOCKET No.  L-005245-07**
**BRENDAN WARD MASONRY, INC.** :
                     :
**and**                 :
                     :
**INTERNATIONAL FIDELITY**   :
**INSURANCE COMPANY**      :
                     :
       **Defendant**   :
                     :

## CERTIFICATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO N.J.R. 4:6 and 4:37

I, John E. Hilser, of full age, being duly sworn according to law, do hereby depose and say as follows:

1.      I am a Partner in the Law Firm of DeVlieger Hilser, P.C., attorneys for Defendants Brendan Ward Masonry, Inc. and International Fidelity Insurance Company and am authorized to make this certification on its behalf.

2.      Defendant, Brendan Ward Masonry, Inc. (hereinafter "Ward"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 345 Oak Terrace, Radnor, PA 19087.

3.      Defendant, International Fidelity Insurance Company (hereinafter "IFIC"), is a corporation organized under the laws of the State of New Jersey with its principal place of business at One Newark Center, 20th Floor, Newark, New Jersey 07102.

4.      Defendant, IFIC, is a surety company which provides various bonds to construction contractors and subcontractors.

5.      Plaintiff, Wu & Associates, Inc. (hereinafter "Wu") is a corporation organized under the laws of the State of New Jersey with its principal place of business at 597 Deer Road, Cherry Hill, New Jersey 08034.

6.      On or about August 2001, Plaintiff, Wu, entered into a written contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a construction project at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802.

7.      On or about April 2002, Plaintiff, Wu, entered into a Subcontractor Agreement with Defendant, Ward, to furnish labor, equipment, materials and perform masonry work for the aforementioned project.

8.      On or about September 19, 2002, Defendant, IFIC, as surety, issued a performance bond and a payment bond (hereinafter "Bonds") to Plaintiff, Wu, as obligee, and Defendant, Ward, as principal, pertaining to Subcontractor Agreement.

9.      On or about May 3, 2004, Plaintiff, Wu, filed a complaint against the current Defendants, Ward and IFIC, with this same Court, seeking alleged damages arising under both the Subcontractors Agreement (Count I) and the Bonds (Count II). A true and correct copy of the 2004 Complaint, Docket No.: CAM L 002425 04, is attached hereto and incorporated herein as

Exhibit "A."

      10.    On July 6, 2004, pursuant to a stipulation between counsel, this Honorable Court dismissed Plaintiff, Wu's, 2004 Complaint with prejudice. See Camden Superior Court Archive Report for Docket No.: CAM L 002425 04, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "B."

      11.    On or about October 12, 2007, Plaintiff, Wu, filed another Complaint with this Court (the current action) against the same Defendants, Ward and IFIC, again seeking alleged damages arising under both the Subcontractors Agreement and the Bonds. A true and correct copy of the 2007 Complaint, Docket No.: L 005245 07, is attached hereto and incorporated herein as Exhibit "C."

      12.    Plaintiff, Wu's, 2004 Complaint filed against the Defendants and Plaintiff, Wu's, current 2007 Complaint filed against the Defendants are identical. See and compare Exhibits A and C.

      13.    New Jersey Rules of Court 4:37-2 sets forth in (d) Dismissal With Prejudice that "any dismissal not specifically provide for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits."

      14.    N.J. R. 4:6-2(e) empowers the court, upon motion, to dismiss a complaint for "failure to state a claim upon which relief can be granted."

      15.    Plaintiff, Wu's, current claims have already been adjudicated on the merits pursuant to N.J.R. 4:37-2; thus, are res judicata and its Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to N.J. R. 4:6-2(e).

      16.    N.J.R. 4:6-4(b) permits the court to dismiss any pleading which is "(1) abusive

of the court or (2) . . . redundant."

17.    Because Plaintiff, Wu, previously filed and adjudicated an identical Complaint in

2004 to the one currently before this Court, Plaintiff's current Complaint is redundant, an abuse of

this Court and; therefore, is further subject to dismissal pursuant to N.J.R. 4:6-4(b).

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## AS RES JUDICATA PURSUANT TO N.J.R. 4:6-2(e) and 4:37

18.    Defendants, Ward and IFIC, hereby incorporate paragraphs 1 through 16 as

though same were fully set forth at length herein.

19.    Pursuant to N.J.R. 4:37-2(d), a dismissal with prejudice "not specifically provided

for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the

merits."

20.    N.J. R. 4:6-2(e) empowers the court, upon motion, to dismiss a complaint

for "failure to state a claim upon which relief can be granted."

21.    A motion to dismiss under N.J.R. 4:6-2(e) is appropriate for claims that have

previously been dismissed by a court of proper authority. Perth Amboy Iron Works, Inc. v.

American Home Assurance Company, et al., 226 N.J. Super. 200 at 226, 543 A.2d 1020 at 1024

(1988), aff'd 118 N.J. 249, 571 A.2d 294 (1990); University Property Management v. Spitz, 2007

WL 2693901 (N.J. Super. App. Div.).

22.    Here, Plaintiff, Wu's, current Complaint against the Defendants, Ward and IFIC, is

identical to its 2004 Complaint which was dismissed with prejudice by this very Court and;

therefore, as a matter of law, was adjudicated on its merits in 2004.

23.    Because Plaintiff, Wu, has already had their claims against Defendants, Ward and

IFIC, adjudicated on the merits, its claims are res judicata and; therefore, their current Complaint

fails to set forth a claim upon which relief can be granted and should be dismissed pursuant to

N.J.R. 4:6-2(e).

## MOTION TO DISMISS PLAINTIFF'S
## COMPLAINT PURSUANT to N.J.R. 4:6-4(b)

24.     Defendants, Ward and IFIC, hereby incorporate paragraphs 1 through 22 as

though same were fully set forth at length herein.

25.     N.J.R. 4:6-4(b) permits the court to dismiss any pleading which is "(1) abusive of

the court or (2) . . . redundant."

26.     Complaints which have been previously adjudicated are abusive of the court and

may be properly dismissed under N.J.R. 4:6-4(b). Fraser v. Bovino, 317 N.J. Super 23 at 31, 723

A.2d 20 at 24 (1998) (affirming its decision in Fraser I, cert. denied 152 N.J. 11, 702 A.2d 350

(1997)).

27.     Plaintiff, Wu's, current Complaint is redundant and abusive to the Court as it is

identical to Plaintiff's 2004 Complaint that this Court previously dismissed with prejudice.

28.     Therefore, Plaintiff, Wu's Complaint should also be dismissed pursuant to N.J.R.

4:6-4(b).

WHEREFORE, Defendants, Brendan Ward Masonry, Inc. and International Fidelity

Insurance Company, respectfully request that the Court enter an Order in the form proposed and

dismiss Plaintiff, Wu and Associates, Complaint, pursuant to New Jersey Rules of Court 4:6 and

4:37.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are wilfully false, I am subject to punishment.

                                        **DEVLIEGER HILSER, P.C.**

                              By:    _____
                                        John E. Hilser, Esquire
                                        George B. Keahey, Esquire

Dated: November 15, 2007

F:\Brendan Ward.110\Willimington Job.001\plds\Motion to dismissNJ.wpd

EXHIBIT "A"



**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

---

WU & ASSOCIATES, INC.

        Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

       Defendants

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L-

# L002425 04

COMPLAINT

---

Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

### COUNT I: BREACH OF CONTRACT

1.   In April 2002, corporate representatives of Defendant BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.

2.   Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY INC. agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding a project commonly known as the "Wilmington Job Corps Center," which is owned by the US Department of Labor.

3.   Defendant BRENDAN WARD MASONRY INC. failed to timely perform the required tasks of the written Agreement.

4.   Defendant BRENDAN WARD MASONRY INC. has breached its contract with Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

3

5.  Such action has caused Plaintiff WU & ASSOCIATES, INC.
    damage and injury.

    WHEREFORE, judgement is demanded against defendant(s) for
compensatory damages, punitive damages, interest, costs of suit,
and attorney's fees.

### COUNT II: PERFORMANCE BOND

1.  Plaintiff WU & ASSOCIATES, INC. repeats each averment of
    Count I as if restated herein.

2.  In September 2002, Defendant INTERNATIONAL FIDELITY
    INSURANCE COMPANY executed two (2) agreements commonly known
    as a Subcontractor Performance Bond and a Subcontractor
    Payment Bond.

3.  Under the aforementioned agreements, Defendant INTERNATIONAL
    FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &
    ASSOCIATES, INC. for all loss, damage, and expenses
    (including interest, costs, and legal fees) incurred by
    reason of the failure of Defendant BRENDAN WARD MASONRY INC.
    to complete its obligations under the Standard Form of
    Agreement between Contractor and Subcontractor.

4.  Duly served written notice has been provided to Defendant
    INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant
    BRENDAN WARD MASONRY INC. has failed to complete its
    obligations.

5.  Despite such notice, Defendant INTERNATIONAL FIDELITY
    INSURANCE COMPANY refuses to insure such loss incurred by
    Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

<u>TRIAL DESIGNATION</u>

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

<u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1, other than an action by BRENDAN WARD against FIDELITY & DEPOSIT COMPANY OF MARYLAND in Delaware District Court under Docket No. 04-117 KAJ.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
Peter Neely Milligan, Esq.

Dated: April 28, 2004

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

EXHIBIT "B"

```
PROGRAM-ID: ARC0502            AUTOMATED CASE MANAGEMENT SYSTEM            PAGE:    1
RUN-DATE: 09/11/07          ARCHIVE REPORT REQUESTED BY - JUEBELO
RUN-TIME: 10:01

DOCKET: CAM L -002425-04        WU & ASSOC INC VS BRENDAN WARD MASONRY INC
FILED:05/03/04        ENTERED:05/04/04    DISPOSED:07/06/04    ARCHIVED:01/13/06
CASE TYPE:COMPLEX COMMERCIAL LITIGATION            -CASE INIT:
            CDR:MEDIATION
DISPOSITION:DISMISSED CASE WITH PREJUDICE    -NO JURY                     $.00
MANAGING JUDGE:FREEMAN RONALD J
    TRACK:TRACK IV

PARTY # 002 NAME: BRENDAN WARD MASONRY INC        TYPE: DEFENDANT
   PARTY STATUS: DISM W/PRE    STATUS DATE: 07/06/04
PARTY # 003 NAME: INTERNATIONAL FIDELITY INS CO TYPE: DEFENDANT
   PARTY STATUS: DISM W/PRE    STATUS DATE: 07/06/04
PARTY # 001 NAME: WU & ASSOC INC        TYPE: PLAINTIFF
   PARTY STATUS: DISM W/PRE    STATUS DATE: 07/06/04
   ATTORNEY ID: 0070121995 MILLIGAN PETER N        PHONE:856-983-0003

DOCUMENT:001 COMPLAINT
   FILED: 05/03/04    FILER PARTY #:001  NAME: WU & ASSOC INC
                     TARGET PARTY #:002  NAME: BRENDAN WARD MASONRY INC
DOCUMENT:002 STIPULATION OF DISMISSAL
   FILED:07/06/04     FILER PARTY #:002  NAME: BRENDAN WARD MASONRY INC
                     TARGET PARTY #:001  NAME: WU & ASSOC INC
   DOCUMENT COMMENTS: W/ PREJ   SUBMITTING TO OUTSIDE ARB
```

EXHIBIT "C"

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

---

WU & ASSOCIATES, INC.                SUPERIOR COURT OF NEW JERSEY
                                     CAMDEN COUNTY
                                     LAW DIVISION

           Plaintiffs,

v.                                   DOCKET NO.: L-5245-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY                    CIVIL ACTION
                                     SUMMONS
           Defendants.

---

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior
Court of New Jersey.  The complaint attached to this summons states the basis
for this lawsuit.  If you dispute this complaint, you or your attorney must
file a written answer or motion and proof of service with the deputy clerk of
the Superior Court in at the Camden County Deputy Clerk of the Superior Court,
Civil Processing Office, Hall of Justice, 1st Floor, 101 S. 5th St., Camden, NJ
08103, within 35 days from the date you received this summons, not counting
the date you received it.  A filing fee payable to the Clerk of the Superior
Court and a completed Case Information Statement (available from the deputy
clerk of the Superior Court) must accompany your answer or motion when it is
filed.  You must also send a copy of your answer or motion to plaintiff's
attorney whose name and address appear above, or to plaintiff, if no attorney
is named above.  A telephone call will not protect your rights;  you must file
and serve a written answer or motion (with fee of $110.00 for Law Division and
$105.00 for Chancery Division and completed Case Information Statement) if you
want the court to hear your defense.

If you cannot afford an attorney, you may call the Legal Services at (856)
261-1088.  If you do not have an attorney and are not eligible for free legal
assistance, you may obtain a referral to an attorney by calling the Lawyer
Referral Services at (856) 261-4862.

DATED: October 10, 2007

                                       Clerk of the Superior Court

PETER N. MILLIGAN, ESQ.

2

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

| | |
|---|---|
| WU & ASSOCIATES, INC. | SUPERIOR COURT OF NEW JERSEY |
| | CAMDEN COUNTY |
| | LAW DIVISION |
| Plaintiffs, | |
| v. | DOCKET NO.: L- 5945-07 |
| BRENDAN WARD MASONRY INC. and INTERNATIONAL FIDELITY INSURANCE COMPANY | |
| Defendants | COMPLAINT |

Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

### COUNT I: BREACH OF CONTRACT

1.  In April 2002, corporate representatives of Defendant
    BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU
    & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a
    Standard Form of Agreement between Contractor and
    Subcontractor.

2.  Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY
    INC. agreed to perform certain tasks associated with masonry
    work, as listed in a detailed "Scope of Work" regarding a
    project commonly known as the "Wilmington Job Corps Center,"
    which is owned by the US Department of Labor.

3.  Defendant BRENDAN WARD MASONRY INC. failed to timely perform
    the required tasks of the written Agreement.

4.  Defendant BRENDAN WARD MASONRY INC. has breached its
    contract with Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.

3

5. Such action has caused Plaintiff WU & ASSOCIATES, INC.
   damage and injury.

   WHEREFORE, judgement is demanded against defendant(s) for
compensatory damages, punitive damages, interest, costs of suit,
and attorney's fees.

### COUNT II: PERFORMANCE BOND

1. Plaintiff WU & ASSOCIATES, INC. repeats each averment of
   Count I as if restated herein.

2. In September 2002, Defendant INTERNATIONAL FIDELITY
   INSURANCE COMPANY executed two (2) agreements commonly known
   as a Subcontractor Performance Bond and a Subcontractor
   Payment Bond.

3. Under the aforementioned agreements, Defendant INTERNATIONAL
   FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &
   ASSOCIATES, INC. for all loss, damage, and expenses
   (including interest, costs, and legal fees) incurred by
   reason of the failure of Defendant BRENDAN WARD MASONRY INC.
   to complete its obligations under the Standard Form of
   Agreement between Contractor and Subcontractor.

4. Duly served written notice has been provided to Defendant
   INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant
   BRENDAN WARD MASONRY INC. has failed to complete its
   obligations.

5. Despite such notice, Defendant INTERNATIONAL FIDELITY
   INSURANCE COMPANY refuses to insure such loss incurred by
   Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

<u>TRIAL DESIGNATION</u>

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

<u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
Peter Neely Milligan, Esq.

Dated: October 10, 2007

PETER N. MILLIGAN, ESQ.

# EXHIBIT "B"

*First page* 1

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

---

WU & ASSOCIATES, INC.

        Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

        Defendants

---

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L-5245-07

NOTICE OF CROSS MOTION TO BAR ALL
CLAIMS OF DEFENDANT BRENDAN WARD
MASONRY INC.

TO:

Roberto K. Paglione, Esq.
Harvey Pennington PC
Ste 360
535 Route 38 E
Cherry Hill, NJ 08002

    Please take note that on Friday, December 7, 2007, at 9 a.m.
in the forenoon, or as soon thereafter as the matter may be
heard, the undersigned attorney for plaintiff in the
above-captioned matter, will make application to the Superior
Court of New Jersey, Law Division, at the Superior Court of New
Jersey, Camden County, for an Order Barring all claims of
Defendant BRENDAN WARD MASONRY INC. The Certification of Counsel
for plaintiff is attached hereto and on file with the Court and a
true copy is annexed hereto and made a part hereof.

DATED: November 20, 2007

              Peter N. Milligan, Esq.
              Attorney for Plaintiff WU &
              ASSOCIATES, INC.

---

PETER N. MILLIGAN, ESQ.
———ATTORNEY AT LAW———

3

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

WU & ASSOCIATES, INC.                    SUPERIOR COURT OF NEW JERSEY
                                         CAMDEN COUNTY
                                         LAW DIVISION
                Plaintiffs,

v.                                       DOCKET NO.: L-5245-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

                Defendants

                                         CERTIFICATION IN SUPPORT OF
                                         CROSS MOTION TO BAR ALL CLAIMS
                                         OF DEFENDANT BRENDAN WARD
                                         MASONRY INC.

        Peter N. Milligan, Esq., of full age, says:

1.    I am the attorney for Plaintiff WU & ASSOCIATES, INC. in

      this matter, and as such I am fully aware of the underlying

      facts of this matter.

2.    Defendant BRENDAN WARD MASONRY INC. has filed a motion

      seeking to dismiss the complaint of Plaintiff Wu &

      Associates; Inc.  As long as the relief sought herein is

      granted, Plaintiff Wu & Associates, Inc. consents to the

      relief sought.

3.    On December 16, 2004, Plaintiff Wu & Associates, Inc. and

      Defendant BRENDAN WARD MASONRY INC. entered into a "tolling

      agreement."  See Tolling Agreement attached hereto as

      Exhibit A.

4.    That agreement is clearly dated December 16, 2004.

                    PETER N. MILLIGAN, ESQ.
                    ────ATTORNEY AT LAW────

4

5.  The tolling agreement, as described in the background below, was agreed to by the parties to allow a lawsuit between Wu & Associates, Inc. and the United States Department of Labor, directly related to the construction project in question, to proceed.  See Complaint against Department of Labor attached hereto as Exhibit A1.

6.  In the tolling agreement, the parties agreed to "arbitrate" any disputes that might exist between the parties.

7.  In part, it was envisioned that the claim of Defendant BRENDAN WARD MASONRY INC. would be resolved in full by the lawsuit between Wu & Associates, Inc. and the United States Department of Labor.

