## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

BRENDAN WARD MASONRY, INC.,     :
     :
       **Plaintiff,**     :
     :
     :     **BREACH OF CONTRACT**
     :
   **v.**     :
     :
WU & ASSOCIATES, INC.,     :     **JURY TRAIL DEMANDED**
     :
       **Defendant.**     :     **CIVIL NO. 07-cv-00751 GMS**
_____ :

### JOINT STATUS REPORT

1.    Jurisdiction and Service:    No issue at this point.

2.    Substance of Action:  Breach of Subcontract and delay claim.

      On or about August 2001, Wu entered into a contract with the Department of Labor for the United States of America as the general contractor for work to be performed for a federal construction project, number 0102, at the Wilmington Job Corps Center, 9 Vandever Avenue, Wilmington, Delaware 19802. On or about April 5 2002, Ward entered into Subcontractor Agreement with Wu to furnish labor, equipment, materials and perform masonry work for the aforementioned federal project.  Ward maintains that Wu breached the subcontract by failing to pay Ward in excess of $150,000.00 in contract balances and is also responsible for delay damages in excess of $200,000.00 by virtue of its mismanagement of the Project and failure to perform its obligations under the Subcontract including its failure to properly advocate that portion of Ward's pass through claim against the Government.  Ward also maintains that Wu's actions resulted in the destruction of its business valued at no less than $500,000.00.  Wu

maintains that contract balances were not paid over due to appropriate back-charges assessed

during the prosecution of the project and the delay claim of Ward was submitted to, and rejected

by the Government.  Accordingly, Wu Maintains that Ward is not owed any amounts from Wu.

Ward maintains the delay claim was rejected by the Government on the express basis that it was

more appropriately advanced against Wu as opposed to a pass through to the Government.

3.      Identification of Issues:          Whether Wu's Counterclaim is barred by res judicata.

                                           Whether Plaintiff's claims are barred by res judicata and/or

the effect of the DOL ruling.

4.      Narrowing of Issues:   12(b)(6) Motion pending.  Ward has moved to dismiss the

                               Counterclaim of Wu on the basis of res judicata.

5.      Relief:        Plaintiff seeks monetary damages in amount of $912,108.71.

                       Damage Statement is attached hereto.

6.      Amendment of Pleadings:     Plaintiff will seek leave to amend to add destruction of

                                    business claim.  Defendant may seek to join Ward's surety

                                    as a counterclaim defendant.

7.      Joinder of Parties:     See No. 6 above.

8.      Discovery:              Plaintiff believes a protocol for maintaining and disclosing

                                computer files needs to be established for E-discovery.

The parties suggest the following discovery schedule:

                       Propounding discovery by written discovery 6/1/2008

                       Answers due                          8/01/2008

                       Depositions completed by             11/01/2008

                       Plaintiff's Expert report by         12/15/2008

|                               |            |
|-------------------------------|-----------|
| Defendants Expert report by   | 2/01/2009 |
| Expert Depositions by         | 3/01/2009 |

9.    Estimated Length of Trial:    6-8 days.

10.   Jury Trial:    Requested.

11.   Settlement:    Settlement has been discussed.  Parties do not believe mediation would be helpful, but parties will continue to discuss settlement in hopes of early resolution.

12.   Other Matters:    There is currently pending a motion to reinstate the 2004 litigation in the Superior Court of New Jersey, Camden County and a Motion for Relief from Judgment is pending in the 2007 litigation also in the Superior Court of New Jersey, Camden County.

13.   The Undersigned counsel have conferred on April 9, 2008 about each of the above matters and jointly submit the instant status report.

ABER, GOLDLUST, BAKER & OVER

/s/ Perry F. Goldlust
PERRY F. GOLDLUST, ESQUIRE (DSB #770)
702 King Street, Ste. 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900; (302) 472-4920 (FAX)
pgoldlust@gablawde.com
*Attorneys for Plaintiff Brendan Ward Masonry, Inc.*

Of Counsel:
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

ARCHER & GREINER, P.C.


/s/ Peter L. Frattarelli
PETER L. FRATTARELLI (DSB # 2871)
300 Delaware Avenue
Ste. 1370
Wilmington, DE 19801
(302) 777-4350; (302) 777-4352 (FAX)
pfrattarelli@archerlaw.com
*Attorneys for Defendant Wu & Associates, Inc.*

Of Counsel:
SEAN T. O'MEARA, ESQUIRE
ARCHER & GREINER, P.C.
One Centiennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121; (856) 795-0574 (FAX)
someara@archerlaw.com


