THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDAN WARD MASONRY, INC., <br><br> Plaintiff <br><br> v. <br><br> WU & ASSOCIATES, INC., <br><br> Defendant/Counterclaimant. | CIVIL NO. 07-cv-00751 (GMS) <br><br> **MOTION OF DEFENDANT/ COUNTERCLAIMANT, WU AND ASSOCIATES, INC. FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM** |

   Defendant/Counterclaimant, Wu & Associates, Inc. ("Wu"), by and through its attorneys, Archer & Greiner, A Professional Corporation, brings this Motion for Leave to File an Amended Counterclaim, to add plaintiff's bonding company, International Fidelity Insurance Company, as a counterclaim defendant, and to better delineate Wu's counterclaims against plaintiff, pursuant to F.R.C.P.15, and states as follows:

   1.   The dispute between Wu and plaintiff, Brendan Ward Masonry, Inc. ("Ward"), pertains to problems arising from the construction of a building for the U.S. Department of Labor ("DOL") in Wilmington, Delaware.  These problems led to the filing of litigation by Wu against the DOL in the Department of Labor Board of Contract Appeals.  Wu is a general contractor based in Cherry Hill, New Jersey and Ward is a masonry subcontractor based in Pennsylvania.  The Subcontract between Wu and Ward provided that any disputes would be resolved by arbitration.

   2.   Ward initiated the litigation in this dispute by filing a Complaint in this Court in or about March, 2004 against Wu's bonding company, Fidelity and Deposit Company of

Maryland, even though the Subcontract between Wu and Ward provided for arbitration of any disputes.

3. On May 3, 2004, Wu filed a Complaint in the Superior Court of New Jersey, Law Division (Docket No. L-00245-04) against Ward and its bonding company, International Fidelity Insurance Company, alleging that Ward had breached its contract with Wu.

4. Ward filed a Demand for Arbitration with the American Arbitration Association ("AAA") on May 19, 2004.

5. On June 8, 2004, Wu filed its Answering Statement to Ward's Demand for Arbitration in the form of an Answer and Counterclaim, alleging that Ward breached its contract and that Wu sustained damages.

6. The parties filed a Stipulation of Dismissal of the Delaware case in June, 2004, providing that all claims and defenses would be resolved by AAA Arbitration, as the Subcontract provided.

7. At approximately the same time, the parties also filed a Stipulation of Dismissal of the New Jersey action. The language of the Stipulation in the New Jersey action was identical to the language of the Stipulation in the Delaware action (except for the names of the bonding companies involved).

8. Due both to the fact that Ward was dissatisfied with the Arbitrator appointed by AAA, and Wu's contention that the dispute was not ripe for resolution until Wu's litigation with the DOL was decided, the parties entered into a Tolling Agreement dated December 16, 2004. The jist of the Tolling Agreement was that the parties agreed to dismiss the pending Arbitration and arbitrate their claims after the Wu litigation with the DOL was decided.

9. Approximately three (3) years later, on November 21, 2007, Ward filed the instant action. Shortly before, in October 2007, Wu had re-filed its Complaint in the Superior Court of New Jersey, Law Division, that it had previously filed in 2004 but then dismissed.

10. On November 15. 2007, Ward filed a Motion to Dismiss Wu's 2007 New Jersey Complaint, alleging that, since the 2004 Complaint had been dismissed with prejudice, Wu had no right to file a new Complaint. The motion was initially granted by the Court in New Jersey on December 7, 2007.

11. On January 2, 2008, Ward filed an Amended Complaint in this matter.

12. On January 28, 2008, Wu filed an Answer to the Amended Complaint, Counterclaim and Demand for Jury Trial.

13. On February 19, 2008, Ward filed a Motion to Dismiss Wu's Counterclaim, alleging that, since Wu's 2004 and 2007 Complaints in New Jersey had been dismissed, its Counterclaim in this case should be dismissed as well. However, on April 25, 2008, the Court in New Jersey vacated its December 7, 2007 Order, and reinstated Wu's Complaint in the 2007 case, because it was not aware that Wu's 2004 case had been dismissed with the express understanding that Wu would be entitled to have its affirmative claims heard in another forum. Given this ruling, as Wu has noted in recent letters to the Court, Ward's Motion is without foundation.

