## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | BREACH OF CONTRACT |
| | : | |
| v. | : | JURY TRAIL DEMANDED |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | CIVIL NO. 07-cv-00751 |
| | : | |
| Defendant. | : | |
| | : | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
### MOTION TO AMEND COUNTERCLAIM

By:  PERRY F. GOLDLUST, ESQUIRE
     DSB #770
     PERRY F. GOLDLUST, P.A.
     1426 North Clayton Street
     Wilmington, DE 19806
     T: (302) 483-2000
     F: (302) 792-7484
     pgoldlust@tlclaw.net


**Of Counsel:**

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ................................................................................................1

II.  LEGAL ARGUMENT ........................................................................................................3

     1.   Wu's Counterclaim is barred by the Federal Doctrine of Res Judicata ...................3

     2.   Wu's Counterclaims are also barred by the State Doctrine of Res Judicata ............4

III. CONCLUSION ...................................................................................................................7

# TABLE OF AUTHORITIES

Accord, Braddock v. Zimmerman, 906 A.2d 776, 784 (Del Supr. 2006)........................................6

Bruszewski v. United States, 181 F.2d 419 (3d Cir.1950) ............................................................3

Culver v. Ins. Co. of N. Am., 559 A.2d 400 (N.J. 1989) ................................................................5

Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959) ..................................................6

Equal Opportunity Commission v. U.S. Steel Corp., 821 F.2d 489 (3d Cir. 1990) (quoting Hart SteelCo. v. Railroad Supply Co.).................................................................................................3, 4

Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938)....................................5

Federated Department Stores, Inc. v. Maine, 452 U.S. 394, 3981010 S.Ct. 2424, 2427, 69 L.Ed. 2d 103 (1981) (citation omitted) ......................................................................................................3

Fiensod v. Noon,, 617 A.2d 1234, 1235 (N.J. App. Div. 1992) .....................................................5

Fiumara v. Sinclair Refining Co., 385 F.2d 395 (3d Cir. 1967) .....................................................4

Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (citing Lawler v. National Screen Service Corp., 349 U.S. 322, 327 (1955)...............................................................................4, 5, 6

Hart Steel Co. v.Railroad Supply Co., 244 U.S. 294 (1917) .........................................................3

Lynne Carol Fashions, Inc. v. Cranston Print works Co., 453 F.2d 1177 (3d Cir. 1972)................5

Semtek Int'l Inc. v. Lockheed-Martin Corp., 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d. 32 (2001) ........................................................................................................................5

Velasquez v. Franz, 589 A.2d 143 (N.J. 1991)...............................................................................5

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO AMEND COUNTERCLAIM**

Plaintiff, Brendan Ward Masonry, Inc., by and through its attorneys, respectfully submit this instant Brief in Opposition to the Motion to Amend Counterclaim of Defendant, Wu & Associates, Inc.

I.     **FACTUAL BACKGROUND**

This is a suit brought by Plaintiff, Brendan Ward Masonry, Inc. [hereinafter "Ward"], against Defendant, Wu & Associates, Inc. [hereinafter "Wu"] for damages arising out of a Subcontractor Agreement executed by both parties on or about April 5, 2002. Pursuant to the Subcontractor Agreement, Ward was to furnish labor, equipment, materials and perform masonry work for the Wilmington Job Corp Center project 0102, which Wu, as general contractor, had contracted to perform for the Department of Labor for the United States of America on or about August 2001. Wu subcontracted a portion of said work to Ward. Although Ward substantially performed all of its obligations under a certain Subcontractor Agreement, Wu has failed to perform its obligations under the Subcontractor Agreement and has failed to fully pay Ward. Wu's failure to perform its obligations under the Subcontractor Agreement has caused Ward to suffer damages in excess of $200,000.00. On or about May 3, 2004, Defendant, Wu, filed a Complaint against Ward, in the Superior Court of New Jersey, Camden County Law Division, Docket No.: CAM L 002425 04, seeking alleged damages in Breach of Contract arising under the Subcontractors Agreement. On July 6, 2004, pursuant to a stipulation between counsel, the Superior Court of New Jersey dismissed Defendant, Wu's, 2004 Complaint "*with prejudice.*"

