## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BRENDAN WARD MASONRY, INC.,** | |
| **Plaintiff** | **CIVIL NO. 07-cv-00751 (GMS)** |
| **v.** | |
| **WU & ASSOCIATES, INC.,** | |
| **Defendant/Counterclaimant.** | |

## REPLY BRIEF OF DEFENDANT/COUNTERCLAIMANT
## IN FURTHER SUPPORT OF ITS MOTION TO
## AMEND COUNTERCLAIM

**DEFENDANT/COUNTERCLAIMANT WU SHOULD BE PERMITTED TO AMEND ITS COUNTERCLAIM BECAUSE THE STIPULATION DISMISSING THE 2004 NEW JERSEY ACTION EXPRESSLY PROVIDED THAT BOTH WU AND BRENDAN WARD WOULD BE ENTITLED TO PURSUE THEIR CLAIMS IN ANOTHER FORUM**

Plaintiff, Brendan Ward Masonry, Inc. ("Ward"), is still attempting to prevent defendant/counterclaimant, Wu & Associates, Inc. ("Wu"), from asserting its claims in any forum. Ward tried the same tactic recently in New Jersey Superior Court, and on April 25, 2008, Judge Meloni of that court reinstated Wu's Complaint, once he realized that Ward was attempting to dismiss Wu's Counterclaim in this case based upon Judge Meloni's prior ruling dismissing Wu's 2007 New Jersey Complaint. Despite this ruling, Ward now opposes Wu's Motion to Amend its Counterclaim, arguing that, since Wu dismissed its 2004 New Jersey action with prejudice, it cannot now assert any claims against Ward and its bonding company, International Fidelity Insurance Company, in this case. The fundamental flaw in this argument is that the Stipulation of Dismissal that was filed in the 2004 New Jersey case states as follows:

1.  All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned <u>Brendan Ward Masonry Inc. and Wu & Associates</u>, No. 14Y11001004 (the "Arbitration");

2.  Defendant, International Fidelity Insurance Company, will be joined as Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration Decision is confirmed;

3.  This case shall be dismissed with prejudice; and

4.  In executing this stipulation, neither party is waiving or releasing any claims, defenses or rights it may have with regard to the project or matters at issue in this action.

(<u>See</u> copy of Stipulation of Dismissal and cover letter from Ward's counsel at the time, attached to the annexed Affidavit of Sean T. O'Meara, Esquire as Exhibit "A".) <u>Interestingly, in its Brief opposing this motion, Ward makes no mention whatsoever of the fact that the 2004 New Jersey</u>

case was dismissed with the express understanding that all claims by the parties would be resolved in Arbitration.

As noted previously, Judge Meloni from the New Jersey Superior Court recently reversed his prior decision from December 2007 dismissing Wu's Complaint because he concluded that the Stipulation Dismissal, despite being with prejudice, specifically reserved all claims of the parties and anticipated that they would be litigated elsewhere, and he previously thought that Wu's claims were being adjudicated in Delaware. See Transcript attached to the annexed O'Meara Affidavit as Exhibit "B", 3:11-5:3; 10:20-11:3. When Judge Meloni became aware that Ward was attempting to use his decision dismissing the 2007 New Jersey Complaint to prevent Wu from asserting its claims in this court, he reversed his decision, and reinstated Wu's 2007 Complaint. If Judge Meloni had believed that the 2004 Stipulation of Dismissal was an adjudication of the merits of Wu's claims, he obviously would not have reinstated the 2007 Complaint.

As Wu explained to Judge Meloni at the April 25, 2008 hearing, it is not Wu's intention to pursue claims in two courts. Rather, once this Court has ruled that Wu may assert its claims against Ward and International Fidelity in this case, Wu will dismiss its New Jersey litigation entirely.

It is also noteworthy that, when Ward dismissed the first case it filed in this court, Civil Action No. 04-117(KAJ), the Stipulation of Dismissal it filed with the Court in 2004 contained the identical language to the dismissal of the 2004 New Jersey case. (See cover note from Ward's counsel dated May 25, 2004 with proposed Stipulation of Dismissal, which Wu understands was filed with the Court), a copy of which is attached to the annexed O'Meara Affidavit as Exhibit "C".