8.  However, because of concerns that the lawsuit between Wu & Associates, Inc. and the United States Department of Labor would not conclude for an extended period of time, Defendant BRENDAN WARD MASONRY INC. sought to cap the time in which a prosecution of its claim could be delayed.

9.  The tolling agreement required the parties to "...initiate such claims by the conclusion of the Expiration Period."

10. The "Expiration Period" was defined as "366 days" from the date of the Tolling Agreement, or **December 17, 2005.**

11. Defendant BRENDAN WARD MASONRY INC. failed to initiate its claims by the conclusion of the Expiration Period.  Thus, any claims by Defendant BRENDAN WARD MASONRY INC. should be barred as untimely.

12. On October 9, 2007, newly retained counsel for Defendant

PETER N. MILLIGAN, ESQ.

ATTORNEY AT LAW

5

BRENDAN WARD MASONRY INC. asserted in writing (to the undersigned, with the address of Brendan Ward's prior counsel) its intent to misinterpret the language of the tolling agreement, and imminently file a civil lawsuit. See 10/9 Letter attached hereto as Exhibit B.

13. On November 20, 2007, counsel for Defendant BRENDAN WARD MASONRY INC. verbally reiterated his intent to file a civil lawsuit "in Delaware."

14. Since Defendant BRENDAN WARD MASONRY INC. has announced its intent to skew the language and intent of the tolling agreement, some background is necessary as to advise the court of actual history of the tolling agreement and dispute(s) between the parties.

15. On or about April 5, 2002, Plaintiff Wu & Associates, Inc. and Defendant BRENDAN WARD MASONRY INC. entered into a written agreement regarding a construction project located at the Wilmington Job Corp Center in Wilmington, DE. See Contract (with relevant portions only) attached hereto as Exhibit C.

16. The contract expressly provides that all disputes are to be addressed by way of arbitration. See Contract (with relevant portions only) attached hereto as Exhibit C at Article 6.

17. Plaintiff Wu & Associates, Inc. is located in Cherry Hill, NJ.

18. Defendant BRENDAN WARD MASONRY INC. is located in Radnor,

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

6

PA.

19. During the course of the construction project, Defendant
    BRENDAN WARD MASONRY INC. failed to adequately perform, such
    that the contract amount was reduced from $950,000 to
    $803,749.32.

20. To circumvent the arbitration clause of the contract, on or
    about March 19, 2004, Defendant BRENDAN WARD MASONRY INC.
    filed suit in the United State District Court in the
    District of Delaware under Docket No. 04 118 (KAJ) against
    the bonding agent of Plaintiff Wu & Associates, Inc., but
    not Plaintiff Wu & Associates, Inc., and alleged breach of
    contract.  See United State District Court in the District
    of Delaware Civil Suit under Docket No. 04 118 (KAJ)
    attached hereto as Exhibit D.

21. On April 22, 2004, Plaintiff Wu & Associates, Inc., on
    behalf of its bonding agent, filed an answer to the civil
    suit pending in the United State District Court in the
    District of Delaware under Docket No. 04 118 (KAJ).  See
    Answer attached hereto as Exhibit E.

22. On May 3, 2004, Plaintiff Wu & Associates, Inc. filed civil
    litigation against the Defendant BRENDAN WARD MASONRY INC.
    and its bonding agent, in the Superior Court of New Jersey,
    Camden County, under Docket No. L 2425-04.  See Complaint
    attached hereto as Exhibit F.

23. On May 19, 2004, Defendant BRENDAN WARD MASONRY INC. filed a
    Demand for Arbitration with the American Arbitration

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

7

Association (hereinafter "AAA") against Plaintiff Wu & Associates, Inc.  See May 24, 2004 Letter attached hereto as Exhibit G, and Demand for Arbitration attached hereto as Exhibit H.

24.   On May 25, 2004, Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc. agreed to dismiss the litigation pending in the United State District Court in the District of Delaware under Docket No. 04 118 (KAJ), because all disputes were to be addressed in the then pending AAA arbitration.  See 5/24/04 Letter and Consent Order attached hereto as Exhibit I.

25.   On June 8, 2004, Plaintiff Wu & Associates, Inc. filed its Answer and Counterclaim in the then pending AAA arbitration.  See Answer attached hereto as Exhibit J.

26.   On or about June 23, 2004, Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc. agreed to dismiss the litigation pending in Camden County, NJ under Docket No. L 2425-04, because the bonding company of Defendant BRENDAN WARD MASONRY INC. agreed to be bound by the AAA arbitration.  See 9/23/04 Letter and Consent Order attached hereto as Exhibit K.

27.   On September 9, 2004, the AAA removed its appointed arbitrator, because of his newly disclosed relationship with then counsel for Defendant BRENDAN WARD MASONRY INC.  See 9/9/04 Letter attached hereto as Exhibit L.

28.   On September 15, 2004, the AAA appointed a new arbitrator.

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

8

See 9/15/04 Letter attached hereto as Exhibit M.

29.  On September 27, 2004, Defendant BRENDAN WARD MASONRY INC. communicated its objection to the new arbitrator appointed by the AAA.  See 9/27/04 Letter attached hereto as Exhibit N.

30.  On October 8, 2004, the AAA affirmed their appointment of the new arbitrator.  See 10/8/04 Letter attached hereto as Exhibit O.

31.  On October 20, 2004, the AAA reaffirmed their appointment of the new arbitrator.  See 10/20/04 Letter attached hereto as Exhibit P.

32.  On October 21, 2004, I confirmed in writing the still uncontradicted threats of Defendant BRENDAN WARD MASONRY INC. over the arbitrator appointed by the AAA.  See 10/21/04 Letter attached hereto as Exhibit Q.  Particularly, I confirmed that

> You have expressed frustration with the costs and administrative abilities of AAA, and with the professionalism and ability of the appointed arbitrator.
>
> It is my understanding that you will only proceed with Mr. Coffey under protest, and with the threat to sue AAA if the arbitration ruling is not satisfactory to your client.

33.  During this time, Defendant BRENDAN WARD MASONRY INC. agreed to assist Plaintiff Wu & Associates, Inc. in its lawsuit against the United States Department of Labor.  In short, Defendant BRENDAN WARD MASONRY INC. agreed to allow Plaintiff Wu time to assert their consistent arguments that the United States Department of Labor failed to warn of

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

9

significant otherwise unknown conditions at the job site.[1]

34.  On November 1, 2004, the parties exchanged a draft tolling agreement.

35.  Counsel Defendant BRENDAN WARD MASONRY INC. expressed his client's concern over an opened ended tolling, and required that the matters be re-filed within 366 days of the date of the tolling agreement.

36.  On December 16, 2004, Plaintiff Wu & Associates, Inc. and Defendant BRENDAN WARD MASONRY INC. entered into a "tolling agreement."  See Tolling Agreement attached hereto as Exhibit A.

37.  On December 17, 2004, the American Arbitration Association closed the pending arbitration between Defendant BRENDAN WARD MASONRY INC. and Plaintiff Wu & Associates, Inc.  See 12/17/04 Letter attached hereto as Exhibit R.

38.  During the pendency of the tolling agreement, Defendant BRENDAN WARD MASONRY INC. took no reasonable action toward arbitration of this matter.

39.  Instead, after the passing of over 1,000 days from the execution of the tolling agreement, Defendant BRENDAN WARD MASONRY INC. suddenly threatened – verbally and in writing – to file another civil suit in Delaware.

40.  Upon receiving the threat that BRENDAN WARD anticipated

---

[1]  In the end, BRENDAN WARD's claims were completely rejected in the suit against the United States Department of Labor, and BRENDAN WARD failed to meet its obligation to assist Plaintiff Wu in asserts the claim against the United States Department of Labor.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

10

filing yet another civil suit, Plaintiff Wu caused this action to be filed for the express purposes of seeking to obtain a judicial order closing this matter forever - the application by BRENDAN WARD seeking dismissal (without disclosure of the additional details outlined herein) was not anticipated.

41. Frankly, both parties should be barred from pursuing civil suits over this subject (the contract provides for arbitration only), and barred from instituting untimely arbitration proceedings (the time for instituting same by agreement has long passed).

42. The dispute in this matter - over a April 5, 2002 contract - has grown stale, and the merits of BRENDAN WARD's claims were already rejected in the suit between Wu & Associates, Inc. and the United States Department of Labor.

43. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

                                            Peter N. Milligan, Esq.
                                            Attorney for Plaintiff WU
                                            & ASSOCIATES, INC.

DATED:  November 20, 2007

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

11

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

---

WU & ASSOCIATES, INC.                    SUPERIOR COURT OF NEW JERSEY
                                          CAMDEN COUNTY
                                          LAW DIVISION
              Plaintiffs,

v.                                        DOCKET NO.: L-5245-07

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

              Defendants
                                          **PROOF OF SERVICE**

---

     Peter N. Milligan, Esq., of full age, says:

1.   I am the attorney for defendants in this matter, and as such
     I am fully aware of the underlying facts of this matter.

2.   On November 20, 2007, I forwarded a copy of the Cross Motion
     to Bar to counsel for all parties by regular mail in the
     Cherry Hill Twp. Postal Office.

3.   I certify that the foregoing statements made by me are true.
     I am aware that if any of the foregoing statements made by
     me are willingly false, I am subject to punishment.

                                   _____
                                   Peter N. Milligan, Esq.
                                   Attorney for Plaintiff WU
                                   & ASSOCIATES, INC.

DATED:  November 20, 2007

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit A

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

1

PETER NEELY MILLIGAN, ESQ.
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Wu & Associates, Inc.

### TOLLING AGREEMENT

This tolling agreement is made and entered into between WU &
ASSOCIATES, INC. and BRENDAN WARD MASONRY INC. by their
respective undersigned counsel;

WHEREAS, Wu & Associates, Inc. has or will shortly submit
all claims made and their supporting documentation of Brendan
Ward Masonry, Inc. in the current pending case under Case No.
2003-BCA-1;

WHEREAS, Brendan Ward Masonry, Inc. has expressed
dissatisfaction with the arbitrator appointed by AAA;

WHEREAS, Wu & Associates, Inc. has expressed its position
that it does not believe that this matter is ripe for
arbitration, that is, until the pending Department of Labor
litigation is closed; and

WHEREAS, both parties agree that duplicative expenses in the
Department of Labor litigation and an arbitration are
unnecessary;

NOW THEREFORE, in consideration of the mutual agreements
hereinafter set forth, each party intending to be legally bound
hereby, the parties covenant and agree as follows:

1.   As used herein, the following terms shall have the following
     meanings:

     a.   "CLAIMS" shall mean any and all claims and causes of

### PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

2

action, known or unknown, which the parties have against each other in any capacity regarding the construction project with the Department of Labor in Wilmington, DE.

b.  "EXPIRATION PERIOD" shall mean thirty (30) days after written notice to the undersigned from Sean T. O'Meara, Esq. of the final resolution, without possibility of appeal, of the matter pending under Case No. 2003-BCA-1, or 366 days (whichever comes first).

C.  "TOLLING PERIOD" shall mean the period from and including the date this agreement is executed to and including the expiration date.

d.  The tolling agreement embodied herein shall be for the mutual benefit of the parties.

2.  The parties agree to dismiss and withdraw the pending AAA arbitration pending under 14Y1100101004;

3.  The parties stipulate, covenant, and agree to the suspension during the tolling period of the running of all statutes of limitation, laches periods, or similar defenses based upon a lapse of a period of time that may otherwise be asserted by it as a full or partial defenses against any claims;

4.  The parties hereby agree to arbitrate any claims that exist after the expiration period, and agree to initiate such claims by the conclusion of the Expiration Period.

5.  Prior to the Expiration Period, the parties shall negotiate in good faith to select a mutually acceptable arbitrator.

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

3

If unable, the parties will appoint their own arbitrators, and be responsible for their own arbitrator's costs. The two (2) appointed arbitrators will then select a neutral arbitrator. The expenses of the neutral arbitrator will be equally shared by the parties.

6. Except to the extent set forth above with the respect to the time related defenses, this tolling agreement shall not affect any other defenses or claims that the parties may have.

7. This tolling agreement constitutes the full and complete agreement between the parties. This tolling agreement may not be modified except in writing.

8. This tolling agreement may be executed in any number of originals or telecopied counterparts.

9. The parties agree that this tolling agreement nor any acts or statements related to it shall constitute any admission of liability, and that this tolling agreement may not be introduced or received into evidence.

Peter Neely Milligan, Esq.
Attorney for WU & ASSOCIATES, INC.

By: _____
     Peter Neely Milligan, Esq.

Dated: December 16, 2004

Paul A. Bucco, Esq.,
Attorney for BRENDAN WARD MASONRY
INC.

By: _____
     Paul A. Bucco, Esq.

Dated:

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

# Exhibit A1

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorney for Appellant, Wu & Associates, Inc.

By: SEAN T. O'MEARA, ESQUIRE

Appeal of Wu & Associates, Inc.

Under Contract No. AE-11793-01-20

LBCA No.

## COMPLAINT

Appellant, Wu & Associates, Inc. ("Wu"), 597 Deer Road, Cherry Hill, New Jersey, by way of complaint against respondent, United States Department of Labor ("DOL"), pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §601 et seq., says:

## FACTUAL BACKGROUND

1.      This dispute pertains to the construction of the Wilmington Job Corps Center, located in Wilmington, Delaware (the "Project"). The Project was funded by the City of Wilmington, the State of Delaware and the DOL, although Wu's Contract was with the DOL.

2.      On August 16, 2001, Wu was informed that it was the lowest qualified bidder to be the General Contractor for the Project.

3.      Although Wu signed written Contract No. AE-11793-01-20 (the "Contract") in late August, 2001, it did not receive an executed version back from the DOL until on or about September 28, 2001. Wu expected to begin work immediately thereafter.

4.      In the Contract, Wu agreed to provide the necessary labor and material specified for the Project for the lump sum of $5,875,000.00.

5.      Due primarily to various environmental problems at the Project, the DOL did not issue a Notice to Proceed to Wu until May 31, 2002. Thereafter, the DOL did not issue a Change Directive pertaining to hazardous monitoring and pollution insurance until June 17, 2002. As a result, Wu's performance was delayed for approximately nine (9) months by the DOL from the outset.

6.      During the course of the Project, the DOL requested Wu to perform numerous items of extra work beyond the scope of the Contract. The amount of extra work requested by the DOL has been extraordinary, such that the job is now not expected to be substantially completed until October, 2003, approximately 14-15 months later than expected. Since Wu has not been paid for some of these items of extra work, it requests payment for all such work plus, when appropriate, a time extension and delay damages attributable to these requests.

7.      At various times prior to September 26, 2002, Wu submitted claims pertaining to the extra work and to the delays caused by the DOL to the DOL's Contracting Officer, Brenda B. Williams. By letter dated September 26, 2002, Wu provided Ms. Williams with a Certification pertaining to these claims.

8.      At the request of the DOL, by letter dated October 31, 2002, Wu provided a revised Certification to the DOL in connection with its claims.

9.      By letter dated December 4, 2002, the Contracting Officer responded to Wu's claims. Although it deferred decision on a number of the claims, the DOL indicated that it denied Change Order Request Nos. 1, 2, 10 and 12.

10.      By letter dated December 11, 2002, Wu filed a Notice of Appeal with the Secretary of Labor as to the claims asserted herein.

11.      The DOL has not responded to Wu's Notice of Appeal.

2

## FIRST COUNT
### (CHANGE ORDER REQUEST NO. 1)

11.    Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

12.    The DOL directed Wu to write a Health and Safety Plan to address the environmental concerns at the site.

13.    Wu incorporated the DOL's request into Change Order Request No. 1, and sought $825.00 and a time extension.

14.    The DOL agreed to pay Wu for the costs of this extra work, but refused to grant a time extension. In addition, Wu has suffered delay damages as a result of this request for extra work.

15.    The DOL's failure to pay Wu full for all costs and damages associated with Change Order Request No. 1 is unjustified and unlawful, and constitutes a breach of the DOL's Contract with Wu.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

a.    A declaration that Wu is entitled to a time extension, the exact number of days to be determined;

b.    Delay damages;

c.    Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

d.    All other relief the Court should deem proper.

## SECOND COUNT
### (CHANGE ORDER REQUEST NO. 1)

16.    Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

3

17.    Wu rendered its services and provided materials to the DOL for Change Order Request No. 1 based on the DOL's promise to pay for same and at the DOL's direction.

18.    The DOL has benefited from the services and materials provided by Wu, and would be unjustly enriched if it was not forced to pay Wu for its services and materials.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

a.    A declaration that Wu is entitled to a time extension, the exact number of days to be determined;

b.    Delay damages;

c.    Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

d.    All other relief the Court should deem proper.

### THIRD COUNT
### (CHANGE ORDER REQUEST NO. 2)

19.    Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

20.    During the course of the Project, the DOL requested Wu to provide a temporary fence at the site.

21.    Wu incorporated the DOL's request into Change Order Request No. 2, and sought $3,466.19.

22.    The DOL refused to pay Wu for Change Order Request No. 2. In addition, Wu sustained delay damages due to its performance of this extra work.

23.    The DOL's failure to pay Wu for Change Order Request No. 2 is unjustified and unlawful, and constitutes a breach of the DOL's Contract with Wu.

4

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

      a.     Monetary damages of $3,466.19;

      b.     Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

      c.     All other relief the Court should deem proper.

### FOURTH COUNT
### (CHANGE ORDER REQUEST NO. 2)

24.     Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

25.     Wu rendered its services and provided materials to the DOL for Change Order Request No. 2 based on the DOL's promise to pay for same and at the DOL's direction.

26.     The DOL has benefited from the services and materials provided by Wu, and would be unjustly enriched if it was not forced to pay Wu for its services and materials.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

      a.     Monetary damages of $3,466.19;

      b.     Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

      c.     All other relief the Court should deem proper.

### FIFTH COUNT
### (CHANGE ORDER REQUEST NO. 10)

27.     Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

28.     During the course of the Project, the DOL requested Wu to provide a survey pertaining to the inconsistencies in the contract documents.