DATED:  April 11, 2008

# EXHIBIT A

## I.    AMOUNTS DUE ON THE CONTRACT WHICH WERE NEVER PAID AND/OR DEDUCTED BY WU

**Change and Additional Cost Orders never approved and/or paid**

| | | |
|---|---|---|
| BWM additional costs #2 | Correction to Southwest Wall | $ 1,217.00 |
| BWM #9 | Setting of New Angles | 1,114.00 |
| Change Order #7 | Water purchased | 17,075.00 |
| CO#12 | Additional Wall | 948.00 |
| CO#16 | Cleanup | 303.00 |
| CO#18 | Cleanup | 639.00 |
| CO#20 | Garden Wall | 6,857.00 |
| CO#21 | Patch | 767.00 |
| CO#22 | Patch | 568.00 |
| CO#23 | Patch | 953.00 |
| CO#24 | Patch | 953.00 |
| CO#25 | Patch | 953.00 |
| CO#26 | Patch | 953.00 |
| CO#27 | Grout | 274.00 |
| CO#28 | Replace Walls | 2,662.00 |
| CO#29 | Replace Block | 1,692.00 |
| CO#30 | Materials Moved | 2,364.00 |
| CO #32 | Demolition of Walls | 994.00 |
| CO #33 | Repair cracks | 950.00 |

CO#34                    Repair cracks                            798.00
                                             Total:      $ 42,934.00

**Wu's revisions to the original contract (disputed by Ward)**

The original base contract:                                 $950,000.00

12-17-02      Saw cut block of footers                           615.00

1-20-03       Additional CMU and B/C for pump use             2,406.00

1-20-03       Re layout base course                             567.00

10-23-03      Grout of Column in corridor                       273.84

1-13-04       B/C for completing stone [garden wall] entry and
              piers(2) [includes $72,250.20 removal of the "garden
              wall work"]                                      73,350.20

2-13-03       COR#17 & 31                                      1,742.50

2-13-04       B/C to demolish chases that were built before mech.    1,930.14
              Contractor could complete his work

2-16-04       B/C for Wu to complete punch list               5,751.20


Total of Wu's revisions to original contract:            $ 75,427.20


**Money still owed on the revised contract**

The revised contract after the above back-charges and corrections:  $874,572.80

Total amount paid to client on revised contract:            846,063.67
                                             Difference:    $ 28,509.13

**Windfall Profit Wu made on "Garden Wall"**

Money back-charged to Ward when garden wall taken away:    $ 72,250.20

Money paid by Wu to new subcontractor:                      60,820.00
                                             Difference:    $ 11,630.00

**Total amounts due on the revised contract:             $ 83,073.13**

**Total amounts due on the original contract
[including Wu's above revisions]**                    **$158,500.33**


## II.    DELAY DAMAGES AND RELATED COSTS

Extended overhead (Eichlaey Formula)              $ 21,190.00

Additional production costs                        43,101.00

Additional forklift operator costs                 31,941.21

Additional forklift and mixer rental               56,530.60

Additional scaffolding equipment costs              4,396.80

Additional trailer rental costs                       486.20

Union wage increases [May 1, 2003]                 30,916.56

Costs of cash flow shortages, interests and penalties    14,436.18
                                          Total    **$202,998.55**

**TOTAL DAMAGES [excluding interest and costs]
on the revised contract:**                         **$286,071.68**

**TOTAL DAMAGES [excluding interest and costs]
on the original contract:**                        **$361,498.88**

## III.    INTEREST

Although the job site was in Delaware and it involved a U.S. Government contract, pursuant to Federal Law, whichever law was chosen by the parties at the time of the contract controls. See, e.g., Solitron v. Devices v. Honeywell, Inc., 842 F.2d 274 (11th Cir. 1988); Shaw Group, Inc. et al. v. Bechtel Jacobs Co., 02-10118 (Bnkr. Del. 2006). In the subcontractor agreement between Wu and Ward, the Choice of Law is New Jersey.

R. 4:42-11 sets the pre-judgment interest rate at 2% over the State of New Jersey Cash Management Fund rate of return. The interest is compounded yearly on the total amount due and is calculated from 6 months after the cause of action arises or institution of the action, whichever is later.

2004: 2% + 2% = 4%

2005: 1% + 2% = 3%

2006: 2% + 2% = 4%

2007: not published yet

The 2006 rate used for 2007 year as the expected rate of return is anticipated to be the same or higher.

Total Damages [original contract] excluding consequential damages:     $361,498.88

| Pre-judgment interest: | 2004 | 14,459.95 |
| | 2005 | 7,229.98 |
| | 2006 | 14,459.95 |
| | 2007 | 14,459.95 |
| Total Pre-judgment interests: | | $ 50,609.83 |

**TOTAL ESTIMATED DAMAGES**                                    $412,108.71


**IV. CONSEQUENTIAL DAMAGES**

Destruction of Brendan Ward Masonry, Inc.     Estimated at     $500,000.00

                                                               $912,108.71