14. Since the parties have now finally agreed upon this Court as the appropriate forum, Wu seeks to amend its Counterclaim in this case to add Ward's bonding company, International Fidelity Insurance Company, as a counterclaim defendant. This is important because Ward is insolvent and thus judgment-proof. Once this is accomplished, and Ward agrees that Wu is entitled to assert its Counterclaim in this Court, Wu will dismiss the 2007 New

3

Jersey action. A true and correct copy of the proposed Amended Counterclaim, and a separate copy with the additions and changes, underlined, are attached hereto as Exhibits "A" and "B", respectively.

15. Federal Rule of Civil Procedure 15(a) sets forth that after the initial pleadings have been responded to:

> a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a); Fooman v. Davis, 371 U.S. 178, 182 83. S.Ct. 227, 9 L.Ed.222 (1962).

16. It is within the discretion of the court to determine the appropriateness of the proposed amendment and to deny the amendment when considering the factors of undue delay, bad faith on the part of the party seeking the amendment, undue prejudice to the opposing party or futility of the amendment; Arthur v. Maersk, Inc., 739 F.2d 858, 868 (3d Cir. 1984); Masasrsky v. General Motors Corp.. 706 F.2d 111 (3d Cir. 1983).

17. In the absence of an inordinate delay, a motion for leave to amend should be granted as long as there is no undue prejudice to the non-moving party. Arthur, 434 F. 3d at 204 (wherein the Third Circuit noted that "only one appellate court . . .has approved . . .denial of leave to amend based on a delay of less than one year").

18. In the present case, there has been no inordinate delay and Ward and the proposed new counterclaim defendant, International Fidelity, have not been unduly prejudiced as discovery has just recently begun. In addition, the allegations against International Fidelity arise out of the same facts and circumstances as Wu's original Counterclaim against Ward.

WHEREFORE, defendant/counterclaimant, Wu & Associates, Inc., respectfully requests that the instant motion be granted, and that Wu be entitled to file its proposed Amended

Counterclaim.

                        ARCHER & GREINER, P.C.
                        A Professional Corporation
                        Attorneys for Defendant/Counterclaimant


                        By: /s/ Peter L. Frattarelli
                              PETER L. FRATTARELLI

Dated: June 2, 2008
3330379v1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDAN WARD MASONRY, INC., <br><br> Plaintiff/Defendant on the Counterclaim <br> v. <br><br> WU & ASSOCIATES, INC., <br><br> Defendant/Counterclaimant. <br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE COMPANY, <br> Additional Defendant on the Counterclaim | CIVIL NO. 07-cv-00751 (GMS) <br><br><br><br> **AMENDED COUNTERCLAIM** |

Defendant/counterclaimant, Wu & Associates, Inc., by way of Amended Counterclaim, states as follows:

**FIRST COUNT- BREACH OF CONTRACT (Subcontract)**

1. On or about April 26, 2002, defendant/counterclaimant Wu & Associates, Inc. (hereinafter "Wu") and plaintiff/defendant on the Counterclaim Brendan Ward Masonry, Inc. (hereinafter "Ward") mutually executed a Subcontract. Wu was the general contractor and Ward was one of the subcontractors.

2. The aforementioned subcontract related to a commercial construction project commonly referred to as the Wilmington Job Corps Center (hereinafter "the Project"), on which Wu was the general contractor.

3. Pursuant to the Subcontract, Ward agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding the Project, which was owned by the U.S. Department of Labor ("DOL").

4. Ward failed to timely perform its obligations under the Subcontract.

5. Ward's action caused Wu to sustain damages and injury.

**SECOND COUNT – BREACH OF CONTRACT (Change Order Requests)**

6. Wu incorporates paragraphs 1 through 5 as if they were repeated herein.

7. Article 5 of the Subcontract addresses "Changes in the Work."

8. During the Project, various environmental site conditions (undisclosed by the DOL) became known. These site conditions interfered with and delayed Wu's (and its subcontractors') ability to complete their work on the Project.

9. Pursuant to Article 5 of the Subcontract, Ward asserted various change order requests to Wu related to the site conditions which had been undisclosed by the DOL.

10. These change order requests were passed on to the DOL through change orders requested by Wu, and they were almost all rejected by the DOL.

11. To recover its substantial losses caused primarily by the DOL's failure to disclose the environmental problems at the Project, Wu filed suit against the DOL in the U.S. Department of Labor Board of Contract Appeals.

12. This action sought redress not only for Wu's damages, but also for the various "pass through" claims asserted by other subcontractors, including Ward.

13. On various dates from September 2004 through August 2005, Wu requested – in writing – the cooperation of Ward in documenting the change order requests for assertion against the DOL in the aforementioned action.

14. Ward declined to timely act or assist Wu in asserting Ward's claims against the DOL.

15. The aforementioned actions constitute a breach of the provisions of Article 5, among other provisions, of the Subcontract.