On December 16, 2004, for the substantial consideration of agreeing to withdraw and dismiss its claims against both Ward and the Surety, Plaintiff, Ward, entered into a Tolling

1

Agreement with Defendant, Wu, pursuant to the scheduling of a future arbitration. Despite the Tolling Agreement, Defendant, Wu, refused to arbitrate Plaintiff, Ward's, claims when contacted by Ward's counsel. Instead, on or about October 12, 2007, Defendant, Wu, filed yet another Complaint with the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 005245 07, against Ward, seeking the same alleged damages in Breach of Contract arising under the Subcontractors Agreement that it pursued in its 2004 New Jersey Complaint. Because Wu's 2007 Complaint was identical to its 2004 New Jersey Complaint that was dismissed *with prejudice*, Ward was forced to file a Motion to Dismiss Wu's 2007 Complaint for "failure to state a claim upon which relief can be granted" on the basis that the prior dismissal *with prejudice* acted as an adjudication on the merits pursuant to New Jersey Rules of Court 4:6 and 4:37(e).

On November 21, 2007, following Defendant, Wu's, refusal to arbitrate Plaintiff, Ward's, claims and commencement of the 2007 New Jersey lawsuit, Ward filed its original Complaint in this matter, which it amended on December 13, 2007. On January 28, 2008, Defendant, Wu, filed an Answer and Counterclaim against Plaintiff, Ward, again (for the third time), alleging damages in Breach of Contract arising under the Subcontractors Agreement forcing Plaintiff, Ward, to filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6).

On December 7, 2007, the Superior Court held that the prior dismissal *with prejudice* constituted an adjudication on the merits, granted Ward's Motion and dismissed Wu's Complaint against Ward *with prejudice* for the second time.  However, on April 25, 2008, a hearing was held wherein the Superior Court entered an Order granting Wu relief from the December 7, 2007 Order on the basis that the Court was under the mistaken impression that the matters "would be

2

handled elsewhere." See Transcript of hearing at p. 5, ln 2 attached hereto as Exhibit "A". Wu has taken the position that this Order relieves it of the res judicata impact of the 2004 Dismissal. Ward disagrees and has filed a Motion with the Superior Court to clarify the Superior Court's April 25, 2008 ruling. Wu has also filed a "Motion to Reinstate" the 2004 action which currently remains pending. Wu now seeks to amend the Counterclaim and to add International Fidelity Insurance Company as an additional counterclaim defendant prior to obtaining relief from the 2004 Dismissal with prejudice.

### II.    LEGAL ARGUMENT

#### 1.    Wu's Counterclaim is barred by the Federal Doctrine of Res Judicata

The Counterclaims advanced by Wu are barred by the doctrine of res judicata until such time as relief from the 2004 Dismissal with prejudice is obtained. It is well settled that the doctrine of res judicata, or claim preclusion, bars the retrying of the same claim by the same parties after a final judgment on the merits. Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294 (1917); Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950). The Third Circuit has clearly stated that "[t]he doctrine of res judicata 'is not a mere technical practice or Procedure but 'a rule of fundamental and substantial justice.' " Equal Opportunity Commission v. U.S. Steel Corp., 821 F.2d 489 (3d Cir. 1990) (quoting Hart Steel Co. v. Railroad Supply Co.). "Res judicata avoids the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. Finally, "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.' " Federated Department Stores, Inc. v. Maine, 452

U.S. 394, 3981010 S.Ct. 2424, 2427, 69 L.Ed. 2d 103 (1981) (citation omitted).

In order for a claim to be barred by the doctrine of res judicata it must have been:

(1) a final judgment on the merits in a prior suit involving

(2) the same claim and

(3) the same parties or their privies.