In conclusion, the doctrine of res judicata prevents a party from re-litigating a matter which has already been considered on the merits and finally decided. See e.g., Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). In this case, it is abundantly clear that when the parties dismissed the 2004 New Jersey action, they reserved all rights and fully intended to have each of their claims decided in Arbitration. Since Ward was not happy with the arbitrators selected by AAA, it chose to refile its claim to this Court, and Wu is amenable to having all claims decided in this Court. Accordingly, Wu should be entitled to assert its claims against both Ward and its bonding company, and its Motion to Amend the Counterclaim should be granted. As Judge Meloni noted, it would highly unfair for Ward to be able to have its claims decided in this Court, but Wu would not be entitled to have its claims heard here as well.

<div style="margin-left: 50%;">

ARCHER & GREINER, P.C.
A Professional Corporation
Attorneys for Defendant/Counterclaimant


By:/s/ Peter L. Frattarelli
    PETER L. FRATTARELLI

</div>

OF COUNSEL:
Sean T. O'Meara, Esquire
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033
856-795-2121


Dated: June 17, 2008
3367188v1

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BRENDAN WARD MASONRY, INC.,** | |
| **Plaintiff** | **CIVIL NO. 07-cv-00751 (GMS)** |
| **v.** | |
| **WU & ASSOCIATES, INC.,** | **AFFIDAVIT OF SEAN T. O'MEARA IN FURTHER SUPPORT OF WU'S MOTION TO AMEND COUNTERCLAIM** |
| **Defendant/Counterclaimant.** | |

1.      I am a member of the firm of Archer & Greiner, a Professional Corporation and I am personally responsible for the handling of this matter on behalf of defendant/counterclaimant Wu & Associates, Inc.

2.      Attached hereto are true and correct copies of various documents generated in litigation between Wu & Associates and Brendan Ward Masonry, Inc.

_Sean T. O'Meara_
Sean T. O'Meara

Sworn and subscribed to
before me on this _17th_ day
of June, 2008

_Linda Gallo_
Notary Public

3367480v1

**LINDA S. GALLO**
**Notary Public of New Jersey**
**My Commission Expires June 3, 2012** .

# EXHIBIT A

# DAVIS, BUCCO & ARDIZZI
### ATTORNEYS AT LAW

TEL: 610-238-0880
FAX: 610-238-0244
E-MAIL: Robert.Ardizzi@davisbucco.com

**ROBERT D. ARDIZZI**
Admitted in Pennsylvania,
Delaware and New Jersey



June 18, 2004

PENNSYLVANIA

NEW JERSEY

DELAWARE

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003

RE: **Wu & Associates, Inc. v. Brendan Ward Masonry, Inc. and International Fidelity Insurance Company**, Docket No. CAM-L-2425-04

Dear Mr. Milligan:

This will confirm that International Fidelity Insurance Company has agreed to join the arbitration pending before the American Arbitration Association. Therefore, I have prepared the enclosed Stipulation of Dismissal to be filed in this action. Please sign the stipulation and file it with the Court.

If you have any questions, please contact me.

Sincerely,

ROBERT D. ARDIZZI

\rda
Enclosure
cc: Brendan Ward Masonry, Inc. (via first class mail)

---

**Davis, Bucco and Ardizzi**
10 East Sixth Avenue, Suite 100, Conshohocken, PA 19428

DAVIS, BUCCO & ARDIZZI
By:  Paul A. Bucco, Esquire/ Robert D. Ardizzi, Esquire
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428                    Attorneys for Defendants
(610) 238-0880

---

| | | |
|---|---|---|
| WU & ASSOCIATES, INC. | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CAMDEN COUNTY |
| Plaintiff, | : | LAW DIVISION |
| | : | |
| v. | : | |
| | : | |
| BRENDAN WARD MASONRY, | : | No. CAM-L-02425-04 |
| INC. and INTERNATIONAL | : | |
| FIDELITY INSURANCE | : | |
| COMPANY | : | |
| | : | **STIPULATION OF DISMISSAL** |
| Defendants. | : | |

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree

as follows:

1.     All claims and defenses asserted in this action shall be transferred to and included

in the arbitration proceeding pending before the American Arbitration Association captioned

Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

2.     Defendant, International Fidelity Insurance Company, will be joined as a

Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and

by any court in which the Arbitration decision is confirmed;

3.     This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims,

defenses or rights it may have with regard to the project or the matters at issue in this action.