29.     Wu incorporated the DOL's request in Change Order Request No. 10, and sought $1,002.28 and a time extension.

30.     The DOL agreed to pay Wu for the cost of the extra work, but refused to grant Wu the time extension.  In addition, Wu has suffered delay damages attributable to the extra work.

31.     The DOL's failure to pay Wu for Change Order Request No. 10 is unjustified and unlawful, and constitutes a breach of the DOL's Contract with Wu.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

a.      A declaration that Wu is entitled to a time extension, the exact number of days to be determined.

b.      Delay damages;

c.      Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

d.      All other relief the Court should deem proper.

## SIXTH COUNT
### (CHANGE ORDER REQUEST NO. 10)

32.     Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

33.     Wu rendered its services and provided materials to the DOL for Change Order Request No. 12 based on the DOL's promise to pay for same and at the DOL's direction.

34.     The DOL has benefited from the services and materials provided by Wu, and would be unjustly enriched if it was not forced to pay Wu for its services and materials.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

6

a.     A declaration that Wu is entitled to a time extension, the exact number of days to be determined;

b.     Delay damages;

c.     Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

d.     All other relief the Court should deem proper.

## SEVENTH COUNT
### (CHANGE ORDER NO. 12)

35.     Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

36.     During the course of the Project, the DOL requested Wu to provide an electrical operable partition.

37.     Wu incorporated the DOL's request into Change Order Request No. 12, and sought $4,938.48 for this work.

38.     The DOL refused to pay Wu for Change Order Request No. 12, or grant a time extension

39.     The DOL's failure to pay Wu for Change Order Request No. 12 was unjustified and unlawful, and constitutes a breach of the DOL's Contract with Wu.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

a.     Monetary damages of $4,938.48;

b.     Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

c.     All other relief the Court should deem proper.

7

## EIGHTH COUNT
### (CHANGE ORDER REQUEST NO. 12)

40.    Wu repeats the allegations of the prior paragraphs as if set forth at length herein.

41.    Wu rendered its services and provided materials to the DOL for Change Order Request No. 12 based on the DOL's promise to pay for same and at the DOL's direction.

42.    The DOL has benefited from the services and materials provided by Wu, and would be unjustly enriched if it was not forced to pay Wu for its services and materials.

WHEREFORE, Wu & Associates, Inc. demands judgment against the U.S. Department of Labor for the following:

a.    Monetary damages of $4,938.48;

b.    Prejudgment interest, pursuant to paragraph 52.232-17 of the Contract, 41 U.S.C. §611 and otherwise; and

c.    All other relief the Court should deem proper.

ARCHER & GREINER
A Professional Corporation
Attorneys for Appellant, Wu & Associates, Inc.

By: _Sean T. O'Meara_
SEAN T. O'MEARA

Dated: January 24, 2003

1158573v1

8

# Exhibit B

Peter N. Milligan, Esq.
ATTORNEY AT LAW

10/11/2007  15:29    6102388244                  DAVIS BUCCO ARDIZZI                  PAGE  02/85



# DVH
## DeVlieger Hilser P.C.
ATTORNEYS AT LAW

John E. Hilser *‡

October 9, 2007

*Also Admitted in NJ
‡Also Admitted in FL

*Direct Dial Ext. 12*
*email: jhilser@dvhlaw.com*

**Via Facsimile & First Class Mail**
Peter Neely Milligan, Esquire
Davis, Bucco & Ardizzi, P.C.
10 East 6th Avenue, Ste. 100
Conshohocken, PA 19428

Re:    Brendan Ward Masonry, Inc.  v.  Wu & Associates, Inc.
Project: Wilmington Job Corps, Wilmington, DE
Our File No.: 110.001

Dear Peter:

As a follow up to our discussion today, please be advised that this firm has been retained by Brendan Ward Masonry, Inc. to represent its interest in connection with the above referenced project. I enclose for your reference a Tolling Agreement entered into between the parties whereby it was agreed that Brendan Ward's claims would be withheld pending the resolution of the claims submitted by Wu against the government and the limitations of actions would be tolled for a period of 366 days. A decision was rendered on January 5, 2007 in connection with Wu's claims. Since the limitation period as amended by the Tolling Agreement is nearing conclusion, I have been instructed by my client to file a complaint against Wu & Associates as soon as possible. In the event that your client is in agreement to proceed in accordance with the Tolling Agreement, whereby the parties agreed to select mutually acceptable arbitrators, we would require a Tolling Agreement of an additional sixty (60) days in which the parties could undertake the arbitration selection process. Otherwise, we will be filing a complaint no later than Friday October 12, 2007. In the event that your client is not amenable to tolling any limitation for an additional sixty (60) days, please advise as to whether you are authorized to accept service on behalf of Wu & Associates.

I thank you for your attention to this matter and look forward to hearing from you.

Very truly yours,

*John Hil[signature]*

JOHN E. HILSER

JEH/cs
Enclosure
cc: Brendan Ward (via facsimile & first class mail)

1518 Walnut Street, 16th Floor, Philadelphia, PA 19102  (215) 735-9181 Phone  (215) 735-9186 Fax
2345 Bethel Avenue, Merchantville, NJ 08109 (856) 661-1150 Phone (856) 661-1151 Fax
352 San Claudio Ave. 2nd Fl., Sagrado Corazon, San Juan, PR 00926 (787) 292-7564 Phone (787) 760-5718 Fax
dvhlaw.com    suretycounsel.com

# Exhibit C

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

1 /7 EDITION

## AIA DOCUMENT | A401-1997



*Standard Form of Agreement Between Contractor and Subcontractor*

Subcontract 0102-25

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

**AGREEMENT** made as of the   5th (fifth)   day of April
in the year 2002 (Two Thousand Two).
*(In words, indicate day, month and year)*

**BETWEEN** the Contractor:   Wu & Associates, Inc.
*(Name, address and other information)*   597 Deer Road
Cherry Hill, NJ 08034

This document has been approved and endorsed by the American Subcontractors Association and the Associated Specialty Contractors, Inc.

and the Subcontractor:   Brendan Ward Masonry, Inc.
*(Name, address and other information)*   345 Oak Terrace
Radnor, PA 19087
P.O.C. Brendan Ward
Tel: 610-293-7661  Fax: 610-971-2181

The Contractor has made a contract for construction dated
September 28, 2001

With the Owner:   U.S. Department of Labor
*(Name, address and other information)*   Division of Contract Services
200 Constitution Avenue, N.W.
Room S - 4203
Washington, DC 20210

For the following Project:
*(Include detailed description of Project, location and address)*

Wilmington Job Corps Center
9 Vandever Avenue
Wilmington, DE 19802

which Contract is hereinafter referred to as the Prime Contract and which provides for the furnishing of labor, materials, equipment and services in connection with the construction of the Project. A copy of the Prime Contract, consisting of the Agreement Between Owner and Contractor (from which compensation amounts may be deleted) and the other Contract Documents enumerated therein has been made available to the Subcontractor.



The Architect for the Project is:   Tevebaugh Associates
*(Name, address and other information)*   2 Mill Road, Suite 210
Wilmington, DE 19806

© 1997 A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The Contractor and the Subcontractor agree as follows

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

Copyright 1915, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1967, 1972, 1978, 1987. © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution. **WARNING:** Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

## ARTICLE 1  THE SUBCONTRACT DOCUMENTS

1.1     The Subcontract Documents consist of (1) this Agreement; (2) the Prime Contract, consisting of the Agreement between the Owner and Contractor and the other Contract Documents enumerated therein; (3) Modifications issued subsequent to the execution of the Agreement between the Owner and Contractor, whether before or after the execution of this Agreement; (4) other documents listed in Article 16 of this Agreement; and (5) Modifications to this Subcontract issued after execution of this Agreement. These form the Subcontract, and are as fully a part of the Subcontract as if attached to this Agreement or repeated herein. The Subcontract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Subcontract Documents, other than Modifications issued subsequent to the execution of this Agreement, appears in Article 16.

1.2     Except to the extent of a conflict with a specific term or condition contained in the Subcontract Documents, the General Conditions governing this Subcontract shall be the edition of AIA Document A201, General Conditions of the Contract for Construction, current as of the date of this Agreement.

1.3     The Subcontract may be amended or modified only by a Modification. The Subcontract Documents shall not be construed to create a contractual relationship of any kind (1) between the Architect and the Subcontractor, (2) between the Owner and the Subcontractor, or (3) between any persons or entities other than the Contractor and Subcontractor.

1.4     The Subcontractor shall be furnished copies of the Subcontract Documents upon request, but the Contractor may charge the Subcontractor for the reasonable cost of reproduction.

## ARTICLE 2  MUTUAL RIGHTS AND RESPONSIBILITIES

2.1     The Contractor and Subcontractor shall be mutually bound by the terms of this Agreement and, to the extent that the provisions of the edition of AIA Document A201 current as of the date of this Agreement apply to this Agreement pursuant to Paragraph 1.2 and provisions of the Prime Contract apply to the Work of the Subcontractor, the Contractor shall assume toward the Subcontractor all obligations and responsibilities that the Owner, under such documents, assumes toward the Contractor, and the Subcontractor shall assume toward the Contractor all obligations and responsibilities which the Contractor, under such documents, assumes toward the Owner and the Architect. The Contractor shall have the benefit of all rights, remedies and redress against the Subcontractor which the Owner, under such documents, has against the Contractor, and the Subcontractor shall have the benefit of all rights, remedies and redress against the Contractor which the Contractor, under such documents, has against the Owner, insofar as applicable to this Subcontract. Where a provision of such documents is inconsistent with a provision of this Agreement, this Agreement shall govern.

2.2     The Contractor may require the Subcontractor to enter into agreements with Sub-subcontractors performing portions of the Work of this Subcontract by which the Subcontractor and the Sub-subcontractor are mutually bound, to the extent of the Work to be performed by the Sub-subcontractor, assuming toward each other all obligations and responsibilities which the Contractor and Subcontractor assume toward each other and having the benefit of all rights, remedies and redress each against the other which the Contractor and Subcontractor have by virtue of the provisions of this Agreement.



© 1997  A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

## ARTICLE 3  CONTRACTOR

**3.1     SERVICES PROVIDED BY THE CONTRACTOR**

**3.1.1**     The Contractor shall cooperate with the Subcontractor in scheduling and performing the Contractor's Work to avoid conflicts or interference in the Subcontractor's Work and shall expedite written responses to submittals made by the Subcontractor in accordance with Paragraph 4.1 and Article 5. As soon as practicable after execution of this Agreement, the Contractor shall provide the Subcontractor copies of the Contractor's construction schedule and schedule of submittals, together with such additional scheduling details as will enable the Subcontractor to plan and perform the Subcontractor's Work properly. The Subcontractor shall be notified promptly of subsequent changes in the construction and submittal schedules and additional scheduling details.

**3.1.2**     The Contractor shall provide suitable areas for storage of the Subcontractor's materials and equipment during the course of the Work. Additional costs to the Subcontractor resulting from relocation of such facilities at the direction of the Contractor, except as previously agreed upon, shall be reimbursed by the Contractor.

**3.1.3**     Except as provided in Article 14, the Contractor's equipment will be available to the Subcontractor only at the Contractor's discretion and on mutually satisfactory terms.

**3.2     COMMUNICATIONS**

**3.2.1**     The Contractor shall promptly make available to the Subcontractor information, including information received from the Owner, which affects this Subcontract and which becomes available to the Contractor subsequent to execution of this Subcontract.

**3.2.2**     The Contractor shall not give instructions or orders directly to the Subcontractor's employees or to the Subcontractor's Sub-subcontractors or material suppliers unless such persons are designated as authorized representatives of the Subcontractor.

**3.2.3**     The Contractor shall permit the Subcontractor to request directly from the Architect information regarding the percentages of completion and the amount certified on account of Work done by the Subcontractor.

**3.2.4**     If hazardous substances of a type of which an employer is required by law to notify its employees are being used on the site by the Contractor, a subcontractor or anyone directly or indirectly employed by them (other than the Subcontractor), the Contractor shall, prior to harmful exposure of the Subcontractor's employees to such substance, give written notice of the chemical composition thereof to the Subcontractor in sufficient detail and time to permit the Subcontractor's compliance with such laws.

**3.2.5**     The Contractor shall furnish to the Subcontractor within 30 days after receipt of a written request, or earlier if so required by law, information necessary and relevant for the Subcontractor to evaluate, give notice of or enforce mechanic's lien rights. Such information shall include a correct statement of the record legal title to the property, usually referred to as the site, on which the Project is located and the Owner's interest therein.

**3.2.6**     If the Contractor asserts or defends a claim against the Owner which relates to the Work of the Subcontractor, the Contractor shall make available to the Subcontractor information relating to that portion of the claim which relates to the Work of the Subcontractor.

**3.3     CLAIMS BY THE CONTRACTOR**

**3.3.1**     Liquidated damages for delay, if provided for in Paragraph 9.3 of this Agreement, shall be assessed against the Subcontractor only to the extent caused by the Subcontractor or any person or entity for whose acts the Subcontractor may be liable, and in no case for delays or causes arising outside the scope of this Subcontract.



© 1997  A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington D.C. 20006-5292

**WARNING:** Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

3.3.2    The Contractor's claims for services or materials provided the Subcontractor shall require:
 .1    seven days' prior written notice except in an emergency;
 .2    written compilations to the Subcontractor of services and materials provided and charges for such services and materials no later than the fifteenth day of the following month.

**3.4    CONTRACTOR'S REMEDIES**

3.4.1    If the Subcontractor defaults or neglects to carry out the Work in accordance with this Agreement and fails within three working days after receipt of written notice from the Contractor to commence and continue correction of such default or neglect with diligence and promptness, the Contractor may, after three days following receipt by the Subcontractor of an additional written notice, and without prejudice to any other remedy the Contractor may have, make good such deficiencies and may deduct the reasonable cost thereof from the payments then or thereafter due the Subcontractor.

## ARTICLE 4   SUBCONTRACTOR

**4.1    EXECUTION AND PROGRESS OF THE WORK**

4.1.1    The Subcontractor shall supervise and direct the Subcontractor's Work, and shall cooperate with the Contractor in scheduling and performing the Subcontractor's Work to avoid conflict, delay in or interference with the Work of the Contractor, other subcontractors or Owner's own forces.

4.1.2    The Subcontractor shall promptly submit Shop Drawings, Product Data, Samples and similar submittals required by the Subcontract Documents with reasonable promptness and in such sequence as to cause no delay in the Work or in the activities of the Contractor or other subcontractors.

4.1.3    The Subcontractor shall submit to the Contractor a schedule of values allocated to the various parts of the Work of this Subcontract, aggregating the Subcontract Sum, made out in such detail as the Contractor and Subcontractor may agree upon or as required by the Owner, and supported by such evidence as the Contractor may require. In applying for payment, the Subcontractor shall submit statements based upon this schedule.

4.1.4    The Subcontractor shall furnish to the Contractor periodic progress reports on the Work of this Subcontract as mutually agreed, including information on the status of materials and equipment which may be in the course of preparation, manufacture or transit.

4.1.5    The Subcontractor agrees that the Contractor and the Architect will each have the authority to reject Work of the Subcontractor which does not conform to the Prime Contract. The Architect's decisions on matters relating to aesthetic effect shall be final and binding on the Subcontractor if consistent with the intent expressed in the Prime Contract.

4.1.6    The Subcontractor shall pay for all materials, equipment and labor used in connection with the performance of this Subcontract through the period covered by previous payments received from the Contractor, and shall furnish satisfactory evidence, when requested by the Contractor, to verify compliance with the above requirements.

4.1.7    The Subcontractor shall take necessary precautions to protect properly the Work of other subcontractors from damage caused by operations under this Subcontract.

4.1.8    The Subcontractor shall cooperate with the Contractor, other subcontractors and the Owner's own forces whose Work might interfere with the Subcontractor's Work. The



© 1997  A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

Subcontractor shall participate in the preparation of coordinated drawings in areas of congestion, if required by the Prime Contract, specifically noting and advising the Contractor of potential conflicts between the Work of the Subcontractor and that of the Contractor, other subcontractors or the Owner's own forces.

**4.2     LAWS, PERMITS, FEES AND NOTICES**

**4.2.1**     The Subcontractor shall give notices and comply with laws, ordinances, rules, regulations and orders of public authorities bearing on performance of the Work of this Subcontract. The Subcontractor shall secure and pay for permits and governmental fees, licenses and inspections necessary for proper execution and completion of the Subcontractor's Work, the furnishing of which is required of the Contractor by the Prime Contract.

**4.2.2**     The Subcontractor shall comply with Federal, state and local tax laws; social security acts, unemployment compensation acts and workers' compensation acts insofar as applicable to the performance of this Subcontract.

**4.3     SAFETY PRECAUTIONS AND PROCEDURES**

**4.3.1**     The Subcontractor shall take reasonable safety precautions with respect to performance of this Subcontract, shall comply with safety measures initiated by the Contractor and with applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons and property in accordance with the requirements of the Prime Contract. The Subcontractor shall report to the Contractor within three days an injury to an employee or agent of the Subcontractor which occurred at the site.

**4.3.2**     If hazardous substances of a type of which an employer is required by law to notify its employees are being used on the site by the Subcontractor, the Subcontractor's Sub-subcontractors or anyone directly or indirectly employed by them, the Subcontractor shall, prior to harmful exposure of any employees on the site to such substance, give written notice of the chemical composition thereof to the Contractor in sufficient detail and time to permit compliance with such laws by the Contractor, other subcontractors and other employers on the site.

**4.3.3**     If reasonable precautions will be inadequate to prevent foreseeable bodily injury or death to persons resulting from a material or substance, including but not limited to asbestos or polychlorinated biphenyl (PCB), encountered on the site by the Subcontractor, the Subcontractor shall, upon recognizing the condition, immediately stop Work in the affected area and report the condition to the Contractor in writing. When the material or substance has been rendered harmless, the Subcontractor's Work in the affected area shall resume upon written agreement of the Contractor and Subcontractor. The Subcontract Time shall be extended appropriately and the Subcontract Sum shall be increased in the amount of the Subcontractor's reasonable additional costs of demobilization, delay and remobilization, which adjustments shall be accomplished as provided in Article 5 of this Agreement.