16. The aforementioned actions resulted in the denial of Ward's pass-through claims, and Wu's claims related to Ward's claims, in the aforementioned action.

17. Ward's actions have caused Wu to suffer damages.

### THIRD COUNT - ESTOPPEL (Change Order Requests)

18. Wu incorporates paragraphs 1 through 17 as it they were repeated herein.

19. Ward's actions in failing to cooperate with Wu to recover for Ward's change order requests prevented Wu from recovering against the DOL on behalf of Wu and Ward.

20. Ward's failure to cooperate with Wu estops it from now seeking to recover on its change order requests against Wu.

### FOURTH COUNT - BREACH OF PERFORMANCE BOND

21. Wu incorporates paragraphs 1 through 20 as is they were repeated herein.

22. In September, 2002, additional defendant on the Counterclaim, International Fidelity Insurance Company ("International Fidelity"), executed two (2) agreements, commonly known as a Subcontractor Performance Bond and a Subcontractor Payment Bond.

23. Under the aforementioned agreements, International Fidelity agreed to insure Wu for all loss, damage, and expenses (including interest, costs, and legal fees) incurred by reason of the failure of Ward to complete its obligations under such contract.

24. Duly served written notice has been provided to International Fidelity that Ward failed to complete its obligations.

25. Despite such notice, International Fidelity refuses to insure such loss incurred by defendant/counterclaimant, Wu.

WHEREFORE, judgment is demanded against counterclaim defendants Brendan Ward Masonry, Inc. and International Fidelity Insurance Company for compensatory damages, interest, costs of suit, attorneys fees and all other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Wu & Associates, Inc. hereby demands trial by jury as to all issues.

ARCHER & GREINER  
A Professional Corporation  
Attorneys for Defendant/Counterclaimant  

By:  _/s/ Peter L. Frattarelli (ID No. 2871)_  
PETER L. FRATTARELLI, ESQUIRE

Dated: June 2008

3333720v1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDAN WARD MASONRY, INC., <br><br> Plaintiff/Defendant on the Counterclaim <br><br> v. <br><br> WU & ASSOCIATES, INC., <br><br> Defendant/Counterclaimant. <br><br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE COMPANY, <br><br> Additional Defendant on the Counterclaim | CIVIL NO. 07-cv-00751 (GMS) <br><br><br> **AMENDED COUNTERCLAIM** |

Defendant ~~WU & ASSOCIATES, INC~~/counterclaimant, Wu & Associates, Inc., by way of Amended Counterclaim ~~to the Complaint, avers~~, states as follows:

**FIRST COUNT ~~1~~ - BREACH OF CONTRACT (Subcontract)**

1.      On or about April 26, 2002, ~~Counter-claimant WU & ASSOCIATES, INC~~defendant/counterclaimant Wu & Associates, Inc. (hereinafter "Wu") and ~~Defendant~~plaintiff/defendant on the Counterclaim ~~BRENDAN WARD MASONRY, INC~~Brendan Ward Masonry, Inc. (hereinafter "Ward") mutually executed a ~~subcontract.  See true and correct copy of the agreement attached hereto as Exhibit 1.~~Subcontract.  Wu was the general contractor and Ward was one of the subcontractors.

~~2.     On or about April 26, 2002, corporate representatives of Ward visited the office of Wu in Cherry Hill, NJ, and executed a Standard Form of Agreement between Contractor and Subcontractor.  See true and correct copy of the agreement attached hereto as Exhibit 1.~~

2.     ~~3.~~ The aforementioned subcontract related to a commercial construction project commonly referred to as the ~~"~~Wilmington Job Corps Center~~"~~ (hereinafter "the ~~project")~~Project"), on which Wu was the general contractor.

3.     ~~4.~~ Pursuant to the ~~Agreement~~Subcontract, Ward agreed to perform certain tasks associated with masonry work, as listed in a detailed "Scope of Work" regarding the ~~project~~Project, which was owned by the ~~US~~U.S. Department of Labor~~.~~ ("DOL").

4.     ~~5.~~ Ward failed to timely perform ~~the required tasks of the written Agreement~~its obligations under the Subcontract.

5.     ~~6.~~ Ward ~~breached its contract with Wu.~~

~~7.     Such~~'s action ~~has~~ caused Wu ~~damage~~to sustain damages and injury.