Equal Opportunity Commission v. U.S. Steel Corp., id. at 493 (citing United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

In the present case, Defendant, Wu's, Counterclaims satisfies all three prongs of the test. First, Wu, as plaintiff, previously filed a Complaint in an action in the Superior Court of New Jersey, Camden County Law Division, Docket No.: L 002425 04. Pursuant to a stipulation of counsel, the Superior Court of New Jersey, dismissed the action with prejudice on July 6, 2004.

A "dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (citing Lawler v. National Screen Service Corp., 349 U.S. 322, 327 (1955)) (plaintiff's motion to withdraw his original claim that court granted and dismissed with prejudice permanently enjoined plaintiff from instituting proceedings against the parties under the doctrine of res judicata). Also see, Fiumara v. Sinclair Refining Co., 385 F.2d 395 (3d Cir. 1967) (plaintiff's complaint which was dismissed in state court was res judicata and could not be re-litigated in U.S. District Court). Here, Wu's claims have been dismissed with prejudice and are barred until relief from such dismissal is obtained in the Superior Court.

### 2. Wu's Counterclaims are also barred by the State Doctrine of Res Judicata

4

Absent incompatibility between state law and federal interests, Federal Common Law governs the claim-preclusive effect, or res judicata, that must be given to a judgment rendered by a court sitting in diversity. Semtek Int'l Inc. v. Lockheed-Martin Corp., 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d. 32 (2001). But see also, where one or both suits have been brought under federal diversity jurisdiction the federal estoppel of the forum state(s) *may* become applicable through Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938), the full faith and credit clause, or 28 U.S.C. § 1738. Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972); Lynne Carol Fashions, Inc. v. Cranston Print works Co., 453 F.2d 1177 (3d Cir. 1972) (emphasis added).

In the present case, the point is moot as the application of New Jersey Law, or even Delaware Law, would lead to the same result as Federal Law. In Culver v. Ins. Co. of N. Am., 559 A.2d 400 (N.J. 1989), the New Jersey Supreme Court set forth that the doctrine of res judicata applies when:

> (1)   the judgment in the first action is valid, final and on the merits;
>
> (2)   there is identity of the parties, or the parties in the second action are in privity with those in the first action; and
>
> (3)   the claim in the later action grows out of the same transaction or occurrence as the claim in the first action.

Id. at 408-412. Furthermore, the fact that Plaintiff, Wu's 2004 Complaint was dismissed by agreement has no bearing on whether the doctrine of res judicata applies. Velasquez v. Franz, 589 A.2d 143 (N.J. 1991); Fiensod v. Noon,, 617 A.2d 1234, 1235 (N.J. App. Div. 1992) (a dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial), and see, Fiensod at 1235 ("voluntary withdraw of suit resulting in dismissal with prejudice constitutes an adjudication of the merits as fully and

completely as if the order had been entered after trial and res judicata bars any relitigation of the claims dismissed in the prior suit" *quoting* Gambocz v. Velencsics, 468 F.2d 837, 840 [3d Cir. 1972]).

Finally, Wu's Counterclaims would also be barred by the doctrine of res judicata if Delaware Law was applied. Under Delaware Law, the following requirements must be present for a claim to be barred by the doctrine of res judicata:

1. The court making the prior adjudication must have had jurisdiction over the subject matter of the suit and the parties to it;

2. The parties to the prior action were the same parties, or their privies, in the pending case;

3. The prior cause of action was the same as that in the present case, or the issues necessarily decided in the prior action were the same as those raised in the pending case;

4. The issues in the prior action were decided adversely to the contentions of the plaintiffs in the pending case; and

5. The prior decree is final.

Epstein v. Chatham Park, Inc., 153 A.2d 180 (Del. Super. 1959).