Peter Neely Milligan, Esquire
1960 Route 70 East
Cherry Hill, NJ 08003
(856) 983-0003
Attorney for Plaintiff

Robert D. Ardizzi, Esquire
10 East 6th Avenue, Suite 100
Conshohocken, PA 91428
(610) 238-0880
Attorney for Defendants

# EXHIBIT B

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
CAMDEN COUNTY
DOCKET NO. CAM-L-5245-07

WU & ASSOCIATES, INC., )
         )
   Plaintiffs,  )
         )  TRANSCRIPT
         )   OF
   vs.    )  MOTION
         )
BRENDAN WARD MASONRY, INC. )
and INTERNATIONAL FIDELITY )
INSURANCE CO.,    )
         )
   Defendant.  )

     Place: Camden County Hall of Justice
        101 S. Fifth St.
        Camden, New Jersey 08103-4001

     Date: April 25, 2008

BEFORE:

  HONORABLE LOUIS R. MELONI, J.S.C.

TRANSCRIPT ORDERED BY:

  COURTNEY SIMPSON, Legal Assistant (DeVlieger
  Hilser, P.C.)

APPEARANCES:

  SEAN O'MEARA, ESQ. (Archer & Greiner)
  Attorney for the Plaintiff

  JOHN E. HILSER, ESQ. (DeVlieger Hilser, P.C.)
  Attorney for the Defendant

      Transcriber Pat Hallman
      PAT'S TRANSCRIPTION SERVICE
      504 Forest Court
      Williamstown, NJ 08094

      Phone: (856) 728-3151
      Fax:  (856) 728-4771
      E-mail: typistpat@comcast.net

      Sound Recorded
      Recording Operator C. Conaghan

2

I N D E X

                                                    PAGE

ARGUMENT BY:    Mr. O'Meara                          5
                Mr. Hilser                           8




THE COURT:      Decision .................... 13

---

The Court - Colloquy                                3

THE COURT:  This is the matter of Wu
Associates v. Ward Masonry under Docket L-5245-07.
Counsel, will you enter your appearances?
        MR. O'MEARA:  Good Morning, Your Honor.  Sean
O'Meara, Archer & Greiner, on behalf of the plaintiff
Wu and Associates.
        MR. HILSER:  Good Morning, Your Honor.  John
Hilser on behalf of -- DeVlieger Hilser here for the
defendants, Brendan Ward Masonry, Inc. and
International Fidelity.
        THE COURT:  In this matter the plaintiff, I
guess, makes a motion for this Court to vacate a prior
order of this Court dismissing plaintiff's complaint.
Basically plaintiff argues that there was a
misrepresentation made by -- or several
misrepresentations made by defendant which caused this
Court to, in fact, dismiss the case and to dismiss it
with prejudice so that it is being used against the
plaintiff in a similar matter pending in the federal
court in Delaware.
        Plaintiff -- or defendant responds that there
were no misrepresentations made to this Court and that
the Court did dismiss it with prejudice and that the
Court dismissed an identical action with prejudice in
2004.