**4.3.4**     To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Subcontractor, the Subcontractor's Sub-subcontractors, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work in the affected area if in fact the material or substance presents the risk of bodily injury or death as described in Subparagraph 4.3.3 and has not been rendered harmless, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom and provided that such damage, loss or expense is not due to the sole negligence of a party seeking indemnity.

© 1 9 9 7     A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

**4.4    CLEANING UP**

**4.4.1**    The Subcontractor shall keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations performed under this Subcontract. The Subcontractor shall not be held responsible for unclean conditions caused by other contractors or subcontractors.

**4.4.2**    As provided under Subparagraph 3.3.2, if the Subcontractor fails to clean up as provided in the Subcontract Documents, the Contractor may charge the Subcontractor for the Subcontractor's appropriate share of cleanup costs.

**4.5    WARRANTY**

**4.5.1**    The Subcontractor warrants to the Owner, Architect and Contractor that materials and equipment furnished under this Subcontract will be of good quality and new unless otherwise required or permitted by the Subcontract Documents, that the Work of this Subcontract will be free from defects not inherent in the quality required or permitted, and that the Work will conform to the requirements of the Subcontract Documents. Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective. The Subcontractor's warranty excludes remedy for damage or defect caused by abuse, modifications not executed by the Subcontractor, improper or insufficient maintenance, improper operation, or normal wear and tear under normal usage. This warranty shall be in addition to and not in limitation of any other warranty or remedy required by law or by the Subcontract Documents.

**4.6    INDEMNIFICATION**

**4.6.1**    To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Paragraph 4.6.

**4.6.2**    In claims against any person or entity indemnified under this Paragraph 4.6 by an employee of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under Subparagraph 4.6.1 shall not be limited by a limitation on the amount or type of damages, compensation or benefits payable by or for the Subcontractor or the Subcontractor's Sub-subcontractors under workers' compensation acts, disability benefit acts or other employee benefit acts.

**4.7    REMEDIES FOR NONPAYMENT**

**4.7.1**    If the Contractor does not pay the Subcontractor through no fault of the Subcontractor, within seven days from the time payment should be made as provided in this Agreement, the Subcontractor may, without prejudice to any other available remedies, upon seven additional days' written notice to the Contractor, stop the Work of this Subcontract until payment of the amount owing has been received. The Subcontract Sum shall, by appropriate adjustment, be increased by the amount of the Subcontractor's reasonable costs of demobilization, delay and remobilization.



©1997   AIA®
**AIA DOCUMENT A401-1997**
**CONTRACTOR-**
**SUBCONTRACTOR**
**AGREEMENT**

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

**WARNING:** Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

## ARTICLE 5  CHANGES IN THE WORK

5.1     The Owner may make changes in the Work by issuing Modifications to the Prime Contract. Upon receipt of such a Modification issued subsequent to the execution of the Subcontract Agreement, the Contractor shall promptly notify the Subcontractor of the Modification. Unless otherwise directed by the Contractor, the Subcontractor shall not thereafter order materials or perform Work which would be inconsistent with the changes made by the Modifications to the Prime Contract.

5.2     The Subcontractor may be ordered in writing by the Contractor, without invalidating this Subcontract, to make changes in the Work within the general scope of this Subcontract consisting of additions, deletions or other revisions, including those required by Modifications to the Prime Contract issued subsequent to the execution of this Agreement, the Subcontract Sum and the Subcontract Time being adjusted accordingly. The Subcontractor, prior to the commencement of such changed or revised Work, shall submit promptly to the Contractor written copies of a claim for adjustment to the Subcontract Sum and Subcontract Time for such revised Work in a manner consistent with requirements of the Subcontract Documents.

5.3     The Subcontractor shall make all claims promptly to the Contractor for additional cost, extensions of time and damages for delays or other causes in accordance with the Subcontract Documents. A claim which will affect or become part of a claim which the Contractor is required to make under the Prime Contract within a specified time period or in a specified manner shall be made in sufficient time to permit the Contractor to satisfy the requirements of the Prime Contract. Such claims shall be received by the Contractor not less than two working days preceding the time by which the Contractor's claim must be made. Failure of the Subcontractor to make such a timely claim shall bind the Subcontractor to the same consequences as those to which the Contractor is bound.

## ARTICLE 6  MEDIATION AND ARBITRATION

~~6.1      MEDIATION~~

~~6.1.1      Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.~~

~~6.1.2      The parties shall endeavor to resolve their claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to this Subcontract and the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.~~

~~6.1.3      The parties shall share the mediator's fee and any filing fee equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.~~

### 6.2      ARBITRATION

6.2.1     Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to arbitration. ~~Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 6.1.~~



© 1997  AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

6.2.2    Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. Demand for arbitration shall be filed in writing with the other party to this Subcontract and with the American Arbitration Association, and a copy shall be filed with the Architect.

6.2.3    A demand for arbitration shall be made within the time limits specified in the conditions of the Prime Contract as applicable, and in other cases within a reasonable time after the claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim would be barred by the applicable statute of limitations.

6.2.4    Limitation on Consolidation or Joinder. Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Subcontract shall include, by consolidation or joinder or in any other manner, any person or entity not a party to the Subcontract under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect, the Architect's employee, the Architect's consultant, or an employee or agent of any of them. This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

6.2.5    Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded.

6.2.6    Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE 7  TERMINATION, SUSPENSION OR ASSIGNMENT OF THE SUBCONTRACT
### 7.1    TERMINATION BY THE SUBCONTRACTOR
7.1.1    The Subcontractor may terminate the Subcontract for the same reasons and under the same circumstances and procedures with respect to the Contractor as the Contractor may terminate with respect to the Owner under the Prime Contract, or for nonpayment of amounts due under this Subcontract for 60 days or longer. In the event of such termination by the Subcontractor for any reason which is not the fault of the Subcontractor, Sub-subcontractors or their agents or employees or other persons performing portions of the Work under contract with the Subcontractor, the Subcontractor shall be entitled to recover from the Contractor payment for Work executed and for proven loss with respect to materials, equipment, tools, and construction equipment and machinery, including reasonable overhead, profit and damages.

### 7.2    TERMINATION BY THE CONTRACTOR
7.2.1    If the Subcontractor persistently or repeatedly fails or neglects to carry out the Work in accordance with the Subcontract Documents or otherwise to perform in accordance with this Subcontract and fails within seven days after receipt of written notice to commence and continue correction of such default or neglect with diligence and promptness, the Contractor may, after seven days following receipt by the Subcontractor of an additional written notice and without prejudice to any other remedy the Contractor may have, terminate the Subcontract and finish the Subcontractor's Work by whatever method the Contractor may deem expedient. If the



© 1997   AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

unpaid balance of the Subcontract Sum exceeds the expense of finishing the Subcontractor's Work and other damages incurred by the Contractor and not expressly waived, such excess shall be paid to the Subcontractor. If such expense and damages exceed such unpaid balance, the Subcontractor shall pay the difference to the Contractor.

7.2.2    If the Owner terminates the Contract for the Owner's convenience, the Contractor shall deliver written notice to the Subcontractor.

7.2.3    Upon receipt of written notice of termination, the Subcontractor shall:
.1  cease operations as directed by the Contractor in the notice;
.2  take actions necessary, or that the Contractor may direct, for the protection and preservation of the Work; and
.3  except for Work directed to be performed prior to the effective date of termination stated in the notice, terminate all existing Sub-subcontracts and purchase orders and enter into no further Sub-subcontracts and purchase orders.

7.2.4    In case of such termination for the Owner's convenience, the Subcontractor shall be entitled to receive payment for Work executed, and costs incurred by reason of such termination, along with reasonable overhead and profit on the Work not executed.

7.3    SUSPENSION BY THE CONTRACTOR FOR CONVENIENCE
7.3.1    The Contractor may, without cause, order the Subcontractor in writing to suspend, delay or interrupt the Work of this Subcontract in whole or in part for such period of time as the Contractor may determine. In the event of suspension ordered by the Contractor, the Subcontractor shall be entitled to an equitable adjustment of the Subcontract Time and Subcontract Sum.

7.3.2    An adjustment shall be made for increases in the Subcontract Time and Subcontract Sum, including profit on the increased cost of performance, caused by suspension, delay or interruption. No adjustment shall be made to the extent:
.1  that performance is, was or would have been so suspended, delayed or interrupted by another cause for which the Subcontractor is responsible;
.2  that an equitable adjustment is made or denied under another provision of this Subcontract.

7.4    ASSIGNMENT OF THE SUBCONTRACT
7.4.1    In the event of termination of the Prime Contract by the Owner, the Contractor may assign this Subcontract to the Owner, with the Owner's agreement, subject to the provisions of the Prime Contract and to the prior rights of the surety, if any, obligated under bonds relating to the Prime Contract. In such event, the Owner shall assume the Contractor's rights and obligations under the Subcontract Documents. If the Work of the Prime Contract has been suspended for more than 30 days, the Subcontractor's compensation shall be equitably adjusted.

7.4.2    The Subcontractor shall not assign the Work of this Subcontract without the written consent of the Contractor, nor subcontract the whole of this Subcontract without the written consent of the Contractor, nor further subcontract portions of this Subcontract without written notification to the Contractor when such notification is requested by the Contractor.



© 1997    A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

## ARTICLE 8  THE WORK OF THIS SUBCONTRACT

8.1   The Subcontractor shall execute the following portion of the Work described in the Subcontract Documents, including all labor, materials, equipment, services and other items required to complete such portion of the Work, except to the extent specifically indicated in the Subcontract Documents to be the responsibility of others.

*(Insert a precise description of the Work of this Subcontract, referring where appropriate to numbers of Drawings, sections of Specifications and pages of Addenda, Modifications and accepted Alternates.)*

See Scope of Work under "Addendum to Contract"

## ARTICLE 9  DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

9.1   The Subcontractor's date of commencement is the date from which the Contract Time of Paragraph 9.3 is measured; it shall be the date of this Agreement, as first written above, unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Contractor.

*(Insert the date of commencement, if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*

The date will be fixed when final progress schedule is approved by Owner.

9.2   Unless the date of commencement is established by a notice to proceed issued by the Contractor, or the Contractor has commenced visible Work at the site under the Prime Contract, the Subcontractor shall notify the Contractor in writing not less than five days before commencing the Subcontractor's Work to permit the timely filing of mortgages, mechanic's liens and other security interests.

9.3   The Work of this Subcontract shall be substantially completed not later than To Be Determined

*(Insert the calendar date or number of calendar days after the Subcontractor's date of commencement. Also insert any requirements for earlier Substantial Completion of certain portions of the Subcontractor's Work, if not stated elsewhere in the Subcontract Documents.)*

, subject to adjustments of this Subcontract Time as provided in the Subcontract Documents.

*(Insert provisions, if any, for liquidated damages relating to failure to complete on time.)*



9.4   With respect to the obligations of both the Contractor and the Subcontractor, time is of the essence of this Subcontract.

9.5   No extension of time will be valid without the Contractor's written consent after claim made by the Subcontractor in accordance with Paragraph 5.3.

© 1997   A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

## ARTICLE 10 SUBCONTRACT SUM

10.1    The Contractor shall pay the Subcontractor in current funds for performance of the Subcontract the Subcontract Sum of    **Nine Hundred & Fifty Thousand and 00/100** Dollars (s 950,000.00                    ), subject to additions and deductions as provided in the Subcontract Documents.

10.2    The Subcontract Sum is based upon the following alternates, if any, which are described in the Subcontract Documents and have been accepted by the Owner and the Contractor:
*(Insert the numbers or other identification of accepted alternates.)*

N/A

10.3    Unit prices, if any, are as follows:

N/A

## ARTICLE 11 PROGRESS PAYMENTS

11.1    Based upon applications for payment submitted to the Contractor by the Subcontractor, corresponding to applications for payment submitted by the Contractor to the Architect, and certificates for payment issued by the Architect, the Contractor shall make progress payments on account of the Subcontract Sum to the Subcontractor as provided below and elsewhere in the Subcontract Documents. Unless the Contractor provides the Owner with a payment bond in the full penal sum of the Contract Sum, payments received by the Contractor and Subcontractor for Work properly performed by their contractors and suppliers shall be held by the Contractor and Subcontractor for those contractors or suppliers who performed Work or furnished materials, or both, under contract with the Contractor or Subcontractor for which payment was made to the Contractor by the Owner or to the Subcontractor by the Contractor, as applicable. Nothing contained herein shall require money to be placed in a separate account and not commingled with money of the Contractor or Subcontractor, shall create any fiduciary liability or tort liability on the part of the Contractor or Subcontractor for breach of trust or shall entitle any person or entity to an award of punitive damages against the Contractor or Subcontractor for breach of the requirements of this provision.

11.2    The period covered by each application for payment shall be one calendar month ending on the last day of the month, or as follows:

See Addendum to Contract

11.3    Provided an application for payment is received by the Contractor not later than the
            day of a month, the Contractor shall include the Subcontractor's Work covered by that application in the next application for payment which the Contractor is entitled to submit to the Architect. The Contractor shall pay the Subcontractor each progress payment within three working days after the Contractor receives payment from the Owner. If the Architect does not issue a Certificate for Payment or the Owner does not pay for any cause which is not the fault of the Subcontractor, the Contractor shall pay the Subcontractor, on demand, a progress payment computed as provided in Paragraphs 11.7 and 11.8.



© 1997  A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

**11.4**    If an application for payment is received by the Contractor after the application date fixed above, the Subcontractor's Work covered by it shall be included by the Contractor in the next application for payment submitted to the Architect.

**11.5**    Each application for payment shall be based upon the most recent schedule of values submitted by the Subcontractor in accordance with the Subcontract Documents. The schedule of values shall allocate the entire Subcontract Sum among the various portions of the Subcontractor's Work and be prepared in such form and supported by such data to substantiate its accuracy as the Contractor may require. This schedule, unless objected to by the Contractor, shall be used as a basis for reviewing the Subcontractor's applications for payment.

**11.6**    Applications for payment submitted by the Subcontractor shall indicate the percentage of completion of each portion of the Subcontractor's Work as of the end of the period covered by the application for payment.

**11.7**    Subject to the provisions of the Subcontract Documents, the amount of each progress payment shall be computed as follows:

**11.7.1**    Take that portion of the Subcontract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Subcontractor's Work by the share of the total Subcontract Sum allocated to that portion of the Subcontractor's Work in the schedule of values, less that percentage actually retained, if any, from payments to the Contractor on account of the Work of the Subcontractor. Pending final determination of cost to the Contractor of changes in the Work which have been properly authorized by the Contractor, amounts not in dispute shall be included to the same extent provided in the Prime Contract, even though the Subcontract Sum has not yet been adjusted;

**11.7.2**    Add that portion of the Subcontract Sum properly allocable to materials and equipment delivered and suitably stored at the site by the Subcontractor for subsequent incorporation in the Subcontractor's Work or, if approved by the Contractor, suitably stored off the site at a location agreed upon in writing, less the same percentage retainage required by the Prime Contract to be applied to such materials and equipment in the Contractor's application for payment;

**11.7.3**    Subtract the aggregate of previous payments made by the Contractor; and

**11.7.4**    Subtract amounts, if any, calculated under Subparagraph 11.7.1 or 11.7.2 which are related to Work of the Subcontractor for which the Architect has withheld or nullified, in whole or in part, a certificate of payment for a cause which is the fault of the Subcontractor.

**11.8**    Upon the partial or entire disapproval by the Contractor of the Subcontractor's application for payment, the Contractor shall provide written notice to the Subcontractor. When the basis for the disapproval has been remedied, the Subcontractor shall be paid the amounts withheld.

**11.9    SUBSTANTIAL COMPLETION**

**11.9.1**    When the Subcontractor's Work or a designated portion thereof is substantially complete and in accordance with the requirements of the Prime Contract, the Contractor shall, upon application by the Subcontractor, make prompt application for payment for such Work. Within 30 days following issuance by the Architect of the certificate for payment covering such substantially completed Work, the Contractor shall, to the full extent allowed in the Prime Contract, make payment to the Subcontractor, deducting any portion of the funds for the Subcontractor's Work withheld in accordance with the certificate to cover costs of items to be completed or corrected by the Subcontractor. Such payment to the Subcontractor shall be the entire unpaid balance of the Subcontract Sum if a full release of retainage is allowed under the



© 1997   A I A®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

**WARNING:** Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

Prime Contract for the Subcontractor's Work prior to the completion of the entire Project. If the Prime Contract does not allow for a full release of retainage, then such payment shall be an amount which, when added to previous payments to the Subcontractor, will reduce the retainage on the Subcontractor's substantially completed Work to the same percentage of retainage as that on the Contractor's Work covered by the certificate.

### ARTICLE 12 FINAL PAYMENT

12.1    Final payment, constituting the entire unpaid balance of the Subcontract Sum, shall be made by the Contractor to the Subcontractor when the Subcontractor's Work is fully performed in accordance with the requirements of the Subcontract Documents, the Architect has issued a certificate for payment covering the Subcontractor's completed Work and the Contractor has received payment from the Owner. If, for any cause which is not the fault of the Subcontractor, a certificate for payment is not issued or the Contractor does not receive timely payment or does not pay the Subcontractor within three working days after receipt of payment from the Owner, final payment to the Subcontractor shall be made upon demand.
*(Insert provisions for earlier final payment to the Subcontractor, if applicable.)*

        See Addendum to Contract.

12.2    Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

### ARTICLE 13 INSURANCE AND BONDS

13.1    The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:

        Per specifications, see also Addendum to Contract.

13.2    Coverages, whether written on an occurrence or claims-made basis, shall be maintained without interruption from date of commencement of the Subcontractor's Work until date of final payment and termination of any coverage required to be maintained after final payment to the Subcontractor.

13.3    Certificates of insurance acceptable to the Contractor shall be filed with the Contractor prior to commencement of the Subcontractor's Work. These certificates and the insurance policies required by this Article 13 shall contain a provision that coverages afforded under the policies will not be canceled or allowed to expire until at least 30 days' prior written notice has been given to the Contractor. If any of the foregoing insurance coverages are required to remain in force after final payment and are reasonably available, an additional certificate evidencing continuation of such coverage shall be submitted with the final application for payment as required in Article 12. If any information concerning reduction of coverage is not furnished by the insurer, it shall be furnished by the Subcontractor with reasonable promptness according to the Subcontractor's information and belief.