~~WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.~~

**SECOND COUNT** ~~2 – **BREACH OF CONTRACT (Estoppel – Arbitration Clause)**~~

~~8.     Wu incorporates Paragraphs 1 through 8 as through they were repeated herein.~~

~~9.     Previously, Ward has already asserted claims identical to those advocated by its complaint under Civil No. 07-cv-00751 against Wu's surety.  See Complaint attached hereto as Exhibit 3.~~

10. ~~Ward's suit against Civil No. 07-cv-00751 was voluntarily dismissed after the parties reached an agreement under the Tolling Agreement attached hereto as Exhibit 2. See Stipulation of Dismissal attached hereto as Exhibit 4.~~

11. ~~Similarly, Ward asserted claims identical to those advocated by its complaint against Wu, through the American Arbitration Association under 14 110 Y 01010 04. See Arbitration Demand attached hereto as Exhibit 5.~~

12. ~~Similarly, Wu asserted claims identical to those advocated herein against Ward, in the Superior Court of New Jersey under Docket No. L-2425-04. See Summons and Complaint attached hereto as Exhibit 6.~~

13. ~~To induce Wu to dismiss with prejudice an action against Ward in the Superior Court of New Jersey, under Docket No. L-2425-04, Ward agreed to timely arbitrate in a single forum all claims between Ward, Wu, and their respective sureties. See true and correct copy of the Tolling Agreement attached hereto as Exhibit 2, and the Stipulation of Dismissal attached hereto as Exhibit 7.~~

14. ~~Thereafter, Ward failed to timely arbitrate under the Tolling Agreement, and announced its intentions to seek judicial redress for its damages in the United States District Court for the District of Delaware.~~

15. ~~To enforce its rights under the subcontract, Wu filed pleadings, on October 12, 2007, under Docket No. L 5245-07 in the Superior Court of New Jersey. See Complaint attached hereto as Exhibit 8.~~

16. ~~While simultaneously announcing its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2), Ward claimed reliance upon the Tolling Agreement and dismissal of the Complaint under Docket No. L-2425-04 in demanding~~

~~dismissal, on November 15, 2007, of pleadings filed by Wu against Ward on October 12, 2007 under Docket No. L5245-07 in the Superior Court of New Jersey. Particularly, Ward deemed the dismissal of the action under Docket No. L-2425-04 in favor of the tolling agreement as a adjudication on the merits.~~

~~17.    Without disclosing same to the Superior Court of New Jersey, on or about November 21, 2007, Ward filed its pleadings in the United States District Court for the District of Delaware, and made no mention of the litigation pending in the Superior Court of New Jersey addressing issues identical to that now raised by Ward.~~

~~18.    On December 11, 2007, Ward reaffirmed its refusal to arbitrate under the aforementioned Subcontract (Exhibit 1) or Tolling Agreement (Exhibit 2).~~

~~19.    Ward's actions herein described have caused Wu to suffer damages, in addition to increased legal fees and costs.~~

~~20.    Ward should be judicially estopped from later demanding arbitration, which it has openly and clearly abandoned.~~

~~21.    Ward should be judicially estopped from pursuing relief in the United States District Court for the District of Delaware.~~

~~WHEREFORE, judgment is demanded against Ward for compensatory damages, punitive damages, interest, costs of suit, and attorney's fees.~~**COUNT 3 – BREACH OF CONTRACT (Change ~~Orders~~Order Requests)**

6.    ~~22.~~ Wu incorporates ~~Paragraphs~~paragraphs 1 through ~~19~~5 as ~~through~~if they were repeated herein.

7.    ~~23.~~ Article 5 of the Subcontract ~~(Exhibit 1)~~ addresses "Changes in the Work."

4

8.    24. AsDuring the project commencedProject, various environmental site conditions (left undisclosed by the OwnerDOL) became known.  These site conditions interfered with theand delayed Wu's (and its subcontractors') ability of the project to timely progressto complete their work on the Project.

9.    25. Pursuant to Article 5 of the Subcontract (Exhibit 1), Ward asserted various change order requests which were largelyto Wu related to the site conditions which had been undisclosed by the OwnerDOL.

10.    26. These change order requests were passed on to the DOL through change orders requested by Wu, and they were almost all rejected by the OwnerDOL.

27.    To assert Ward's change order requests, among other things, Wu filed a claim against the Owner.

11.    To recover its substantial losses caused primarily by the DOL's failure to disclose the environmental problems at the Project, Wu filed suit against the DOL in the U.S. Department of Labor Board of Contract Appeals.

12.    28. This action sought redress not only for Wu's damages, but also for the various "pass through" claims asserted by other subcontractors, such as and including Ward.