Applying Delaware's requirements to the facts in the present case, the New Jersey Superior Court had jurisdiction over both the subject matter and the parties at the time of dismissal. Additionally, Wu admits in its Counterclaim that the issue raised, the alleged breach of the Subcontractor Agreement, in both of Wu's New Jersey Complaints, is "identical to those advocated herein against Ward." See Defendant, Wu's, Counterclaim, Count II, paragraph 12. Finally, the 2004 Dismissal was with prejudice and; therefore, as a matter of law, was adversarial to Wu's current Counterclaim and final. Accord, Braddock v. Zimmerman, 906 A.2d 776, 784 (Del Supr. 2006) (all dismissals are final judgments and a dismissal with prejudice operates as a

res judicata bar to preclude a subsequent lawsuit on the same cause of action). Thus, Wu's Counterclaims would also be barred by the doctrine of res judicata even if Delaware Law were applied.

Accordingly, because both New Jersey's Law of res judicata and Delaware's Law of res judicata are completely compatible with the Federal Law, Wu's should not be permitted to amend it Counterclaim and/or join International Fidelity Insurance Company as a Defendant until it has obtained relief from the 2004 Dismissal with prejudice.

### III.  CONCLUSION

For all the foregoing reasons, the proposed Counterclaims of Wu & Associates, Inc., are barred by the doctrine of *res judicata* and; therefore, the requested amendment should not be granted.

/s/ Perry F. Goldlust
**PERRY F. GOLDLUST (DSB #770)**
PERRY F. GOLDLUST, P.A.
1426 North Clayton Street
Wilmington, DE 19806
T: (302) 483-2000
F: (302) 792-7484
pglodlust@tlclaw.net
*Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED:  June 12, 2008

**Of Counsel:**

JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| v. | : | **JURY TRAIL DEMANDED** |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **CIVIL NO. 07-cv-00751** |
| | : | |
| **Defendant.** | : | |

## PROPOSED ORDER

AND NOW, this ____ day of _____ 2008, the Court having considered the Motion of Defendant WU & ASSOCIATES, INC. for Leave to Amend Its Counterclaim and the Response thereto of Plaintiff BRENDAN WARD MASONRY, INC., and for good cause shown,

IT IS HEREBY ORDERED that the Motion of Defendant WU & ASSOCIATES, INC. for Leave to Amend Its Counterclaim is DENIED.

_____
J.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDAN WARD MASONRY, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **BREACH OF CONTRACT** |
| | : | |
| v. | : | |
| | : | |
| **WU & ASSOCIATES, INC.,** | : | **JURY TRAIL DEMANDED** |
| | : | |
| Defendant. | : | **CIVIL NO. 07-cv-00751** |
| | : | |

**CERTIFICATE OF SERVICE**

     I, PERRY F. GOLDLUST, do hereby certify that the attached **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND COUNTERCLAIM** was E-filed and a copy mailed by U.S. Mail, postage-prepaid, on June 12, 2008 to:

    Peter L. Frattarelli, Esquire
    Archer & Freiner, P.C.
    300 Delaware Avenue
    Suite 1370
    Wilmington, DE  19801

                                       ABER, GOLDLUST, BAKER & OVER

                                      /s/ Perry F. Goldlust (DSB #770)
                                      PERRY F. GOLDLUST (DSB #770)
                                      702 King Street, Suite 600
                                      P. O. Box 1675
                                      Wilmington, DE  19899-1675
                                      (302) 472-4900; (302) 472-4920 (FAX)
                                      pgoldlust@gablawde.com
                                      *Attorney for Plaintiff Brendan Ward Masonry, Inc*

DATED: <u>June 12, 2008</u>

<u>Of Counsel:</u>
JOHN E. HILSER, ESQUIRE
DEVLIEGER HILSER, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
(215) 735-9181; (215) 735-9186 (FAX)
jhilser@dvhlaw.com

Client/Hilser/6-16-08 Brief/Certificate of Service-Brief in Opposition