The Court - Colloquy                    4

1    Now as I read the stipulation from the 2004
2  case it was with prejudice but all parties retained all
3  claims.  I guess -- several questions come to my mind.
4  First, was it the -- was this, in fact, a conditional
5  dismissal with prejudice when -- I mean how do you
6  dismiss with prejudice if we retain all claims.
7    And secondly, with regard to the action I
8  took in December of 2007, what was the effect of that
9  action and why did I take it?  Well, each of you kind
10  of argue what you think that I mean or understood, but
11  frankly, I understood that -- and it's borne out from
12  my comment in the transcript that I thought this case
13  was, in fact, redundant, and I thought all the claims
14  that were being handled before me can be handled by the
15  federal district court.
16    I did, frankly, raise in my own mind when I
17  saw the stipulation come in -- or the dismissal order
18  come in -- why was it with prejudice, but then I
19  without thinking more of it said well, the prior
20  stipulation was retaining all claims and rights of each
21  party against the other for whatever that meant.  I
22  should have given it more thought and I should have
23  given it -- probably should have invited the parties
24  back although the one gentleman did not show up in the
25  first place -- to get a better understanding.

O'Meara - Argument                    5

1    And my error, frankly, was in believing that
2  this case, these issues would be handled elsewhere.
3  That being the case, I'll hear you.
4    MR. O'MEARA:  Judge, on behalf of the
5  plaintiffs there's not much more to add there.  The
6  procedural history of this case is very involved, much
7  more involved than it should be.  I wish I was involved
8  a long time ago, but I wasn't, so I can't do much about
9  it at this point.
10    But the key thing is both parties have claims
11  against each other.  Ironically enough one's a
12  subcontractor and one's a general contractor.  My
13  client's the general contractor.  Ironically enough
14  after all this litigation there was actually an
15  arbitration clause in the contract between the parties.
16    THE COURT:  And eventually you start looking
17  at that but apparently someone didn't like the
18  arbitrators or whatever happened, it didn't happen.
19    MR. O'MEARA:  Right, Your Honor.  And so, you
20  know, it's been in federal court in Delaware, in this
21  court, in arbitration, it's been all over the place,
22  but --
23    THE COURT:  The original federal court case
24  was dismissed as well, wasn't it?
25    MR. O'MEARA:  Yes.  The same way -- the same

O'Meara - Argument                                    6

1    stipulation as the stipulation entered in this case in
2    2004.
3            THE COURT:  Yeah, and that stipulation said
4    with prejudice as well.  So how did Ward get to raise
5    their claims again if they had dismissed with prejudice
6    as well, and then the 2004 case just had the -- I guess
7    the bonding company as the defendant here, so maybe
8    that didn't attach to Ward, I'm not sure.  But how'd
9    you get to where you are?
10           MR. O'MEARA:  Judge, I couldn't begin to
11   explain.  When I was going through this --
12           THE COURT:  I mean four different suits,
13   arbitration --
14           MR. O'MEARA:  It should just be one place --
15           THE COURT:  And are you any further along in
16   resolving this matter?
17           MR. O'MEARA:  Not really, Judge, but at least
18   since I've been involved I've told Mr. Hilser we will
19   stay in federal court in Delaware, let's get our issues
20   resolved there once and for all.  That's what led to
21   this.  They object to us raising a counterclaim in
22   Delaware.  The way we did base the counterclaim there's
23   a motion pending -- this thing where defendant's saying
24   hey, res judicata, Judge Meloni dismissed this case
25   with prejudice.  So --

O'Meara - Argument                                    7

1            THE COURT:  Everybody blames Judge Louie.
2            MR. O'MEARA:  So the federal court in
3    Delaware probably would be happy to rest on Your
4    Honor's decision and dismiss it just so it's one less
5    case for them to deal with.  But the bottom line is
6    both parties have claims against each other.  They
7    ought to be handled somewhere.  We're happy to do it in
8    Delaware, but in order to do that we have to have the
9    December order vacated so that our claim is pending.
10   Therefore, --
11           THE COURT:  Well, assuming I vacate my
12   December order, which you know, frankly, I'm inclined
13   to do, because I was under a different impression.  How
14   do you get past the 2004 order unless you argue that it
15   did retain, I guess, the right to reinstate your claims
16   or make your claims against each other.  I forget
17   exactly what it said.
18           MR. O'MEARA:  Well, Judge, I guess the same
19   language is in the dismissal for the 2004 New Jersey
20   case as it was for the prior federal court case in
21   Delaware.  So if it -- if the 2004 stipulation and
22   dismissal operates to deny the both parties their
23   claims, then the same thing would apply in Delaware.
24   Nobody would have any claims to submit anywhere.  All
25   the claims would be dismissed by everybody.