© 1997  A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

13.4    The Contractor shall furnish to the Subcontractor satisfactory evidence of insurance required of the Contractor under the Prime Contract.

13.5    The Contractor shall promptly, upon request of the Subcontractor, furnish a copy or permit a copy to be made of any bond covering payment of obligations arising under the Subcontract.

13.6    Performance Bond and Payment Bond:    N/A
*(If the Subcontractor is to furnish bonds, insert the specific requirements here.)*

### 13.7    PROPERTY INSURANCE
13.7.1    When requested in writing, the Contractor shall provide the Subcontractor with copies of the property and equipment policies in effect for the Project. The Contractor shall notify the Subcontractor if the required property insurance policies are not in effect. General Contractor has carried Builder's Risk insurance for 100% of contract value.
13.7.2    If the required property insurance is not in effect for the full value of the Subcontractor's Work, then the Subcontractor shall purchase insurance for the value of the Subcontractor's Work, and the Subcontractor shall be reimbursed for the cost of the insurance by an adjustment in the Subcontract Sum.

13.7.3    Property insurance for the Subcontractor's materials and equipment required for the Subcontractor's Work, stored off site or in transit and not covered by the Project property insurance, shall be paid for through the application for payment process.    N/A
It is the responsibility of the Sub-contractor.
### 13.8    WAIVERS OF SUBROGATION
13.8.1    The Contractor and Subcontractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Owner, the Architect, the Architect's consultants, separate contractors, and any of their subcontractors, sub-subcontractors, agents and employees for damages caused by fire or other causes of loss to the extent covered by property insurance provided under the Prime Contract or other property insurance applicable to the Work, except such rights as they may have to proceeds of such insurance held by the Owner as a fiduciary. The Subcontractor shall require of the Subcontractor's Sub-subcontractors, agents and employees, by appropriate agreements, written where legally required for validity, similar waivers in favor of the parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

### ARTICLE 14  TEMPORARY FACILITIES AND WORKING CONDITIONS
14.1    The Contractor shall furnish and make available to the Subcontractor the following temporary facilities, equipment and services; these shall be furnished at no cost to the Subcontractor unless otherwise indicated below;    N/A



© 1997    A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292



WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

**14.2**    Specific working conditions:
*(Insert any applicable arrangements concerning working conditions and labor matters for the Project.)*

        See Addendum to Contract

## ARTICLE 15 MISCELLANEOUS PROVISIONS

**15.1**    Where reference is made in this Subcontract to a provision of another Subcontract Document, the reference refers to that provision as amended or supplemented by other provisions of the Subcontract Documents.

**15.2**    Payments due and unpaid under this Subcontract shall bear interest from the date payment is due at such rate as the parties may agree upon in writing or, in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

        None

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's, Contractor's and Subcontractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

**15.3**    Retainage and any reduction thereto is as follows:

        See Addendum to Contract

**15.4**    The Contractor and Subcontractor waive claims against each other for consequential damages arising out of or relating to this Subcontract, including without limitation, any consequential damages due to either party's termination in accordance with Article 7.

## ARTICLE 16 ENUMERATION OF SUBCONTRACT DOCUMENTS

**16.1**    The Subcontract Documents, except for Modifications issued after execution of this Subcontract, are enumerated as follows:

**16.1.1**    This executed 1997 edition of the Standard Form of Agreement Between Contractor and Subcontractor, AIA Document A401-1997;

**16.1.2**    The Prime Contract, consisting of the Agreement between the Owner and Contractor dated as first entered above and the other Contract Documents enumerated in the Owner-Contractor Agreement;



© 1997   A I A ®
**AIA DOCUMENT A401-1997**
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

16.1.3   The following Modifications to the Prime Contract, if any, issued subsequent to the execution of the Owner-Contractor Agreement but prior to the execution of this Agreement:

Modification                                                Date

        None

16.1.4   Other Documents, if any, forming part of the Subcontract Documents are as follows:
*(List any additional documents that are intended to form part of the Subcontract Documents. Requests for proposal and the Subcontractor's bid or proposal should be listed here only if intended to be part of the Subcontract Documents.)*

        None

This Agreement entered into as of the day and year first written above.

CONTRACTOR *(Signature)*                SUBCONTRACTOR *(Signature)*
Wu & Associates, Inc.                   Brendan Ward Masonry, Inc.

KIRBY WU, VICE PRESIDENT                _____
*(Printed name and title)*  4/26/02     *(Printed name and title)*



© 1 9 9 7   A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue. N.W.
Washington, D.C. 20006-5292

CAUTION: *You should sign an original AIA document or a licensed reproduction. Originals contain the AIA logo printed in red; licensed reproductions are those produced in accordance with the Instructions to this document.*

WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

**EXHIBIT B - CONTINUED**

# Exhibit D

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

APR-12-2004  17:05          WU ASSOCIATES                    856 857 1639      P.11

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

THE UNITED STATES OF AMERICA          :

For the use of                         :

BRENDAN WARD MASONRY, INC.             :

                                       :     CIVIL ACTION NO.: 04-0117 *KAJ*

              Plaintiff                :

        v.                             :     JURY TRIAL DEMANDED

                                       :

FIDELITY AND DEPOSIT COMPANY           :
OF MARYLAND
                                       :

              Defendant                :

---

### AMENDED COMPLAINT

**PLAINTIFF**, The United States of America For the use of Brendan Ward
Masonry, Inc., says by way of Amended Complaint against Fidelity and Deposit
Company of Maryland as follows:

### PARTIES

1.      Plaintiff is The United States of America, for the use of Brendan
Ward Masonry, Inc., ("Ward"), a Pennsylvania corporation with a business
address located at 345 Oak Terrace, Radnor, PA 19087.

2.      Defendant is Fidelity and Deposit Company ("Fidelity")
a corporation of the State of Maryland which is authorized to conduct business in
the State of Delaware with a business address of 200 Berwyn Park, Suite 105, 920
Cassatt Road, Berwyn, PA 19312.

APR-12-2004  17:05        WU ASSOCIATES                          856 857 1639      P.12

### JURISDICTION

3.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) because the claims set forth herein arise out of a surety bond issued pursuant to 40 U.S.C. § 270a-d ("the Miller Act").

### VENUE

4.    Venue is proper in this District pursuant to 40 U.S.C. § 270b, because the contract upon which this action is based was executed within the territorial limit of this District.

### FACTS

5.    The United States of America, acting by and through the Department of Labor entered into a written contract with the general contractor, Wu & Associates, Inc. (the "Contractor") whereby, the Contractor agreed to furnish all labor, equipment and material and perform all the work required for a federal construction project (number 0102), at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, DE 19802.

6.    Ward believes and therefore avers that Contractor was required, as a condition of being awarded the contract for the aforementioned project, to provide a labor and material payment bond in accordance with 40 U.S.C. §270a.

7.    Upon information and belief, the Contractor, as principal, and Fidelity, as surety, duly executed a Standard Government Form of Payment Bond for the subject project wherein and whereby the Contractor, as principal, and Fidelity, as surety, bound themselves, jointly and severally, to pay the claims of any person or entity providing labor and/or materials on behalf of Contractor at the subject project.  A true and correct copy of the Payment Bond is made a part hereof and attached as Exhibit "A".

APR-12-2004  17:06         WU ASSOCIATES                    856 857 1639     P.13

8.    Ward is a proper claimant under the bond issued by Fidelity because it furnished labor and materials to the project as a subcontractor to Contractor.

9.    To date, there is an unpaid principal balance of $84,546.13 owed to Ward for the work performed as a subcontractor to Contractor at the subject project.

10.    Despite demand, Contractor has failed and refused to pay the balance owed to Ward.

11.    Based on the foregoing, Defendant Fidelity and Deposit Company of Maryland is liable to Ward in the amount of $ 84,546.13 pursuant to the terms of the bond issued on behalf of Contractor for the project.

    WHEREFORE, the Plaintiff, United States of America for the use of Brendan Ward Masonry, Inc. demands judgment in its favor and against Defendant, Fidelity and Deposit Company of Maryland in the amount of $84,546.13 plus interest and costs.

                              DAVIS, BUCCO & ARDIZZI

                              BY: _____
                                 Robert D. Ardizzi, Esquire
                                 2 North Colonial Avenue
                                 Elsmere, DE 19805
                                 (302) 345-9808

APR-12-2004  17:06          WU ASSOCIATES                    856 857 1639    P.14



APR-12-2004  17:06        WU ASSOCIATES                     856 857 1639     P.15

| FORM. . OF BOND (Instructions on reverse) | DATE BOND EXECUTED (Contract) 10/2/2001 | OMB No. 9000-0045 Expires: 03/3?/20?? |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| PRINCIPAL (Legal name and business address) Wu & Associates Inc. 597 Dear Road Cherry Hill, NJ 08034 | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| | ☐ INDIVIDUAL      ☐ PARTNERSHIP |
| | ☐ JOINT VENTURE   ☒ CORPORATION |
| | STATE OF INCORPORATION Pennsylvania |

| SURETY(IES) (Name(s) and business address(es)) Fidelity and Deposit Company of Maryland 200 Berwyn Park, Suite 105 920 Cassatt Road Berwyn, Pa. 19312 | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) $5 | THOUSAND(S) 875 | HUNDRED(S) 000 | CENTS 00 |
| | CONTRACT DATE 9/28/2001 | CONTRACT NO. AE-11793-01-2D | | |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The Principal has entered into the contract identified above:

**THEREFORE:**

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| Wu & Associates Inc. PRINCIPAL | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. RAYMOND WU PRES | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

| CORPORATE SURETY(IES) | | |
|---|---|---|
| SURETY A | NAME & ADDRESS Fidelity & Deposit Co. of Maryland Berwyn, Penna. | STATE OF INC. Maryland | LIABILITY LIMIT $ 27,426,000.00 |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Fernanda L.DePaolantonio attorney-in-fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION                    STANDARD FORM 25 (REV. 5-96)

# Exhibit E

PETER N. MILLIGAN, ESQ.
—ATTORNEY AT LAW—

ARCHER & GREINER
A Professional Corporation
1300 N. Market Street
Suite 700
Wilmington, DE 19801
(302) 777-4350
Attorneys for Defendant, Fidelity and Deposit Company of Maryland

By: PETER L. FRATTARELLI, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the use of BRENDAN WARD MASONRY, INC. | : : : : | |
| | : | Civil Action No. 04-0117 KAJ |
| Plaintiff, | : : | |
| v. | : : | **ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | : : : | |
| Defendant. | : : | |

Defendant, Fidelity and Deposit Company of Maryland, by way of Answer to the Amended Complaint, avers as follows:

## PARTIES

1.      As to Paragraph 1, neither admitted nor denied.  Plaintiff is left to strict proofs at the time of trial.

2.      As to Paragraph 2, admitted.

## JURISDICTION

3.      As to Paragraph 3, admitted.

## VENUE

4.     As to Paragraph 4, denied.  The contract was executed by all parties in Cherry Hill, New Jersey.

## FACTS

5.     As to Paragraph 5, admitted.

6.     As to Paragraph 6, admitted.

7.     As to Paragraph 7, admitted in part and denied in part.  It is denied that the Standard Government Form of Payment Bond binds the Surety and Principal to pay all claims, as only valid claims are protected.  Otherwise, the statements of Paragraph 7 are admitted.

8.     As to Paragraph 8, admitted in part and denied in part.  It is denied that Ward is a proper claimant, as no valid claim is made.  Otherwise, the statements of Paragraph 8 are admitted.

9.     As to Paragraph 9, denied.  Ward has not completed performance under the original contract, and has abandoned the site.  Ward has submitted change order requests, which have been submitted to the government for ruling.  No positive ruling by the government has been made, that is, the change order requests have not been granted.  In fact, the Principal has filed a claim against the government, in part, to pursue approval of said change order requests.  Under the explicit terms of the contract with Principal, Ward cannot receive payment for change order requests until the Principal receives payment from the government.

10.     As to Paragraph 10, denied.  No payment is due Ward.

11.     As to Paragraph 11, denied.  No payment is due Ward.

2

WHEREFORE, the Defendant, Fidelity and Deposit Company of Maryland, demands

that the Amended Complaint be dismissed with prejudice, together with attorneys' fees, costs of

suit, and all other relief this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

The Defendant, Fidelity and Deposit Company of Maryland, hereby demands trial by jury

as to all issues in the above matter.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant, Fidelity and Deposit
Company of Maryland

BY: _____
PETER L. FRATTARELLI

Dated:  April 21, 2004


Of Counsel:
Peter Neely Milligan, Esq.
1960 Route 70 East
Cherry Hill, NJ  08003

3

## CERTIFICATE OF SERVICE

I, Peter L. Frattarelli, hereby certify that on this 21st day of April, 2004, I forwarded

Defendant's Answer to Amended Complaint and Demand for Jury Trial to Robert D. Ardizzi,

Esquire, via fax and regular mail, to the following address:

> Davis, Bucco & Ardizzi
> 2 North Colonial Avenue
> Elsmere, Delaware 19805


_____
PETER L. FRATTARELLI

1330205v1

4

# Exhibit F

PETER N. MILLIGAN, ESQ.
——————ATTORNEY AT LAW——————

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

FILED
MAY 3 2004
CAMDEN COUNTY SUPERIOR COURT

WU & ASSOCIATES, INC.

            Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

            Defendants

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L-

# L 0 0 2 4 2 5   0 4

COMPLAINT

Plaintiff WU & ASSOCIATES, INC., of Cherry Hill, NJ, say:

<u>COUNT I: BREACH OF CONTRACT</u>

1. In April 2002, corporate representatives of Defendant
   BRENDAN WARD MASONRY INC. visited the office of Plaintiff WU
   & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a
   Standard Form of Agreement between Contractor and
   Subcontractor.

2. Pursuant to the Agreement, Defendant BRENDAN WARD MASONRY
   INC. agreed to perform certain tasks associated with masonry
   work, as listed in a detailed "Scope of Work" regarding a
   project commonly known as the "Wilmington Job Corps Center,"
   which is owned by the US Department of Labor.

3. Defendant BRENDAN WARD MASONRY INC. failed to timely perform
   the required tasks of the written Agreement.

4. Defendant BRENDAN WARD MASONRY INC. has breached its
   contract with Plaintiff WU & ASSOCIATES, INC.

PETER N. MILLIGAN, ESQ.
—ATTORNEY AT LAW—

3

5.   Such action has caused Plaintiff WU & ASSOCIATES, INC.

     damage and injury.

     WHEREFORE, judgement is demanded against defendant(s) for

compensatory damages, punitive damages, interest, costs of suit,

and attorney's fees.

## COUNT II: PERFORMANCE BOND

1.   Plaintiff WU & ASSOCIATES, INC. repeats each averment of

     Count I as if restated herein.

2.   In September 2002, Defendant INTERNATIONAL FIDELITY

     INSURANCE COMPANY executed two (2) agreements commonly known

     as a Subcontractor Performance Bond and a Subcontractor

     Payment Bond.

3.   Under the aforementioned agreements, Defendant INTERNATIONAL

     FIDELITY INSURANCE COMPANY agreed to insure Plaintiff WU &

     ASSOCIATES, INC. for all loss, damage, and expenses

     (including interest, costs, and legal fees) incurred by

     reason of the failure of Defendant BRENDAN WARD MASONRY INC.

     to complete its obligations under the Standard Form of

     Agreement between Contractor and Subcontractor.

4.   Duly served written notice has been provided to Defendant

     INTERNATIONAL FIDELITY INSURANCE COMPANY that Defendant

     BRENDAN WARD MASONRY INC. has failed to complete its

     obligations.

5.   Despite such notice, Defendant INTERNATIONAL FIDELITY

     INSURANCE COMPANY refuses to insure such loss incurred by

     Plaintiff WU & ASSOCIATES, INC.

### PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

4

WHEREFORE, judgement is demanded against defendant(s) for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.

### TRIAL DESIGNATION

Pursuant to R. 4:25-4, PETER N. MILLIGAN, Esq. is hereby designated as trial attorney.

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R. 4:5-1, other than an action by BRENDAN WARD against FIDELITY & DEPOSIT COMPANY OF MARYLAND in Delaware District Court under Docket No. 04-117 KAJ.

### DEMAND FOR JURY TRIAL

The Plaintiff WU & ASSOCIATES, INC. hereby demands trial by jury as to all issues in the above matter.

Peter Neely Milligan, Esq.
Attorney for Plaintiff WU &
ASSOCIATES, INC.

By: _____
Peter Neely Milligan, Esq.

Dated: April 28, 2004

PETER N. MILLIGAN, ESQ.
—ATTORNEY AT LAW—

# Exhibit G

PETER N. MILLIGAN, ESQ.
―ATTORNEY AT LAW―

'4  10:45        WU ASSOCIATES                    856 857 1639    P.03

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
Internet: http://www.adr.org/

May 24, 2004

<u>Via Facsimile</u>

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East 6th Avenue
Suite 100
Conshohocken, PA 19428

Wu Associates
597 Deer Road
Cherry Hill, NJ 08034

Re: 14 Y 110 01010 04
    Brendan Ward Masonry, Inc.
    and
    Wu Associates

Dear Parties:

This will acknowledge receipt on May 19, 2004, of a Demand for Arbitration dated May 17, 2004, of a controversy arising out of a contract between the above-captioned parties, containing a clause providing for administration by this Association. We understand that a copy was sent to Respondent. As the claim exceeds $500,000.00, the LCC Procedures will apply unless the parties agree otherwise. Please refer to our website for a copy of our Construction Arbitration and Mediation Rules, as amended and in effect <u>July 1, 2003</u> as well as a copy of our Guide to the Management of Large Complex Cases.

If you would like a printed copy of the applicable rules, please contact the undersigned.

In accordance with the Rules, if Respondent does not answer on or before <u>June 8, 2004</u>, we will assume that the claim is denied. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

An Answering Statement Form may be obtained from our website at www.adr.org. If you would like a printed form, please contact the undersigned.

Claimant has requested that the hearing be held in <u>Philadelphia, PA</u>. Please review the Rules regarding the locale of hearings.