13.    29. On various dates from September 2004 through August 2005, Wu requested – in writing – the cooperation of Ward in clearly documenting the change order requests for assertion against the OwnerDOL in the aforementioned action.

14.    30. Irrationally, Ward declined to timely act or act in good faith or assist Wu in asserting Ward's claims against the OwnerDOL.

31.    Irrationally, Ward declined to document its claim in good faith for submission in the aforementioned action.

5

~~32.    Irrationally, Ward declined to appear to discuss in good faith its claims for submission in the aforementioned action.~~

15.    ~~33.~~ The aforementioned actions constitute a breach of the provisions of Article 5, among other provisions, of the Subcontract ~~(Exhibit 1)~~.

16.    ~~34.~~ The aforementioned actions resulted in the ~~wholesale~~ denial of Ward's pass-through claims, and Wu's claims related to Ward's claims, in the aforementioned action.

~~35.    The aforementioned actions should cause Ward to be estopped from asserting claims against Wu that should have been timely raised and documented in the aforementioned action.~~

17.    ~~36. Otherwise,~~ Ward's actions ~~herein described~~ have caused Wu to suffer damages~~, in addition to increased legal fees and costs.~~.

**THIRD COUNT - ESTOPPEL (Change Order Requests)**

18.    Wu incorporates paragraphs 1 through 17 as it they were repeated herein.

19.    Ward's actions in failing to cooperate with Wu to recover for Ward's change order requests prevented Wu from recovering against the DOL on behalf of Wu and Ward.

20.    Ward's failure to cooperate with Wu estops it from now seeking to recover on its change order requests against Wu.

**FOURTH COUNT - BREACH OF PERFORMANCE BOND**

21.    Wu incorporates paragraphs 1 through 20 as is they were repeated herein.

22.    In September, 2002, additional defendant on the Counterclaim, International Fidelity Insurance Company ("International Fidelity"), executed two (2) agreements, commonly known as a Subcontractor Performance Bond and a Subcontractor Payment Bond.

23. Under the aforementioned agreements, International Fidelity agreed to insure Wu for all loss, damage, and expenses (including interest, costs, and legal fees) incurred by reason of the failure of Ward to complete its obligations under such contract.

24. Duly served written notice has been provided to International Fidelity that Ward failed to complete its obligations.

25. Despite such notice, International Fidelity refuses to insure such loss incurred by defendant/counterclaimant, Wu.

WHEREFORE, judgment is demanded against ~~Ward~~counterclaim defendants Brendan Ward Masonry, Inc. and International Fidelity Insurance Company for compensatory damages, ~~punitive damages,~~ interest, costs of suit, ~~and attorney's fees~~attorneys fees and all other relief deemed just and equitable.

**DEMAND FOR JURY TRIAL**

~~The~~ Defendant ~~WU & ASSOCIATES, INC~~/Counterclaimant Wu & Associates, Inc. hereby demands trial by jury as to all issues ~~in the above matter~~.

                                        ARCHER & GREINER
                                        A Professional Corporation
                                        Attorneys for Defendant/Counterclaimant

By:  _/s/ Peter L. Frattarelli (ID No. 2871)_
      PETER L. FRATTARELLI, ESQUIRE

Dated: ~~January 28,~~ June  2008

~~Of Counsel:   Peter Neely Milligan, Esq.~~
                 ~~1960 Route 70 East~~
                 ~~Cherry Hill, NJ  08003~~
                 ~~Attorneys for Defendant~~

~~3336205~~3333720v1

Document comparison done by DeltaView on Monday, June 02, 2008 11:46:43 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://HDDM/Archer/3336205/1 |
| Document 2 | interwovenSite://HDDM/Archer/3333720/1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 68 |
| Deletions | 92 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 160 |

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDAN WARD MASONRY, INC., | |
| Plaintiff | CIVIL NO. 07-cv-00751 (GMS) |
| v. | |
| WU & ASSOCIATES, INC., | **ORDER GRANTING DEFENDANT/ COUNTERCLAIMANT, WU & ASSOCIATES, INC., LEAVE TO FILE AN AMENDED COUNTERCLAIM** |
| Defendant/Counterclaimant. | |

AND NOW, this ____ day of_____, 2008, the Court having considered the Motion of Defendant/Counterclaimant, Wu & Associates, Inc., for leave to file an Amended Counterclaim, and having considered any opposition thereto, and for good cause shown;

IT IS HEREBY ORDERED that the motion is GRANTED. Wu should file the Amended Counterclaim within __ days.

_____
J.

3333596v1