O'Meara - Argument                           8

1    So it's clearly what was intended at the time
2    with the 2004 case here was dismissed was the parties
3    were going to go to arbitration.  That was the idea.
4    Frankly, I think what should have happened should have
5    been a dismissal without prejudice and the parties
6    intended to go to arbitration, but in any event it was
7    worded the way it was at the time, so be it.
8         But it was clear from the history, I think,
9    the parties weren't really giving -- they weren't --
10   they hadn't resolved their dispute.  They were just
11   going to go to arbitration.  That's why the federal
12   court case in Delaware was dismissed.  That's why the
13   2004 case here was dismissed.  Then they went to
14   arbitration and they couldn't figure that out and then
15   other litigation ensued.
16        But it has to be -- both parties have to be
17   able to submit their claims somewhere.  We're happy to
18   do it in Delaware, but we have to -- we need relief
19   from Your Honor's prior order in order to do that.
20        THE COURT:  All right.
21        MR. HILSER:  Well, Your Honor, I think
22   actually you got it right the first time, obviously.
23   The order that was entered in 2004 was a mistake and
24   the rules provide how you obtain relief from a mistake.
25   And 4:50 provides that you file a motion within one

Hilser - Argument                            9

1    year of the order being entered.  And that didn't
2    happen here.  So I think as a legal matter you got it
3    correct in ruling that the action should have been
4    dismissed with prejudice.
5         Now I understand the issues that are being
6    raised here.  As I look at this from a legal
7    standpoint, the only way that the order can be vacated
8    is if the Court invokes its equity.  As a matter of
9    equity says it's unfair to give both of those orders
10   prospective effect.  And the only thing I would ask
11   Your Honor as you're inclined to do that is that you
12   compensate Ward for the money that it expended in
13   reliance upon that order.  Ward did not create the
14   mistakes to have this order in place.  That's at the
15   feet of Wu.  So I would ask the Court to enter an order
16   requirement to compensate for attorney's fees.
17        THE COURT:  For what?
18        MR. HILSER:  The attorney's fees it expended
19   in reliance upon the order.
20        THE COURT:  It's pretty general, but if I --
21   let me --
22        MR. HILSER:  Well, we have defended a motion
23   to open the 2004 action.  We have spent the money
24   defending this action.
25        THE COURT:  The 2004 in Delaware?

Hilser / O'Meara - Argument                    10

1      MR. HILSER:  No, this 2004.  There was
2  another motion filed by Wu and Associates before Judge
3  Freeman to open the 2004 order.
4      THE COURT:  When was --
5      MR. HILSER:  That was -- that was filed -- I
6  guess it was about three weeks ago.
7      MR. O'MEARA:  I think it was more than that,
8  Your Honor.  That was before I was involved.  And I'm
9  not handling that motion, but --
10      THE COURT:  So there's another case pending
11  here on the 2004 order?
12      MR. HILSER:  Yes, a motion to reinstate the
13  2004 complaint.
14      MR. O'MEARA:  And, Judge, I would -- I would
15  instruct counsel the whole idea is obviously just a one
16  place somewhere.  I would instruct counsel -- the other
17  counsel for Wu to withdraw that motion if Your Honor
18  grants this motion.  The whole idea was Wu should be
19  entitled to dismiss somewhere.
20      THE COURT:  My feeling is this.  My feeling
21  is that you all got to be in the same ball park
22  somewhere resolving these issues.  I think that is
23  equity.  And our system favors the resolution of
24  disputes after a full opportunity to do that.  And I
25  don't see this happening here.  The -- it seems to me