The attention of Respondent is also directed to the Rules which provide that in the event any party requests that the hearing be held in a specific locale and the other party files no objection thereto after notice of the request, the locale shall be that requested by the first party. Therefore, unless Respondent files its objections with this office within fifteen days from the date of this letter or on or before <u>June 8, 2004</u>, the arbitration will be held in <u>Philadelphia, PA</u>.

We note the claim is <u>$500,000.00</u>. If this amount is incorrect, please advise us on or before <u>June 8, 2004</u> of the correct amount

# Exhibit H

Peter N. Milligan, Esq.
—ATTORNEY AT LAW—

MAY-19-2004  08:54    WU ASSOCIATES                    856 857 1639    P.03/07

# American Arbitration Association
## CONSTRUCTION INDUSTRY ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION  If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.* ☐

| TO: Name of Respondent<br>Wu & Associates | Name of Representative (if known) |
|---|---|
| Address: 597 Deer Road | Address: |

| City: Cherry Hill | State: NJ | Zip Code 08034 | City: | State | Zip Code |
|---|---|---|---|---|---|
| Phone No.<br>(856) 857-1639 | Fax No.<br>(856) 857-1729 | | Phone No. | Fax No. | |

THE NAMED CLAIMANT, A PARTY TO A WRITTEN AGREEMENT DATED _____04/05/02_____ PROVIDING FOR ARBITRATION UNDER THE CONSTRUCTION INDUSTRY ARBITRATION RULES, HEREBY DEMANDS ARBITRATION THEREUNDER. (ATTACH THE ARBITRATION CLAUSE.)

NATURE OF DISPUTE (Please give enough details to enable the AAA to select arbitrators with appropriate experience.): SEE ATTACHED

| DOLLAR AMOUNT OF CLAIM:<br>$ 500,000.00 (est.) | OTHER RELIEF SOUGHT:  SEE ATTACHED |
|---|---|

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Familiarity with AIA contracts, public contracting and liquidated damage claims.

CLAIMANT IS:
☐ Owner    ☐ Design Professional (specify _____)    ☐ Contractor
X Subcontractor (specify Masonry Work _____)    ☐ Other (specify _____)

RESPONDENT IS:
☐ Owner    ☐ Design Professional (specify _____)    X Contractor
☐ Subcontractor (specify _____)    ☐ Other (specify _____)

ESTIMATED TIME NEEDED FOR HEARINGS OVERALL: _____ hours ___2 1/2___ days

Copies of this demand are being filed with the American Arbitration at its Rhode Island office. Claimant requests that the AAA commence the administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the AAA.

CLAIMANT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE: Philadelphia, PA

| Signature (may be signed by a representative) | Title<br>Esquire | Date |
|---|---|---|
| Name of Claimant<br>Brendan Ward Masonry, Inc. | Name of Representative:<br>Paul A. Bucco, Esquire | |
| Address: 345 Oak Terrace | Address: 10 E. 6th Avenue, Suite 100 | |

| City: Radnor | State PA | Zip Code 19087 | Conshohocken | State PA | Zip Code 19428 |
|---|---|---|---|---|---|
| Phone No. 610-293-7661 | Fax No. 610-971-2181 | | Phone No. 610-238-0830 | Fax No. 610-238-0244 | |

TO INSTITUTE PROCEEDINGS, PLEASE SEND THREE COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

800  778 7879

## Brendan Ward Masonry, Inc. v. Wu & Associates, Inc.

### ADDENDUM TO ARBITRATION DEMAND

**NATURE OF DISPUTE**

Claimant, Brendan Ward Masonry, Inc. ("BWM") is currently owed $87,546.13 for work that it performed for Respondent at the Wilmington Job Corps in Wilmington, Delaware (the "Project"). In addition to the contract damages, BWM also contends that it was delayed in the progress of its work, that Respondent is responsible for the delays, and that it is entitled to compensation for the delay. BWM also contends that it was wrongfully terminated by Respondent. BWM has and will sustain damages as a result of the wrongful termination because it is now required to notify other public owners that it was terminated on a public project.

**OTHER RELIEF SOUGHT**

BWM's categories of damages are as follows:

1. Contract balance owed
2. Delay damages
3. Wrongful termination
4. Lost profits due to delay

BWM also seeks interest, penalties and attorney's fees to the extent recovery is permitted by law.

MAY-19-2004  08:55        WU ASSOCIATES                                    856 857 1639    P.05/07
The American Institute          or entity for whose acts the Subcontractor may be liable, and i    ...be caused by the Subcontractor or any person
    of Architects               ing outside    .cope of this Subcontract.                          case for delays or causes aris-
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

## AIA DOCUMENT A401-1997

# Standard Form of Agreement Between Contractor and Subcontractor

Subcontract 0102-25

**AGREEMENT** made as of the   5th (fifth)        day of April
in the year 2002 (Two Thousand Two).
*(In words, indicate day, month and year)*

**BETWEEN** the Contractor:   Wu & Associates, Inc.
*(Name, address and other information)*  597 Deer Road
Cherry Hill, NJ 08034

and the Subcontractor:    Brendan Ward Masonry, Inc.
*(Name, address and other information)*  345 Oak Terrace
Radnor, PA 19087
P.O.C. Brendan Ward
Tel: 610-293-7661   Fax: 610-971-2181

The Contractor has made a contract for construction dated
                    September 28, 2001

With the Owner:
*(Name, address and other information)*  U.S. Department of Labor
Division of Contract Services
200 Constitution Avenue, N.W.
Room S - 4203
Washington, DC 20210

For the following Project:
*(Include detailed description of Project, location and address)*
Wilmington Job Corps Center
9 Vandever Avenue
Wilmington, DE 19802

which Contract is hereinafter referred to as the Prime Contract and which provides for the
furnishing of labor, materials, equipment and services in connection with the construction of
the Project. A copy of the Prime Contract, consisting of the Agreement Between Owner and
Contractor (from which compensation amounts may be deleted) and the other Contract
Documents enumerated therein has been made available to the Subcontractor.

The Architect for the Project is:    Tevebaugh Associates
*(Name, address and other information)*  2 Mill Road, Suite 210
Wilmington, DE 19806

The Contractor and the Subcontractor agree as follows

This document has important legal consequences.
Consultation with an attorney is encouraged with respect to its completion or modification.

This document has been approved and endorsed by the American Subcontractors Association and the Associated Specialty Contractors, Inc.



©1997  AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

Copyright 1915, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1967, 1972, 1978, 1987, © 1997 by The American Institute of
Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission
of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.
...... Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

MAY-19-2004  09:56    WU ASSOCIATES    856 857 1639    P.06/07

## ARTICLE 5  CHANGES IN THE WORK

**5.1**    The Owner may make changes in the Work by issuing Modifications to the Prime Contract. Upon receipt of such a Modification issued subsequent to the execution of the Subcontract Agreement, the Contractor shall promptly notify the Subcontractor of the Modification. Unless otherwise directed by the Contractor, the Subcontractor shall not thereafter order materials or perform Work which would be inconsistent with the changes made by the Modifications to the Prime Contract.

**5.2**    The Subcontractor may be ordered in writing by the Contractor, without invalidating this Subcontract, to make changes in the Work within the general scope of this Subcontract consisting of additions, deletions or other revisions, including those required by Modifications to the Prime Contract issued subsequent to the execution of this Agreement, the Subcontract Sum and the Subcontract Time being adjusted accordingly. The Subcontractor, prior to the commencement of such changed or revised Work, shall submit promptly to the Contractor written copies of a claim for adjustment to the Subcontract Sum and Subcontract Time for such revised Work in a manner consistent with requirements of the Subcontract Documents.

**5.3**    The Subcontractor shall make all claims promptly to the Contractor for additional cost, extensions of time and damages for delays or other causes in accordance with the Subcontract Documents. A claim which will affect or become part of a claim which the Contractor is required to make under the Prime Contract within a specified time period or in a specified manner shall be made in sufficient time to permit the Contractor to satisfy the requirements of the Prime Contract. Such claims shall be received by the Contractor not less than two working days preceding the time by which the Contractor's claim must be made. Failure of the Subcontractor to make such a timely claim shall bind the Subcontractor to the same consequences as those to which the Contractor is bound.

## ARTICLE 6  MEDIATION AND ARBITRATION

~~6.1    MEDIATION~~ 

~~6.1.1    Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.~~

~~6.1.2    The parties shall endeavor to resolve their claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to this Subcontract and the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.~~ 

~~6.1.3    The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.~~ [signature]

**6.2    ARBITRATION**

**6.2.1**    Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to arbitration. ~~Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 6.1.~~ [signature]

© 1997   A I A ®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

**6.2.2**  Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. Demand for arbitration shall be filed in writing with the other party to this Subcontract and with the American Arbitration Association, and a copy shall be filed with the Architect.

**6.2.3**  A demand for arbitration shall be made within the time limits specified in the conditions of the Prime Contract as applicable, and in other cases within a reasonable time after the claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim would be barred by the applicable statute of limitations.

**6.2.4**  Limitation on Consolidation or Joinder. Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Subcontract shall include, by consolidation or joinder or in any other manner, any person or entity not a party to the Subcontract under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect, the Architect's employee, the Architect's consultant, or an employee or agent of any of them. This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

**6.2.5**  Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded.

**6.2.6**  Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE 7  TERMINATION, SUSPENSION OR ASSIGNMENT OF THE SUBCONTRACT

### 7.1   TERMINATION BY THE SUBCONTRACTOR

**7.1.1**  The Subcontractor may terminate the Subcontract for the same reasons and under the same circumstances and procedures with respect to the Contractor as the Contractor may terminate with respect to the Owner under the Prime Contract, or for nonpayment of amounts due under this Subcontract for 60 days or longer. In the event of such termination by the Subcontractor for any reason which is not the fault of the Subcontractor, Sub-subcontractors or their agents or employees or other persons performing portions of the Work under contract with the Subcontractor, the Subcontractor shall be entitled to recover from the Contractor payment for Work executed and for proven loss with respect to materials, equipment, tools, and construction equipment and machinery, including reasonable overhead, profit and damages.

### 7.2   TERMINATION BY THE CONTRACTOR

**7.2.1**  If the Subcontractor persistently or repeatedly fails or neglects to carry out the Work in accordance with the Subcontract Documents or otherwise to perform in accordance with this Subcontract and fails within seven days after receipt of written notice to commence and continue correction of such default or neglect with diligence and promptness, the Contractor may, after seven days following receipt by the Subcontractor of an additional written notice and without prejudice to any other remedy the Contractor may have, terminate the Subcontract and finish the Subcontractor's Work by whatever method the Contractor may deem expedient. If the



© 1997  AIA®
AIA DOCUMENT A401-1997
CONTRACTOR-
SUBCONTRACTOR
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

—————————— U.S. copyright laws and will subject the violator to legal prosecution.

# Exhibit I

PETER N. MILLIGAN, ESQ.
———ATTORNEY AT LAW———

05/25/2004  11:44    6102380244                    DAVIS BUCCO ARDIZZI                    PAGE  01/03

# DAVIS, BUCCO & ARDIZZI

**ATTORNEYS AT LAW**
10 EAST SIXTH AVENUE
SUITE 100
CONSHOHOCKEN, PENNSYLVANIA 19428
TEL: (610) 238-0880
FAX: (610) 238-0244

ROBERT D. ARDIZZI♦

BRENDA?

NEW JERSEY OFFICE
DAVIS & BUCCO
103 WHITE HORSE PIKE
HADDONHEIGHTS, NJ 08035
TEL: (856) 910-8200
FAX: (856) 310-9921

♦ALSO MEMBER NEW JERSEY AND DELAWARE BARS

# FAX TRANSMISSION COVER SHEET

DATE: May 25, 2004

NUMBER OF PAGES (including this page): ___3___

| | |
|---|---|
| TO: | Peter Frattarelli / Peter Milligan |
| FAX: | 856-795-0574/  856-983-0030 |
| RE: | Brendan Ward Masonry and Wu Associates |
| FROM: | Robert D. Ardizzi, Esquire |

MESSAGE:

**Attached is a draft of the stipulation we discussed with Judge Jordan today. Please review this and provide me with your comments ASAP.**

ORIGINAL DOCUMENT WILL BE FORWARDED THROUGH MAIL: Yes___  No__X__
The Information contained in this fax message is intended only for the personal and confidential use of the designated recipients named above.  The Message may be an attorney-client communication, and as such is privileged and confidential.  If the Reader of this Message is not the Intended Recipient or an Agent responsible for delivering it to the Intended Recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.
THANK YOU!

PLEASE CALL (610) 238-0880 IF YOU EXPERIENCE ANY PROBLEMS WITH TRANSMISSION.

05/25/2004  11:44    6102380244                    DAVIS BUCCO ARDIZZI                    PAGE   02/03

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES OF AMERICA : | |
| : | |
| For the use of : | |
| : | |
| BRENDAN WARD MASONRY, INC. : | |
| : | CIVIL ACTION NO.:  04-117 (KAJ) |
| Plaintiff : | |
| v. : | |
| : | |
| : | |
| FIDELITY AND DEPOSIT COMPANY : | |
| OF MARYLAND : | STIPULATION OF DISMISSAL |
| : | |
| Defendant : | |

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree as follows:

1.    All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

2.    Defendant, Fidelity and Deposit Company of Maryland, will be joined as a Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration decision is confirmed;

3.    This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims, defenses or rights it may have with regard to the project or the matters at issue in this action.


DAVIS, BUCCO & ARDIZZI                 ARCHER & GRIENER


By:_____         By:_____
    Robert D. Ardizzi, Esquire            Peter L. Frattarelli, Esquire
    Attorney for Plaintiff                Attorney for Defendant


        **STIPULATION approved by the Court this _____ day of _____, 2004.**


                              _____
                              Honorable Kent A. Jordan

# Exhibit J

PETER N. MILLIGAN, ESQ.
─────────────ATTORNEY AT LAW─────────────

# AMERICAN ARBITRATION ASSOCIATION
## CONSTRUCTION INDUSTRY ARBITRATION RULES
### ANSWERING STATEMENT

*MEDIATION   If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.*

| | |
|---|---|
| TO: Name of Claimant<br>Brendan Ward Masonry INC. | Name of Representative (if Known)<br>Paul A. Bucco |
| Address<br>345 Oak Terrace | Address<br>10 E 6th Ave., Suite 100 |
| City Radnor   State PA   Zip Code 19087 | City Conshohoken   State PA   Zip Code 19428 |
| Phone No.<br>610 293 7661   Fax No.<br>610 971 2181 | Phone No<br>610 2ll8 0880   Fax No.<br>610 238 0244 |

**RESPONDENT ANSWERS CLAIMANT DEMAND FOR ARBITRATION AS FOLLOWS**
Please describe the dispute and any counterclaim in sufficient detail so the AAA may select an arbitrator with appropriate qualifications and experience.
AAA Case # (if known)

Factual averments by claimant are denied.  This matter is not ripe for arbitration as described in attached addendum.

| | |
|---|---|
| DOLLAR AMOUNT OF CLAIM<br>$ 75,000.00 | OTHER RELIEF SOUGHT<br>NA |

**PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR (S) TO BE APPOINTED TO HEAR THE DISPUTE**

TBD

ESTIMATED TIME NEEDED FOR HEARINGS OVERALL _____ hours    12    days

RESPONDENT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE

Camden County, NJ

| | | |
|---|---|---|
| Signature (may be signed by a representative) | Title Attorney | Date 6-7-04 |

| | |
|---|---|
| Name of Respondent<br>WG & Associates, Inc. | Name of Representative<br>Peter N. Milligan, Esq. |
| Address<br>597 Deer Rd. | Address<br>1960 Route 70 East |
| City Cherry Hill   State NJ   Zip Code 08034 | City Cherry Hill   State NJ   Zip Code 08003 |
| Phone No.<br>856 857 1639   Fax No.<br>857 1729 | Phone No.<br>856 983 0003   Fax No.<br>856 983 0030 |
| Email | Email<br>PNMLAW@aol.com |

PLEASE SEND TWO COPIES OF THIS ANSWERING STATEMENT, WITH THE FILING FEE FOR ANY COUNTERCLAIM, AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL ANSWERING STATEMENT TO THE CLAIMANT.

Form C14-11/99

1

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Wu & Associates, Inc.

### Answer and Counterclaim

This matter is not ripe for arbitration.  The claim of WU & ASSOCIATES, INC. currently exceeds $10,000.00 but does not exceed $75,000.00.  However, the project in question has not been completed, such that damages continue to accrue.  It is very likely that damages will exceed $75,000.00 such that WU & ASSOCIATES, INC. must reserve the right to amend its claim as the project proceeds.  However, the total damages cannot be determined before the passing of two (2) calendar years.

WU & ASSOCIATES, INC. has submitted change order requests made by BRENDAN WARD MASONRY INC. to the project owner, that is, the Department of Labor.  The Department of Labor has rejected the change order requests, such that WU & ASSOCIATES, INC. has filed a claim and it litigating same to the benefit of BRENDAN WARD MASONRY INC.  WU & ASSOCIATES, INC. has no obligation to pay denied change order requests.

Under the explicit terms of the controlling document, a suit on payment applications for change order requests is improper when made by BRENDAN WARD MASONRY INC. prior to the award of such funds from the owner.

Because the project is not complete, and because the claim by WU & ASSOCIATES, INC. is approximately two (2) years from adjudication, this matter is not ripe to continue, as it is impossible to consider the entire claim.

While it is impossible for WU & ASSOCIATES, INC. to determine all elements of its claim against BRENDAN WARD MASONRY INC., please accept the following overview.

In April 2002, corporate representatives of BRENDAN WARD MASONRY INC. visited the office of WU & ASSOCIATES, INC., in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.

Pursuant to the Agreement, BRENDAN WARD MASONRY INC. agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding a project commonly known as the "Wilmington Job Corps Center," which is owned by the US Department of Labor.

BRENDAN WARD MASONRY INC. failed to timely perform the required tasks of the written Agreement.  BRENDAN WARD MASONRY

2

INC. has breached its contract with WU & ASSOCIATES, INC.
BRENDAN WARD MASONRY INC. performed work in a defective fashion.
BRENDAN WARD MASONRY INC. abandoned the project.  BRENDAN WARD
MASONRY INC. failed to reasonably cooperate with submission of
its claim to the Owner.  As such, WU & ASSOCIATES, INC. has
incurred damages.