---

Hilser / O'Meara - Argument                    11

1  that I have to vacate my prior order because I thought
2  that the reason I was doing that is that it was
3  redundant to the Delaware action.  Apparently --
4      MR. HILSER:  And Your Honor, I don't mean to
5  interrupt, I'm simply saying that as a matter of equity
6  I understand your decision to do so.  But as a matter
7  of equity that 2007 order was not -- they didn't move
8  for reconsideration of it.  They did not timely appeal
9  it.  Ward justifiably relied upon that order and
10  expended these fees in defending these motions and it
11  should not be on Ward to incur these costs for what is
12  Wu's mistake.
13      MR. O'MEARA:  Well, Judge, it wasn't Wu's
14  mistake.  Ward was fully aware that the prior claims
15  were dismissed with the express understanding that both
16  parties would be able to assert their rights later.
17  The December order was entered because Ward did not
18  disclose to the Court the stipulation and dismissal for
19  the 2004 case said expressly reserved all rights.  But
20  that stipulation wasn't given to the Court and also,
21  Your Honor, the colloquy between counsel for Ward and
22  Your Honor on December 7th made clear Your Honor's
23  believed that this case was redundant and counsel did
24  nothing -- and counsel agreed with that.
25      Unfortunately, then counsel for Wu was not

Colloquy                                          12

1   here, so that was -- confusion, but they had the facts
2   with them.  I mean they didn't tell Your Honor.
3              THE COURT:  All right, well this is -- I
4   don't want to get into that, okay?  Because, you know,
5   you're going to get into I grant everything, I do
6   understand the situation.  I was here.  I know what I
7   thought and I'm going to end it at that.  But it seems
8   to me that I am going to grant the motion for the
9   reason I stated.  The 2004 matter is still available,
10  but I don't think it should --
11             MR. O'MEARA:  That will be dismissed, Your
12  Honor.  We'll --
13             THE COURT:  All right, well somebody better
14  take care of it because I don't -- or I should hear it.
15             MR. O'MEARA:  We'll take care of that, Judge.
16             THE COURT:  We shouldn't have two judges
17  hearing this matter.  If I would have known that
18  before, I would have found a way to give this to him so
19  I wouldn't have had to read all this stuff.  Is the
20  intention of the parties in light of my decision to
21  proceed now in Delaware?
22             MR. O'MEARA:  Yes, Your Honor.
23             MR. HILSER:  Your Honor, we still have this
24  motion pending.  As I indicated your order is vacating
25  your 2007 order.  I understand that.  There is -- I

Colloquy                                          13

1   still think as a legally correct matter --
2              THE COURT:  You're going to make an
3   application?  All right, well this is what I'm going to
4   do.  It's not part of this motion and what I would --
5   you can make your application as you would on any other
6   motion, with a certification, and I'll give Wu an
7   opportunity to respond.
8              MR. HILSER:  Application for fees you're
9   saying?
10             THE COURT:  Yes.
11             MR. HILSER:  Okay.
12             THE COURT:  All right.
13             MR. HILSER:  Very good.
14             THE COURT:  I don't think it would fair for
15  me not to give an opportunity to respond and not to see
16  exactly what it is that you're looking at.
17             MR. HILSER:  In terms of the fees expended in
18  reliance on the order.
19             THE COURT:  Yeah, I want you to make your
20  argument for attorney's fees and tell me the basis for
21  your argument and what you think you're entitled to on
22  -- just like a regular motion, and I'll give plaintiff
23  an opportunity to respond.  Then I'll decide.  All
24  right?
25             MR. HILSER:  Okay, now I would throw out

Colloquy                                          14

1  there that Ward would be willing to, I guess, allow --
2  not seek the 2004 enforcement.  It's 2004 dismissal
3  with prejudice if those fees were to be re-compensated.
4         THE COURT:  Well, maybe that's consideration
5  for Wu to -- how much is in controversy here?  This was
6  a contractor and subcontractor.
7         MR. HILSER:  Yeah, it's about --
8         THE COURT:  Because you probably spent a half
9  million dollars in fees.
10        MR. HILSER:  Well, actually the -- we're
11 looking at damages on the project in the $300,000 range
12 and then disruption of business for about a half a
13 million.
14        THE COURT:  All right, I have a form of order
15 here somewhere, right?
16        MR. O'MEARA:  Yes, you do, Judge.  Thank you
17 very much.
                      * * * * * * *
18
19
20
21
22
23
24
25