                              Peter Neely Milligan, Esq.
                              Attorney for WU & ASSOCIATES, INC.

                              By:_____
                                   Peter Neely Milligan, Esq.

Dated: June 8, 2004

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

# Exhibit K

PETER N. MILLIGAN, ESQ.
—ATTORNEY AT LAW—

# DAVIS, BUCCO & ARDIZZI
### ATTORNEYS AT LAW

TEL: 610-238-0880
FAX: 610-238-0244
E-MAIL: Robert.Ardizzi@davisbucco.com

**ROBERT D. ARDIZZI**
Admitted in Pennsylvania,
Delaware and New Jersey



June 18, 2004

PENNSYLVANIA

NEW JERSEY

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003

DELAWARE

RE: **Wu & Associates, Inc. v. Brendan Ward Masonry, Inc. and International Fidelity Insurance Company,**
Docket No. CAM-L-2425-04

Dear Mr. Milligan:

This will confirm that International Fidelity Insurance Company has agreed to join the arbitration pending before the American Arbitration Association. Therefore, I have prepared the enclosed Stipulation of Dismissal to be filed in this action. Please sign the stipulation and file it with the Court.

If you have any questions, please contact me.

Sincerely,

ROBERT D. ARDIZZI

\rda
Enclosure
cc: Brendan Ward Masonry, Inc. (via first class mail)

*(handwritten)* end
6|25

DAVIS, BUCCO & ARDIZZI
By: Paul A. Bucco, Esquire/ Robert D. Ardizzi, Esquire
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428                    Attorneys for Defendants
(610) 238-0880

---

WU & ASSOCIATES, INC.          : SUPERIOR COURT OF NEW JERSEY
                               : CAMDEN COUNTY
              Plaintiff,       : LAW DIVISION
                               :
        v.                     :
                               :
BRENDAN WARD MASONRY,          : No. CAM-L-02425-04
INC. and INTERNATIONAL         :
FIDELITY INSURANCE             :
COMPANY                        :
                               :
              Defendants.      : STIPULATION OF DISMISSAL
                               :

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree as follows:

1.    All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

2.    Defendant, International Fidelity Insurance Company, will be joined as a Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration decision is confirmed;

3.    This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims,

defenses or rights it may have with regard to the project or the matters at issue in this action.

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

Robert D. Ardizzi, Esquire
10 East 6th Avenue, Suite 100
Conshohocken, PA 91428
(610) 238-0880
Attorney for Defendants

# Exhibit L

PETER N. MILLIGAN, ESQ.
─────────ATTORNEY AT LAW─────────

 American Arbitration Association
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

September 9, 2004

<u>Via Facsimile</u>

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East 6th Avenue
Suite 100
Conshohocken, PA 19428

Peter N. Milligan, Esq.
Law Office of Peter N. Milligan
1960 Route 70 East
Cherry Hill, NJ 08003

Re: 14 110 Y 01010 04
    Brendan Ward Masonry, Inc.
    and
    Wu Associates

Gentlemen:

After careful consideration of the parties' contentions, the Association has determined that Mr. Arbittier will be removed as an arbitrator in the above matter. The Association will inform the Parties once another arbitrator has accepted the appointment.

If you have nay questions please do not hesitate to call me.

Sincerely,

Julie M. Molloy
Case Manager
401 431 4836
Molloyj@adr.org

Carli H. Del Solio
Supervisor
401 431 4810
solioc@adr.org

# Exhibit M

PETER N. MILLIGAN, ESQ.
————————————ATTORNEY AT LAW————————————


American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

September 15, 2004

<u>Via Facsimile</u>

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East 6th Avenue
Suite 100
Conshohocken, PA  19428

Peter N. Milligan, Esq.
Law Office of Peter N. Milligan
1960 Route 70 East
Cherry Hill, NJ  08003

Re: 14 110 Y 01010 04
     Brendan Ward Masonry, Inc.
     and
     Wu Associates

Gentlemen:

This will advise the parties that the Association has appointed Mr. Louis Coffey to serve as arbitrator in the above-captioned matter. Mr. Coffey has made the enclosed disclosure.

The arbitrator has indicated that the disclosure will in no way prevent him from fairly and impartially discharging his duties as arbitrator in the above-referenced matter.

Please advise the Association of any objections to the appointment of Mr. Coffey within five (5) business days or on or before <u>September 22, 2004</u>, copying the other side. The arbitrator shall not be copied on any comments related to the disclosure.

If any objections are raised, the other party may respond within five (5) business days. The AAA will make a determination regarding the arbitrator's service, in accordance with the Rules.

Please do not hesitate to contact us with any questions and/or concerns.

Sincerely,

Julie M. Molloy
Case Manager
401 431 4836
Molloyj@adr.org

Carli H. Del Solio
Supervisor
401 431 4810
solioc@adr.org

Encl.

cc:     Louis Coffey, Esq.

# Exhibit N

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

# DAVIS, BUCCO & ARDIZZI
### ATTORNEYS AT LAW

TEL: 610-238-0880
FAX:610-238-0244
Paul.Bucco@davisbucco.com

September 27, 2004

<u>*Via Fax to (401) 435-6529*</u>

PENNSYLVANIA

Julie Molloy, Case Administrator
American Arbitration Association

NEW JERSEY

950 Warren Avenue
East Providence, RI 02914

DELAWARE

Re:    *Brendan Ward Masonry, Inc. v. Wu & Associates*
~~Case~~ No. 14 Y 110 01010 04

Dear Ms. Molloy:

Based upon Mr. Coffey's disclosure clarification, I object to the approval of Mr. Coffey as an Arbitrator in the above-captioned matter.

Very truly yours,

*Paul A. Bucco/aap*

PAUL A. BUCCO
PAB/aap

cc:    Peter N. Milligan, Esquire (*via facsimile only856-983-0030*)
       Brendan Ward (*via facsimile only 610-971-2181*)

Davis, Bucco & Ardizzi
10 E. 6th Avenue, Suite 100 Conshohocken, PA 19428

# Exhibit O

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

October 8, 2004

**Via Facsimile**

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East 6th Avenue
Suite 100
Conshohocken, PA 19428

Peter N. Milligan, Esq.
Law Office of Peter N. Milligan
1960 Route 70 East
Cherry Hill, NJ 08003

Re: 14 110 Y 01010 04
Brendan Ward Masonry, Inc.
and
Wu Associates

Gentlemen:

After careful consideration of the parties' contentions, the Association has determined that Mr. Louis Coffey will be reaffirmed as an arbitrator in the above matter.

Mr. Coffey has accepted the appointment and has agreed to serve at the rate of $2,000.00 per day of hearing and $385.00 per hour of study time, as established on the biographical data previously sent to the parties. Inasmuch as the arbitrator has agreed to serve in this matter at the above rate, any subsequent change to the arbitrator's published rate will not apply to this case.

Compensation to the arbitrator represents an independent obligation of the parties, and it is understood that the AAA has no liability, direct or indirect, for such payment. Each party shall promptly deposit in advance with the AAA such sums of money as required by the administrator to defray the costs of the neutral(s) fees. Compensation incurred will be deducted from deposits on hand, if any.

Upon request, checks are to be made payable to the American Arbitration Association and submitted to the case manager.

For the purpose of scheduling a preliminary hearing, we are enclosing conference call calendars for the weeks of October 18 and October 25, 2004. We ask you to mark out the dates and times you are not available for a conference call and return it to us via fax on or before **October 14, 2004**. If a response is not received by the Association by that date, we will assume all dates and times are acceptable and a preliminary hearing will be set.

If you have any questions please do not hesitate to call me.

Sincerely,

Julie M. Molloy
Case Manager
401 431 4836
Molloyj@adr.org

Carli H. Del Solio
Supervisor
401 431 4810
solioc@adr.org

Encl.

Cc: Louis Coffey

# Exhibit P

PETER N. MILLIGAN, ESQ.
────────────ATTORNEY AT LAW────────────

American Arbitration Association
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

October 20, 2004

**Via Facsimile**

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East 6th Avenue
Suite 100
Conshohocken, PA 19428

Peter N. Milligan, Esq.
Law Office of Peter N. Milligan
1960 Route 70 East
Cherry Hill, NJ 08003

Re: 14 110 Y 01010 04
   Brendan Ward Masonry, Inc.
   and
   Wu Associates

Gentlemen:

This will acknowledge receipt of a letter dated October 14, 2004, from Mr. Milligan, a copy of which we note has been exchanged with Mr. Bucco.

Please be advised, pursuant to the Association's letter dated October 8, 2004, the Association has determined Mr. Coffey is reaffirmed as the arbitrator in the above matter.

This will also confirm the Association was unable to schedule a conference call with the Parties.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules.

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

Additionally, for the purpose of scheduling a preliminary hearing, we are enclosing conference call calendars for the weeks of November 1 and November 8, 2004. We ask you to mark out the dates and times you are not available for a conference call and return it to us via fax on or before <u>October 28, 2004</u>. If a response is not received by the Association by that date, we will assume all dates and times are acceptable and a preliminary hearing will be set.

If you have any questions please do not hesitate to call me.

Sincerely,

Julie M. Molloy
Case Manager
401 431 4836
Molloyj@adr.org

Carli H. Del Solio
Supervisor
401 431 4810
solioc@adr.org

Encl.

# Exhibit Q

PETER N. MILLIGAN, ESQ.
———ATTORNEY AT LAW———

LAW OFFICE

# PETER N. MILLIGAN, ESQ.

1960 ROUTE 70 EAST
CHERRY HILL, NEW JERSEY 08003

E-MAIL: PNMLAW@aol.com
ADMITTED IN NJ AND PA

(856) 983-0003
FACSIMILE (856) 983-0030

October 21, 2004

Paul A. Bucco, Esq.
Davis Bucco & Ardizzi
10 E. 6th Ave.
Suite 100
Conshohocken, PA 19428

     RE:  Brendan Ward and Wu & Associates, Inc.
           14Y1100101004

Dear Paul:

    Please recall our 7/22 conversation, my 7/22 letter, and my 9/22 letter.  I have never received a response.

    On September 28, 2004 I received a copy of your delay damage claim.  As of 10/15, Mr. O'Meara had not received same, so that I have forwarded it by regular mail.

    You have expressed frustration with the costs and administrative abilities of AAA, and with the professionalism and ability of the appointed arbitrator.

    It is my understanding that you will only proceed with Mr. Coffey under protest, and with the threat to sue AAA if the arbitration ruling is not satisfactory to your client.

    Please let me thus renew my proposal.

    First, subject to Mr. O'Meara's review, I anticipate your delay damage claim will be submitted to the Department of Labor as part of that dispute.  Wu & Associates, Inc. will agree to duly prosecute that claim.

    At first glance, it is apparent that the claim lacks

necessary information, such as audited financial statements, invoices, and various proofs.  However, Mr. O'Meara will be better able to define what else is necessary.

Second, upon filing, the current arbitration will be dismissed, and the parties will execute a tolling agreement.  I believe that we have a good faith claim for return of all filing fees, as AAA has done little or nothing to date, despite the passing of almost five (5) months.

Third, upon conclusion of the DOL matter, Brendan Ward may be satisfied with the award.  If not, arbitration can commence to address the remaining sum allegedly due.

You may contact Mr. O'Meara for the anticipated time line.

Instead of AAA, the parties should agree to attempt to select a mutually acceptable arbitrator.  If unable, the parties will appoint their own arbitrator, and be responsible for their own arbitrator's costs.  The appointed arbitrators will then select a neutral arbitrator.

Let me know if this satisfies your concerns.

Thank you for your consideration in this matter.  If you have any questions, please feel free to contact this office.

Very truly yours,

Peter N. Milligan, Esq.

cc:  Kirby Wu

PETER N. MILLIGAN, ESQ.
————ATTORNEY AT LAW————

# Exhibit R

PETER N. MILLIGAN, ESQ.
—————————————ATTORNEY AT LAW—————————————

 American Arbitration Association
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

December 17, 2004

**Via Facsimile**

Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi
10 East Sixth Avenue
Suite 100
Conshohocken, PA  19428

Peter N. Milligan, Esq.
Law Office of Peter N. Milligan
1960 Route 70 East
Cherry Hill, NJ  08003

Re: 14 110 Y 01010 04
    Brendan Ward Masonry, Inc.
    and
    Wu Associates

Gentlemen:

As advised in our previous letter, dated December 7, 2004, we have closed our files.

Enclosed please find a statement reflecting the refund issued or outstanding balance due.  Please remit payment on any outstanding balance upon receipt of this statement.

We appreciate the opportunity to assist the parties in the resolution of this matter.

Sincerely,

Julie M. Molloy
Case Manager
401 431 4836
Molloyj@adr.org

Carli H. Del Solio
Supervisor
401 431 4810
solioc@adr.org

Encl.

2

**PETER NEELY MILLIGAN, ESQ.**
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

---

WU & ASSOCIATES, INC.

                    Plaintiffs,

v.

BRENDAN WARD MASONRY INC.
and INTERNATIONAL FIDELITY
INSURANCE COMPANY

               Defendants

SUPERIOR COURT OF NEW JERSEY
CAMDEN COUNTY
LAW DIVISION

DOCKET NO.: L-5245-07

---

**ORDER BARRING ALL CLAIMS OF DEFENDANT BRENDAN WARD MASONRY INC.**

    This matter being opened to the Court by **PETER N. MILLIGAN,** **ESQ.**, attorney for plaintiff on motion for an order to bar all claims of Defendant BRENDAN WARD MASONRY INC., and the Court having considered the motion and good cause appearing;

    all claims of Defendant BRENDAN WARD MASONRY INC. against Plaintiff Wu & Associates, Inc. are barred.

                                             _____
                                                  J.S.C.

[ ] opposed
[ ] unopposed

*LAST PAGE*

PETER N. MILLIGAN, ESQ.
ATTORNEY AT LAW

EXHIBIT "C"

**DEVLIEGER HILSER, P.C.**
By:    John E. Hilser, Esquire
         George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax

RECEIVED
2007 DEC -3 PM 1:11

*Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES**        : | **SUPERIOR COURT OF NEW JERSEY** |
|                  : | **CAMDEN COUNTY** |
|        **Plaintiff**     : | **LAW DIVISION** |
|                  : | |
| **v.**                    : | **DOCKET No. L-005245-07** |
|                  : | |
| **BRENDAN WARD MASONRY, INC.** : | |
|                  : | |
| **and**                 : | |
|                  : | |
| **INTERNATIONAL FIDELITY**   : | |
| **INSURANCE COMPANY**      : | |
|                  : | |
|        **Defendant**    : | |
|                  : | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

the Cross-Motion of Wu & Associates, Inc., the Certification in Opposition of Defendants,

Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, it is hereby

ORDERED that the Cross-Motion is DENIED with prejudice.


                                            BY THE COURT:


                                    _____

Opposed     ( X )                                               J.
Unopposed   (   )

**DEVLIEGER HILSER, P.C.**
By:   John E. Hilser, Esquire
        George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax                              *Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES** : | **SUPERIOR COURT OF NEW JERSEY** |
| : | **CAMDEN COUNTY** |
| **Plaintiff** : | **LAW DIVISION** |
| : | |
| **v.** : | |
| : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** : | |
| : | |
| **and** : | |
| : | |
| **INTERNATIONAL FIDELITY** : | |
| **INSURANCE COMPANY** : | |
| : | |
| **Defendant** : | |
| : | |

## CERTIFICATION OF COUNSEL IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO BAR CLAIMS

I, John E. Hilser, of full age, being duly sworn according to law, do hereby depose and say as follows:

1.      I am a Partner in the Law Firm of DeVlieger Hilser, P.C., attorneys for Defendants Brendan Ward Masonry, Inc. ("Ward") and International Fidelity Insurance Company and am authorized to make this certification on their behalf.

2.      On or about October 9, 2007, the undersigned contacted Peter Neely Milligan, Esquire, as counsel for Wu & Associates, Inc. ("Wu") to ascertain whether Wu would proceed in accordance with the Tolling Agreement. See Exhibit "B" to Milligan's certification.

3.     Mr. Milligan contacted me several days later and extended a non-privileged settlement offer in the amount of $40,000.00 to settle Ward's claims, otherwise, Mr. Milligan suggested that we begin exploring potential arbitrator's for moving forward.

4.     Instead of proceeding as represented and while the undersigned was exploring potential arbitrators, Mr. Milligan filed the instant action without further discussion.

5.     Since the claims advanced in Wu's Complaint were identical to claims which Mr. Milligan dismissed with prejudice by stipulation in July of 2004, the undersigned filed a Motion to Dismiss which is currently before the Court.

6.     Wu does not oppose the relief sought in Ward's Motion and, accordingly, said Motion should be granted for the reasons set forth therein and by reason of the Entire Controversy Doctrine.

7.     Instead, on November 20, 2007, Mr. Milligan filed a Cross-Motion seeking to prospectively bar Ward from advancing claims against Wu and Mr. Milligan forwarded a copy of the motion papers by regular mail in an attempt to serve same on Ward.

8.     Pursuant to N.J.R. 1:6, service by regular mail is presumed on the third business day after mailing. See N.J.R. 1:6-3(c) and N.J.R. 1:3-1 requires the day of the act of mailing be excluded.

9.     Accordingly, service of the Cross-motion was effected on Friday November 23, 2007 and is untimely under N.J.R. 1:6-3 which required service no later than Thursday, November 22, 2007.[1]

_____

[1] On Friday November 23, 2007, Mr. Milligan contacted me to discuss oral argument. I asked Mr. Milligan if he had filed a Response and, if so, where did he serve same. Mr. Milligan confirmed that he served same at this Firm's New Jersey address. I asked Mr. Milligan if he

10.    Moreover, the Cross-Motion violates N.J.R. 1:6-3(b) because it does not relate to the subject matter of Ward's Motion, i.e., the dismissal of the claims advanced by Wu which had been dismissed with prejudice in 2004.