---

                                                   15
1
2                        CERTIFICATION
3
4   I, PATRICIA A. HALLMAN, the assigned transcriber, do
5   hereby certify the foregoing transcript of proceedings
6   on copy of tape number 001, index number from 4743 to
7   6155 is prepared to the best of my ability and in full
8   compliance with the current Transcript Format for
9   Judicial Proceedings and is a true and accurate
10  compressed transcript of the proceedings as recorded.
11
12  _Patricia A. Hallman_              AD/T 312
13      Patricia A. Hallman           AOC Number
14
15  __Pat's Transcription Service__    5/20/08
16          Agency Name                  Date

# EXHIBIT C

# DAVIS, BUCCO & ARDIZZI

### ATTORNEYS AT LAW
### 10 EAST SIXTH AVENUE
### SUITE 100
### CONSHOHOCKEN, PENNSYLVANIA 19428
### TEL: (610) 238-0880
### FAX: (610) 238-0244

ROBERT D. ARDIZZI✦

*Brendas*

NEW JERSEY OFFICE
DAVIS & BUCCO
103 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
TEL: (856) 910-8200
FAX: (856) 310-9921

✦ALSO MEMBER NEW JERSEY AND DELAWARE BARS

# FAX TRANSMISSION COVER SHEET

DATE: May 25, 2004

NUMBER OF PAGES (including this page): ___3___

TO:     Peter Frattarelli / Peter Milligan

FAX:    856-795-0574 /  856-983-0030

RE:     Brendan Ward Masonry and Wu Associates

FROM:   Robert D. Ardizzi, Esquire

MESSAGE:

**Attached is a draft of the stipulation we discussed with Judge Jordan today. Please review this and provide me with your comments ASAP.**

ORIGINAL DOCUMENT WILL BE FORWARDED THROUGH MAIL: Yes___  No__X__
The information contained in this fax message is intended only for the personal and confidential use of the designated recipients named above. The Message may be an attorney-client communication, and as such is privileged and confidential. If the Reader of this Message is not the Intended Recipient or an Agent responsible for delivering it to the Intended Recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. THANK YOU!

PLEASE CALL (610) 238-0880 IF YOU EXPERIENCE ANY PROBLEMS WITH TRANSMISSION.

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

THE UNITED STATES OF AMERICA          :

For the use of                                       :

                                                         :

BRENDAN WARD MASONRY, INC.       :

                                                         :     CIVIL ACTION NO.:  04-117 (KAJ)

            Plaintiff                              :

    v.                                                 :

                                                         :

FIDELITY AND DEPOSIT COMPANY    :

OF MARYLAND                                   :     **STIPULATION OF DISMISSAL**

            Defendant                           :

The parties hereto, by and through their undersigned attorneys, hereby stipulate and agree as follows:

    1.    All claims and defenses asserted in this action shall be transferred to and included in the arbitration proceeding pending before the American Arbitration Association captioned Brendan Ward Masonry, Inc. and Wu Associates, No. 14 Y 110 01010 04 (the "Arbitration");

    2.    Defendant, Fidelity and Deposit Company of Maryland, will be joined as a Respondent in the Arbitration and shall be bound by all decisions rendered in the Arbitration and by any court in which the Arbitration decision is confirmed;

    3.    This case shall be dismissed with prejudice; and

4.    In executing this stipulation, neither party is waiving or releasing any claims, defenses or rights it may have with regard to the project or the matters at issue in this action.

DAVIS, BUCCO & ARDIZZI                    ARCHER & GRIENER


By:_____             By:_____
    Robert D. Ardizzi, Esquire               Peter L. Frattarelli, Esquire
    Attorney for Plaintiff                   Attorney for Defendant


    **STIPULATION approved by the Court this** _____ day of _____, 2004.



                        _____
                        Honorable Kent A. Jordan