11.    The Cross-Motion is moot because on November 21, 2007, prior to any notice of the instant Cross-Motion, Ward commenced an action in the United States District Court for the District of Delaware at 1:07-cv-00751-GMS advancing, *inter alia*, that Wu breached the Tolling Agreement. A true a correct copy of the docket is attached hereto as Exhibit "A".

12.    The Cross-Motion is not the proper form to raise what in substance is a declaratory judgment and/or an application for injunctive relief and should, therefore, be denied.

13.    Finally, the substance of Wu's argument is that a Tolling Agreement which clearly suspends the running of the six year statute of limitations could be read as actually truncating the limitations period to 366 days ignores the plain language of the agreement and is, therefore, without merit. Furthermore, the dispute between Wu and the Government was not resolved until January 5, 2007 and pursuant to the Tolling Agreement, Wu was required to notify Ward of the disposition.[2] Wu did not notify Ward of the conclusion as it represented it would in the Tolling Agreement and is thus responsible for delays in this regard.

WHEREFORE, Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company, respectfully request that the Court enter an Order in the form proposed and

---

could fax me a copy of the papers at my Philadelphia office to which he agreed. Despite this agreement, Mr. Milligan did not fax the papers as he represented he would.

[2] In Footnote No. 1, Mr. Milligan suggests that the Government rejected Ward's claims. That is misleading because the basis of such rejection was that the claims were more appropriately advanced against Wu as opposed to the Government. A true and correct copy of that portion of the decision is attached hereto as Exhibit "B".

dismiss Plaintiff, Wu and Associates, Complaint, pursuant to New Jersey Rules of Court 4:6 and 4:37 and deny the Cross-Motion.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**DEVLIEGER HILSER, P.C.**

By: _____

John E. Hilser, Esquire
George B. Keahey, Esquire

Dated: December 3, 2007

F:\Brendan Ward.110\Willimington Job.001\plds\NJ Superior\opposition.crt.wpd

4

EXHIBIT "A"

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00751-GMS

Brendan Ward Masonry Inc. v. Wu & Associates Inc.      Date Filed: 11/21/2007
Assigned to: Honorable Gregory M. Sleet        Jury Demand: Plaintiff
Demand: $225,000                         Nature of Suit: 190 Contract: Other
Cause: 28:1332 Diversity-Breach of Contract     Jurisdiction: Diversity

**Plaintiff**

**Brendan Ward Masonry Inc.**      represented by  Perry F. Goldlust
                                        Aber, Goldlust, Baker & Over
                                        First Federal Plaza, Suite #600
                                        P.O. Box 1675
                                        Wilmington, DE 19899
                                        (302) 472-4900
                                        Email: pgoldlust@gablawde.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wu & Associates Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2007 | 1 | COMPLAINT filed with Jury Demand against Wu & Associates Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 350, receipt number 149676.) - filed by Brendan Ward Masonry Inc.. (Attachments: # 1 Exhibit A part 1# 2 Exhibit A part 2# 3 Exhibit b# 4 Civil Cover Sheet # 5 Acknowledgement of Consent Form)(lid) Additional attachment(s) added on 11/28/2007 (lid, ). (Entered: 11/21/2007) |
| 11/21/2007 | | Summons Issued as to Wu & Associates Inc. on 11/21/2007. (lid) (Entered: 11/21/2007) |
| 11/21/2007 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (lid) (Entered: 11/21/2007) |
| 11/21/2007 | 3 | MOTION for Pro Hac Vice Appearance of Attorney John E. Hisler - filed by Brendan Ward Masonry Inc.. (Attachments: # 1 Certification of John E. Hisler, Esq.# 2 Text of Proposed Order Proposed Order)(Goldlust, Perry) (Entered: 11/21/2007) |
| 11/28/2007 | | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb) (Entered: 11/28/2007) |

| | | |
|---|---|---|
| 11/29/2007 | | SO ORDERED, re 3 MOTION for Pro Hac Vice Appearance of Attorney John E. Hisler filed by Brendan Ward Masonry Inc. Signed by Judge Gregory M. Sleet on 11/29/07. (mmm) (Entered: 11/29/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/30/2007 14:34:10 | | | |
| **PACER Login:** | dh2658 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00751-GMS Start date: 1/1/1970 End date: 11/30/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

EXHIBIT "B"

claims against Wu pertaining to these issues, and Wu has correspondingly passed through those claims to DOL.

(App. Brief, 42). Wu does not elaborate on its claim that DOL was fault for Ward's additional costs. DOL argues that "subcontractor, in a number of instances, has identified inefficiencies by the prime Contractor." (Gov't Brief, 67).

Ward provided an analysis of the Project in which it explained the reasons for the delays and extra costs. (A-50). Ward stated that Wu's construction sequence did not work properly because of "Wu's inefficiency in scheduling and construction procedures." (*Id* at 2). It also explained that "Wu's inefficient methods caused delays to Ward." (*Id* at 3). In process of filling the concrete footings, Ward stated that "Wu did not clean the footings in a timely manner." (*Id*). It alleged that Wu was unable "to get the job ready for Ward's masonry work" and caused delays. (*Id*). According to Ward, during the process of backfilling walls, Wu had a "lack of personnel" such that the work was not done promptly. (*Id* at 4). It noted that the erection of steel and the second floor deck was stopped due to "lack of coordination by Wu." (*Id*). Ward described "cash flow shortages" caused by "inefficient job performance caused by Wu." (*Id* at 11). It faulted Wu for "not scheduling or preparing the work properly." (*Id* at 12). In its analysis, the only fault Ward found with DOL was a delay claim. (*Id* at 11).

Wu has not proven that DOL was at fault for Ward's extra costs. In fact, for most of Ward's claims, it places the blame on Wu, not DOL. Wu cited no specific documentation or testimony in its blanket assertion that DOL caused the extra costs. Therefore, Wu's pass-through claim on behalf of Ward is not compensable.

It is important to note that although Ward does not have a cause of action against DOL, the contract between Ward and Wu specifically allows either party to go to arbitration to recover disputed costs from the other party. (A-44). Section 6.2 of the contract explicitly states that either party can file a claim with an arbitrator. (*Id* at 8).[15] Therefore, Ward has other means of recourse to recoup extra costs allegedly caused by Wu.

*3.    Direct Costs for Kirby Wu, Raymond Wu, and Robert O'Reilly*

Wu contends that it sustained damages due to the substantial delays on the Project in the form of direct costs attributable to the extra time Kirby Wu, Raymond Wu, and the time Bob O'Reilly were required to spend on the Project dealing with the consequences of the environmental problems; DOL's decision to force Wu to work out of sequence; DOL's decision not to take sovereignty over the Project and to cede local building and other code and regulatory enforcement affecting completion of the Project to the City of Wilmington; design changes, Change Orders issued by DOL, and other problems. Wu contends that because of these factors, Kirby Wu spent substantial time in addition to the anticipated 15 hours per week out of his regular 50 hour work week for a period of one year; that Raymond Wu was required to spend time on the Project after Kirby Wu assumed responsibility in November 2002 that, similarly, had

---

[15] Wu has not provided Section 6.2 in its entirety, as it only provided the even-numbered pages to the contract, A-44. However, from the portion Wu submitted, it is clear under Section 6.2.2 of the contract states that "claims not resolved by mediation shall be decided by arbitration." A-44 at 8.

- 143 -

**DEVLIEGER HILSER, P.C.**
By:      John E. Hilser, Esquire
           George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax

*Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES**                                 : | **SUPERIOR COURT OF NEW JERSEY** |
|                  **Plaintiff**                   : | **CAMDEN COUNTY** |
|                          : | **LAW DIVISION** |
| **v.**                                                        : | |
|                          : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.**        : | |
|                          : | |
| **and**                                                     : | |
|                          : | |
| **INTERNATIONAL FIDELITY**                   : | |
| **INSURANCE COMPANY**                         : | |
|                          : | |
|                   **Defendant**              : | |

## CERTIFICATE OF SERVICE

I, John E. Hilser, Esquire, hereby certify that a true and correct copy of the foregoing

Defendants' Certification of Counsel in Opposition to Plaintiff's Cross-Motion to Bar Claims

together with Exhibits and Proposed Order was served upon counsel this 3rd   day of December,

2007 via hand delivery addressed as follows:

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003

                                                       **DEVLIEGER HILSER, P.C.**

                            By:      _____

                                    John E. Hilser, Esquire
                                    George B. Keahey, Esquire
                                    2345 Bethel Avenue
                                    Merchantville, NJ 08109

EXHIBIT "D"

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
CAMDEN COUNTY
DOCKET NO. L-005245-07

WU & ASSOCIATES, INC.,          )
                                )
        Plaintiffs,             )
                                )
     vs.                        )        TRANSCRIPT
                                )            OF
BRENDAN WARD MASONRY, INC. AND)          MOTION
INTERNATIONAL FIDELITY          )
INSURANCE COMPANY,              )
                                )
        Defendants.             )

                    Place:  Camden County Hall of Justice
                            101 S. 5th Street
                            Camden, New Jersey 08103

                    Date:   December 7, 2007

BEFORE:

    HONORABLE LOUIS MELONI, J.S.C.


TRANSCRIPT ORDERED BY:

    COURTNEY SIMPSON, LEGAL ASSISTANT, (DeVlieger Hilser,
    P.C.)

APPEARANCES:

    JOHN HILSER, ESQ. (DeVlieger Hilser, P.C.)
    Attorney for the Plaintiff


                    Transcriber Janet Barbieri
                    DIANA DOMAN TRANSCRIBING AND
                    RECORDING SERVICES
                    P.O. Box 129
                    Gibbsboro, NJ 08026
                    PHONE:  (856)435-7172
                    FAX:  (856)435-7124
                    Email: Dianadoman@comcast.net

                    Audio Recorded
                    Operator: C. Conaghan

2

I N D E X

THE COURT                PAGE

Findings                  6

3

```
 1              THE COURT: Let's do the --
 2         VOICE: Wu?
 3              THE COURT: Do you have --
 4         VOICE: He's here on Wu.
 5              THE COURT: Oh, okay.  You're here on Wu
 6    and --
 7              VOICE: Do you want to wait till 12 or do you
 8    want to --
 9              THE COURT: Did you hear anything from your
10    adversary?
11              MR. HILSER: I have not.  I left a message at
12    his office.  I called my office.  My office had not
13    heard anything.
14              THE COURT: All right.  Let's just -- how long
15    have you been here?
16              MR. HILSER: I've been here since nine.
17              THE COURT: All right.  Let's do it.
18                        (Pause)
19              THE COURT: All right.  This is the matter of
20    Wu & Associates versus Brendan Ward Masonry, Inc., et
21    al, under docket L-5245-07.  Counsel, will you enter
22    your appearance?
23              MR. HILSER: Thank you, Your Honor.  John
24    Hilser, from the firm of DeVlieger Hilser, sir, on
25    behalf of defendants Brendan Ward Masonry, Inc. and
```

4

1  International Fidelity Insurance Company.
2           THE COURT: All right.  This motion comes
3  before the Court on a motion by Ward to dismiss the
4  complaint with prejudice, and a cross-motion made out
5  of time to bar a claims award.  The motion -- there was
6  by letter of December 5th from plaintiff's attorney,
7  Mr. Milligan, a request for a continuance.  In that
8  request he indicated that there were two changes in
9  plaintiff's position; first, that plaintiff no longer
10 consented to the motion made by Ward and, second, that
11 plaintiff would withdraw its cross-motion and would
12 seek to amend its pleadings to assert relief on the
13 declaratory judgment action.
14          In that letter he indicates that he was
15 unable to contact initially defendant's counsel, but
16 ultimately he was advised by defendant's counsel that
17 his client -- that defendant would not consent to an
18 adjournment.
19          By letter of December 6th, 2007 received a
20 letter from -- a communication from Mr. Hilser, who's
21 here today, indicating that in his conversation with
22 Mr. Milligan that Mr. Milligan sought to amend his
23 complaint to advance a claim regarding a tolling
24 agreement which is the subject, -- tolling agreement
25 between the parties which is the subject apparently of

5

1  litigation in the Federal District Court for the
2  District of Delaware, and that he -- Mr. Hilser, that
3  is, could not consent to the adjournment inasmuch as it
4  would subject his client to unnecessary and duplicative
5  cost of fees in having these claims -- I guess in
6  essence pending in two jurisdictions.
7           Did I have pretty much the -- the adjournment
8  issue placed on the record as far as you understand?
9           MR. HILSER: Yes, for the request for the
10 adjournment, that's correct.
11          THE COURT: Okay.
12          MR. HILSER: The basis for not consenting to
13 the adjournment was because it's essentially creating
14 an argument of prior pending action for the opposition
15 which would subsequently impact my client's rights.
16          THE COURT: Okay.  I note that it is now
17 almost 11:45.  The matter was scheduled for 9:00.  Mr.
18 Milligan's been advised that the case would be heard
19 today.  We have not heard from him.  He has been,
20 Roger?
21          CLERK: Yes.
22          THE COURT: We have not heard from him this
23 morning indicating that he has any -- has had any
24 problems, so that the Court will go forward with the
25 motion now, and the motion to dismiss made by Ward is

The Court - Findings                                    6

1   based on the following fact: Ward entered into a
2   contract with the Department of Labor as a general
3   contractor on a project.  He entered into a
4   subcontractor agreement with Ward -- Wu I said entered
5   in.  If I said -- did I say Wu or Ward?
6            CLERK: Ward the first time.
7            THE COURT: It was Wu that entered into the
8   contract with the Department of Labor and subsequently
9   into a subcontractor with Ward to furnish labor and
10  equipment, materials to perform masonry work. On July
11  6th, 2004 Wu's 2004 complaint was dismissed with
12  prejudice under Docket L-2425-04.
13           On October 12th, 2007 Wu filed another
14  complaint against the same defendants seeking -- again,
15  arising out of the subcontractor agreement, which
16  appeared to me to be pretty much the identical
17  complaint that he filed in 2004.
18           The defendant moved for dismissal under 4:37
19  inasmuch as that the dismissal of the earlier case was
20  with prejudice and considered an adjudication on the
21  merits, and accordingly are res judicata, therefore
22  this should be dismissed.
23           It is also argued that under 4:6-4b it is
24  abusive or redundant litigation.  The plaintiff in his
25  original responding papers does not argue against the

The Court - Findings                                    7

1   emotion, but makes cross-claims saying that they --
2   that the parties have entered into a tolling agreement
3   that required all parties to initiate claims by a time
4   certain, and, further, that the defendant failed to
5   initiate claims on the -- and, accordingly, these
6   claims should be barred.
7            There is no -- there are no such claims that
8   are before the Court.  There was a request to adjourn
9   this matter which was declined.  Inasmuch as it's my --
10  I've been advised that this precise issue is -- and
11  correct me if I'm wrong, Mr. Hilser -- is presently
12  before the Court, Federal District Court, in Delaware.
13           MR. HILSER: We have filed an action in
14  Delaware.  Brendan Ward has filed an action in Delaware
15  alleging inter alia a breach of the tolling agreement,
16  so the tolling agreement is at issue in that
17  litigation.
18           THE COURT: Okay.  I do think that Rule 4:37
19  applied.  I do think that Rule 4:6-4b applies, and,
20  accordingly, this matter -- or the defendant's motion
21  is granted.
22           Defendant -- or Plaintiff's cross-motion to
23  bar the claims of Brendan Ward is denied.  There are no
24  claims before this Court of Brendan Ward.  Apparently
25  those issues, if they are alive, are in Delaware

The Court - Findings                                8

1    Federal District Court, and they will be dealt with
2    there.  Accordingly, that motion is denied.  Okay.
3          MR. HILSER: Thank you, Your Honor.
4                        * * * * *
5                 C E R T I F I C A T I O N
6    I, Janet Barbieri, the assigned transcriber, do hereby
7    certify the foregoing transcript of proceedings in the
8    Camden County Superior Court, on December 7, 2007, Tape
9    number 2, Index number from 1632 to 2228, is prepared
10   in full compliance with the current Transcription
11   Format for Judicial Proceedings and is a true and
12   accurate compressed transcript of the proceedings as
13   recorded.
14
15
16   _____        _____
17   DATE                        JANET BARBIERI        AOC #131

# EXHIBIT "E"

**DEVLIEGER HILSER, P.C.**
  By:    John E. Hilser, Esquire
         George B. Keahey, Esquire
2345 Bethel Avenue
Merchantville, NJ 08109
(856) 661-1150 Phone
(856) 661-1151 Fax

*Attorneys for Defendants*

| | |
|---|---|
| **WU & ASSOCIATES** : | **SUPERIOR COURT OF NEW JERSEY** |
| : | **CAMDEN COUNTY** |
| **Plaintiff** : | **LAW DIVISION** |
| : | |
| **v.** : | |
| : | **DOCKET No.  L-005245-07** |
| **BRENDAN WARD MASONRY, INC.** : | |
| : | |
| **and** : | |
| : | |
| **INTERNATIONAL FIDELITY** : | |
| **INSURANCE COMPANY** : | |
| : | |
| **Defendant** : | |
| : | |

## <u>ORDER</u>

AND NOW, this ___7th___ day of ___December___, 2007, upon consideration of

Defendants, Brendan Ward Masonry, Inc. and International Fidelity Insurance Company's,

Motion to Dismiss Plaintiff, Wu and Associates', Complaint and Plaintiff's response thereto, it is

hereby ORDERED that the above captioned Complaint is DISMISSED with prejudice.

BY THE COURT:

Louis R. Meloni, J.S.C.

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRENDAN WARD MASONRY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| v. | : | |
| | : | |
| WU & ASSOCIATES, INC., | : | **JURY TRAIL DEMANDED** |
| | : | |
| Defendant. | : | **CIVIL NO. 07-cv-00751** |
| | : | |

**CERTIFICATE OF SERVICE**

I, PERRY F. GOLDLUST, do hereby certify that the attached Reply Brief in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) was E-filed and a copy mailed by U.S. Mail, postage-prepaid, on March 20, 2008 to:

Peter L. Frattarelli, Esquire
Archer & Freiner, P.C.
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust (DSB #770)
PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: March 20, 2008

Of Counsel:
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

Client/Hilser/Certificate of Service-Reply Brief in Support of Motion to Dismiss